UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:19-cv-01966-AVC |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | JANUARY 2, 2020 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PERMISSION TO LITIGATE CLAIMS AGAINST JANE DOE USING A PSEUDONYM IN PLACE OF HER ACTUAL NAME**

The undersigned defendants submit this memorandum of law in support of the plaintiff's Motion for Permission to Litigate Claims Against Jane Doe Using a Pseudonym in Place of Her Actual Name ("Motion"). The defendants in no way adopt the factual assertions or legal arguments made in the plaintiff's Motion, but only support the requested relief, i.e., permission to use the pseudonym Jane Doe to refer to the female student defendant at all times during the pendency of this action.

In support of his motion, the plaintiff cites the Second Circuit's decision in Sealed Plaintiff v. Sealed Defendant, 357 F.3d 185 (2d Cir. 2008). District courts in the Second Circuit have considered the factors listed by the Second Circuit in Sealed Plaintiff when determining whether to allow the use of a pseudonym in cases involving allegations of sexual assault by college students. See, Doe v. Smith, 2019 U.S. Dist. LEXIS 205707 (N.D.N.Y. November 27, 2019);[1] Doe v. Vassar College, 2019 U.S. Dist. LEXIS 196933 (S.D.N.Y. November 13, 2019); Doe v. Colgate Univ., 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. April 12, 2016). An analysis of all the

---

[1] In Doe v. Smith, the Court permitted both the plaintiff student and defendant student to proceed pseudonymously. Doe v. Smith, 2019 U.S. Dist. LEXIS 205707, n. 1 (N.D.N.Y. November 27, 2019).

1

factors set forth in Sealed Plaintiff, which are relevant to the present case, militate in favor of permitting the present plaintiff to refer to the female student defendant using a pseudonym.

*Whether the Litigation Involves Matters that are Highly Sensitive and of a Personal Nature*

This action involves allegations that the defendants mishandled its investigation of Jane Doe's complaint asserting that the plaintiff had sexually assaulted her in violation of the University's Sexual Misconduct Policies and improperly expelled him from the University. The district court in Doe v. Vassar College, 2019 U.S. Dist. LEXIS 196933 *4 (S.D.N.Y. November 13, 2019), concluded that allegations of this nature were highly sensitive and of a personal nature: "The allegations in the complaint concern the actions of a private educational institution concerning its handling of an alleged sexual assault. Allegations of sexual assault are generally inherently sensitive and private in nature." The district court in Doe v. Smith, 2019 U.S. Dist. LEXIS 205707 *3 (N.D.N.Y. November 27, 2019), similarly concluded that the necessity of a detailed discussion of the particular sexual encounter alleged in the complaint weighed in favor of permitting the use of a pseudonym. The present action will necessarily involve the publication of the details of the sexual encounter between the plaintiff and Jane Doe on Halloween night in 2015. The use of a pseudonym will protect Jane Doe's confidentiality, which is consistent with the intent of the Family Educational Rights and Privacy Act and the purpose of Yale University's policy of confidentiality[2] in complaints brought to the University-Wide Committee on Sexual Misconduct ("UWC"), the committee at the University that investigates complaints of sexual misconduct. Since this action involves allegations that are highly sensitive and of a personal nature, this factor weighs in favor of permitting the plaintiff to refer to the female student defendant by the pseudonym of Jane Doe.

---

[2] The University's Statement on Confidentiality of UWC Proceedings is attached to the plaintiff's Motion as Exhibit 2.

*Whether Identification Poses a Risk of Retaliatory Physical or Mental Harm to the Party or to Innocent Non-Parties*

The district court in Doe v. Vassar College, 2019 U.S. Dist. LEXIS 196933 *4 (S.D.N.Y. November 13, 2019), observed that public disclosure of the victim's identity in a case alleging sexual assault by a fellow student could result in psychological trauma for the victim.  Given this potential risk, this factor weighs in favor of referring to the female student defendant as Jane Doe.

*Whether Identification Presents Other Harms and the Likely Severity of Those Harms*

The district court in Doe v. Colgate, 2016 U.S. Dist. LEXIS 48787 *6 (N.D.N.Y. April 12, 2016), observed:  "Recently, cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers."  The district court concluded that "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected."  Id. at *6-7.  The present action has already received wide publicity, as articles were published by the Yale Daily News, Connecticut Law Tribune, Hartford Courant, Connecticut Post, New York Post, Fox 61, as well as several other media outlets,[3] within days of the filing of the complaint.  Clearly, this factor weighs in favor of granting the plaintiff's Motion.

