UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAIFULLAH KHAN : | |
| : | |
| Plaintiff : | CIVIL ACTION NO.: |
| : | 3:19-cv-01966-KAD |
| vs. : | |
| : | |
| YALE UNIVERSITY, ET AL : | |
| : | February 3, 2020 |
| Defendants : | |

**JOINT 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed:    December 13, 2019

Date Complaint Served:   Waiver of Service filed December 18, 2019 as to defendants, Yale University, Peter Salovey, Jonathan Holloway, Marvin Chun, Joseph Gordon, David Post, Mark Solomon, Ann Kuhlman, Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Jane Doe, Carole Goldberg (collectively "Yale defendants")
Waiver of Service filed January 24, 2020 as to defendant, Jane Doe

Date of Defendants' Appearance:   January 3, 2020 as to Yale defendants
January 24, 2020 as to defendant, Jane Doe

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on January 29, 2020. The participants were:

> Norman A. Pattis, Esquire for plaintiff, Saifullah Khan
>
> Patrick M. Noonan, Esquire for Yale defendants
>
> James M. Sconzo, Esquire for defendant, Jane Doe

**I.    CERTIFICATION**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following

proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over plaintiff's federal law claims pursuant to Title IX of the Education Amendments of 1972 (20 United States Code Section 1681), 28 U.S.C. Sections 1331 and 1332.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff:

The plaintiff, Saifullah Khan, brings this action against the Yale defendants alleging that they violated his rights under Title IX of the Education Amendments of 1972 (20 United States Code Section 1681) and 42 United States Code Section 1981. Plaintiff also asserts claims for breach of contract, breach of the implied warranty of fair dealing, breach of his right to be free from negligent and intentional infliction of emotional distress and breach of his right to privacy arising under Connecticut law.

The plaintiff has brought this action against Jane Doe claiming defamation and tortious interference with business relationships under Connecticut common law.

### B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Yale Defendants:

The Yale defendants deny all of the plaintiff's claims. They maintain that they did not discriminate against the plaintiff and that they properly followed all of the University's procedures in addressing the complaints made against plaintiff and in suspending the plaintiff.

2

    C.    **Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant, Jane Doe:**

Defendant Jane Doe denies that she defamed the plaintiff or interfered with his business relationships.

    D.    **Defenses and Claims of Third Party Defendants**: N/A

IV.    **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. In November, 2016, plaintiff was a senior enrolled in Yale College.

2. Defendant, Yale University, is an educational institution located in New Haven, Connecticut.

3. Defendant, Peter Salovey, is an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was its President.

4. Defendant, Jonathan Holloway, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, was the Dean of Yale College.

5. Defendant, Marvin Chun, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, was the Dean of Yale College.

6. Defendant, Joseph Gordon, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, was the Deputy Dean of Yale College.

7. Defendant, David Post, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, Chair of the University Wide Committee on Sexual Misconduct ("UWC").

8. Defendant, Mark Solomon, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, Chair of the University Wide Committee on Sexual Misconduct ("UWC").

9. Defendant, Ann Kuhlman, was an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was the Executive Director of Yale University's Office of International Students & Scholars.

10. Defendant, Lynn Cooley, was an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was the Dean of the Graduate School of Arts and Sciences.

11. Defendant, Paul Genecin, was an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was Director of Yale Health.

12. Defendant, Stephanie Spangler, was an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was the Yale University Title IX Coordinator.

13. Defendant, Sarah Demers, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, was a member of the UWC.

14. Defendant, Carole Goldberg, was an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was Director of the Yale Sexual Harassment and Assault Response and Education Center.

15. Defendant, Jane Doe, was a student enrolled in Yale College during the time of the incidents alleged in the complaint.

## V. CASE MANAGEMENT PLAN

### A. Initial Disclosures

The parties request that they be excused from filing Initial Disclosures. All parties anticipate making discovery requests pursuant to Rule 34, Fed. R. Civ. P. Consistent with Fed. R. Civ. P. 1, the parties make this request in an effort to arrive at "just, speedy, and inexpensive determination" of this action, in order to avoid making multiple document searches for the same material. In the alternative, the parties request that the Initial Disclosures be filed at the same time as responses to discovery requests made pursuant to Rule 34.

### B. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if one is required, be conducted by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

5

    2.    The parties do not request an early settlement conference.

    3.    If and when a settlement conference is held, the parties prefer a settlement conference with a magistrate judge.

    4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.**    **Joinder Of Parties, Amendment Of Pleadings, And Motions Addressed To The Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

    1.    Plaintiff should be allowed until February 24, 2020 to file motions to join additional parties and to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

    2.    Defendants should be allowed until February 24, 2020 to file motions to join additional parties and until March 24, 2020 to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.**    **Discovery**

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case:"

1. The parties anticipate that discovery will be needed on all factual allegations of the Complaint and the Plaintiff's damage claims.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by February 3, 2020 and completed (not propounded) by February 26, 2021.

3. Discovery will be conducted in phases, with expert disclosure to follow depositions of fact witnesses.

4. A damages analysis will be provided by the plaintiff no later than May 1, 2020.

5. The parties anticipate that the plaintiff will require a total of 20 depositions of fact witnesses and that the defendants will require a total of 12 depositions of fact witnesses. The depositions will commence by April 1, 2020 and be completed by August 3, 2020.

6. The parties do not request permission to serve more than 25 interrogatories.

7. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 28, 2020. Depositions of any such experts will be completed by November 16, 2020.

8. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 30, 2020. Depositions of such experts will be completed by February 26, 2021.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and

production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

      a.    Plaintiff shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Plaintiff's possession, custody or control, for the time period commencing two years prior to the filing of the Complaint and continuing through and including the date of trial.

      b.    Defendant shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Defendant's possession, custody or control, for the time period commencing two years prior to the filing of the Complaint and continuing through and including the date of trial.

10.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

      a.    If electronically stored information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing party's claim of privilege or work product, the receiving party shall promptly return the information or destroy it. If the receiving party disputes the privilege or work product claim, it may promptly present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim. The producing party may then promptly move the Court for an Order to return the

electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

**F.     OTHER SCHEDULING ISSUES**

Not applicable.

**G.     SUMMARY JUDGMENT MOTIONS**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before March 30, 2021.

**H.     JOINT TRIAL MEMORANDUM**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

**VI.    TRIAL READINESS**

The case will be ready for trial within 30 days of the filing of a joint trial memorandum. As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

*Plaintiff, Saifullah Khan*

By: /s/ Norman A. Pattis            Date: February 1, 2020
Norman A. Pattis, Esq.
Pattis & Smith, LLC
383 Orange Street- First Floor
New Haven, CT 06511
NPattis@pattisandsmith.com
T: 203-393-3017
F: 203-393-9745
Federal Bar Number: ct13120

*Yale Defendants,*

By: /s/Patrick M. Noonan                                  Date: January 31, 2020
Patrick M. Noonan, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Rd.
Guilford, CT 06437
PNoonan@ddnctlaw.com
T: 203-458-9168
F: 203-458-4424
Federal Bar Number: ct00189

*Defendant, Jane Doe*

By: /s/James M. Sconzo                                  Date: January 31, 2020
James M. Sconzo, Esq.
Carlton Fields
One State Street, Suite 1800
Hartford, CT 06103
JSconzo@carltonfields.com
T: 860-392-5022
F: 860-392-5058
Federal Bar Number: ct04571