UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:19-cv-01966- KAD |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | APRIL 24, 2020 |

## ANSWER OF YALE UNIVERSITY

The defendant, Yale University, hereby answers the plaintiff's complaint dated December 13, 2019.

1. Paragraph 1 is a description of the plaintiff's claims to which no response is required.

2. The defendant admits that the Court has jurisdiction and that the venue is proper.

3. The defendant admits that the plaintiff matriculated as an undergraduate student at Yale University and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4-10. Paragraphs 4, 5, 6, 7, 8, 9 and 10 are admitted.

10. (sic) The second Paragraph 10 is admitted.

11. The defendant admits that Lynn Cooley has served as the Dean of the Yale Graduate School of Arts and Sciences since 2014. The remaining allegations contained in Paragraph 11 are denied.

12-14. Paragraphs 12, 13, and 14 are admitted.

15. The defendant admits that Carole Goldberg was a clinical psychologist, a faculty member at the Yale School of Medicine, and the Director of Yale University's Sexual Harassment

1

and Assault Response & Education Center ("SHARE") until her retirement in 2019. The defendant denies the remaining allegations contained in Paragraph 15.

    16.    Paragraph 16 is admitted.

    17.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, except to deny that agents of the defendant served as "conduits of private information transmitted to the news media, including the Yale Daily News, The New York Times and The Washington Post."

    18-22.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 18, 19, 20, 21, and 22.

    23.    The defendant admits that the plaintiff applied to Yale University. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23.

    24.    Paragraph 24 is denied, except to admit that the plaintiff was on full scholarship.

    25.    The defendant admits the first three sentences of paragraph 25 and admits that it provided financial aid to the plaintiff for his Yale tuition and room and board. The remaining allegations of paragraph 25 are denied.

    26.    Paragraph 26 is admitted.

    27.    The defendant denies the allegations as stated, but admits that some of the students at Yale voiced concerns about how Yale responded to complaints of sexual misconduct.

    28.    The defendant admits that the Office of Civil Rights ("OCR") of the U.S. Department of Education ("DOE") issued an April 4, 2011 letter, widely known as the "Dear Colleague" letter, and refers to the letter for the contents thereof.

29. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Paragraph 30 is denied.

31. The defendant admits that the UWC addresses allegations of sexual misconduct according to the guidelines described in the UWC Procedures and that the plaintiff was subject to the policies and jurisdiction of the UWC as a student. The defendant denies that it created the UWC in response to the Office of Civil Rights' investigation

32. The defendant admits that it adopted UWC Procedures and refers to those procedures for the contents thereof.

33. The defendant admits that Yale alumni wrote an open letter to Preside Salovey and Provost Spangler in August, 2013 and refers to the letter for the contents thereof. The defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33.

34. Paragraph 34 is denied.

35. The defendant admits that the plaintiff attended classes as an undergraduate student from 2012 until November, 2015. The defendant further admits that the plaintiff majored in cognitive science and took several courses on the mind and brain. The defendant also admits that the plaintiff enrolled in some graduate courses.

36. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Paragraph 37 is admitted.

38. The defendant admits that the plaintiff was expected to graduate with the Class of 2016 with a Yale baccalaureate. The defendant denies knowledge or information sufficient to

form a belief as to the remaining allegations contained in Paragraph 38.

39-42.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, 40, 41, and 42.

43.   The defendant denies that it encourages and fosters casual sexual encounters among its students.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43.

44-45.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 44 and 45.

46.   Paragraph 46 is denied, except to admit that Jane Doe received counseling from The Yale Women's Center and met with David Post to discuss UWC Procedures.

47.   The allegations contained in paragraph 47 are denied.

48.   Paragraph 48 is denied, except to admit that members of the Yale Police Department interviewed Jane Doe and then referred her to The New Haven Police Department, and it is further admitted that Mr. Khan was thereafter charged with sexual assault in the first degree following an arrest warrant issued by the State of Connecticut and was thereafter presented to the Superior Court of the Judicial District of New Haven.

49.   Paragraph 49 is denied.

50.   The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51.   Paragraph 51 is admitted.

52.   Paragraph 52 is denied, except to admit that Mr. Khan was tried and acquitted by a jury of six in the Judicial District of New Haven in early 2018.

53-54. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 53 and 54.

55. Paragraph 55 is denied, except to admit that The Yale Daily News and other news outlets published articles about the trial, and the defendant refers to those articles for the content thereof.

56. The defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57. Paragraph 57 is denied, except to admit that the plaintiff sought readmission to Yale University.

58. The defendant admits that the plaintiff was readmitted to Yale University in the Fall, 2018 semester. The defendant denies the allegation that the University inappropriately denied on campus housing to Mr. Khan, but admits that Mr. Khan delayed requesting housing until after all space had been taken by others, and therefore no campus housing was available for him.

