UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAIFULLAH KHAN,<br><br>    *Plaintiff*,<br><br>v.<br><br>YALE UNIVERSITY, PETER SALOVEY, JONATHON HALLOWAY, MARVIN CHUN, JOE GORDON, DAVID POST, MARK SOLOMON, ANN KUHLMAN, LYNN COOLEY, PAUL GENECIN, STEPHANIE SPANGLER, SARAH DEMERS, CAROLE GOLDBERG, UNKNOWN PERSONS,<br><br>    *Defendants*. | No. 3:19-cv-01966 (KAD)<br><br><br><br>February 5, 2021 |

**ORDER GRANTING [46] MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(B) AND STAYING PROCEEDINGS PENDING RESOLUTION OF THE PLAINTIFF'S APPEAL**

Kari A. Dooley, United States District Judge:

    Plaintiff Saifullah Khan ("Mr. Khan" or the "Plaintiff") filed this action against Yale University ("Yale") and several of its administrators and faculty members (collectively, the "Yale Defendants"), as well as former Yale classmate Jane Doe ("Ms. Doe") on December 13, 2019. Following the dismissal of Ms. Doe from this case pursuant to this Court's January 7, 2021 Order (ECF No. 40), Mr. Khan filed a Notice of Appeal (ECF No. 43) and now moves for the entry of judgment as to his claims against Ms. Doe under Fed. R. Civ. P. 54(b). The Plaintiff represents that the Yale Defendants agree that the entry of a Rule 54(b) judgment is appropriate.

    Rule 54(b) provides in relevant part that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that

there is no just reason for delay." The Rule thus embodies three requirements: "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an 'express determination that there is no just reason for delay.'" *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (quoting Fed. R. Civ. P. 54(b)) (alterations omitted).

The Court easily concludes that the first two requirements are satisfied. The Plaintiff's complaint asserts multiple claims against multiple defendants, and the Court's January 7, 2021 Order granting Ms. Doe's motion to dismiss rendered a final determination as to the Plaintiff's claims against Ms. Doe. The third requirement, that "there is no just reason for delay" is left to this Court's discretion. *See id.* at 140 n.13. However the Second Circuit has cautioned that "[r]espect for the historic federal policy against piecemeal appeals require that a Rule 54(b) certification not be granted routinely," and instead be granted "only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (citation omitted).

The Court concludes that the "danger of hardship or injustice" that a delayed appeal might impose on all parties warrants Rule 54(b) certification. Preliminarily, all parties agree that the discovery and evidence with respect to the claims against the Yale Defendants overlap significantly with respect to the claims against Ms. Doe. Indeed, whether as a party or a witness, Ms. Doe is an integral part of that discovery and evidence. And as the Court recognized in its memorandum of decision granting Ms. Doe's motion to dismiss, the dispositive issue of whether Ms. Doe is entitled to absolute immunity with respect to statements she made in connection with Yale's Title IX proceeding is a question of law that neither the Connecticut Supreme Court nor the Connecticut Appellate Court has addressed directly. If the Second Circuit (or the Connecticut

Supreme Court upon certification by the Court of Appeals) were to disagree with this Court, and if the Second Circuit were to reverse and remand the case for further proceedings, the litigation of Plaintiff's claims against Ms. Doe would essentially begin anew the litigation already concluded against the Yale Defendants if a Rule 54(b) judgment is not authorized.[1]  In addition to favoring judicial economy, counsel further represented that avoiding such repetitive discovery and trials will reduce the trauma that this litigation and the commensurate revisiting of its underlying events has occasioned for all parties.

The Plaintiff's motion for Rule 54(b) certification is accordingly granted.  The Court further concludes that after receiving the parties' input on this issue at the January 21, 2021 telephonic scheduling conference, a stay of the Scheduling Order is warranted during the pendency of Mr. Khan's appeal.  While the parties may continue to engage in written discovery and the exchange of documents while the stay is in effect, depositions and all other deadlines previously set are hereby suspended.

The parties shall file a joint status report on or before **September 1, 2021** and every 90 days thereafter to apprise the Court of the status of the pending appeal.

**The Clerk of the Court is directed to enter a Judgment, pursuant to Rule 54(b), in favor of the Defendant Jane Doe.**

 **SO ORDERED** at Bridgeport, Connecticut, this 5th day of February 2021.

 */s/ Kari A. Dooley*
 KARI A. DOOLEY
 UNITED STATES DISTRICT JUDGE

---

[1] It is the Court's understanding that while the evidence is overlapping insofar as the parties will require discovery from Ms. Doe, including her testimony, in the case against the Yale Defendants, the legal questions implicated in Mr. Khan's pending appeal are distinct from the legal issues to be adjudicated in his remaining claims.  This case therefore does not present the risk that the Second Circuit will be called upon to decide the same issues again in the event of a subsequent appeal.

3