

# STATE OF CONNECTICUT

## SUPREME COURT
## APPELLATE COURT

CARL D. CICCHETTI
CHIEF CLERK

RENÉ L. ROBERTSON
DEPUTY CHIEF CLERK

231 CAPITOL AVENUE
HARTFORD, CT 06106

TEL. (860) 757-2200

March 8, 2022

Re: SC 210242; *Saifullah Khan* v. *Yale University et al.*

Dear Counsel:

The United States Court of Appeals for the Second Circuit has asked the Connecticut Supreme Court to answer the following questions of law:

1. Under Connecticut law, can a proceeding before a non-government entity ever be deemed quasi-judicial for purposes of affording absolute immunity to proceeding participants?

2. If the answer to the first question is "yes," what requirements must be satisfied for a non-government proceeding to be recognized as quasi-judicial? Specifically,

    a. Must an entity apply controlling law, and not simply its own rules, to facts at issue in the proceeding? *See Petyan v. Ellis*, 200 Conn. at 246, 510 A.2d 1337; *see also* W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser & Keeton on Law of Torts § 114, at 818-19 (5th ed. 1984).

    b. How, if at all, do the "power" factors enumerated in *Kelley v. Bonney*, 221 Conn. at 567, 606 A.2d 693, and *Craig v. Stafford Construction, Inc.*, 271 Conn. at 85, 856 A.2d 372, apply to the identification of a non-government entity as quasi-judicial; and, if they do apply, are these factors "in addition" to, *id.*, or independent of, a preliminary law-to-fact requirement?

    c. How, if at all, does public policy inform the identification of a non-government entity as quasi-judicial and, if it does, is this consideration in addition to, or independent of, a law-to-fact requirement and the enumerated *Kelley/Craig* factors?

    d. How, if at all, do procedures usually associated with traditional judicial proceedings—such as notice and the opportunity to be heard; the ability to be physically present throughout a proceeding; an oath requirement; the ability to call, examine, confront, and cross-examine witnesses; the ability to be represented by counsel—inform the identification of a proceeding as quasi-judicial? *See Craig v. Stafford Const., Inc.*, 271 Conn. at 87-88, 856 A.2d 372; *Kelley v. Bonney*, 221 Conn. at 568-70, 606 A.2d 693.

3. If it is possible under Connecticut law to identify a non-government proceeding as quasi-judicial, then, in light of responses to the above questions, was the 2018 Yale University UWC proceeding at issue on this appeal properly recognized as quasi-judicial?

4. If the answer to Question 3 is "yes," would Connecticut extend absolute quasi-judicial immunity to defendant Jane Doe for her statements in that UWC proceeding?

5. If the answer to Question 3 is "no," would Connecticut afford defendant Jane Doe qualified immunity or no immunity at all?

    Written objection, if any, to the acceptance of the request may be filed until March 18, 2022, by e-filing as an opposition to motion number SC 210242. See Practice Book § 82-4.

    Please note that out-of-state counsel, unless admitted to practice in Connecticut, must apply for permission to appear pursuant to Practice Book §§ 2-16

and 62-8A, as amended October 1, 2021. (Also see Practice Book §§ 62-7, as amended October 1, 2021, 66-2 and 66-3.)

Very truly yours,

_____/s/_____
Peter D. Keane
Assistant Clerk-Appellate

Notice Sent: March 8, 2022
Counsel of Record
Hon. Debra Ann Livingston, Chief United States Circuit Judge
Hon. Amalya L. Kearse, United States Circuit Judge
Hon. Reena Raggi, United States Circuit Judge
Hon. Kari A. Dooley, United States District Judge
Clerk, United States Court of Appeals, Second Circuit (New York)
Clerk, United States District Court, District of Connecticut (New Haven)