UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SAIFULLAH KHAN

    Plaintiff

CIVIL ACTION NO.:
3:19-cv-01966-KAD

vs.

YALE UNIVERSITY, ET AL

    Defendants                               December 11, 2023

## JOINT MOTION OF THE PARTIES
## TO REVISE THE RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

All Parties agreed to the Rule 26(f) Report filed on November 29, 2023. After that Report was filed, Plaintiff's counsel contacted Defendants' counsel indicating that Plaintiff's client objected to a few provisions in the Rule 26(f) Report. The Parties are therefore submitting this Joint Motion to Revise the Rule 26(f) Report. This Motion contains the Rule 26(f) Report filed on November 29, 2023 with redlines reflecting (1) the provisions Plaintiff's client objected to and to which there are therefore now disputes between the Parties and (2) minor additional changes the Parties have agreed to following Plaintiff's objections.

The disputes between the Parties relate to (1) the timing of initial disclosures, (2) the deadline to join parties or amend and (3) the number of depositions warranted in this case.

Date Complaint Filed:     December 13, 2019

Date Complaint Served:   Waiver of Service filed December 18, 2019 as to defendants, Yale University, Peter Salovey, Jonathan Holloway, Marvin Chun, Joseph Gordon, David Post, Mark Solomon, Ann Kuhlman, Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Jane Doe, Carole Goldberg (collectively "Yale defendants")
Waiver of Service filed January 24, 2020 as to defendant, Jane Doe

Date of Defendants' Appearance:   January 3, 2020 as to Yale defendants
January 24, 2020 as to defendant, Jane Doe

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on November 14, 2023. The participants were:

> Norman A. Pattis, Esquire for plaintiff, Saifullah Khan
> Patrick M. Noonan, Esquire for Yale defendants
> James M. Sconzo, Esquire for defendant, Jane Doe

## I.  CERTIFICATION

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.  JURISDICTION

### A.  Subject Matter Jurisdiction

This Court has subject matter jurisdiction over plaintiff's federal law claims pursuant to Title IX of the Education Amendments of 1972 (20 United States Code Section 1681), 28 U.S.C. Sections 1331 and 1332.

### B.  Personal Jurisdiction

Personal jurisdiction is not contested.

## III.  BRIEF DESCRIPTION OF CASE

### A.  Claims of Plaintiff:

The plaintiff, Saifullah Khan, brings this action against the Yale defendants alleging that they violated his rights under Title IX of the Education Amendments of 1972 (20 United

States Code Section 1681) and 42 United States Code Section 1981. Plaintiff also asserts claims for breach of contract, breach of the implied warranty of fair dealing, breach of his right to be free from negligent and intentional infliction of emotional distress and breach of his right to privacy arising under Connecticut law.

The plaintiff has brought this action against Jane Doe claiming defamation and tortious interference with business relationships under Connecticut common law.

**B.    Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Yale Defendants:**

The Yale defendants deny all of the plaintiff's claims. They maintain that they did not discriminate against the plaintiff and that they properly followed all of the University's procedures in addressing the complaints made against plaintiff and in suspending and later expelling the plaintiff.

**C.    Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant, Jane Doe**:

Defendant Jane Doe denies that she defamed the plaintiff or interfered with his business relationships. Jane Doe also asserts that she is entitled to immunity.

**D.    Defenses and Claims of Third Party Defendants:** N/A

**IV.    STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1.    In November, 2016, plaintiff was a senior enrolled in Yale College.

2.    Defendant, Yale University, is an educational institution located in New Haven, Connecticut.

3.    Defendant, Peter Salovey, is an employee of defendant, Yale University,

and at the time of the incidents alleged in the complaint, was its President.

4. Defendant, Jonathan Holloway, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, was the Dean of Yale College.

5. Defendant, Marvin Chun, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, was the Dean of Yale College.

6. Defendant, Joseph Gordon, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, was the Deputy Dean of Yale College.

7. Defendant, David Post, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, Chair of the University Wide Committee on Sexual Misconduct ("UWC").

8. Defendant, Mark Solomon, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, Chair of the University Wide Committee on Sexual Misconduct ("UWC").

9. Defendant, Ann Kuhlman, was an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was the Executive Director of Yale University's Office of International Students & Scholars.

10. Defendant, Lynn Cooley, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the

complaint, was the Dean of the Graduate School of Arts and Sciences.

11. Defendant, Paul Genecin, was an employee of defendant, Yale University, and at the time of <ins>some of</ins> the incidents alleged in the complaint, was Director of Yale Health.

12. Defendant, Stephanie Spangler, was an employee of defendant, Yale University, and at the time of the incidents alleged in the complaint, was the Yale University Title IX Coordinator.

13. Defendant, Sarah Demers, was an employee of defendant, Yale University, and at the time of some of the incidents alleged in the complaint, was a member of the UWC.

14. Defendant, Carole Goldberg, was an employee of defendant, Yale University, and at the time of <ins>some of</ins> the incidents alleged in the complaint, was Director of the Yale Sexual Harassment and Assault Response and Education Center.

15. Defendant, Jane Doe, was a student enrolled in Yale College during the time of <ins>some of the</ins><del>certain</del> incidents alleged in the complaint.

## V. CASE MANAGEMENT PLAN

### A. Initial Disclosures

<del>Pursuant to Federal Rule of Civil Procedure 26(a)(1), the parties agree to waive their initial disclosures.</del> <ins>Mr. Khan does not waive initial disclosures and proposes that said disclosures be due within 30 days of the entry of this Order. Defendants believe that Initial Disclosures will be duplicative of the ESI discovery requested by the Plaintiff, and further object to being required to provide initial disclosures in the midst of or shortly after the holidays to the extent that Plaintiff's request for Initial Disclosures "within 30 days of the entry of this</ins>

5

order" would fall at that time. Defendants therefore propose that initial disclosures be exchanged at the same time that the Parties respond to discovery requests.

    **B.**    **Scheduling Conference**

        1.    The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

        2.    The parties prefer that a scheduling conference, if one is required, be conducted by telephone.

    **C.**    **Early Settlement Conference**

        1.    The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

        2.    The parties do not request an early settlement conference.

        3.    If and when a settlement conference is held, the parties prefer a settlement conference with a magistrate judge.

        4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.**    **Joinder Of Parties, Amendment Of Pleadings, And Motions Addressed To The Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

        1.    Plaintiff should be allowed until December 31, 2023 to file motions to join additional parties and to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any

other requirements under the applicable rules, a showing of good cause for the delay. Plaintiff would change the December 31, 2023 date to January 1, 2024 in the event there is something in the initial disclosures that affects motions to join and/or amend. Defendants object to changing this date in accordance with their belief that initial disclosures should be exchanged at the time of discovery responses and their objection to exchanging initial disclosures during or around the holidays.

    2.    Defendants should be allowed until January 31, 2024 to file motions to join additional parties and until January 31, 2024 to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.**    **Discovery**

Recognizing that the precise contours of the case based on Plaintiff's current Complaint as narrowed by the Second Circuit, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, and subject to change based on subsequent developments and the possible addition of new claims and parties to the lawsuit, the parties wish to apprise the Court of the following information regarding the "needs of the case:"

    1.    The parties anticipate that discovery will be needed on all factual allegations of the Complaint and the Plaintiff's damage claims.

    2.    All discovery, including depositions of expert witnesses pursuant to Fed.

R. Civ. P. 26(b)(4), will be commenced by January 2November 14, 20243 and completed (not propounded) by April 15, 2025.

3. Discovery will be conducted in phases, with written discovery to occur first, followed by depositions of fact witnesses and then followed by expert discovery.

4. A damages analysis will be provided by the plaintiff no later than February 1, 2024.

5. Written discovery requests will be propounded by all parties no later than January 30, 2024, and written discovery will be substantially completed by July 29, 2024.

6. The parties dispute how many depositions are appropriate for this case. Plaintiff anticipates that the plaintiffhe will require a total of 10 20 depositions of fact witnesses.  Defendants object to any more than 10 depositions.   and that the dDefendants anticipate they will require a total of 10 depositions of fact witnesses. The depositions will commence by August 12, 2024. and be completed by February 28, 2025.

7. The parties do not request permission to serve more than 25 interrogatories.

8. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 11, 2024. Depositions of any such experts will be completed by December 16, 2024.

9. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 15, 2025. Depositions of such experts will be completed by April 15, 2025.

10. Undersigned counsel have discussed the disclosure and preservation of

electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

    a.    Plaintiff shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Plaintiff's possession, custody or control, for the time period commencing two years prior to the filing of the Complaint and continuing through and including the date of trial.

    b.    Defendant shall take reasonable steps to retain, until the conclusion of this lawsuit, all documents, as that term is defined in D. Conn. L. Civ. R. 26, concerning or relating to the allegations of the Complaint, that are in Defendant's possession, custody or control, for the time period commencing two years prior to the filing of the Complaint and continuing through and including the date of trial.

11.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

> If electronically stored information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing party's claim of privilege or work product, the receiving party shall promptly return the information or destroy it. If the receiving party

disputes the privilege or work product claim, it may promptly present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim. The producing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

### F.   OTHER SCHEDULING ISSUES

Jane Doe has significant constraints on her schedule that may affect scheduling, and the parties may need to request a modification of this schedule in the future.

### G.   SUMMARY JUDGMENT MOTIONS

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before June 15, 2025.

### H.   JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

## VI.   TRIAL READINESS

The case will be ready for trial within 30 days of the filing of a joint trial memorandum, subject to immovable scheduling conflicts the parties and/or their counsel may have. As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

*Plaintiff, Saifullah Khan,*

By: */s/ Norman A. Pattis*              Date: December~~November~~ 11~~29~~, 2023
Norman A. Pattis, Esq.
Pattis & Smith, LLC
383 Orange Street, First Floor
New Haven, CT  06511
NPattis@pattisandsmith.com
T: 203-393-3017
F: 203-393-9745
Federal Bar Number: ct13120


*Yale Defendants,*

By: */s/ Patrick M. Noonan*              Dated: December~~November~~ 11~~29~~, 2023

Patrick M. Noonan, Esq.
Carmody Torrance Sandak and Hennessey LLP
741 Boston Post Rd.
Guilford, CT 06437
PNoonan@carmodylaw.com
T: 203-458-9168
F: 203-458-4424
Federal Bar Number: ct00189


*Defendant, Jane Doe*

By: */s/ Brendan N. Gooley*              Dated: December~~November~~ 11~~29~~, 2023
James M. Sconzo, Esq.
Brendan N. Gooley, Esq.
Carlton Fields
One State Street, Suite 1800
Hartford, CT 06103
JSconzo@carltonfields.com
T: 860-392-5036
F: 860-392-5058
Federal Bar Number: ct30584
Federal Bar Number: ct04571