UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | MARCH 4, 2024 |

**DEFENDANT JANE DOE'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P 26(c) and Local Rule 26, and for good cause shown, Defendant Jane Doe moves for a protective order, as described below and in the attached proposed order.

**I.     PRELIMINARY STATEMENT**

Defendant Jane Doe has moved for a Protective Order to preclude Plaintiff's access to some of the non-public discovery in this case. The motion has arisen due to Plaintiff's violations of this Court's Anonymity Order and other litigation misconduct (*see* ECF 75 & 79). That history has highlighted the good cause for the entry of a Protective Order that will govern the discovery in this case, including who may be permitted access to certain discovery. The proposed Protective Order will ensure Plaintiff won't again violate the Order on anonymity; disregard instructions from his counsel; and improperly utilize highly sensitive information about sexual misconduct and other information protected against disclosure by, *inter alia*, the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g & 34 C.F.R. Part 99. A Proposed Protective Order is attached as **Exhibit A**. The Court should grant this Motion for the good reasons set forth below.[1]

---

[1] Jane maintains that Plaintiff's claims against her should be dismissed for the reasons set forth in her Motion for Judgment of Dismissal (ECF 74), Memorandum in Support of that Motion (ECF 75), and her Reply in Further Support of that Motion (ECF 79). Jane seeks the entry of the Proposed Protective Order regardless of whether the Court dismisses the claims against her, however, because Plaintiff's claims against Yale will necessarily involve the dissemination of extremely "sensitive and personal" information about her, that should not be disclosed.

Plaintiff cannot be trusted to respect the confidentiality of documents or information. He proved that when he repeatedly, intentionally, and maliciously violated this Court's Anonymity Order (ECF 12). Ample good cause therefore exists to preclude Plaintiff's access to non-public documents and information produced in discovery in this case, which Plaintiff admits "involves matters of a highly sensitive and personal nature, both to Mr. Khan and Jane Doe." (ECF 2 at 5.) The Court should therefore grant this Motion and enter the Proposed Protective Order (Exhibit A).

## II.   FACTUAL BACKGROUND

Jane incorporates here the facts in her Motion for Judgment of Dismissal (ECF 74), Memorandum in Support of that Motion (ECF 75), and her Reply in Further Support of that Motion (ECF 79).[2] In short, and as noted in Jane's Motions to Seal (ECF 73 & 78), Plaintiff has engaged in misconduct in this case, including, but not limited to, disclosing Jane's name in violation of this Court's Anonymity Order (ECF 12). (*See, e.g.*, ECF 77 (admitting violating that Order).)

As Plaintiff conceded when he sought anonymity, the "instant case involves matters of a highly sensitive and personal nature, both to Mr. Khan and Jane Doe." (ECF 2 at 5.) Given the nature of this case, discovery will involve extremely "sensitive and personal" information.

The extremely "sensitive and personal" nature of this case and Plaintiff's contempt for this Court's Orders create ample good cause for a Protective Order.

Indeed, Plaintiff has already:

1. Offered to share "court evidence" with people ███████████

---

[2] Jane does not repeat the details of those facts here to avoid needlessly repeating the facts.

[REDACTED]

2. [REDACTED] at the *New York Times* regarding forthcoming discovery:

[REDACTED]

3. Told people [REDACTED] that they will be able to see discovery for themselves:

[REDACTED]

4. Stated he will intimidate and harass Jane at her deposition, which he thinks will be "exciting:"

[REDACTED]



As the Court is aware from Jane's other filings, Plaintiff has also otherwise posted and spoken about this case extensively and taken other efforts to draw attention to this case.

### III.   RELEVANT LAW

"A party or any person from whom discovery is sought may move for a protective order in the [C]ourt where the action is pending . . . . The [C]ourt may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms . . . for the disclosure or discovery[] [or] designating the persons who may be present while the discovery is conducted[.]" Fed. R. Civ. P. 26.

This Court's power to control the dissemination of information and documents produced in discovery is well-established. Indeed, the Judges of this Court often enter Standing Protective Orders at the outset of cases as a matter of course. Those Standing Protective Orders allow parties

to designate documents as "Confidential" and "Confidential – Attorneys' Eyes Only."

### IV. ARGUMENT

#### A. The Proposed Protective Order Is More Than Warranted

Plaintiff has (1) repeatedly violated this Court's Anonymity Order and engaged in other misconduct in this litigation and (2) has announced his intentions to disclose "sensitive and personal" information he obtains in this case, including information about Jane ███████ ███████████████████████████████████████. This Court's ordinary Standing Protective Order is insufficient to protect Jane given Plaintiff's lack of respect for this Court's Orders and the sensitivity of the material in this case. The only way to adequately ensure that the extremely sensitive and personal information at issue remains confidential is by precluding Plaintiff's access to confidential information and documents. Plaintiff forfeited any opportunity to have access to confidential information when he violated this Court's Anonymity Order.

The Proposed Protective Order, which is based on a Standing Protective Order issued by a Coordinate Judge of this Court, also provides a mechanism for Plaintiff to obtain documents that Plaintiff's counsel deems necessary to show Plaintiff by using the same method that the standard Standing Protective Orders use to allow parties to challenge confidentiality designations.

#### B. Meet And Confer Obligations Regarding This Dispute

On January 30, 2024, the undersigned spoke to counsel for Plaintiff to determine Plaintiff's position on this Motion and in a good faith effort to eliminate or reduce the area of controversy regarding this Motion. A declaration further describing this meet and confer is attached as **Exhibit B**. That conversation resulted in a narrowing of the controversy related to this Motion but did not eliminate the dispute. Plaintiff objects to this Motion and will be filing an opposition. During the meet and confer, Plaintiff's counsel noted, however, that there is no reason for Plaintiff to be

denied access to documents that are already within the public domain. Such documents might include, for example, Plaintiff's recorded statements about this case during media interviews. Counsel for Jane agrees that Plaintiff should not be precluded from having documents that are in the public domain, as that term is defined in the Proposed Protective Order below. Counsel for Jane has therefore exempted such documents from the scope of the Proposed Protective Order. Counsel for Jane has conferred with counsel for the Yale Defendants, who consent to this Motion.

## V. CONCLUSION

For good cause shown, the Court should grant Jane's Motion to ensure that sensitive information remains private. Jane reserves the right to seek additional Protective Orders in light of Plaintiff's misconduct.

DEFENDANT JANE DOE,

By: */s/ Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT  06103
Tel.: 860-392-5000
Fax: 860-392-5058
Email: jsconzo@carltonfields.com
bgooley@carltonfields.com

Her Attorneys

**CERTIFICATION OF SERVICE**

This is to certify that on this 4th day of March 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

                                          */s/ Brendan N. Gooley*
                                          Brendan N. Gooley