UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | |
| | : | |
| Plaintiff, | : | |
| V. | : | Case No. 3:19-cv-01966(KAD) |
| | : | |
| YALE UNIVERSITY, ET AL. | : | |
| | : | March 8, 2024 |
| Defendants | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION FOR LEAVE TO AMEND ANSWER TO ADD AFFIRMATIVE DEFENSES

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the defendant, Yale University, respectfully submits this Memorandum of Law in support of its Motion for Leave to Amend its Answer adding affirmative defenses of unclean hands, after acquired evidence, and statute of limitations, as presented in the form attached to this Motion in **Exhibit A** (redlined copy) and **Exhibit B** (clean copy). Counsel for the plaintiff has taken no position on the Motion and counsel for Jane Doe has agreed to the Motion.

### I.    INTRODUCTION

The proposed affirmative defense of unclean hands arises from the plaintiff's recent egregious violations of the Court's Order protecting the identity of Jane Doe (Doc. No. 12) and the University's policies concerning confidentiality. (See, **Ex. A**, Proposed First Affirmative Defense.) Through this defense, the University seeks to bar the plaintiff from equitable relief, including the relief he seeks "in the form of an order permitting the plaintiff to complete his Yale undergraduate degree." (Complaint at 26, Doc. No. 1, Dec. 13, 2019). The affirmative defense of after acquired evidence also arises from the plaintiff's conduct, including his violations of University policies, and, if proven, seeks to limit any award of damages.

As to the proposed defense of untimeliness, the University seeks to bar recovery of the

plaintiff's claims based on allegations of conduct that occurred outside the applicable statutes of limitations. *See*, Conn. Gen. Stat. § 52-577 and § 52-584. All the plaintiff's claims other than the claim for breach of contract rely, at least in part, on allegations well outside their limitations period. Recently, the Court of Appeals for the Second Circuit held that the tortious interference claim raised against co-defendant, Jane Doe, is untimely to the extent it is based on Doe's alleged statements from 2015. *Kahn v. Yale University*, 85 F.4th 86, 99-101 (2d Cir. 2023). In doing so, the Second Circuit rejected the plaintiff's argument premised on the continuing course of conduct doctrine as to the claims against Ms. Doe. *Id.* Plaintiff's untimely allegations against the University are equally stale and should not be considered a basis for recovery.

Granting this Motion will not delay the trial, nor will there be any prejudice to any other party from allowing the amendment. There is also no risk of unduly increasing discovery if this Motion is granted. This is defendant's first request to amend its Answer.

## II.    RELEVANT PROCEDURAL HISTORY

Plaintiff filed his Complaint on December 13, 2019. (Doc. No. 1.) He moved on January 2, 2020, for permission to litigate against "Jane Doe" using a pseudonym in place of her name. (Doc. No. 9.) The Court granted the Motion by Order dated January 10, 2020. (Doc. No. 12.)

The University filed its Answer on April 24, 2020. (Doc. No. 25.) Shortly thereafter, Jane Doe moved to dismiss the claims against her on grounds of immunity and untimeliness. (Doc. No. 26.) On January 7, 2021, the District Court granted Ms. Doe's Motion to Dismiss. (Doc. No. 40.) Plaintiff appealed and, for more than two years, the case proceeded through the Second Circuit, the Connecticut Supreme Court, again to the Second Circuit, and back to the District Court.

By an Amended Order dated December 13, 2023, this Court issued an Amended

Scheduling Order that provided, in part, that the defendants "shall be allowed until **March 8, 2024**, to file … a response to the operative complaint." (Emphasis in original) (Doc. No. 71). Subsequently, the plaintiff made posts on social media disclosing Jane Doe's identity. Consistent with the Amended Scheduling Order, the University now seeks to amend its Answer to add three affirmative defenses.

## III.    DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure has been construed broadly regarding the allowance of an amendment of pleadings. The decision of whether to allow an amendment lies solely within the discretion of the trial court, and such discretion should be employed in conjunction with the "liberalizing spirit of the Federal Rules." *United States v. Cont'l Ill. Nat'l Bank and Trust Co.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (citing Fed. R. Civ. P. 1). "The result of such liberal allowance is that a party should be allowed to test their claims or defenses on the merits if the facts upon which [they rely] provide a proper basis for relief." *In re Smith,* 204 B.R. 358, 360 (Bkrtcy E.D.N.Y. 1997).  Rule 15 motions to amend are permitted as late as during or even after trial. *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 363 (2d Cir. 2023) (collecting cases).

Courts in the Second Circuit have held that leave to amend should be freely given absent any showing beyond mere delay on the part of the movant. *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234-35 (2d Cir. 1995); *State Tchrs. Ret.t Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Showings beyond mere delay that could justify the denial of a request to amend could include bad faith of the movant or undue prejudice to any party opposing the motion. *Id.*

Here, even if there were opposition to the Motion, the "opponent of the motion for leave to amend has the burden of establishing one of these additional factors." *In re Smith*, 204 B.R. 358, 361 (Bkrtcy E.D.N.Y. 1997). *See also Phillips v. Kidder, Peabody & Co.,* 1994 WL 570072

*4 (S.D.N.Y. Oct. 13, 1994). The interval of time between filing of an original and an amended pleading does not "provide a basis for a district court to deny the right to amend" unless the alleged delay is accompanied by "bad faith or undue prejudice." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) (internal citations and quotations omitted); *see also State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.,* 246 F.R.D. 143, 149 (E.D.N.Y., 2007) (no prejudice from amendment after 2 ½ years where "the case is nowhere near resolution" and "significant discovery on the merits has yet to commence"). Here, there is no such bad faith or undue prejudice.

In accordance with these principles, there is no valid reason to deny the University's Motion for Leave to Amend Its Answer to Add Affirmative Defenses. The granting of this motion to amend will not delay the case at all. The parties are currently engaged in written discovery, after which depositions will be taken. The parties have until April 15, 2025, to complete discovery. (Doc. No. 68, Order on Pretrial Deadlines, Dec. 4, 2023.) No prejudice will result to the plaintiff if the amendment is allowed, particularly at this stage of the case.

## IV.   CONCLUSION

Granting the Motion to allow the affirmative defenses of unclean hands, after acquired evidence and untimeliness will neither delay the trial nor risk unduly increasing discovery. There is no bad faith by the defendant or undue prejudice to another party from granting the Motion. For these reasons and those discussed above, the defendant respectfully asks the Court to grant its Motion for Leave to Amend Its Answer to Add Affirmative Defenses.

Respectfully submitted,


By:   *Patrick M. Noonan*

_____
Patrick M. Noonan (ct00189)
Giovanna Tiberii Weller (ct11187)
Carmody Torrance Sandak & Hennessy LLP
741 Boston Post Road
Guilford, CT  06437
Phone: 203-458-9168
Email: pnoonan@carmodylaw.com
Email: gweller@carmodylaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on March 8, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


*Patrick M. Noonan*

_____
Patrick M. Noonan