UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | 3:19-CV-01966-KAD |
| Plaintiff, | : | |
| v. | : | |
| YALE UNIVERSITY, ET AL., | : | |
| Defendants. | : | March 15, 2024 |

## MR. KHAN'S OBJECTION TO JANE DOE'S MOTION FOR A PROTECTIVE ORDER

Defendant Jane Doe seeks a protective order requiring that designated items provided to Mr. Khan by the plaintiff be designated either confidential or attorney's eyes only. The justification offered is prior non-compliance with a protective order requiring that Ms. Doe's name be kept confidential. The Court ordered confidentiality in response to a plaintiff's motion prior to the service of the complaint on Ms. Doe. The plaintiff has now moved to vacate the motion for a protective order in a separate pleading.

Mr. Khan objects to that portion of the proposed order requiring that certain items be designated attorney's eyes only. He does so because he believes that requiring his counsel to keep from him discovery will impede

1

the orderly development of discovery in this case. The underlying allegations involve a course of conduct spanning several years, reaching from 2015, when allegations of sexual misconduct first arose, to 2019, when Mr. Khan was forced out of Yale by the University Wide Committee. Requiring the items by kept as attorney's eyes only will also affect the attorney-client relationship in that Mr. Khan is deeply involved in the litigation and imposition of a secrecy requirement between lawyer and client cannot help but result in a conflict that will be difficult to manage. The existence of items filed under seal together with accusations of a breach of confidentiality orders has already strained the relationship between lawyer and client.

Also pending before the Court is Ms. Doe's motion to dismiss because of an earlier disclosure of the defendant's name on social media in violation of a prior Court order. Argument on that motion is set for Monday, March 18, 2024, with Mr. Khan ordered to appear personally. The undersigned fully expects the Court to advise Mr. Khan at the hearing that any further breach of a Court confidentiality order will result in serious sanctions, including dismissal.  The undersigned respectfully suggests that such an admonishment and notice is sufficient to assure confidentiality going forward.

Permitting the defendant to mark as confidential a document permits counsel for the opposing party to share the contents of the document with

his client. In the event that public disclosure is sought necessary, the party seeking disclosure would be required to seek court approval of the disclosure. Requiring certain documents be marked attorney's eyes only puts the counsel receiving such a document in the untenable position of having to keep secrets from his client, a result that will add unnecessary expense, delay, confusion and the potential for conflict to a case that is already difficult enough.

THE PLAINTIFF

BY:

/s/ Norman A. Pattis /s/

NORMAN A. PATTIS
Pattis & Paz, LLC
Bar no. ct13120
383 Orange Street, First FL.
New Haven, CT  06511
Tel. 203-393-3017
Fax 203-393-9745
npattis@pattislaw.com

## CERTIFICATION

I hereby certify that on March 15, 2024, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

BY:

/s/ Norman A. Pattis /s/

NORMAN A. PATTIS

\