UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
| Defendants. | : | MAY 7, 2024 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JANE DOE**

Defendant Jane Doe ("Jane") answers Plaintiff's Complaint dated December 13, 2019 as follows:

1. Paragraph 1 is a description of Plaintiff's claims to which no response is required.

2. Paragraph 2 states legal assertions to which no response is required.

3. Jane admits that Plaintiff had been enrolled in Yale as an undergraduate student. Jane lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3.

4. The allegations in Paragraph 4 do not pertain to claims against Jane and therefore call for no response from Jane.

5. The allegations in Paragraph 5 do not pertain to claims against Jane and therefore call for no response from Jane.

6. The allegations in Paragraph 6 do not pertain to claims against Jane and therefore call for no response from Jane.

7. The allegations in Paragraph 7 do not pertain to claims against Jane and therefore call for no response from Jane.

8. The allegations in Paragraph 8 do not pertain to claims against Jane and therefore call for no response from Jane.

9.  The allegations in Paragraph 9 do not pertain to claims against Jane and therefore call for no response from Jane.

10. The allegations in Paragraph 10 do not pertain to claims against Jane and therefore call for no response from Jane.

10. [sic] The allegations in Paragraph 10 do not pertain to claims against Jane and therefore call for no response from Jane.

11. The allegations in Paragraph 11 do not pertain to claims against Jane and therefore call for no response from Jane.

12. The allegations in Paragraph 12 do not pertain to claims against Jane and therefore call for no response from Jane.

13. The allegations in Paragraph 13 do not pertain to claims against Jane and therefore call for no response from Jane.

14. The allegations in Paragraph 14 do not pertain to claims against Jane and therefore call for no response from Jane.

15. The allegations in Paragraph 15 do not pertain to claims against Jane and therefore call for no response from Jane.

16. Jane admits that she was an undergraduate student enrolled in Trumbull College at Yale and that she was a classmate of Plaintiff's, but denies that she was an undergraduate student enrolled in Trumbull College at Yale "at all times relevant."  Plaintiff's allegations about Jane's identity require no response, except that Jane lacks information sufficient to form a belief about the truth of the allegation that all other Defendants know her identity.  The United States Court of Appeals for the Second Circuit held that Plaintiff's allegations about purported actions by Jane in 2015 are time barred.  Therefore, Jane is not required to respond to the allegation.

17. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27. The allegations in Paragraph 27 do not pertain to claims against Jane and therefore call for no response from Jane.

28. The allegations in Paragraph 28 do not pertain to claims against Jane and therefore call for no response from Jane.

29. The allegations in Paragraph 29 do not pertain to claims against Jane and therefore call for no response from Jane.

30. The allegations in Paragraph 30 do not pertain to claims against Jane and therefore call for no response from Jane.

31. Jane admits that the UWC exists, that the UWC addresses allegations of sexual misconduct, and that Plaintiff was subject to the policies and jurisdiction of the UWC. The remaining allegations in Paragraph 31 do not pertain to claims against Jane and therefore call for no response from Jane.

32. Jane admits the allegations in paragraph 32 and refers to the procedures for their content.

33. The allegations in Paragraph 33 do not pertain to claims against Jane and therefore call for no response from Jane.

34. The allegations in Paragraph 34 do not pertain to claims against Jane and therefore call for no response from Jane.

35. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39. Jane admits that Plaintiff and she attended the same Halloween party and interacted on Halloween 2015, but Jane denies any suggestion that Jane and Plaintiff attended the party together. Jane admits that she attended part of a symphonic performance of the Yale

Student Orchestra at Woolsey Hall, but she denies attending the performance with Plaintiff.

40. Jane admits she had had a handful of encounters with Plaintiff.

41. Jane denies being a "couple" with Plaintiff.  Jane admits that she was unwell because she was intoxicated and vomited during the performance and again vomited immediately outside of the performance and was barred from reentering the venue as a result.  Jane admits that Plaintiff took advantage of her condition by following her out of the performance when she was barred from reentering the venue.

42. Jane denies the allegations in Paragraph 42.

43. Jane denies the allegations in Paragraph 43.

44. Jane denies ever being a "couple" with Plaintiff.  Jane admits that Plaintiff left her room after sexually assaulting her.

45. The United States Court of Appeals for the Second Circuit held that Plaintiff's allegations about purported actions by Jane in 2015 are time barred.  Plaintiff's allegation regarding purported action by Jane in 2015 therefore calls for no response from Jane.

46. The United States Court of Appeals for the Second Circuit held that Plaintiff's allegations about purported actions by Jane in 2015 are time barred.  Plaintiff's allegation regarding purported action by Jane in 2015 therefore calls for no response from Jane.

47. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48. Jane admits that she was interviewed by the Yale Police Department and that Plaintiff was arrested and charged with sexual assault.  Jane lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48.

49. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51. The allegation that the UWC proceedings were stayed is admitted.  Jane lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51.

52. Jane admits that the State tried Plaintiff on certain criminal sexual assault charges in early 2018, that Plaintiff and she testified, and that a jury found Plaintiff not guilty beyond a reasonable doubt.  Jane denies the trial was a "complete exoneration" because the jury simply found the State did not meet its burden of proof on the charges the State elected to pursue.

53. Jane refers to the transcript of the criminal trial in response to the allegations about what occurred at the trial, but Jane denies Plaintiff's mischaracterizations of the trial, including but not limited to the allegation that the State introduced evidence that Jane and Plaintiff went on a "date."

54. Jane refers to the transcript of the criminal trial in response to the allegations about what occurred at the trial, but Jane denies Plaintiff's mischaracterizations of the trial, including the mischaracterizations in Paragraph 54 about her purported testimony and the mischaracterizations about the evidence at trial such as the allegations that Jane sent flirtatious text messages and was dressed provocatively.

55. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 55, except that she admits that the *Yale Daily News* and other news outlets published articles about the trial and Jane refers to those articles for their content.

56. Jane admits that there was a petition involving Plaintiff.  Jane denies that the jury "decisively rejected Jane Doe's credibility."  Jane lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 56.

57. Jane denies the allegation that the verdict in the criminal trial was an "exoneration."   Jane lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57.

58. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. The allegation that the *Yale Daily News* published an article is admitted and Jane refers to that article for its content.  Jane lacks information sufficient to form a belief about the truth of the allegations regarding the individual who made the allegations that are the subject of the article.

61. Jane refers to the article in question for its contents.

62. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 66, except that Jane denies the allegation that there was "no credible evidence that permitting [Plaintiff] to attend classes pose[d] a threat of harm . . . to anyone affiliated with Yale" and the allegation that "there was no reason whatsoever to suspect that

[Plaintiff] was a danger to . . . others."

67. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68. Jane admits that she had graduated from Yale by October 2018 and that a UWC Hearing on Jane's claims had not been held by that time.  Jane lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68.

69. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74. Jane admits that the UWC held a hearing regarding her allegations in November 2018.  The remaining allegations in Paragraph 74 are denied.

75. Jane admits the allegations in Paragraph 75.

76. Jane denies the allegations in Paragraph 76.

77. Jane admits that she participated remotely in the UWC hearing.  The remaining allegations in Paragraph 77 are denied, except that Jane lacks information sufficient to form a belief about the truth of the allegations regarding Plaintiff not being permitted to be in the hearing room and being required to sit in an anteroom.

78. Jane denies the allegations in Paragraph 78, except that she admits the allegations that Plaintiff's advisor could not directly question witnesses or register objections and that a member of Yale's Office of the General Counsel was present during the hearing.

79. Jane lacks information sufficient to form a belief about the truth of the allegations in Paragraph 79.

80. Jane denies the allegations in Paragraph 80.

81. Jane denies the allegations in Paragraph 81.


## CLAIMS FOR RELIEF

### Title IX

82. Jane incorporates the responses to Paragraphs 1 through 81.

83. Paragraph 83 states a legal conclusion in a claim against Yale and therefore calls for no response from Jane.

84. Paragraph 84, including all subparts, asserts claims against Yale and therefore calls for no response from Jane.

### Breach Of Contract

85. Jane incorporates the responses to Paragraphs 1 through 84.

86. Paragraph 86 does not assert a claim against Jane and therefore calls for no response from Jane.

87. Paragraph 87 does not assert a claim against Jane and therefore calls for no response from Jane.

88. Paragraph 88, including all subparts, does not assert a claim against Jane and therefore calls for no response from Jane.

**Breach Of The Implied Warranty Of Fair Dealing**

89. Jane incorporates the responses to Paragraphs 1 through 88.

90. Paragraph 90 does not assert a claim against Jane and therefore calls for no response from Jane.

91. Paragraph 91 does not assert a claim against Jane and therefore calls for no response from Jane.

92. Paragraph 92 does not assert a claim against Jane and therefore calls for no response from Jane.

93. Paragraph 93 does not assert a claim against Jane and therefore calls for no response from Jane.

94. Paragraph 94 does not assert a claim against Jane and therefore calls for no response from Jane.

95. Paragraph 95, including all subparts, does not assert a claim against Jane and therefore calls for no response from Jane.

**Negligent Infliction Of Emotional Distress**

96. Jane incorporates the responses to Paragraphs 1 through 95.

97. Paragraph 97 does not assert a claim against Jane and therefore calls for no response from Jane.

98. Paragraph 98 does not assert a claim against Jane and therefore calls for no response from Jane.

**Intentional Infliction Of Emotional Distress**

99. Jane incorporates the responses to Paragraphs 1 through 98.

100. Paragraph 100 does not assert a claim against Jane and therefore calls for no response from Jane.

101. Paragraph 101 does not assert a claim against Jane and therefore calls for no response from Jane.

102. Paragraph 102 does not assert a claim against Jane and therefore calls for no response from Jane.

103. Paragraph 103 does not assert a claim against Jane and therefore calls for no response from Jane.

104. Paragraph 104 does not assert a claim against Jane and therefore calls for no response from Jane.

105. Paragraph 105 does not assert a claim against Jane and therefore calls for no response from Jane.

**Breach of Privacy – Publication Of Private Facts**

106. Jane incorporates the responses to Paragraphs 1 through 105.

107. Paragraph 107, including all subparts, does not assert a claim against Jane and therefore calls for no response from Jane.

108. Paragraph 108 does not assert a claim against Jane and therefore calls for no response from Jane.

109. Paragraph 109 does not assert a claim against Jane and therefore calls for no response from Jane.

110. Paragraph 110 does not assert a claim against Jane and therefore calls for no response from Jane.

**Defamation – Jane Doe**

111. Jane incorporates the responses to Paragraphs 1 through 110.

112. Jane denies the allegations in Paragraph 112.

113. The United States Court of Appeals for the Second Circuit held that Plaintiff's allegations about purported actions by Jane in 2015 are time barred.  Plaintiff's allegation regarding purported action by Jane in 2015 therefore calls for no response from Jane.  Paragraph 113 is denied to the extent it covers events that are not time-barred.

114. Jane denies the allegations in Paragraph 114.

115. Jane denies the allegations in Paragraph 115.

116. Jane denies the allegations in Paragraph 116.

**Tortious Interference With Business Relationships – Jane Doe**

117. Jane incorporates the responses to Paragraphs 1 through 116.

118. Paragraph 118 states a legal conclusion that calls for no response from Jane.

119. Jane denies the allegations in Paragraph 119.

120. Jane denies the allegations in Paragraph 120.

121. Jane denies the allegations in Paragraph 121.

**DAMAGES**

Jane denies that Plaintiff is entitled to any relief whatsoever, including all subparts.

**GENERAL DENIAL**

Jane denies each and every allegation not expressly admitted above.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

     Jane's statements were true and/or substantially true.

**Second Affirmative Defense**

     Jane is entitled to absolute and/or conditional and/or qualified immunity and/or privilege.

**Third Affirmative Defense**

     Plaintiff's claims are barred by the applicable statute(s) of limitations.

**Fourth Affirmative Defense**

     Jane's statements constitute protected opinions.

**Fifth Affirmative Defense**

     Jane's statements are protected as fair comments.

**Sixth Affirmative Defense**

     Jane made her statements in self-defense.

**Seventh Affirmative Defense**

     Plaintiff consented to all or some of Jane's statements.

**Eighth Affirmative Defense**

     Jane's statements are protected by the intracorporate communications doctrine.

**Ninth Affirmative Defense**

     Plaintiff was defamation proof.

**Tenth Affirmative Defense**

     Jane was not the legal cause of Plaintiff's alleged damages and/or Plaintiff suffered no damages as a result of any purportedly wrongful acts by Jane and is not entitled to any relief.

**Eleventh Affirmative Defense**

Without conceding any wrongdoing or liability, even if any actionable statement by Jane was a factor in any alleged action taken against Plaintiff, Plaintiff's claims for damages are barred in whole or in part because the same action would have occurred without such statement.

**Twelfth Affirmative Defense**

Statements by Jane that Yale may have relied on in taking action against Plaintiff, if any, including Jane's trial testimony, are protected by absolute immunity.

**Thirteenth Affirmative Defense**

Some and/or all of Plaintiff's alleged damages were caused by third parties.

**Fourteenth Affirmative Defense**

Plaintiff failed to mitigate his alleged damages.

**Fifteenth Affirmative Defense**

Plaintiff's claims for equitable relief are barred by his unclean hands.

**Sixteenth Affirmative Defense**

Plaintiff is a public figure.

**Seventeenth Affirmative Defense**

Plaintiff's claims fail under the incremental harm and/or subsidiary meaning doctrines.

**Eighteenth Affirmative Defense**

Jane made her statements honestly, in good faith, and with justification and without malice.

**Nineteenth Affirmative Defense**

Jane did not act with an improper motive or utilize improper means.

**Twentieth Affirmative Defense**

Any defamatory statement was not willful, wanton, or malicious.

**Twenty-First Affirmative Defense**

Plaintiff is estopped from challenging and/or waived any right to challenge actions that were taken and/or events and/or purported damages that allegedly occurred because of actions he took and/or decisions he made.

**Twenty-Second Affirmative Defense**

Any damages should be reduced in whole or in part based upon after-acquired evidence, including but not limited to evidence concerning misconduct by Plaintiff such as violations of Yale's confidentiality rules or retaliation or other misconduct, including but not limited to other sexual misconduct, that would, should, or could have resulted in disciplinary action.

**Twenty-Third Affirmative Defense**

Jane is entitled to any and all applicable set-offs.


Jane notes that Plaintiff's responses to her First Set of Interrogatories And Requests For Production were due on February 29, 2024, but that Plaintiff has yet to respond.  Jane reserves the right to modify and/or supplement her Answer and Affirmative Defenses upon receipt of Plaintiff's Responses and as otherwise warranted.

DEFENDANT JANE DOE,

By: */s/ Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT  06103
Tel.: 860-392-5000
Fax: 860-392-5058
Email: jsconzo@carltonfields.com
        bgooley@carltonfields.com

Her Attorneys

## <u>CERTIFICATION OF SERVICE</u>

This is to certify that on this 7th day of May 2024, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.


<u>    /s/Brendan N. Gooley          </u>
Brendan N. Gooley