UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KHAN                                    :

v.                                      :    3:19-cv-1966  (KAD)

YALE UNIVERSITY et al.                  :    JUNE 28, 2024

**MOTION FOR EXTENSION OF TIME CONCERNING SANCTIONS OR CONTEMPT
HEARING ON MOTION TO DISMISS**

The Plaintiff requests a ten day extension of time on the pending Emergency Motion for
Judgment of Dismissal by Jane Doe.   Undersigned has inquired as to other counsel their position
on the motion.  Defendant Yale University and related defendants take no position on the
motion.  Defendant Jane Doe **does not consent** to the motion. The Plaintiff furthermore is not
willing to waive his free speech rights pursuant any proposed injunction on his speech during the
pendency of resolution of the motion.

This is the first request to extend time that undersigned has filed with respect to the
motion, and the docket being generally sealed, undersigned is not aware of any other such
motions.

**GOOD CAUSE & COMPELLING CIRCUMSTANCES**

There is cause for this motion.  Undersigned was retained yesterday.  The motion
involves complex and nuanced issues of law and fact.  Substantial portions of the docket remain
sealed and inaccessible to undersigned.  Undersigned does not have direct access to any sealed
documents in PACER, which the pending motion concerns.

**Local Rules 7(b)**

Local Rule 7(b)(1) provides, in relevant part, that the moving party must make "a
particularized showing that the time limitation in question cannot reasonably be met despite the

diligence of the party seeking the extension." Local rule 7(b)(3) provides, in relevant part:

> Any motion for extension of time filed fewer than three business days before the deadline sought to be extended shall, in addition to satisfying all other requirements of this Rule, set forth reasons why the motion was not filed at least three business days before the deadline in question.

**Unavailability of Attorney Pattis**

Undersigned has spoken with the office of cocounsel Norman Pattis and understands that (1) Attorney Pattis presently has a family emergency and (2) Attorney Pattis is handling a trial in the Judicial District of New London on July 3, 2024.

**Retained Yesterday**

Undersigned was retained yesterday, June 27, 2024. The Plaintiff was referred to undersigned by way of FIRE, a free-speech nonprofit, and undersigned is one of the only Connecticut members of FIRE's Legal Network physically located in the district. Undersigned was retained because he is recognized as having substantial experience concerning free speech issues in Connecticut, in particular speech on social media and offensive speech, and there is a dearth of such expertise in the district. For example, there are only two members of the First Amendment Lawyers Association in the district, and seven members of FIRE's Legal Network in the district (undersigned being a member of both). Given the low numbers of suitable attorneys with this focus in the district, finding a suitable attorney with this expertise among the tens of thousands of attorneys in the district would understandably take some time, notwithstanding "diligent efforts" to find such an attorney.

**Complexity**

Additional time is necessary because First Amendment issues like those presented here are often analytically complex. *See, e.g., Schleifer v. Charlottesville*, 159 F.3d 843, 871–72 (4th Cir., 1998), *cert. denied*, 526 U.S. 1018 (1999) ("First Amendment jurisprudence is a vast and

complicated body of law that grows with each passing day" and involves "complicated and nuanced constitutional concepts"); *Missouri v. National Organization for Women, Inc.*, 620 F.2d 1301, 1326 (8th Cir.), *cert. denied*, 449 U.S. 842 (1980) (First Amendment issues "complex"); see also *State v. Buhl*, 321 Conn. 688, 726, 138 A.3d 868 (2016) (First Amendment and other constitutional claims are often analytically complex).  This is not something like a motion to strike a recklessness claim in a rear-end motor vehicle case.  This motion is by sophisticated counsel, with complicated legal arguments in the context of a lengthy legal history.  Accordingly, the time limitation cannot reasonably be met despite reasonable diligence.

**Access to Documents**

Undersigned filed his appearance yesterday and contacted chambers of Judge Garcia yesterday to inquire as to access to PACER for the sealed documents.  Undersigned was directed to the courtroom deputy and left a voicemail for the courtroom deputy on this issue yesterday afternoon.  Undersigned sent an email (attached) to what he believes is probably the courtroom deputy, given the usual format of emails in the district.  At about 2:50PM, counsel was informed by the Clerk of the Court that access required an order of this Court.  As of the filing of this motion today, undersigned still does not have access to the sealed documents on PACER.  See Exhibit 1 (emails with court).

Undersigned has attempted to gain access to these documents by contacting opposing counsel and cocounsel. Undersigned reminded opposing counsel that the obligation to serve documents on opposing counsel is ultimately the responsibility of the movant, but to no avail.  See Exhibit 2 (emails with counsel).

By way of the Plaintiff individually, undersigned has some documents *he believes* are *probably* relevant.  None of the documents undersigned does have contain the CM/ECF Marking

of docket number and date—in our district, this is the blue text on every page of electronic filings.  Undersigned **does not have** access to all the documents necessary to address the motion—the motion references a host of documents that undersigned does not have.  Being compelled to respond without access to the documents at issue is essentially a Star Chamber-esque proceeding, and implicates fundamental issues of due process.  Accordingly, the time limitation cannot reasonably be met despite reasonable diligence.

**Other Obligations**

Undersigned has a brief due in the Connecticut Appellate Court on a novel free speech issue due July 3, 2024, with no further extensions allowed *Pryor v. Brignole*, AC44253. Undersigned filed another brief earlier this week in the Connecticut Appellate Court, which was more than 11,000 words long involving an exceptionally complex legal issue in *City of Torrington v. Council 4, AFSCME AFL-CIO Local 443 et al.*, AC46927, as well as a disciplinary proceeding for another client before the Office of Early Childhood,  and accordingly time has been and will be limited for vis-à-vis the brief required here.  The Plaintiff should not have to have an attorney pulled in several directions at once in this complicated case due to the happenstance of timing.  Accordingly, the time limitation cannot reasonably be met despite reasonable diligence.

**CONCLUSION**

For the foregoing reasons, the Court should grant the motion for extension of time for 10 days, there being exceptional circumstances and good cause for the motion.

Respectfully submitted,

SAIFULLAH KHAN

JUNE 28, 2024                    */s/ Mario Cerame ct30125*
                                Mario Cerame
                                Brignole, Bush & Lewis LLC
                                73 Wadsworth Street
                                Hartford, Connecticut 06106
                                T: 860.527.9973
                                F: 860.527.5929
                                E: mario@brignole.com

                                HIS ATTORNEYS

## **CERTIFICATION**

I hereby certify that on June 28, 2024, a copy of the foregoing was filed electronically or served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/_____
Mario Cerame