UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KHAN | : | |
| v. | : | 3:19-cv-1966 (KAD) |
| YALE UNIVERSITY et al. | : | JUNE 28, 2024 |

**PLAINTIFF'S OBJECTION TO MOTION TO SEAL MET LODGED AT ENTRY 131**

The Plaintiff objects to the Motion to Seal. *See* ECF no. 133. The Motion to Seal is directed at entry 131, the Plaintiff's motion for extension of time. The requirements for a motion to seal are stringent under both the FRCP and the Local Rules, and Defendant Doe has not attempted to make the requisite showing beyond bare allegations.

Local Rule 6(e) provides, in relevant part (emphasis added):

> Any such order sealing a judicial document shall include **particularized findings** demonstrating that sealing is supported by **clear and compelling** reasons **and** is **narrowly tailored** to serve those reasons. . . . No document shall be sealed merely by stipulation of the parties. A confidentiality order or protective order entered by the Court to govern discovery **shall not** qualify as an order to seal documents for purposes of this rule.

Surely there is a less restrictive alternative to sealing the entre document that preserves the privacy interests of Defendant Doe. Given the information that is already public, query what those interests are, but for the sake of the argument, the Plaintiff assumes such statements may exist in his motion for extension of time.

The motion only makes generalized and sweeping statements that are inadequate for Local Rule requirement as to particularized findings demonstrating that sealing is supported by clear and compelling reasons, let alone any information supporting the claim that sealing the entire document is a narrowly tailored remedy necessary to those privacy reasons. *See, e.g., Dichello Distributors, Inc. v. Anheuser-Busch, LLC*, District of Connecticut, 3:20-cv-1003 at *2

(Jan. 12, 2024)(2024 WL 341041)(moving party must cite **specific information** contained in documents that would cause harm if disclosed today); *Vineyard Vines, LLC v. MacBeth Collection, LLC*, District of Connecticut, 3:14-cv-1096, at *1 (Apr. 1, 2019)(2019 WL 12024583)(court ordered specific briefing on why sealing motion in its **entirety** was warranted [emphasis original]).

    The counsel for the Plaintiff attempted to contact counsel for Doe and is amenable to filing a redacted motion, requesting what specific statements in the motion lodged at entry 131 are problematic as to Doe's alleged privacy interests.

                                                                 Respectfully submitted,

                                                                   SAIFULLAH KHAN

JUNE 28, 2024                         */s/ Mario Cerame ct30125*
                                                      Mario Cerame
                                                      Brignole, Bush & Lewis LLC
                                                      73 Wadsworth Street
                                                      Hartford, Connecticut 06106
                                                      T: 860.527.9973
                                                      F: 860.527.5929
                                                      E: mario@brignole.com

                                                      HIS ATTORNEYS

## **CERTIFICATION**

      I hereby certify that on June 28, 2024, a copy of the foregoing was filed electronically or served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
Mario Cerame