UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KHAN | : |
| v. | :    3:19-cv-1966 (KAD) |
| YALE UNIVERSITY et al. | :    JULY 3, 2024 |

## LOCAL RULE 72.2 OBJECTION AND REQUEST FOR DE NOVO REVIEW BY DISTRICT COURT OF MAGISTRATE JUDGE ORDER AT CM/ECF NO. 119

On June 19, 2024, Judge Garcia issued a ruling and order concerning speech rights and pseudonymity. Specifically, Judge Garcia ordered, among other things, Jane Doe's request for pseudonymity was a request for anonymity; Jane Doe was entitled to such pseudonymity; Jane Doe's continued pseudonymity is warranted; the request for pseudonymity in this case is not a discovery issue governed by FRCP 26; the Plaintiff may not identify Doe by name and that restriction on the Plaintiff's speech is not a prior restraint.

In accordance with Local Rule 72.2, the Plaintiff objects and requests de novo review by the District Court. The Plaintiff objects to each finding and judgment in the memorandum except that FRCP 26 does not apply, including each of those matters specifically identified above as well as any other matters in the Order at CM/ECF Entry 119.

Even if Doe may proceed under a *pseudonym*, that is in the caption of the case, the Order constitutes an illegal *prior restraint*. How the case is captioned is separate from whether the Court can enjoin or punish the Plaintiff under the circumstances for his protected speech. The Order cannot be squared with Supreme Court precedent and current legal doctrine.

## I. BACKGROUND

The Plaintiff revealed Doe's identity, citing as his reason a footnote in the Second Circuit opinion in this case:

> While Doe's real name is known to the parties, Khan moved to pursue this civil action against her pseudonymously to avoid violating the privacy requirement of Yale's Sexual Misconduct Policy. That policy does not bind the federal courts, which generally require a complaint to "name all the parties." . . . . This court has, however, recognized judicial discretion to depart from Rule 10(a) when a party's interest in anonymity outweighs "both the public interest in disclosure and any prejudice" to the adverse party. . . . Because no party complains that the district court failed to balance these interests here or otherwise abused its discretion, **we do not pursue the matter further** and simply refer to defendant as "Jane Doe" in this opinion. . . .

*Khan v. Yale Univ.*, 27 F.4th 805, 809n.1 (2d Cir. 2022), *certified question* answered, 347 Conn. 1, 295 A.3d 855 (2023)(emphasis added; citations omitted). He also cited reliance on Footnote 39 of the Connecticut Supreme Court opinion in this case. *Khan v. Yale Univ.*, 347 Conn. 1, 53n.39, 295 A.3d 855, 887 (2023)

On June 19, 2024, Judge Garcia issued an order:

> I further ORDER that Plaintiff directly or indirectly (including through his counsel) is prohibited from publicly disclosing or revealing Jane Doe's identity, including but not limited to on any social media platform. Plaintiff is advised that any release or deliberate disclosure of Jane Doe's identity in violation of this Court's Order is sanctionable by the Court, including but not limited to dismissal. Should either party find this beneficial, they may file a proposed order prohibiting public disclosure of Jane Doe's identity for my consideration. Prior to filing, they must schedule a meet and confer with counsel to develop agreed-upon language. If the parties agree, they may jointly file a Proposed Order. If counsel does not agree, the parties are instructed to jointly call chambers notifying me of the dispute, upon which I will schedule a discovery status conference.

The Order is a prior restraint.

## II. THE ORDER IS <u>PLAINLY</u> A PRIOR RESTRAINT ON ITS FACE

Judge Garcia claims at 13–14 that the Order is not a prior restraint. The order is plainly a prior restraint on its face:

> A "prior restraint" on speech is a law, regulation or judicial order that suppresses speech—or provides for its suppression at the discretion of government officials—on the basis of the speech's content and in advance of its actual expression.

*United States v. Quattrone*, 402 F.3d 304, 309 (2d Cir. 2005). In the present case, the Order prohibits "publicly disclosing or revealing Jane Doe's identity . . . ." Order at 15. Prohibiting public disclosure is suppressing communication. By any logical measure, this order suppresses speech on the basis of its content.

## III.   THE ORDER CANNOT BE SQUARED WITH *COX* OR *FLORIDA STAR*

*Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) has been settled law for almost a half-century. The Supreme Court concluded in *Cox* that "the States may not impose sanctions on the publication of truthful information contained in official court records open to public inspection." *Id.* at 495.

In *Cox*, a seventeen year-old girl was the victim of rape and did not survive the incident. *Id.* at 471. The incident occurred in Georgia, and at the time, publishing or broadcasting the name or identity of a rape victim constituted a misdemeanor in Georgia. *Id.* at 471–72.

The victim's name appeared in indictments. *Id.* at 472. The indictments were public records available for inspection. *Id.* at 472–73. A reporter learned the victim's identity through these public records and broadcast a report that named the victim. *Id.* at 473–74. The report was repeated the following day. *Id.* at 474.

3

The victim's father commenced a lawsuit and the Georgia Supreme Court concluded that the father had a valid lawsuit for invasion of privacy based on the broadcasting of the victim's name. *Id.* at 474–75. Specifically, the Georgia Supreme Court concluded the reporter "invaded [the father's] privacy with wilful or negligent disregard for the fact that reasonable men would find the invasion highly offensive." *Id.* at 475. The Georgia Supreme Court relied on the criminal statute as a declaration that the victim's name was not a matter of public concern. *Id.* at 475.

The United States Supreme Court recognized "impressive credentials for a right of privacy . . . ." *Id.* at 489. Nonetheless, the Court concluded that a state **may not "impose sanctions** on the accurate publication of the name of a rape victim obtained from public records—more specifically, from judicial records which are maintained in connection with a public prosecution and which themselves are open to public inspection." *Id.* at 495 (emphasis added).

First of all, like the name in *Cox*, Doe's true name is a true fact in a public, criminal court record. *See* T 2/26/18 at 35. Furthermore, the Plaintiff obtained knowledge of Doe's identity lawfully and before this case started. Accordingly, the First Amendment places any sanctions for stating the true fact of Doe's name beyond the power of the Court.

Furthermore, Doe's position cannot be reconciled with itself. In this case, Doe maintains she is a victim of sexual assault by the Plaintiff. Attorney Sconzo made this argument forcefully at the March 26, 2014 hearing. See T 3/18/24 at 13–14. Let's assume for the moment, **strictly for the sake of the argument,** that is the case. The Court cannot impose sanctions on the Plaintiff for disclosing this

4

(ostensibly) true fact that is already available to the public in the public record:

> What transpires in the court room is public property. If a transcript of the court proceedings had been published, we suppose none would claim that the judge could punish the publisher for contempt. . . . Those who see and hear what transpired can report it with impunity. There is no special prerequisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it . . . .

*Cox* at 492–93.  The Plaintiff participated in proceedings, and he can testify about them.  This includes identifying Doe, by name, as she did in open court.

In the alternative, assuming for the sake of the argument that Doe is **not** a victim of sex assault by the Plaintiff, as the Plaintiff claims in this litigation, then she has no right to privacy for making false allegations against the Plaintiff.  If her accusation is false, the Plaintiff has every right to publish the truth, including identifying Doe, in order to salvage his reputation:  that Doe lied about him, and to identify Doe's name.

In *Florida Star v. B.J.F.*, 491 U.S. 524 (1989), the Supreme Court expanded on *Cox*.  In *Florida Star*, Florida had a law that made it illegal to print, publish, or broadcast the name of a victim of a sexual offense. *Id.* at 526.  The Florida Star published the name of *B.J.F.* in a police blotter by mistake.  *Id.* at 527.  This was in violation of the Florida Star's own policy of not publishing the name of sex assault victims.  *Id.* at 528.  B.J.F. filed suit sounding in negligence.  *Id*.  The trial court directed a verdict as to negligence *per se* in favor of B.J.F.  *Id.* at 529.

The Supreme Court held that punishing the publication was unconstitutional.  "[W]here the government has made certain information publicly available, it is highly anomalous to sanction persons other than the source of its

5

release." *Id.* at 535.  The "source" of the release in this case is the Connecticut Superior Court, not the Plaintiff.  See T 2/26/18 at 35.  "By placing the information in the public domain on official court records, the State must be presumed to have concluded that the public interest was thereby being served." *Florida Star* at 535.

Note that this all is separate from how *this Court* elects to caption the case. *See Florida Star* at n1. This Court can caption the case however it wishes to.  But the Court does not have the *power* to *sanction* the Plaintiff for stating Doe's true name, where the name is already a public record.

> "[T]he government retains ample means of safeguarding significant interests upon which publication may impinge, including protecting a rape victim's anonymity. To the extent sensitive information rests in private hands, the government may under some circumstances forbid its nonconsensual acquisition, thereby bringing outside of the Daily Mail principle the publication of any information so acquired. To the extent sensitive information is in the government's custody, it has even greater power to forestall or mitigate the injury caused by its release. The government may classify certain information, establish and enforce procedures ensuring its redacted release, and extend a damages remedy against the government or its officials where the government's mishandling of sensitive information leads to its dissemination. Where information is entrusted to the government, a less drastic means than punishing truthful publication almost always exists for guarding against the dissemination of private facts.

In this case, the information at issue is not entrusted to the government. It is in the public domain. *See* T 2/26/18 at 35.

In this case, it is undisputed that Doe, with her true name, has accused the Plaintiff of sexual assault.  That is in the public record.  Accordingly, it is beyond the power of this Court to punish the Plaintiff for publishing that fact, with her true name.

6

**IV.    JANE DOE WANTS PSEUDONYMITY; SHE IS NOT ANONYMOUS**

In the order, Judge Garcia frequently elides pseudonymity with anonymity. That is a mistake and part of why reliance on *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) is misplaced.

Anonymity is when a speaker's identity is not known.  **Doe is not anonymous, and has never been anonymous.**  Doe did not send an anonymous tip.  Doe did not commence a lawsuit under a pseudonym.  Doe testified under oath at the criminal trial, and used her full name in open court.  *See* T 2/26/18 at 35. Doe's name is in transcripts that anyone can obtain from the Connecticut judicial branch.  *Id.*  Doe's name has been published online by a journalist.  However protected by FERPA, Doe did not speak *anonymously* in the school proceedings:  FERPA kept her name *confidential*, but the Plaintiff knew her name and her name was known during that process.  He obtained knowledge of her identity lawfully.  In this case, allowing Doe to proceed with a pseudonym does not make her anonymous, no matter what Judge Garcia supposes.  Doe has never been anonymous and Doe is not anonymous now. It is error to elide these two principles as they are factually and legally distinct.

An **anonymous plaintiff** may, prior to revealing their identity, ask for permission to proceed under a pseudonym. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008). Or a pseudonym may be necessary for the plaintiff to make out a complaint against unknown individuals, **where the identity of an anonymous defendant is not known** and that identity is sought through litigation. *See Dendrite International, Inc. v. Doe No. 3*, 342 N.J. Super. 134, 775 A.2d 756 (App. Div. 2001).  In such a case where a defendant is a Doe, the plaintiff does so for

7

logistics; not to preserve anonymity, but to defeat it. In both cases, the public is not aware of the identity of the anonymous party at the start of a lawsuit.

Undersigned can find no case where the specific identity of a defendant was a matter of public record before a suit and where a party was lawfully punished for disseminating that information.

Now, as to some defendants in defamation suits, there is a fundamental right to anonymously criticize government officials. Thus, the judicial process sometimes can protect that kind of anonymity. *See id.* There is no fundamental right to defame a private individual, however. This case does not involve an anonymous party criticizing the government or any attempt to uncover the identity of an anonymous defendant through the judicial process.

In accordance with *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), a **plaintiff** may attempt to proceed under a pseudonym to protect their identity. That is a situation where the identity of the party seeking the pseudonym is not known to the public before the lawsuit commences, and this was also the case in *Doe v. Massachusetts Institute of Technology*, 46 F.4th 61 (1st Cir. 2022) as well as *Doe v. Baram*, No. 20-cv-9522 (S.D.N.Y. Aug. 5, 2021)(2021 WL 3423595) and *Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006). The public knowledge about the parties before litigation is different in those cases from the present case. Those Does are anonymous. This Doe is not.

In Connecticut, there are also situations where a *court* in opinions or in captions will use a pseudonym or initials for a victim. But there are no cases where a party—not an attorneys, but a party—is sanctioned or criminalized for identifying

8

individuals by name in public where the speaker knew that name before the litigation started.

If Doe's identity emerged in the discovery process, this case would be different. A court has power over the discovery process. A court can compel attorneys and parties to keep certain information confidential when it is obtained through the discovery process. This is codified in FRCP 26(c). But FRCP 26(c) does not apply to the present case. *See* Order at 12–13.

Protecting the identity of individuals from publication is also recognized as part of the criminal process, to protect against an "imminent threat to the participation of witnesses, trial participants, and staff in [a] criminal matter" or to protect "an ongoing investigation or the identity of witnesses in such a proceeding." *United States v. Trump*, 88 F.4th 990, 1016 (D.C. Cir. 2023), *reh'g denied*, No. 23-3190 (D.C. Cir. Jan. 23, 2024)(2024 WL 252746). This is obviously not a criminal case with the compelling interest of an ongoing criminal investigation nor does publishing Doe's name present an imminent threat to the *participation* of any witnesses. "A presumption of openness pervades federal dockets." *Alston v. Sharpe*, District of Connecticut, 3:13-cv-1 at *1 (Oct. 22, 2015)(2015 WL 6395937). To the extent the Court does not want the facts of the case reported or discussed publicly, the Court must identify a compelling interest. History indicates that there is no compelling interest in preventing the dissemination of truthful information already in a public court record. *See Florida Star v. B.J.F.*, *supra*, 491 U.S. 524; *Cox Broadcasting Corp. v. Cohn*, *supra*, 420 U.S. 469.

Undersigned is unable to find a case with an order like Judge Garcia's. In this case, the Plaintiff has always known Doe's identity. Her identity has been published publicly, and her identity is a matter of public record. Undersigned has not been able to find a case where the name of a **defendant**, **whose identity is known** and a **matter of public record** is lawfully protected by a gag order. Judge Garcia has created a new procedural right out of whole cloth, and improperly employs this new right to infringe on the Plaintiff's freedom of speech.

## V. NO EQUITY JURISDICTION :  VAIN OR FUTILE THING

Setting aside the First Amendment for a moment, the Court lacks equity jurisdiction to effect the injunction against the Plaintiff. It is a well-established, ancient principle that "equity will not do or require the doing of a useless, vain, or futile thing." 27A Am.Jur.2d 629, Equity § 91 (2008)[1]. According to Judge Garcia, the interest in the injunction enjoining the Plaintiff's speech is in preserving Doe's anonymity. **But Doe is already not anonymous.** Either the purpose of the order is

---

[1] *See* 30A C.J.S. Equity §16 ("A court sitting in equity will not do, or require the doing of, a vain or useless thing; it will not use its authority to accomplish a useless purpose"); *see also All. Metals, Inc., of Atlanta v. Hinely Indus., Inc.*, 222 F.3d 895, 905 (11th Cir. 2000)("the law does not require the performance of vain or useless things"); *Realty Income Tr. v. Eckerd*, 564 F.2d 447, 458 (D.C. Cir. 1977) ("equity should not require the doing of a vain or useless thing" [internal quotation marks omitted]); *Bd. of Sup'rs of Louisiana State Univ. v. Fleming*, 265 F.2d 736, 738 (5th Cir. 1959)("[t]he law does not require the doing of a vain and useless thing"); *United States v. Russell*, 241 F.2d 879, 882 (1st Cir. 1957)(same); *Sch. Bd. of City of Charlottesville, Va. v. Allen*, 240 F.2d 59, 64 (4th Cir. 1956)("equity does not require the doing of a vain thing"); *Mitchell v. Chambers Const. Co.*, 214 F.2d 515, 517 (10th Cir. 1954)("[e]quity will not do a useless or vain thing"); *Szynkowicz v. Szynkowicz*, 140 Conn. App. 525, 536, 59 A.3d 1194 (2013)("equity will not grant a decree that is ineffectual"); *c.f. O & G Indus., Inc. v. Plan. & Zoning Comm'n of Town of Beacon Falls*, 232 Conn. 419, 429, 655 A.2d 1121 (1995)("The law does not require the doing of a useless thing").

to a vain or useless end—or the underlying purpose is actually something else. For example, the purpose may be to chill or prevent the Plaintiff from expressing his views about the proceedings, or Yale, or the suit, or the Court. To such an unspoken end, the order may not be feckless. But the order cannot preserve Doe's anonymity.

Doe was not anonymous when the suit commenced. There is no equity jurisdiction to enjoin the Plaintiff from publicly identifying Doe if the interest is in preserving Doe's anonymity because Doe is not anonymous and equity will not do a vain or useless thing. There is no way to put the toothpaste back in that tube. The cat is out of the bag.

## VI. JUDGE GARCIA IMPROPERLY PRESUMES HARM WITHOUT A FACTUAL PREDICATE TO FIND HARM

To find a compelling interest requires evidence be adduced. Here, there was no competent evidence adduced by Doe or expert testimony or anyone that Doe might suffer harm from the disclosure (order at 8); that other individuals might be chilled from coming forward (order at 10), or what the Plaintiff desires, (order at 8); or that Doe's future plans will be harmed by the disclosure. See *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) ("courts consistently have rejected anonymity requests to prevent speculative and unsubstantiated claims of harm to a company's reputational or economic interests . . . ."); *see also id.* at 270.

## VII. CONCERNING FORFEITURE OR WAIVER

Undersigned notes that he is working under difficult circumstances. **Undersigned still does not have access to substantial portions of the docket**—any

11

sealed portions are wholly inaccessible to undersigned.  *See* ECF No. 132 (still pending).  Undersigned was retained less than a week ago for free speech issues.  Undersigned is operating under unusually pressured circumstances, as detailed in the motion for extension of time at ECF No. 131 which was denied. *See also* Motion to Set Aside Final Extension Order, *Pryor v. Brignole*, Connecticut Appellate Court AC44253[2] (explaining context).  Failure to identify issues should not be regarded as forfeiture or waiver but a product of exceptionally difficult and unfair circumstances.

**CONCLUSION**

For the foregoing reasons, the Court should sustain the objection to the Order by Judge Garcia, CM/ECF No. 119.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SAIFULLAH KHAN |
| JULY 3, 2024 | */s/ Mario Cerame ct30125* |
|  | Mario Cerame |
|  | Brignole, Bush & Lewis LLC |
|  | 73 Wadsworth Street |
|  | Hartford, Connecticut 06106 |
|  | T: 860.527.9973 |
|  | F: 860.527.5929 |
|  | E: mario@brignole.com |
|  | HIS ATTORNEYS |

---

[2] *Available at* https://appellateinquiry.jud.ct.gov/DocumentDisplayer.aspx?AppId=2&DocId=gMjW%2fzUjBIoWyeKEsY7DvA%3d%3d.

**CERTIFICATION**

      I hereby certify that on July 3, 2024, a copy of the foregoing was filed electronically or served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ _____
Mario Cerame