## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KHAN | : | |
| v. | : | 3:19-cv-1966  (KAD) |
| YALE UNIVERSITY et al. | : | JULY 4, 2024 |

## SUPPLEMENTAL BRIEF TO CM/ECF ENTRIES 152, 153, 72.2 OBJECTION

The following was mistakenly left out of the objection at entries 152 and 153.

## VII. JUDGE GARCIA IMPROPERLY APPLIED, CONSTRUED THE FACTORS CONCERNING ANONYMITY

In addition to the order improperly infringing on the Plaintiff's freedom of speech, at pages 6–10, Judge Garcia misapplies in part the factors concerning whether a party may proceed under a pseudonym.

**Judge Dooley specifically noted that the matter had not yet been briefed.** Judge Garcia did not ask for briefing on these issues before ruling.

### A. Relevant Legal Standards

A an order to which a party objects under Local Rule 72.2 is reviewed de novo.  Local Rule 72.2.

Judge Garcia properly cites the factors at issue, as set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008):

Courts within the Second Circuit must use the non-exhaustive ten-factor balancing test adopted by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008)(emphasis added):

> (1)  whether the litigation involves matters that are highly sensitive and [of a] personal nature;
> (2)  whether identification poses a risk of retaliatory physical or mental

harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties;

(3)  whether identification presents other harms and the likely severity of those harms;

(4)  whether the plaintiff is particularly vulnerable to the possible harms of disclosure;

(5)  whether the suit is challenging the actions of the government or that of private parties;

(6)  whether the **defendant** is prejudiced by allowing the **plaintiff** to press his claims **anonymously**, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7)  whether the plaintiff's identity has thus far been kept confidential;

(8)  whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9)  whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10)  whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

## B. The Test Applies to an Anonymous Plaintiff, and the Defendant is Neither Anonymous Nor a Plaintiff

This has already been discussed in the objection.  This test is for a plaintiff whose identity is not known at the start of litigation—a plaintiff who wishes to proceed under a pseudonym.  The factors are not designed for the situation at hand. Judge Garcia cited no cases on point applying the factors to a defendant like in the present case.

## C. Factor One:  The Subject Matter is Public

The present case concerns falsehoods in a criminal prosecution.  The statements at issue were made in open court, under oath, and without anonymity. Criminal prosecutions of such a serious nature are plainly a public matter.

The present case also concern's Yale's abuses of its disciplinary system and inappropriate use proceedings under federal law to hurt the Plaintiff. Yale's

2

reputation for educating leaders in society needs no citation, and the Connecticut Supreme Court admonished Yale for shortcomings in the proceedings.  These issues are also at stake in this case and that is very much a public matter.  This factor tilts sharply against allowing a pseudonym.

### D. Factor Two:  No Competent Evidence to Support

Doe testified about the issues at stake in this case in the criminal court, and there has been no evidence adduced that she suffered harm from those proceedings. Litigation is of course stressful for anyone, but there is no *evidence adduced* that she will be harmed any less if she proceeds under a pseudonym.  There was no *evidence adduced* that indicates Doe has or will suffer retaliatory physical or mental harm.  There is no testimony from any expert, and there was no evidence of any threats posed to Doe.  The existence of this factor is purely speculative. Furthermore, Doe is not an "innocent non-party," being neither innocent (as pleaded) nor a non-party. This factor tilts against allowing a pseudonym.

### E. Factor Three:  No Competent Evidence to Support

This factor is evaluated substantially the same as the previous factor.  Doe testified about the issues at stake in this case in the criminal court, and there was no evidence adduced that she suffered harm from that proceeding.  There is no evidence that she will suffer less harm if she is allowed to proceed under a pseudonym.  There is no evidence adduced in support of this factor, and the Plaintiff has not been able to challenge the validity of that non-existent evidence in an adversarial hearing.  This factor tilts against allowing a pseudonym.

### F. Factor Four:  No Competent Evidence to Support

3

This factor is similar to factors two and three.  Doe testified about the issues at stake in this case in the criminal court, and there was no evidence adduced that she was particularly vulnerable to possible harms of disclosure. There was no competent evidence that Doe suffered trauma from offering testimony in the criminal court or that she suffered retaliation for her testimony, or any other evidence in support of the existence of this factor. There is no evidence that she will suffer less harm if she is allowed to proceed under a pseudonym.   There is no evidence adduced in support of this factor, and the Plaintiff has not been able to challenge the validity of that non-existent evidence in an adversarial hearing.  This factor tilts against allowing a pseudonym.

### G. Factor Five:  Both Public and Private Actions

On the one hand, Doe is certainly a private individual, and Yale is a private school.  However, Yale claims that it acted pursuant to federal law in the Title IX proceedings.  Inasmuch as the litigation challenges Yale's actions in those proceedings, the suit in part challenges federal action.  And Yale's reputation is well established as educating leaders of society.  This factor probably tilts in favor of a pseudonym, but not sharply so.

### H. Factor Six:  No Prejudice

As discussed above, this factor concerns an anonymous plaintiff, and Doe is neither anonymous nor a plaintiff.  Otherwise, as Judge Dooley concluded, there is no evidence of prejudice *in the proceedings*.

The goal of the litigation, however, is for the Plaintiff to salvage his reputation. If this factor is construed in a manner to allow the Court to restrict his

4

speech, it is deeply prejudicial to the Plaintiff.  There are public facts and allegations, made in open court, and tying his hands to be able to respond to these allegations hurts him and hurts counsel's ability to do his job. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991).  Like in *Gentile*, there has been press about these proceedings.  Yale's student newspaper published about it, and there have been a number of statements about the case.  Like in *Gentile*, restrictions on speech concerning matters that are already in the public possession. *See id.* at 1046 ("Much of the information provided . . . had been published in one form or another . . . . The remainder, and details petitioner refused to provide, were available to any journalist willing to do a little bit of investigative work." [citation omitted]).  This factor either tilts against allowing a pseudonym or is a wash.

## I.  Factor Seven:  The Defendant's Identity is not Confidential

Again, this factor applies to a **plaintiff** whose identity is unknown, not to a **defendant.** Regardless, however, Doe's identity is a matter of public record.  It is a farce to pretend it is confidential. This factor tilts against allowing a pseudonym.

## J.  Factor Eight: Public Interest is Furthered

Because this is a deeply factual case, the public's understanding of Yale's culpability is advanced by knowing Doe's identity.  The public has a right to know the full facts about Yale's misdeeds and errors in judgment, and Doe's identity and the Plaintiff's identity are part of that calculus.  This factor tilts against allowing a pseudonym.

## K.  Factor Nine: Not an Atypically Weak Public Interest

The case revolves around a question of fact, not of law:  whether Doe lied,

whether Yale unfairly punished the Plaintiff for this lie, what Yale and Yale officials knew and didn't know, whether the beliefs of Yale officials were reasonable. This is not a theoretical case of counting angels on the head of a pin and abstract points of law.  The case is deeply factual. This factor tilts against allowing a pseudonym.

**L.  Factor Ten:  Does not Apply**

Factor ten does not apply.  Doe's identity is already a matter of public record. The substance of the statements at issue were repeated in open court, under oath. Her identity is already not confidential.  The inapplicability is a result of applying the case to a scenario that is not appropriate—misunderstanding the legal standard.  Accordingly, the factor does not apply.

**M. As a Whole**

Reviewing the factors as a whole, the calculus tilts against allowing Doe to proceed under a pseudonym.

Respectfully submitted,

SAIFULLAH KHAN

JULY 4, 2024                             */s/ Mario Cerame ct30125*
                                        Mario Cerame
                                        Brignole, Bush & Lewis LLC
                                        73 Wadsworth Street
                                        Hartford, Connecticut 06106
                                        T: 860.527.9973
                                        F: 860.527.5929
                                        E: mario@brignole.com

HIS ATTORNEYS

**<u>CERTIFICATION</u>**

I hereby certify that on July 4, 2024, a copy of the foregoing was filed electronically or served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ _____
Mario Cerame