UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KHAN | : |
| v. | : 3:19-cv-1966 (KAD) |
| YALE UNIVERSITY et al. | : JULY 4, 2024 |

## OBJECTION TO FINDING OF "DISINGENUOUS"[1]

On June 29, 2024, Judge Garcia found as a fact that (emphasis added):

> After consideration of Doe's objection, the Court finds that Attorney Cerame's argument that he had no access to the sealed motions **disingenuous**. Doe's counsel offered to provide Attorney Cerame with the sealed documents on June 27, 2024 at 4:02 PM and again on June 28, 2024 at 12:24 PM. See ECF No. 140-1 at 2, 4. Moreover, other counsel of record for Plaintiff had access to the sealed documents. Doe argues that "there is no basis for extending the briefing or hearing… because Plaintiff has seemingly not taken down the posts that identify Jane and created this exigency." ECF No. 140 at 1. The Court agrees.

*See* entry 143. This factual finding was made without a hearing. Inasmuch as the Court has made a finding of bad faith or intent, counsel objects and requests the Court reconsider the finding in the absence of a hearing.

The emailed offers referenced in the court's findings were never received. *See* exhibit. This was eventually discussed among counsel. It seems likely that the number and size of attachments triggered the email security to undersigned's firm. In the evening of June 29, 2024, at about 8:30PM, counsel worked out among themselves an alternate means of sharing files that did not trigger email security.

---

[1] The Merriam-Webster Online Dictionary defines "disingenuous" as "lacking in candor also: giving a false appearance of simple frankness." *Available at* https://www.merriam-webster.com/dictionary/disingenuous (last access July 4, 2024, 3:39PM). It is not clear whether such a finding indicates a violation of CT RPC 3.3 Candor Toward the Tribunal.

The files were received on June 30, 2024 through a means other than email.

In addition, to the extent the Court suggests cocounsel should share sealed documents, undersigned is not sure whether that is lawful. It seems the movant could in principle share it under a doctrine of waiver. But undersigned is not certain that cocounsel has such authority to share sealed documents where documents are still sealed from the recipient. At the very least, undersigned feels such sharing could violate the rules and would rather steer far, far clear of even the colorable possibility of violating such a rule. Furthermore, undersigned has only sporadically been able to reach cocounsel.

Undersigned notes that the docket is still sealed as to him as of present (including the documents referenced in entry 143). There has been a pending motion for order since Friday, June 28, 2024, that the Court has not acted on. *See* ECF No. 132.

The Court has made a factual finding as to undersigned's intent without his being heard. **Undersigned takes his duty of candor to the tribunal extremely seriously.** Undersigned frequently says to others that he would rather be regarded as honest than intelligent. Undersigned asks the court to reconsider its factual finding that counsel was disingenuous, which finding was made without being heard.

                                                  Respectfully submitted,

                                                  SAIFULLAH KHAN

JULY 4, 2024                          */s/ Mario Cerame ct30125*

        Mario Cerame
        Brignole, Bush & Lewis LLC
        73 Wadsworth Street
        Hartford, Connecticut 06106
        T: 860.527.9973
        F: 860.527.5929
        E: mario@brignole.com

        HIS ATTORNEYS

**<u>CERTIFICATION</u>**

   I hereby certify that on July 4, 2024, a copy of the foregoing was filed electronically or served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                  /s/_____
                  Mario Cerame