UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | JULY 8, 2024 |

## REPLY REGARDING PLAINTIFF'S OBJECTION TO THE COURT'S FINDING THAT PLAINTIFF ACTED DISINGENUOUSLY

This Court found that Plaintiff's counsel's assertion, "that he had no access to the sealed motions" in this case, "disingenuous" because (1) the email exchange that Plaintiff attached to the Motion in which he made that assertion included an email from Jane's counsel "offer[ing] to provide] [his attorney] with the sealed documents," (2) Jane's counsel subsequently sent another email again offering to provide Plaintiff's counsel with sealed documents, and (3) Plaintiff's "other counsel of record" "had access to the sealed documents." (ECF 143; *also* ECF 131 & 140.)

Plaintiff's Objection to the Court's finding only takes issue with the second basis for the Court's conclusion. Plaintiff's counsel claims he never received the second email from Jane's counsel where Jane offered, a second time, to provide the sealed documents. (Objection.) Nothing changes even if the Court accepts Plaintiff's assertion on that point as true. The Court's conclusion was also based on, *inter alia*, the initial email sent by Jane's counsel, which stated: "[I]f there's something you can't get from [your co-counsel] let me know and *I'll send it to you*." (ECF 131-2 (emphasis added).)

As this Court found, it is disingenuous to claim not to have access to documents when counsel had previously offered to send documents. Plaintiff does not and cannot claim that he did not receive that original email because he attached it to his filing. (ECF 131-2.)

Of greater concern, however, is that rather than own up to the disingenuous statement, Plaintiff has doubled down on it. In his Memorandum in Opposition (ECF 157) to the Second Emergency Motions for Judgment of Dismissal, which Plaintiff filed on July 6, 2024, a week after the Court's finding of "disingenuous", Plaintiff still claims not to have "the vast majority of sealed documents." (ECF 157 at 1.)

That assertion is very concerning for several reasons:

- First, as this Court held, on June 27, 2024, Jane's counsel was clear that he would provide sealed documents to Plaintiff's counsel. That was over a week before Plaintiff's Opposition.

- Second, when Plaintiff's counsel claimed not to have received Jane's second email, Jane's counsel uploaded certain sealed documents and her emails offering to convey sealed documents to a shared drive and Plaintiff acknowledged receiving those documents on June 30, 2024. (**Exhibit A**.)

- Third, on July 1, 2024, counsel for Jane then sent Plaintiff a third email, once again offering to provide sealed documents, writing in relevant part: "If there are sealed filings that you believe you need but don't have, please let me know and I will provide them to you if I have them . . . ." Plaintiff never responded. (**Exhibit B**.)

- Fourth, at all times since entering an appearance in this case, Plaintiff's counsel could have obtained any filing from Attorneys Pattis and Taubes. If one attorney was unavailable, the other attorney or someone from that office could have assisted.

It's clear that Jane's counsel informed Plaintiff's counsel three times that he would provide sealed documents to him and Plaintiff has acknowledged receiving two of those communications. It's also clear that Plaintiff's counsel could have gotten access to the documents from his co-counsel. But Plaintiff's counsel still baselessly asserts that he is unable to access sealed filings.

That is extremely concerning and appears to be an effort to inject a meritless procedural issue into these proceedings, presumably because Plaintiff expects the Court will dismiss his claims and he seeks to baselessly assert that the Court did not treat him fairly in this process.

Regardless, the Court's conclusion was well-founded and should stand.

DEFENDANT JANE DOE,


By: */s/ Brendan N. Gooley*
    James M. Sconzo (ct04571)
    Brendan N. Gooley (ct30584)
    CARLTON FIELDS, P.A.
    One State Street, Suite 1800
    Hartford, CT  06103
    Tel.: 860-392-5000
    Fax: 860-392-5058
    Email: jsconzo@carltonfields.com
           bgooley@carltonfields.com

    Her Attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 8th day of July 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

                                        */s/ Brendan N. Gooley*
                                        Brendan N. Gooley