UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | JULY 15, 2024 |

**JOINT STATUS REPORT REGARDING PROPOSED PROTECTIVE ORDER**

Pursuant to the Court's Orders (ECF 121 & ECF 129), the Parties submit this Joint Status Report regarding Jane Doe's Motion for a Protective Order (ECF 81).

**I.    STATUS OF THE DISPUTE**

The Parties made progress narrowing their disputes about the Proposed Protective Order, but have been unable to resolve the dispute entirely. More specifically, the Parties have agreed on language for the "Exhibit A" that Plaintiff will sign and narrowed other disputes about the Proposed Protective Order and on certain language contained in the Parties' respective proposals, but cannot reach complete agreement on (1) the definition for documents that are entitled to be marked "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" (as contained in Paragraph 4 of the Proposed Protective Order), (2) the process for handling disputes about whether or not a document was properly marked "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" (including redaction of documents) (as contained in Paragraph 9 of the Proposed Protective Order), and (3) who should bear the burden of establishing that the standard for marking documents "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" is met (also contained in Paragraph 9). The Parties have attached their respective proposals as **Exhibit A** (Plaintiff's Proposal) and **Exhibit B** (Defendants' Proposal (Defendants' Proposal is a redline of the Proposed Protective

Order originally submitted to the Court at ECF 81-2)). The Parties summarize their respective positions below.

## II. PLAINTIFF'S POSITION

Defendants' contention that Plaintiff's proposed standard will lead to more disputes is misplaced. The volume of disputes will largely depend on Defendants' own discretion in designating materials as "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES." If Defendants apply this designation judiciously and in good faith, limiting it to only the most sensitive information as contemplated by Plaintiff's definition, disputes should be minimal. Conversely, if Defendants abuse this designation by broadly applying it to documents that do not warrant such heightened protection, they will invite unnecessary disputes. As the party seeking to restrict Plaintiff's access to discovery materials, Defendants bear the responsibility of exercising prudence and restraint in their designations. Plaintiff has a right to review the evidence supporting his claims, and any limitations on that right should be narrow and well-justified. Defendants cannot shift the blame for potential disputes onto Plaintiff's proposed standard when the volume of disputes will be primarily a function of their own conduct in the designation process.

- [The Definition Of What Can Be Marked "CONFIDENTIAL -- NOT FOR PLAINTIFF'S EYES"]: Defendants' proposed categories for the "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES" designation are overly broad and not sufficiently tailored to protect only the most sensitive information. The categories, as drafted, could potentially encompass a wide range of documents and information not warranting heightened protection, thereby unduly limiting Plaintiff's access to relevant discovery materials. For instance, the sweeping language concerning "alleged victims of sexual misconduct" would hamper the Plaintiff's ability to defend himself, without any good-faith belief by the Defendants that his knowing the information could even cause any harm, because for example, the information may already be known to him. Similarly, the broad reference to "non-public statements and communications concerning alleged sexual misconduct" fails to differentiate between sensitive personal information that could cause harm if disclosed and routine investigative materials. By contrast, Plaintiff's proposed definition strikes a more appropriate balance between protecting sensitive information and ensuring

Plaintiff's meaningful participation in the discovery process. By limiting the designation to "*highly sensitive personal information*" not accessible to the general public, the definition sets an appropriately high threshold for the application of this restrictive category. The requirement that disclosure to Plaintiff could cause "significant harm or prejudice" further ensures that only the most sensitive materials, such as medical records or personal identifying information, are subject to this heightened protection. Importantly, the definition places the burden on the designating party to demonstrate that the material meets these stringent criteria, preventing the over-designation of documents and promoting transparency in the discovery process.

- [The Process For Handling Disputes]: Plaintiff objects to Defendants' proposed process for handling disputes regarding documents designated as "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES." Defendants suggest that they should mark entire documents with this designation if any portion warrants protection, and then place the burden on Plaintiff's counsel to propose redactions. This approach is inefficient and unduly burdensome. It would force Plaintiff's counsel to speculate about which portions of a document Defendants believe are sensitive, rather than requiring Defendants to precisely identify and redact only the information meeting the "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES" criteria in the first instance. Plaintiff's proposal, which requires Defendants to provide both a redacted and unredacted version of a document when feasible, promotes transparency and allows for a more targeted approach to protecting sensitive information. This was also the procedure contemplated by the Court at our status conference.

- [The Designating Party Should Bear The Burden:] The Court should reject Defendants' attempt to shift the burden onto Plaintiff to justify his access to documents designated as "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES." As the party seeking to restrict access, Defendants must bear the burden of demonstrating that the designated material meets the stringent criteria for this heightened protection. Plaintiff's alleged conduct is not a valid basis for inverting the burden, as Defendants must still establish the confidential nature of the documents they wish to withhold. Placing the burden on Defendants, as the designating party, is consistent with well-established discovery principles and ensures that this restrictive designation is used sparingly and only when justified.

## III.   DEFENDANTS' POSITION

Defendants believe that all of the Parties' disagreements emanate at least in part from the dispute about what the standard should be for marking documents "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES." Defendants' position is as follows:

- The Definition Of What Can Be Marked "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES": Defendants believe that Plaintiff's definition would lead to too many disputes

3

about whether documents were properly designated.  More specifically, Defendants believe that the Parties have significantly different views on what constitutes "highly sensitive personal information, the disclosure of which to plaintiff could cause significant harm or prejudice to the designating party."  Defendants also believe that the standard should encompass harm or prejudice to third parties (such as victims and alleged victims of sexual misconduct) as well as the designating party.  Defendants believe that it is preferable to designate non-exhaustive categories of documents, such as non-public documents concerning alleged sexual misconduct, that are entitled to be designated "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" to avoid disputes.

- The Process For Handling Disputes:  Defendants understand Plaintiff's position to be the following:  Defendants can mark entire documents "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" if they believe the entire document warrants that protection.  If Defendants believe that the entire document cannot be marked "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES," they should redact the document and produce two versions: a redacted version that Plaintiff can see and an unredacted version marked "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES."  Defendants are concerned about the burden that approach would impose on them and believe that a better approach is for them to mark a document "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" if any portion of the document warrants that protection and for Plaintiff's counsel to then propose redactions if Plaintiff's counsel believes the document can be redacted and is something that he would like to show to Plaintiff.  That process avoids Defendants having to redact documents that Plaintiff's counsel may conclude Plaintiff does not even need to see.  More importantly, Defendants' proposal will be more efficient.  Instead of Defendants making redactions before Plaintiff's counsel ever sees the document only for Plaintiff's counsel to potentially claim there are too many redactions, Defendants' proposal allows (and in fact requires) the Parties to meet and confer about redactions before redactions are made.  That should save significant effort.  Defendants believe this issue is related to the standard for what documents can be marked "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES."  Under Defendants' standard, there shouldn't be many disputes about what can be redacted (personal identifying information, etc.)  Under Plaintiff's standard, there will seemingly be many more disputes, which makes preemptive redactions all the more burdensome.

- Who Bears The Burden:  Defendants are fine with bearing the burden of establishing that documents were properly marked if their standard for what documents can be marked "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" is adopted.  If the Court adopts Defendants' standard, Defendants would only have to prove, for example, that the withheld documents were medical records, non-public documents concerning alleged sexual misconduct, etc. Defendants are agreeable to bear that burden.  But Defendants object to bearing the burden of meeting Plaintiff's proposed standard for documents in light of the amorphous nature of the standard.  If, despite the foregoing, the Court decides to adopt Plaintiff's standard, Defendants believe that it is more than fair to place the burden on Plaintiff to establish why he should have the documents in question.  Plaintiff's conduct is the entire reason this Protective Order is necessary.

DEFENDANT JANE DOE,

By: */s/ Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT  06103
Tel.: 860-392-5000
Fax: 860-392-5058
Email: jsconzo@carltonfields.com
bgooley@carltonfields.com

Her Attorneys

5

## CERTIFICATION OF SERVICE

This is to certify that on this 15th day of July 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

*/s/ Brendan N. Gooley*
Brendan N. Gooley
