UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**PROTECTIVE ORDER TO RESTRICT PLAINTIFF'S ACCESS
TO NON-PUBLIC SENSITIVE INFORMATION**

1. It is hereby ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal and Local Rules of Civil Procedure governing disclosure and discovery.

2. Information, documents and other materials may be designated by the producing party in the manner permitted ("the Designating Person"). All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES." This Order shall apply to Designated Material produced by any party or third-party in this action.

3. "CONFIDENTIAL" information means information, documents, or things that are not accessible to the general public and that all parties have agreed the Plaintiff, Saifullah Khan, may have a copy of on the condition that he agrees not to disclose the information, document, or thing, or any information contained therein, to any person other than his attorneys by signing the acknowledgment attached as **Exhibit 1**.

4. "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES" means:

   a. Information, documents, or things that counsel believes in good faith could lead to the identification (or harassment, doxing, threatening, or abuse) of any alleged victim of sexual misconduct (including but not limited to Jane)~~, including but not limited to the names of alleged victims of sexual misconduct (including but not limited to Jane's name)~~.

   b. Non-public information, documents, or things concerning alleged sexual misconduct, including but not limited to non-public statements and communications concerning alleged sexual misconduct.

   c. Medical records (other than the Plaintiff's medical records), including but not limited to medical records related to alleged sexual misconduct and mental health and/or counseling records of any type.

   d. Personal Identifying Information, which for purposes of this Protective Order is defined as contact information, including but not limited to addresses, email addresses, phone numbers, identifying information, including but not limited to social security numbers, student account numbers, etc., and any other information other than an individual's name that could be used to locate, dox, threaten, abuse, or harass an individual or one of their relatives.

e. Other Categories: The Parties agree that discovery may elicit additional categories of information, documents, or things that implicate the concerns that underlie this Protective Order. Any Party may propose that additional categories of information, documents, or things may be designated "CONFIDENTIAL- NOT FOR PLAINTIFF'S EYES." If the Parties agree that the additional category should be added, they shall submit an updated Protective Order to the Court for approval. If any Party opposes the additional category, the Parties shall meet and confer in a good faith attempt to resolve their dispute and, if that process is unsuccessful, submit the matter for adjudication.

f. Reservation of Rights: By entering this Protective Order, the Parties do not waive, and expressly reserve, all rights to object to the discovery of information, documents, and things. Nothing herein may be construed as an admission by any Party that any information, document, or thing, or any category of documents, including categories listed above, is discoverable. are not accessible to the general public and that contain information implicating an individual's legitimate expectation of privacy, including, without limitation, the name and identifying information of an individual to whom this designation is applied, including but not limited to Jane Doe's name and identifying information.

5. Defendants may redact from documents it produces the names of any alleged victim and/or complainant of sexual misconduct (hereinafter, collectively, "complainant") (including but not limited to Jane). Defendants will assign each such alleged complainant a unique identifier (*e.g.*, Sally Roe 1, Sally Roe 2) and will include that identifier in the documents containing the alleged complainant's name in lieu of the real name of the alleged complainant. Defendants will orally convey the real name of each alleged complainant to counsel for Plaintiff (*e.g.*, "Sally Roe 1's real name is _____"). Counsel for Plaintiff may disclose the name of each alleged complainant to Plaintiff to the extent that counsel believes that there exists an objectively reasonable and compelling basis that doing so is necessary to litigate this case. Plaintiff will treat the name of each alleged complainant as confidential information subject to the sanctions and penalties, including but not limited to dismissal with prejudice, identified in Exhibit 1 (*i.e.*, any dissemination of the names of alleged complainants by Plaintiff may result in sanctions and penalties, including but not limited to dismissal with prejudice). With respect to any deposition, any party may request that the Court Reporter replace the name of any alleged complainant of sexual misconduct that is used during a deposition (including but not limited to Jane's name) with that alleged complainant's unique identifier in the transcript of the deposition (*i.e.*, any party may ask the Court Reporter to please replace all references to Jane's real name that are made on the record with "Jane" or "Jane Doe" in the transcript). If depositions are videotaped, any party may designate the videotape as "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" if the name or likeness of any alleged complainant of sexual misconduct (including but not limited to Jane) is used. The process for redacting documents such that the "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" designation can be removed shall not apply to any videotapes of depositions as Plaintiff will be able to access the transcript of the deposition after names of any alleged complainant's and other "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" information has been removed. Nothing in this paragraph shall preclude Defendants from designating as

137134278.1

"CONFIDENTIAL" or "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES" information that can be designated as such pursuant to Paragraphs 3 or 4.

 6.  Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

  a. *Confidential Material*: Material designated "CONFIDENTIAL" may be disclosed to parties to this action, witnesses, prospective witnesses, experts, counsel, including in-house counsel, and other persons as necessary in this action (such as copying services, translators, and litigation support firms) and, in the case of parties other than Plaintiff, directors, officers and employees of parties to this action who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement.

  b. *Confidential-Not for Plaintiff's Eyes Material*: Material designated "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES," may be disclosed to parties, witnesses, prospective witnesses, experts, counsel, including in-house counsel, and other persons as necessary in this action (such as copying services, translators, and litigation support firms) other than Plaintiff. Material designated "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES" may not be disclosed to Plaintiff, except that Defendants in this case may display material designated "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES" to Plaintiff at his deposition, but Plaintiff may not retain a copy of any such material.

 7. Prior to disclosing any Designated Material to any person, counsel shall:

  a. Inform the person of the confidential nature of the Designated Material; and

  b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

 8. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

 9. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way. Material already produced in this action may be redesignated by the producing party and, if the producing party designates the material as "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES," Plaintiff shall destroy any copies of such documents or return any such copies to his attorney.

137134278.1

10<ins>9</ins>. A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn or, in the case of documents designated "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES," redacted such that the redacted version can be designated "CONFIDENTIAL" and forwarded to Plaintiff. The Designating Person will respond within five business days. If the Parties cannot agree to the redesignation or redaction within five business days after that, either party may apply to the Court for relief. If the Designating Person agrees that any document marked "CONFIDENTIALNOT FOR PLAINTIFF'S EYES" can be redacted and provided to Plaintiff in redacted form, Plaintiff's counsel shall redact the document and send the proposed redacted version to the Designating Party for agreement that the document is properly redacted. Plaintiff's counsel may send the redacted document to Plaintiff only after receiving agreement from the Designating Party that the document is properly redacted. ~~The burden shall be on Plaintiff to establish why he should have access to any documents marked "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES~~<ins>The designating party bears the burden of demonstrating that any material designated as "CONFIDENTIAL-NOT FOR PLAINTIFF'S EYES" meets the criteria, redacting parts of documents and producing the rest unredacted to the Plaintiff if necessary</ins>." Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter.

1<ins>1</ins>. Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph ~~5~~ <ins>6</ins> of this Order. Any party may mark Designated Material as a deposition exhibit, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material and that the Designated Material is not further disseminated.

1<ins>1</ins>~~2~~. This Protective Order does not provide for the automatic sealing of Designated Material. If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal.

1<ins>2</ins>~~3~~. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

1<ins>4</ins>~~3~~. Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment) or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

14~~5~~5. Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

16~~5~~. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.

17~~6~~. The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order, to object to the production of any material, to apply to the Court for an order compelling production of any material, for modification of this Order, or to seek any other relief from the Court.

17~~8~~. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

                    IT IS SO ORDERED,

                    _____
                    The Court

137134278.1

# Exhibit 1

I, Saifullah Khan, understand that documents or information designated "CONFIDENTIAL" may be disclosed to me in connection with *Saifullah Khan v Yale University et al.*

I understand that I may not disseminate documents or information designated "CONFIDENTIAL."

I will not disclose documents or information designated "CONFIDENTIAL."  I will not to use any such information for any purpose other than this litigation.

I understand that I may not access documents or information designated "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES."  I will not access, review, or attempt to access such documents.

I understand that if I disseminate any documents or information designated "CONFIDENTIAL" or access or attempt to access any documents or information designated "CONFIDENTIAL – NOT FOR PLAINTIFF'S EYES," I will be subject to sanctions by the Court, including but not limited to dismissal with prejudice of all of my remaining claims, and other sanctions and penalties.

_____
Saifullah Khan

DATED:

Signed in the presence of:
(Attorney)

137134278.1