## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KHAN | : | |
| v. | : | 3:19-cv-1966 (KAD)(MEG) |
| YALE UNIVERSITY et al. | : | OCTOBER 8, 2024 |

## EMERGENCY MOTION FOR LIMITED STAY OF ORDER RESTRICTING SPEECH

Plaintiff seeks an emergency limited stay of the order for him to in no way communicate, directly or indirectly, the identity of Doe. *See* ECF No. 119. Plaintiff requests permission from this Court to deliver any necessary documents, without redaction, to the Department of Homeland Security, U.S. Citizenship and Immigration Services ("DHS"), as per the October 3, 2024 Letter from DHS. *See* attached Letter. Doe does **not** consent. Plaintiff has also attempted to reach counsel for Yale and has not received a response yet.

Under the circumstances, Plaintiff seeks immediate **emergency** review as the documents must be supplied to and in the possession of DHS by October 24, 2024.

Specifically, Plaintiff points out that responding to the letter as to items 1 and 2 would violate the present order from this Court:

1. . . . Please submit a certificate of disposition regarding your case in criminal court and the official transcript from the court.
2. You testified that you had a protection order filed against you in Dearborn, Indiana that you were able to check online. Please provide documentation of this protection order.

Both documents contain Doe's name. Plaintiff does not intend to submit any other documents containing Doe's name aside from responses to these two requests.

**Plaintiff faces execution if deported.** This is literally a Matter of Life and

Death for Plaintiff. Plaintiff believes therefore it is of utmost importance that he comply fully with the request from DHS, that he do everything possible avoid even the shadow of a possibility of any administrative mishap to the extent he is able to. Plaintiff could be killed if he does not.

Plaintiff notes that his last communication with DHS occurred three years ago, on November 2, 2021. At that time, an interview was taken. At that time, Plaintiff submitted the same documents requested here. Plaintiff was supposed to receive a decision within 45 days. He still has not, because of these documents.

Plaintiff believes that any alternative to submitting the documents imperils his Life. On the basis of his past experiences with DHS, including but not limited to the facts above, Plaintiff is understandably afraid of Kafka-esque administrative failures. He believes a delay or administrative error caused by redactions or explanations could get him killed. Plaintiff *has already submitted these documents* to DHS, elevating and legitimizing his concerns about administrative mishaps that could cost him his life.

Plaintiff's fears are exacerbated by political discourse in the coming election cycle concerning deportations of individuals *accused* of crimes, nevermind acquittals.

Plaintiff is rationally afraid for his life under the circumstances, and accordingly requests a limited stay or lifting of the Order of this Court silencing him; *see* ECF no. 119; strictly for the purposes of responding to the request from DHS as described above.

As to constitutionality, Plaintiff has already argued extensively in other

filings why the present order is illegal.  Such arguments do not necessitate or occasion repetition here.

This Court may alter an injunctive order when there is a change in circumstances.  This clear and present danger to the Plaintiff's Life constitutes such a change in circumstances.

Plaintiff must have these documents in the possession of DHS by Thursday, October 24, 2024.  Under the circumstances, Plaintiff respectfully requests that the Court render judgment by Monday, October 21, 2024, if not before then, so that he has adequate time to comply with the request by DHS, and, if necessary, seek emergency stay.

**CONCLUSION**

For the foregoing reasons, the Court grant the limited stay or limited lift of the order, and that such judgment be rendered by October 21, 2024.

Respectfully submitted,

SAIFULLAH KHAN

October 8, 2024

/s/ *Mario Cerame ct30125*
Mario Cerame
Brignole, Bush & Lewis LLC
73 Wadsworth Street
Hartford, Connecticut 06106
T: 860.527.9973
F: 860.527.5929
E: mario@brignole.com

HIS ATTORNEYS

3

## **CERTIFICATION**

      I hereby certify that on OCTOBER 8, 2024, a copy of the foregoing was filed electronically or served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                    /s/\
                                                    Mario Cerame