UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | OCTOBER 14, 2024 |

**<u>OBJECTION TO PLAINTIFF'S MOTION FOR LIMITED STAY</u>**

Defendant Jane Doe ("Jane") respectfully objects to Plaintiff's Motion For a Limited Stay (ECF 201 ("Plaintiff's Motion")) of the orders protecting her name.

**I.    PRELIMINARY STATEMENT**

The record in this case demonstrates that Plaintiff cannot be trusted with Jane's name and that he does not respect Court Orders or his discovery obligations. Plaintiff exclaimed that this case is his "war," and because of that the Court must take extra caution to evaluate anything Plaintiff submits to the Court, particularly when it concerns Jane. (*See, e.g.*, ECF 200 at 46:11–13 ("The Court: . . . . You just said that I should take your client at his word. Well, *your client sat in that chair three months ago and was dishonest with me*." (emphasis added).)

It is not necessary for Plaintiff to disclose Jane's name in order to comply with the request issued by U.S. Citizenship and Immigration Services ("USCIS"). Counsel for Jane contacted counsel for Plaintiff, explained how Plaintiff could respond to the USCIS Request without revealing Jane's name, and asked Plaintiff to agree to do so. (*See* **Exhibit A**.) Plaintiff refused and called this Court's Orders protecting Jane's name "patently illegal." (**Exhibit B**; **Exhibit C**.)

Plaintiff also refused to provide Jane with the documents he plans to submit to USCIS. Plaintiff refused to do that even though Plaintiff long ago should have disclosed to Jane in

discovery his full immigration file and all documents and information about the other women and men who have accused him of sexual misconduct. Jane cannot fully assess what Plaintiff is arguing about in his Motion because Plaintiff has not complied with his discovery obligations, as well as Jane's request that he provide the documents at issue in his Motion.

The Court should not consider Plaintiff's Motion given that Plaintiff will not provide Jane with the documents at issue. Regardless, the Court should deny Plaintiff's Motion because there is no need for Plaintiff to disclose Jane's name, because Plaintiff cannot be trusted with any disclosure of Jane's name, and because Plaintiff's failure to comply with his discovery obligations and provide the documents at issue leaves Jane unable to properly respond to Plaintiff's arguments.

## II. PLAINTIFF'S MISCONDUCT IN THIS CASE

Plaintiff's request to disseminate Jane's name must be considered in the context of Plaintiff's misconduct in this case, particularly his misconduct with respect to Jane's name. The Court is well aware of that misconduct. (*E.g.*, ECF 75, ECF 123-1; ECF 200.) Jane will not rehash that misconduct here, but it is important to note that Plaintiff continues to maintain that this Court's most recent Order prohibiting him from "directly or indirectly" revealing Jane's name allowed him to make a series of posts encouraging others to post Jane's name. (*See, e.g.*, ECF 119; ECF 200.)

The bottom line is that Plaintiff's misconduct in this case demonstrates that:

- (1) Plaintiff is intent on harassing Jane and misusing this Court's process to do so. (*See, e.g.*, ECF 75; ECF 114 (containing statements by Plaintiff about harassing Jane).)

- (2) Plaintiff disregards Orders of this Court and then argues that he "misunderstood" the Orders. (*See, e.g.*, ECF 94 at 21:9–11; ECF 123-1; ECF 200 at 46.)

## III. THE REQUEST FROM USCIS

Against that backdrop, the Court should view Plaintiff's Motion with a high degree of skepticism. The USCIS's Request does not require the disclosure of Jane's name. USCIS has

requested (1) the "official transcript" from Plaintiff's criminal trial, (2) "a certificate of disposition regarding" the criminal case, and (3) "documentation" related to "a protection order filed against [Plaintiff] in Dearborn, Indiana." (USCIS Request.)

- The "official transcript" from Plaintiff's criminal trial does *not* contain Jane's full name. The Court will recall that a prior version of the transcript may have mistakenly contained Jane's full name, but the Official Court Reporter corrected the transcript such that the official transcript does not include her full name. (*See* ECF 186 (showing that the Official Court Reporter corrected the transcript and that the Corrected Transcript does not contain Jane's name other than her first name); *see also* ECF 200.) The USCIS Request does not prohibit Plaintiff from redacting Jane's first (or last) name. Plaintiff should submit the corrected transcript and redact Jane's first name.

- The portion of the "official transcript" from the criminal trial in which the jury returns its verdict is "a certificate of disposition regarding" the criminal case. That portion of the transcript does not include either Jane's first or last name. Plaintiff can thus comply with this request without disclosing Jane's name. Indeed, Plaintiff can comply with this request without producing any additional documents whatsoever because he will be submitting the entire corrected transcript. Plaintiff has indicated that he is planning to respond to this request with a document other than the portion of the "official transcript" in which the jury reads its verdict, which will be a needless disclosure of Jane's name.

- The "protection order filed against [Plaintiff] in Dearborn, Indiana" was filed by a non-party who claimed that Plaintiff sexually assaulted him. That documentation should not include Jane's name. Jane had no involvement in that matter. It is therefore curious why Plaintiff appears to claim in his Motion that this Request requires the disclosure of Jane's name. (*See* Motion at 1 (seemingly asserting that documents responsive to both of USCIS's document requests contain Jane's name).) (As noted below, Plaintiff's counsel has since noted that he is unsure whether these documents contain Jane's name.) USCIS has only asked for "documentation of th[e] protection order," which seems to allow Plaintiff some discretion in terms of what to produce. Plaintiff should not need to disclose Jane's name to respond to this request because Jane's name should not be in the applicable documents.

## IV.   PLAINTIFF'S MOTION AND A BRIEF SUMMARY REGARDING DISCOVERY

Plaintiff's Motion makes sensational claims about the purported importance of Plaintiff's response to USCIS's Request. (Motion.) Plaintiff has prevented Jane from properly responding to those claims, however, because he has not produced the immigration documents and documents about the other people who accused him of sexual misconduct, including the individual who filed

3

the Protection Order in Indiana. Without those documents, which Plaintiff did not object to producing but has still not produced, Jane cannot thoroughly respond to Plaintiff's Motion. Plaintiff has been under an obligation to produce this information for many months and the Court should not consider his Motion unless and until Plaintiff complies with his discovery obligations.

In January 2024, Jane requested that Plaintiff produce:

> All documents and communications, other than communications with your attorneys, concerning all allegations, statements, and assertions that you engaged in sexual misconduct. . . . This Request also includes authorizations sufficient to obtain all documents requested in this Request.

(**Exhibit D**.) Plaintiff did not object to that Request (or any of Jane's other Requests). He therefore should have produced all documents and communications concerning all allegations that he engaged in sexual misconduct many months ago. Among other things, Plaintiff did not produce the documentation related to the "protection order filed against [him] in Dearborn, Indiana."

In addition to asking for these documents in discovery, which Plaintiff did not object to, Jane asked Plaintiff immediately after he filed his Motion to provide her with the documents from the Indiana Protection Order that Plaintiff plans to submit to USCIS. (Exhibit A.) Plaintiff refused. (Exhibit C ("As to the Indiana documents, we will not provide you with a copy [of] these documents. More specifically, we will not provide you with a copy of *any* of the documents at issue. These documents are not discoverable. . . ." (emphasis in original)).)

Jane cannot respond to why her name may be relevant to that matter because Plaintiff will not produce the documents. This Court should not entertain Plaintiff's Motion unless and until Jane's counsel has an opportunity to analyze these documents and file an additional brief.

Plaintiff's refusal to produce the documents is concerning because the documents may contain sensitive information about Jane other than just her name if, as Plaintiff's Motion suggests,

they contain her name. Given Plaintiff's history, this raises a serious question regarding whether the real goal of Plaintiff's Motion may be to reveal sensitive information in conjunction with Jane's name. Jane cannot evaluate that issue because Plaintiff will not produce the documents.

Even more concerning, the USCIS Request indicates that Plaintiff "testified" at USCIS regarding another allegation of sexual misconduct against him, and Plaintiff has not produced that testimony to Jane. The non-disclosure of Plaintiff's testimony to USCIS about another allegation of sexual misconduct is particularly troublesome because that information is also responsive to another request Jane issued and Plaintiff did not object to seeking relevant immigration records:

> [A]ll documents and communications, other than communications with your attorneys, concerning your immigration status since October 31, 2015, including but not limited to all documents and communications submitted to and received from immigration officials, as well as authorizations sufficient to obtain these documents and communications.

(Exhibit D.) In his response to that Request, Plaintiff referred Jane to eleven documents, which were largely non-substantive (*e.g.*, there were automated emails acknowledging receipt of certain things Plaintiff apparently submitted or non-substantive status updates—they were certainly not a transcript or recording of testimony Plaintiff gave to USCIS). Plaintiff also wrote: "Please provide an authorization sufficient to obtain further documents you require." (**Exhibit E**.)

Jane sent Plaintiff an authorization for immigration records over two months ago, but Plaintiff did not sign it despite saying he would. (**Exhibit F**.) During a recent meet and confer, counsel for Plaintiff indicated that Plaintiff had instead obtained records from immigration officials and that Plaintiff was planning to produce those. Plaintiff has not done so. Jane therefore does not have documents relevant to the claims in Plaintiff's Motion (and this case more generally).

Plaintiff's failure to provide relevant immigration records and documents regarding the Indiana Protection Order that he now claims require the disclosure of Jane's name, leaves Jane

unable to properly respond to the claims that Plaintiff makes to try to convince this Court to allow him to release Jane's name in contravention of the Court's Orders, which were entered to protect Jane from further publication of her name by Plaintiff.

## V. EFFORTS TO RESOLVE THIS DISPUTE

On October 9, 2024, counsel for Jane attempted to resolve the Parties' dispute regarding the USCIS Request by sending the email attached as Exhibit A, which detailed her position as set forth above and proposed a solution that counsel believed would be amenable to Jane and would thus spare the Court additional time in addressing this issue. In response, counsel for Plaintiff sent the email attached as Exhibit B. Plaintiff's counsel then sent the letter attached as Exhibit C.

As Plaintiff's counsel's email and letter show, Plaintiff refuses to accept that the corrected transcript is the official version of the transcript from the criminal trial and intends to submit the prior version of the transcript. (Exhibit B; Exhibit C.) Plaintiff's position is extremely concerning and suggests that Plaintiff's goals may be less about complying with USCIS's request, which expressly calls for the "official transcript," and more about disseminating Jane's name. Indeed, Plaintiff's arguments about the alleged consequences of not complying directly with the Request from USCIS are incompatible with his intent to submit a document that is *not* the "official transcript from the [C]ourt." (*Compare, e.g.*, Exhibit C (claiming that "the most minor variations are routinely used to justify denials" and "review is infamously strict on the smallest details" and stating: "What is critical to us is to comply with the directive from DHS in every possible way."), *with, e.g.*, Exhibit C ("[T]he document you call 'corrected' is an unlawfully redacted transcript. . . ."); *see also* ECF 186 (showing that the Official Court Reporter corrected the transcript).)

Plaintiff also plans to obtain a certified "disposition document" from the criminal court in lieu of submitting the portion of the transcript reflecting the jury's verdict as the certificate of

disposition.  (Exhibit C.)  Plaintiff is unsure whether that document will contain Jane's name. (Exhibit C.)  Given that Plaintiff plans to request a "disposition document," however, Plaintiff should request that the "disposition document" not include Jane's name so that this is a non-issue. To the extent that that is not possible for some reason, Plaintiff should submit the portion of the certified, corrected transcript, which does not include Jane's name, or just redact Jane's name.

Plaintiff's counsel indicated that he will inquire as to whether the Indiana documents contain Jane's name.  (Exhibit C.)  As noted above, Jane believes they do not, but Jane cannot evaluate this issue because Plaintiff will not provide the documents despite Jane's requests. (Exhibit C "[W]e will not provide you with a copy of *any* of the documents at issue.")

## VI.      CONCLUSION

The Court should not consider Plaintiff's Motion in light of Plaintiff's refusal to give Jane the documents at issue, which Jane should have had long ago.  In the event that the Court is inclined to rule on Plaintiff's Motion, the Court should deny the Motion because Plaintiff can respond to the USCIS Request without disclosing Jane's name and should do so in light of his history of misconduct disclosing Jane's name and because Plaintiff has denied Jane the right to fully respond to his Motion by failing to meet discovery obligations.  If this Court allows Plaintiff to disclose Jane's name in any format, his past conduct reveals that he will exceed the scope of the Court's Order and disseminate Jane's name in ways the Court never intended to permit and, if he is caught, he will claim he "misunderstood" the Court's Order or that it allowed him to do things it did not. (*See, e.g.*, ECF ECF 94 at 21:9–11; ECF 123-1; ECF 200 at 46:11–13.)

The Court should therefore deny Plaintiff's Motion.

DEFENDANT JANE DOE,

By: */s/ Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT  06103
Tel.: 860-392-5000
Fax: 860-392-5058
Email:  jsconzo@carltonfields.com
            bgooley@carltonfields.com

Her Attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 14th day of October 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

*/s/ Brendan N. Gooley*
Brendan N. Gooley
