UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | OCTOBER 20, 2024 |

**RESPONSE TO PLAINTIFF'S MOTION TO VACATE OR FOR LIMITED STAY**

Pursuant to the Court's Order (ECF 209), Defendant Jane Doe ("Jane") respectfully responds to Plaintiff's Motion To Vacate Or For A Stay (ECF 206 ("Plaintiff's Motion")).

**I.      PRELIMINARY STATEMENT**

On a purported emergency basis, Plaintiff seeks to be relieved from the Court's Order not to disclose Jane's name.  The Court does not need to re-evaluate its valid Order and Plaintiff's attempt to overturn, via an emergency Motion, the Court's Order when that Order is before Judge Dooley pursuant to Plaintiff's Rule 72.2 Objection is improper.  That has been litigated thoroughly.  Plaintiff should not be allowed to circumvent the process for any reconsideration, especially in a manner where defendants are afforded two days to respond.  Instead, the Court must evaluate the sincerity of the so-called emergency and, once again, how to ensure the protection of Jane from Plaintiff's refusal to abide by Court orders.

**II.     THE "EMERGENCY"**

Plaintiff has not been honest to the Court in this case.  (*E.g.*, ECF 200 at 46:11–13.)  The Court must, therefore, carefully evaluate the so-called emergency for Plaintiff's request.

In his December 13, 2019 Complaint in this matter, Plaintiff wrote:

- "Mr. Khan was born [in] [] 1993, in a refugee camp in Peshawar, Pakistan."  (Cmplt. ¶ 18.)

- "Mr. Khan was born six months after his family fled Afghanistan." (Cmplt. ¶ 19.)

- "Mr. Khan and his family lived in a refugee camp and various places surrounding it in Pakistan for 16 years . . . . The family fled to the United Arab Emirates." (Cmplt. ¶ 20.)

Plaintiff disclosed in discovery an email he wrote on October 2, 2023: "[P]arents and I were refugees; I was born in a refugee camp, never lived in Afghanistan)." (SAIFKHAN_003919.)

Most importantly, in media interviews Plaintiff acknowledged that he lived and went to school for years in the United Arab Emirates before coming to the United States. (*E.g.*, **Exhibit A**.) Thus the claim that he would be deported to Afghanistan and executed is a sensational claim on the part of the Plaintiff that seems tenuous at best based on the facts.

Based on Plaintiff's own words, the Court must evaluate Plaintiff's argument that he will be deported to Afghanistan and killed there. If Plaintiff's contention lacks credibility, this request is not an emergency. But it does speak volumes about the Plaintiff's credibility.

### III.    THE HARM TO JANE

The harm to Jane from Plaintiff's request to produce the unredacted transcript stems from the combination of Plaintiff's desire to harm Jane and his willingness to violate this Court's Orders. This is the classic situation of giving Plaintiff an inch but Plaintiff taking a mile. The Court must address this because of Plaintiff's repeated misconduct in this case. Disclosure of Jane's name presents a real risk that she will be harmed.

Plaintiff has expressed a desire to harass Jane and has acted on that desire and has repeatedly shown disrespect for this Court and violated its Orders. (*See, e.g.*, ECF 114 (containing an email from Plaintiff about harassing Jane and members of her family); ECF 123-1 (discussing Plaintiff's actions on social media violating this Court's Orders); ECF 200 at 46:11–13 ("The Court: . . . . You just said that I should take your client at his word. Well, *your client sat in that*

*chair three months ago and was dishonest with me.*" (emphasis added).)  Plaintiff can't be trusted.

Jane is justifiably concerned that Plaintiff's animus toward her and willingness to disregard Court Orders will result in him exceeding the scope of any Order this Court issues in a way that causes her harm.  Plaintiff has already done that.  (*E.g.*, ECF 123-1.)  Stunningly, he continues to maintain that his prior actions did not violate this Court's Orders.  (*E.g.*, ECF 200.)  As concerning, he maintains that this Court lacks the authority to sanction him for harassing Jane, (*e.g.*, Motion at 11 ("The Court does not have the *power* to *sanction* the Plaintiff for stating Doe's true name.")); and he continues to challenge the Court's valid authority to enter an Order to regulate the conduct of the Parties.  Even though that issue has already been thoroughly litigated, Plaintiff again shows his disdain for the Court by mischaracterizing the Order as a "prior restraint" and "gag order."  The Order was neither.  It was a legitimate Order, first requested by Plaintiff, that has been necessary to address the misconduct of Plaintiff. Plaintiff knows this but his unrelenting false arguments show why Jane is concerned about giving Plaintiff an inch.  The prospective harm to Jane is serious.  Plaintiff's prior disclosures of Jane's name resulted in Jane's name and information about where she works being posted on a forum for extremists that has a swastika imbedded in its logo. (*See* ECF 103-7.)  Plaintiff asserts in his Motion that Jane's "name continues to be used on social media," but neglects to mention that, if that is the case, it is only so because Plaintiff put her name out there.  (Motion at 17; *see also, e.g.*, ECF 123-1 at 10 ("I'm doing my part.  Hopefully others contribute in their own way.").)  These facts establish why the Court's Orders are essential.

The Court should therefore approach Plaintiff's request with great skepticism.

## IV.   JANE'S PROPOSAL REGARDING THE TRANSCRIPT

Jane has tried to work out a reasonable proposal but Plaintiff refuses.  Jane has requested that at least her last name be redacted from any transcript submitted to USCIS.  These are the

redactions Jane seeks. Jane understands that even a redacted transcript may permit some people to figure out her name, but she understands that for purposes of submitting the transcript to USCIS that risk is low as long as Plaintiff goes no farther with his use of the transcript.

If Plaintiff does as USCIS requests, and submits the official transcript, the redactions have already been made by the official court reporter. Whether Plaintiff likes it or not, the official transcript does not include Jane's last name. Plaintiff's unbecoming attacks on Jane's counsel do not change a thing and Plaintiff has presented no evidence that anyone "badger[ed]" any Court staff because no one did that. Indeed, Plaintiff knows that the statute he cites to this Court supports the position that Jane's last name must be redacted. (*See, e.g.*, ECF 7 at 7–8 (Plaintiff acknowledging that "[Jane's] identity was kept confidential by Conn. Gen. Stat. § 54-86e in Mr. Khan's criminal trial."); *see also, e.g.*, ECF 7 at 2 ("During Mr. Khan's trial, the identity of his accuser, Jane Doe, was kept from the public record by Conn. Gen. Stat. § 54-86e.").)

Thus, Plaintiff may submit the official transcript to USCIS because it does not contain Jane's last name. The Court should, however, remind Plaintiff and all his various legal counsel, in no uncertain terms, that Plaintiff remains under Orders not to directly or indirectly disclose Jane's name.

If the Court is persuaded by Plaintiff that USCIS is interested in the prior transcript, that contains Jane's full name, this Court's Order should include the following conditions:

- The Court should order Plaintiff's immigration counsel to submit the transcript and note in its Order that Plaintiff's immigration counsel is prohibited from providing the transcript to anyone else, including Plaintiff. The Court should order the Plaintiff not to communicate with anyone about the transcript in any fashion.

- Plaintiff should stipulate that the Court's Order allowing his immigration counsel to submit the transcript does not grant him any relief from the Court's Orders regarding Jane's name.

- Plaintiff should stipulate that the Court's Order allowing his counsel to submit the transcript does not create a basis to revisit or invalidate the Court's Orders protecting Jane. *See, e.g.*, Motion at 17 (arguing that the Court should vacate its Orders protecting Jane in part because Jane's "name continues to be used on social media" due to Plaintiff's actions).

If Plaintiff's true motive is to comply with USCIS's Request, he should have no problem agreeing to these conditions. The only basis for objection would be if Plaintiff's true motive is to use USCIS's Request as a pretext to circumvent or seek to revisit the Court's Orders.

If Plaintiff objects to these conditions, Jane requests that the Court issue an Order allowing his counsel to produce the Corrected Transcript to USCIS but nowhere else.

## V.     THE DESTROYED CASE FILE LETTER (ECF 207-1)

This document does not contain Jane's name and Jane has no objection to its production.

## VI.    THE MYCOURTS.IN.GOV DOCUMENT (ECF 207-2)

This document does not contain Jane's name and Jane has no objection to its production.

## VII.   CONCLUSION

Plaintiff's conduct has required Jane and the Court to look with suspicion at anything Plaintiff says. He has declared this case a "war;" lied to the Court (*see, e.g.*, ECF 200 at 46:11–13); and shown disdain for the Court's Orders. Plaintiff cannot be trusted.

Jane has shown that Plaintiff already tried to harm her in this case (*see, e.g.*, ECF 114) and the Court must guard against that type of misconduct.

Jane proposes that the Court Order Plaintiff to produce the Corrected Transcript rather than the prior transcript or, in the alternative, if the Court is convinced that USCIS is interested in the prior transcript, that the Court issue the following Order to ensure Jane is protected:

> The Court's Orders regarding the use of Jane's name (ECF 91 & ECF 119) remain in full force and effect, except that Plaintiff's immigration attorney, Attorney Glenn L. Formica, is authorized to submit the original transcript from Plaintiff's criminal trial to USCIS provided that he may not disseminate the transcript to anyone else

in light of Plaintiff's stipulation that this Order does not grant Plaintiff any relief from the Court's Orders (ECF 91 & ECF 119) and Plaintiff's stipulation that this Order does not create a basis to revisit or invalidate the Court's Orders.

                DEFENDANT JANE DOE,

By: */s/ Brendan N. Gooley*
    James M. Sconzo (ct04571)
    Brendan N. Gooley (ct30584)
    CARLTON FIELDS, P.A.
    One State Street, Suite 1800
    Hartford, CT  06103
    Tel.: 860-392-5000
    Fax: 860-392-5058
    Email: jsconzo@carltonfields.com
           bgooley@carltonfields.com

Her Attorneys

## CERTIFICATION OF SERVICE

      This is to certify that on this 20th day of October 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

                                    */s/ Brendan N. Gooley*
                                    Brendan N. Gooley