# EXHIBIT A

UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT

IN RE: SAIFULLAH KHAN          : CoA No. 24-2794

: Trial Docket: 3:19-cv-1966 (KAD/MEG)

: NOVEMBER 7, 2024

**PROPOSED**
**REPLY TO RESPONSE BRIEF ON PETITION FOR WRIT OF MANDAMUS**

**1 SUPPLEMENTAL OPERATIVE FACTS**

**1.1 Revised DHS Deadline**

On November 4, 2024, late in the afternoon[1], Petitioner received a letter from the Department of Homeland Security (DHS), dated the same date. *See* reply appx. at 14. The letter extends the deadline to submit the transcript at issue in this case until November 25, 2024. *See id.*

**1.2 The November 7, 2024 Official Transcript Also Identifies Doe by Name**

On November 7, 2024, Petitioner received a copy of the transcript at issue in this case, issued by the Court Reporter in New Haven, Connecticut, in the Superior Court of Connecticut, Judicial District of New Haven[2]. The only redactions are

---

[1] Petitioner did not receive the letter until late on November 4, 2024, after Respondents had filed, because he had been away. In the morning of November 5, 2024, Petitioner disclosed the November 4, 2024 letter to Respondents.

[2] The November 7, 2024 transcript ~1285 pages long, and has been filed under seal in the trial court at ECF 223. The final page of each volume authenticates that the transcript was issued November 7, 2024. This transcript was disclosed to Respondents late on November 7, 2024.

1

### 2.2.3 Order Prevents Petitioner from Correcting Transcript in Superior Court

Petitioner notes that the October 21, 2024 order also states, in relevant part (emphasis added):

> The Court's Orders regarding the use of Jane Doe's name (ECF Nos. 91, 119) remain in full force and effect, except that Plaintiff is authorized to submit the Official Transcript from Plaintiff's criminal trial to USCIS/DHS, as defined here, provided that **he may not disseminate the transcript to <u>anyone</u> else.**

The Petitioner furthermore notes that the June 19, 2024 precluded disclosure indirectly, "including through counsel . . . ."

Petitioner intends to file a motion in Connecticut Superior Court to have the criminal case put back on the docket so as to correct the improper and illegal alterations to the transcript. On the face of these orders from the Magistrate Judge, Plaintiff is prevented from seeking redress in state court to correct these improper redactions: The orders preclude Plaintiff from distributing copies of such transcripts to the Superior Court, including through legal filings of counsel, to *anyone*. This means counsel will not be able to identify the errors—it isn't even clear whether Petitioner's counsel can even *describe* the errors in the transcript without being violative of the order.

This is a present, ongoing harm that implicates not only the freedom of speech and of the press but also the right to petition for redress of grievances. The matter is not moot.

### 2.3 <u>Risk of Denial of Asylum and Deportation to Afghanistan</u>

Respondents deny that there is a risk of deportation to Afghanistan. They

4