UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | NOVEMBER 27, 2024 |

## MOTION TO COMPEL

Despite the passage of over four years since the Plaintiff first served requests for production, the Yale Defendants have produced only a small fraction of responsive documents known to be in their possession. Yale acknowledges it has a vast amount of relevant electronically stored information (ESI), yet it has continually failed to produce these materials while disregarding the discovery deadlines set by this Court. Since the filing of the Plaintiff's initial Motion to Compel on November 12, Doc. 224, the Yale Defendants made a minimal production yesterday that includes no ESI and fails to remedy the severe prejudice to the Plaintiff caused by Yale's delay. Nearly 80% of the pages Yale recently produced are transcripts of the underlying criminal trial that the Plaintiff already possessed. Meanwhile, core documents requested years ago still have not been forthcoming. Plaintiff cannot prepare for depositions or retain experts without access to relevant documents. Court intervention is necessary to address this disregard for deadlines and ensure that Plaintiff receives the discovery to which he is entitled. Plaintiff therefore seeks (1) an order compelling Yale to complete its production within 30 days, (2) a stay of the current schedule to allow Plaintiff to conduct discovery once he finally has the long-withheld documents, and (3) monetary sanctions for Yale's discovery misconduct.

**FACTS**

On June 15, 2020, Plaintiff served interrogatories and requests for production upon the Yale Defendants.

On October 22, 2020, the Yale Defendants served objections and responses to the Plaintiff's interrogatories and requests for production. Approximately 400 pages of documents were produced.

On February 8, 2024, the Yale Defendants served interrogatories and requests for production on Plaintiff. Since that date, the Plaintiff has produced over 10,000 pages of documents to the Defendants and has continued to respond to follow-up requests and has provided authorizations for Defendants to request their own documents as well.

On May 17, 2024, Plaintiff served interrogatories and requests for production upon the Yale Defendants.

On June 6, 2024, the Yale Defendants served objections to the Plaintiff's interrogatories and requests for production. No additional documents were produced.

From June 2024 to September 25, 2024, the undersigned and counsel for the Yale Defendants have met and conferred regarding the production of Electronically Stored Information ("ESI") from the Yale Defendants.

At the September 25, 2024, Attorney Taubes believed that he had reached an agreement in principle with the Yale Defendants, whereby they would undertake a search and production of ESI material that was molded by their own decisions of relevance and burden, while agreeing to extend the relevant discovery deadlines so that Attorney Taubes could make follow-up requests after receiving the first tranche of documents from the Yale Defendants. Attorney Weller

promised that she would meet with Attorney Noonan, the lead counsel for the Yale Defendants, to get his position on a modification of the schedule.

Although Attorney Weller was asked to circulate a summary of the September 25, 2024 meet and confer after the meeting, no summary was provided for weeks. On October 14, 2024, Attorney Taubes inquired about the missing meeting notes.

On October 16, 2024, Attorney Weller provided the notes from the meeting. On that same date, Attorney Taubes requested an update on the meeting with Attorney Noonan regarding the schedule.

On October 21, Attorney Taubes again requested an update on Attorney Noonan's position.

On October 21, Attorney Weller responded, and stated that the Yale Defendants would not agree to a modification of the scheduling order, and that any consideration of modification is premature because discovery closes in April 2025.

That same day, Attorney Taubes noted that this was not what was discussed at the September 25 meet and confer. A few hours later, Attorney Noonan responded, in the email thread, "*I read this to indicate that Alex is unhappy with the way things are going for his team.*"

On October 23, 2024, the Yale Defendants stated the following: "so that there is no ambiguity, please note that we are proceeding with the ESI search as follows:

- Collection of data from the 16 custodians, as discussed at the September 25 meet and confer,
- Use of the search term, "Khan" and its variations articulated in my email to you on August 16, 2024, and
- Use of timeframes provided in my email to you on August 16, 2024"

3

On that date, the Plaintiff noted that the Yale Defendants have not sought an extension of time within which to respond to either Plaintiff's 2020 or 2024 requests for production. Plaintiff sought from the Yale Defendants when they would be filing such an extension. Plaintiff offered to consent to an extension of time within which to respond to the requests for production if, in exchange, the Yale Defendants agreed to an extension of time in the operative scheduling order, ECF Nos. 67, 68, so that the Yale Defendants' untimely production of documents would not prejudice the Plaintiff:

Alternative 1 (if Yale substantially completes ESI production by November 22, 2024):
- Yale to substantially complete its ESI production by November 22, 2024 (30 days from today)
- Parties to meet and confer regarding any additional discovery needs by December 13, 2024
- Deadline for parties to propound additional discovery requests: December 20, 2024
- Completion of any additional document productions by January 31, 2025
- Fact witness depositions to be conducted between February 1, 2025, and April 30, 2025
- Plaintiff's expert disclosures and reports due by May 31, 2025
- Depositions of Plaintiff's experts to be conducted between June 1, 2025, and June 30, 2025
- Defendant's expert disclosures and reports due by July 31, 2025
- Depositions of Defendant's experts to be conducted between August 1, 2025, and August 31, 2025
- Extension of the overall discovery deadline to August 31, 2025, to accommodate this schedule

Alternative 2 (if Yale insists on mid-January 2025 ESI production):
- Yale to substantially complete its ESI production by January 15, 2025
- Parties to meet and confer regarding any additional discovery needs by January 31, 2025
- Deadline for parties to propound additional discovery requests: February 7, 2025
- Completion of any additional document productions by March 15, 2025
- Fact witness depositions to be conducted between March 16, 2025, and June 30, 2025
- Plaintiff's expert disclosures and reports due by July 31, 2025
- Depositions of Plaintiff's experts to be conducted between August 1, 2025, and August 31, 2025
- Defendant's expert disclosures and reports due by September 30, 2025
- Depositions of Defendant's experts to be conducted between October 1, 2025, and October 31, 2025
- Extension of the overall discovery deadline to October 31, 2025, to accommodate this schedule

The Yale Defendants, in a telephonic meet and confer between Attorney Alexander T. Taubes, Esq., and Attorney Giovanna Weller, Esq., refused to consent to the Plaintiff's proposed modification of the scheduling order or to commit to timely production of the documents.

Counsel agreed that both sides had engaged in the requisite meet and confer required under the Federal Rules, and that the Plaintiff's only recourse was to file a motion with this Court, with all parties reserving all rights.

On November 13, 2024, the Court denied Plaintiff's motion without prejudice for failure to include a declaration certifying that counsel had conferred in good faith but were unable to resolve the discovery issues. The Court set a deadline of November 27, 2024 for Plaintiff to re-file the motion with the required declaration.

On November 19, 2024, counsel for Plaintiff and the Yale Defendants held a video conference meet and confer in an attempt to resolve the discovery disputes. Despite a good faith effort, the parties were unable to reach an agreement and the issues in Plaintiff's motion remained unresolved.

On November 26, 2024, over two weeks after the motion was filed, the Yale Defendants made a limited production consisting primarily of transcripts that Plaintiff already possessed. Specifically, of the 3,445 pages produced (Bates range YALE 000420 - YALE 003444), approximately 2,756 pages, or 80% of the total, comprised transcripts (Bates range YALE 000654 - YALE 003409). The production failed to include any of the documents Plaintiff had requested from Yale's 16 agreed-upon custodians.

Also on November 26, 2024, Defendant Jane Doe made a production of 51 pages consisting almost entirely of publicly available news articles and apparently unrelated restraining order proceedings from Indiana. None of the materials Plaintiff had requested from this defendant were included.

Yale has still failed to produce the core materials Plaintiff requested years ago, including ESI. Meanwhile, the fact discovery deadline of April 2025 is a mere five months away.

5

**LEGAL STANDARD**

"Where a party 'fails to produce documents . . . as requested,' Federal Rule of Civil Procedure 37 permits '[the] party seeking discovery . . . [to] move for an order compelling an answer, designation, production or inspection.'" *In re Aggrenox Antitrust Litig.*, 2017 U.S. Dist. LEXIS 196151, 2017 WL 5885664, at *1 (D. Conn. Nov. 29, 2017) (quoting Fed. R. Civ. P. 37(a)(3)(B)); *see also Scott v. Arex, Inc.*, 124 F.R.D. 39, 40 (D. Conn. 1989). *Baltas v. Hardy*, No. 3:23-CV-930 (VAB), 2024 U.S. Dist. LEXIS 194830, at *3 (D. Conn. Oct. 25, 2024).

"Because the Federal Rules are to be construed liberally in favor of discovery, the burden falls on the party resisting discovery to show why discovery should be denied. *McCulloch v. Hartford Life & Accident Ins. Co.*, 223 F.R.D. 26, 30 (D. Conn. 2004). All '[m]otions relative to discovery,' including motions to compel, 'are addressed to the discretion of the [district] court.' *Soobzokov v. CBS*, 642 F.2d 28, 30 (2d Cir. 1981)." *Id.* at *3.

Under Rule 37, a court can impose sanctions where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The sanctions include "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." *Harvin v. Cheney*, No. 3:23cv328 (MPS), 2024 U.S. Dist. LEXIS 82837, at *7 n.3 (D. Conn. May 7, 2024). In addition to the sanctions above, the court must order the disobedient party to pay reasonable

expenses, including attorney's fees, caused by the failure to comply with the discovery order. Rule 37(b)(2)(C).

When considering whether to impose sanctions under Rule 37, courts consider four factors: "'(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the . . . noncompliance; and (4) whether the non-compliant party had been warned' that noncompliance would be sanctioned." *Guggenheim Capital, LLC v. Birnbaum*, 722 F. 3d 444, 451 (2d Cir. 2013) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F. 3d 298, 302 (2d Cir. 2009). Prudential Ins. Co. of Am. v. Kowalski, No. 3:21-cv-00541 (VAB), 2024 U.S. Dist. LEXIS 198854, at *20 (D. Conn. Nov. 1, 2024).

**ARGUMENT**

    **1.**    **The Yale Defendants Should Be Ordered to Make Production by a Date Certain**

The Yale Defendants have failed to timely produce documents in response to the Plaintiff's June 15, 2020 and May 17, 2024 requests for production, in violation of Rule 34(b)(2)(A) and (B). Rule 34(b)(2)(A) requires a party to respond in writing within 30 days after being served with the request (or within 30 days after the parties' first Rule 26(f) conference, if the request was delivered under Rule 26(d)(2)). Fed. R. Civ. P. 34(b)(2)(A). Furthermore, Rule 34(b)(2)(B) requires that "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B).

Here, the Yale Defendants served responses and objections to the Plaintiff's document requests on October 22, 2020 and June 6, 2024, respectively. In neither instance did the Yale Defendants produce documents within 30 days, specify a reasonable time for production in their responses as required by Rule 34(b)(2)(B), or file a motion for extension of time. Instead, they

7

have delayed production for over four years on the 2020 requests and over five months on the 2024 requests, with no end in sight. During meet and confers and otherwise, including in writing, the Yale Defendants have acknowledged that the documents they have produced thus far do not meet their production obligations under the Federal Rules. Although they have now produced more than the measly 400 pages they had produced at the filing of Plaintiff's last motion, approximately 80% of the pages produced belatedly on November 26 were criminal trial transcripts that Plaintiff not only previously had but previously produced to the Yale Defendants months ago. The Yale Defendants, even in the most recent meet and confer, were still unable to provide a firm production date for ESI. This is an unacceptable and prejudicial delay.

Courts routinely grant motions to compel and order production by a date certain when a party fails to timely produce documents. The Court should do the same here and order the Yale Defendants to complete their document production within 30 days. Any additional accommodation of the Yale Defendants would prejudice the Plaintiff without a modification of the existing discovery schedule.

The Yale Defendants' only justification for their extreme delay appears to be the volume of documents involved. But the Federal Rules do not permit a party to delay production simply because of the volume of potentially responsive material, without seeking the leave of court by a motion for extension of time. The Yale Defendants have known about the 16 individuals they have agreed to search all along. Many of them are parties. In the Rule 26 report in 2020, ECF No. 16, they agreed to set aside and preserve the documents and information related to this case. At no time has discovery been stayed. If the Yale Defendants believed they needed additional time to respond to the Plaintiff's document requests, the proper course was to timely move for an extension. They did not do so. Instead, they simply flouted the Rules and the Court's scheduling

order. Such disregard for the discovery process should not be countenanced. The Court should order production by a date certain and impose sanctions under Rule 37(b)(2)(C) in the form of the Plaintiff's reasonable expenses, including attorney's fees, caused by the Yale Defendants' failure to timely produce, requiring this motion to be filed.

      **2.     All Discovery Deadlines Should be Stayed Until the Yale Defendants Comply With Their Production Obligations**

The Court's scheduling order provides that all discovery must be completed by April 2025. ECF No. 67, 68. However, through no fault of the Plaintiff, the Yale Defendants' document production is still outstanding over four years after the Plaintiff served his first set of requests for production. The Plaintiff cannot properly prepare his case for trial without the documents he requested from the Defendants. Nor can he conduct meaningful depositions of the Defendants' witnesses without access to the relevant documents.

In light of the Yale Defendants' extreme delay in producing documents, the Plaintiff respectfully requests that the Court stay all discovery deadlines, including the deadline for the completion of discovery, until the Yale Defendants have complied with their production obligations. *See* Rule 37 (b)(2)(A)(iv). The Plaintiff has proposed two alternative schedules depending on when the Yale Defendants complete their production, *supra* p.4. These modest extensions of the discovery deadlines are necessary to avoid severe prejudice to the Plaintiff. It would be fundamentally unfair to force the Plaintiff to proceed with depositions and expert disclosures without the benefit of the Defendants' long-overdue document production.Courts have broad discretion to modify scheduling orders for good cause. Fed. R. Civ. P. 16(b)(4). Here, there is ample good cause to stay the existing deadlines in light of the Yale Defendants' discovery misconduct. The Yale Defendants should not be permitted to run out the clock through

their own lack of diligence. The Court should stay all discovery deadlines until the Defendants fulfill their long-overdue discovery obligations.

### **CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant his motion to compel and enter an order:

(1) Compelling the Yale Defendants to complete their document production within 30 days;

(2) Extending the discovery deadlines in accordance with one of the alternative proposed schedules set forth above;

(3) Imposing sanctions on the Yale Defendants under Rule 37 in the form of staying the case until they comply with discovery, and paying the Plaintiff's reasonable expenses, including attorney's fees, incurred in making this motion; and

(4) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

PLAINTIFF

By: __/s/__Alexander T. Taubes
Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com