*Whether Another Party Would Be Prejudiced by Allowing One of the Defendants to Be Protected by a Pseudonym*

The defendants agree that the use of a pseudonym to identify the female student defendant is appropriate in this action; and her lawyer has informed defense counsel that she would prefer to

---

[3] See, https://yaledailynews.com/blog/2019/12/20/khan-files-suit-against-yale/; https://www.law.com/ctlawtribune/2019/12/13/game-on-acquitted-of-rape-ex-student-sues-yale-university-for-110-million/; https://www.courant.com/news/connecticut/hc-news-yale-sexual-assault-lawsuit-20191213-ehcs6gqtjrcrhlvol7z7t5sjo4-story.html; https://www.ctpost.com/news/article/Former-Yale-student-acquitted-of-rape-sues-14907049.php; https://nypost.com/2019/12/16/former-yale-student-acquitted-of-rape-sues-university-for-110m/; https://fox61.com/2019/12/13/former-yale-student-acquitted-of-sexual-assault-sues-school-for-110-million/. This is a non-exhaustive list of the publications concerning the plaintiff's lawsuit over the past two weeks.

preserve her confidentiality, as was done in the criminal trial.[4] None of the parties will suffer prejudice if the plaintiff's Motion is granted, because the identity of the female student who brought a complaint of sexual misconduct against the plaintiff is known to all parties. Therefore, this factor weighs in favor of permitting the use of a pseudonym for the female student defendant. See, Doe v. Vassar College, 2019 U.S. Dist. LEXIS 196933 *4-5 (S.D.N.Y. November 13, 2019) ("Defendant would not be prejudiced by permitting the Plaintiff to proceed by use of a pseudonym and such use would not only protect the confidentiality of the plaintiff, but, more importantly, also protect the confidentiality of the victim."); Doe v. Smith, 2019 U.S. Dist. LEXIS *5 (N.D.N.Y. November 27, 2019) (court did not identify any prejudice to defendant if plaintiff used a pseudonym because "Defendant knows Plaintiff's identity, and so his ability to conduct discovery will not be impeded, and will only practically be inconvenienced by having to take measures to avoid disclosing Plaintiff's identity publicly."); Doe v. Colgate Univ., 2016 U.S. Dist. LEXIS 48787 *10 (N.D.N.Y. April 12, 2016) ("Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly.")

*Whether the Party's Identity Has Thus Far Been Kept Confidential*

As noted by the plaintiff, the female student defendant's name was kept confidential during the pendency of the criminal proceedings and during the University's investigation of her complaint of sexual misconduct, pursuant to the University's policy on confidentiality of such complaints. This factor weighs in favor of permitting the use of a pseudonym.

---

[4] Of course, Yale University was not a party to the criminal proceedings, and therefore did not have any role in preserving confidentiality in that proceeding. As is always true in disputes involving students, the University would have preferred that the identity of both students be protected.

*Whether the Public's Interest in the Litigation is Furthered by Requiring Disclosure of the Party's Identity*

The public's interest in the litigation is not furthered by disclosing the identify of the female student defendant.  In fact, one district court has noted:  "Courts have recognized the important public interest in protecting the identities of sexual assault victims to ensure that other victims would not be deterred from reporting similar crimes." Doe v. Vassar College, 2019 U.S. Dist. LEXIS 196933 *4 (S.D.N.Y. November 13, 2019).  Since the use of pseudonyms for victims of sexual assault is in the public interest, this factor weighs in favor of granting the plaintiff's Motion.[5]

*Whether there is an Atypically Weak Public Interest in Knowing the Litigant's Identities*

As noted above, it is in the public's interest to protect the identities of sexual assault victims.  See, Doe v. Vassar College, 2019 U.S. Dist. LEXIS 196933 *4 (S.D.N.Y. November 13, 2019).  Therefore, this factor also weighs in favor of granting the plaintiff's Motion.

*Whether there are Any Alternative Mechanisms for Protecting the Confidentiality of the Party*

The defendant submits that there are no alternative mechanisms for protecting the female student defendant's confidentiality.

## **CONCLUSION**

While the defendants do not agree with the plaintiff's recitation of the facts or the legal arguments presented in support of his Motion, the defendants nevertheless join in the plaintiff's request for permission to identify the female student defendant by the pseudonym Jane Doe at all

---

[5] The University's policy on confidentiality recognizes the importance of encouraging parties and witnesses to report sexual misconduct:  "The purpose of confidentiality [in UWC proceedings] is to encourage parties and witnesses to participate in UWC proceedings and share all the pertinent information they have to offer, which is essential to reaching a fair outcome.  If parties or witnesses fear that their participation or testimony in a UWC proceeding could be revealed, then concerns about reputation, social tension, or retaliation may cause them to keep silent.  Every member of the University community should recognize that breaches of confidentiality hurt the participants and have the potential to erode respect for the UWC process."  (Ex. 2 to Pl.'s Motion.)

times during the pendency of this action.

                              **THE DEFENDANTS,**

                              **YALE UNIVERSITY,**
                              **PETER SALOVEY, JONATHAN HOLLOWAY, MARVIN CHUN, JOE GORDON, DAVID POST, MARK SOLOMON, ANN KUHLMAN, LYNN COOLEY, PAUL GENECIN, STEPHANIE SPANGLER, SARAH DEMERS, AND CAROLE GOLDBERG**

BY: /s/ Patrick M. Noonan
      Patrick M. Noonan (#ct00189)
      Colleen Noonan Davis (#ct27773)
      Donahue, Durham & Noonan, P.C.
      741 Boston Post Road
      Guilford, CT 06437
      (203) 458-9168
      pnoonan@ddnctlaw.com

## **CERTIFICATION**

     I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                        /s/
                              Patrick M. Noonan