59. Paragraph 59 is denied, except to admit that some individuals expressed their opposition to Mr. Khan returning to Yale.

60. The defendant admits that the Yale Daily News published an article entitled "Khan and his consort" on October 5, 2018 and refers to the article for the contents thereof.

61. The defendant refers to the article for the contents thereof.

62-63. Paragraphs 62 and 63 are admitted.

64. Paragraph 64 is denied, except to admit that when Mr. Khan refused to meet with members of the Yale administration on October 7, 2018, a letter was hand delivered to Mr. Khan informing him that he was suspended effective immediately from Yale College. The defendant refers to that letter for the content thereof.

65. Paragraph 65 is admitted.

66. Paragraph 66 is denied, except that it is admitted that Yale University promotes and encourages tolerance of all human beings.

67. Paragraph 67 is denied.

68. Paragraph 68 is admitted.

69-70. Paragraphs 69 and 70 are denied.

71. The defendant admits that the plaintiff had a psychiatric evaluation and refers to the evaluation for the contents thereof.

72. Paragraph 72 is denied.

73. Paragraph 73 is admitted.

74. Paragraph 74 is denied, except to admit that the UWC conducted a hearing on Jane Doe's complaint alleging sexual misconduct in November, 2018.

75. Paragraph 75 is admitted.

76. Paragraph 76 is denied.

77. The defendant admits that Jane Doe was not physically present at the hearing and was permitted to attend via teleconference. The defendant further admits that, as provided in the UWC Procedures, the plaintiff was not present in the hearing room when Ms. Doe offered her statement, but rather listened to the statement from another room. The defendant denies the remaining allegations contained in Paragraph 77.

78. Paragraph 78 is denied, except to admit that, pursuant to the UWC Procedures, the plaintiff's advisor was not allowed to ask questions or register objections during the hearing and that a member of the Yale University Office of the General Counsel was present during the hearing and was subject to the same restrictions as plaintiff's counsel.

79. The defendant admits that, pursuant to the UWC Procedures, no transcript or other electronic recording of the hearing was made.

80-81. Paragraphs 80 and 81 are denied.

## CLAIMS FOR RELIEF

**Title IX – Breach Of Due Process By Means Of Denial Of Right To Confront His Accuser, By Denial Of His Right To Meaningful Assistance Of Counsel, By Denial Of His Right To Have An Adequate Record Of The Proceedings Against Him Created, By Rendering Him Homeless As A Result Of Summary Process And By Denying Him A timely Adjudication Of The Claims Raised Against Him**

82. The responses to Paragraph 1 through 81 are incorporated and made the response to Paragraph 82.

83. The defendant refers to the text of Title IX for the contents thereof.

84. Paragraph 84 is denied.

### Breach of Contract

85. The responses to Paragraph 1 through 84 are incorporated and made the response to Paragraph 85.

86. The defendant refers to Yale College Programs of Study and the UWC Procedures for the contents thereof.

87. Paragraph 87 is denied, except to admit that the plaintiff was admitted to Yale on a full scholarship.

88. Paragraph 88 is denied.

### Breach Of The Implied Warranty Of Fair Dealing

89. The responses to Paragraph 1 through 88 are incorporated and made the response to Paragraph 89.

90. Paragraph 90 is admitted.

91. The defendant denies that the plaintiff relied to his detriment upon statements made by agents of Yale University. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91.

92-95. Paragraphs 92, 93, 94, and 95 are denied.

### Negligent Infliction of Emotional Distress

96. The responses to Paragraph 1 through 95 are incorporated and made the response to Paragraph 96.

97-98. Paragraphs 97 and 98 are denied.

### Intentional Infliction of Emotional Distress

99. The responses to Paragraph 1 through 98 are incorporated and made the response to Paragraph 99.

100-105. Paragraphs 100, 101,102, 103, 104 and 105 are denied.

### Breach of Privacy – Publication Of Private Facts

106. The responses to Paragraph 1 through 105 are incorporated and made the response to Paragraph 106.

107-108. Paragraphs 107 and 108 are denied.

109. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109.

110. Paragraph 110 is denied.

### Defamation – Jane Doe

The defendant does not respond to Paragraph 111 through 116 because the defendant is not named in the defamation claim.

**Tortious Interference With Business Relationships – Jane Doe**

The defendant does not respond to Paragraph 117 through 121 because the defendant is not named in the tortious interference claim.

**THE DEFENDANT,**

**YALE UNIVERSITY**

BY: /s/ Patrick M. Noonan  (#ct00189)
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168
pnoonan@ddnctlaw.com

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan
