UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | NOVEMBER 27, 2024 |

**<u>DECLARATION OF ALEXANDER T. TAUBES
REGARDING MEET AND CONFER EFFORTS</u>**

I, Alexander T. Taubes, hereby declare as follows:

1.      I am counsel of record for Plaintiff Saifullah Khan in the above-captioned matter. I make this declaration based on my personal knowledge and in compliance with District of Connecticut Local Rule 37(a).

2.      On November 12, 2024, Plaintiff filed a motion to compel the Yale Defendants to produce documents responsive to Plaintiff's June 15, 2020 and May 17, 2024 requests for production (ECF No. 224). The Court denied that motion without prejudice on November 13, 2024 due to Plaintiff's failure to include a declaration certifying that the parties had met and conferred in good faith to resolve the discovery disputes (ECF No. 225). The Court provided Plaintiff until November 27, 2024 to re-file the motion with the required declaration.

3.      In an effort to resolve the discovery disputes without court intervention, I conferred by Cisco WebEx meeting with Defendants' counsel, Giovanna Tiberii Weller, on November 19, 2024. Counsel for Jane Doe was also present. We discussed each of the discovery issues raised in Plaintiff's motion in detail.

4.      During the November 19, 2024 meet and confer, Attorney Weller represented that the Yale Defendants were in the process of collecting and reviewing ESI from the agreed-upon

16 custodians using the search terms and date ranges specified in the Defendants' October 23, 2024 email. However, Attorney Weller would not commit to a firm date by which Yale would complete its production.

5. I reiterated to Attorney Weller that a mid-January 2025 proposed production date was unacceptable, as it would leave Plaintiff with insufficient time to review the documents, conduct follow-up discovery, and prepare for depositions before the close of fact discovery at the end of April 2025. I emphasized that Yale had produced only approximately 400 pages of documents to date, none of which included the ESI at issue in Plaintiff's requests. Meanwhile, I noted, Yale had failed to produce any of the documents Plaintiff needed to prove his case, such as the Defendants' internal correspondence and documentation of the UWC proceedings, despite Plaintiff's long-outstanding requests.

6. I asked Attorney Weller once again to agree to a 30-day deadline for the completion of the Yale Defendants' ESI production, as well as an extension of the remaining discovery deadlines to allow Plaintiff to conduct meaningful discovery upon receipt of Yale's production. Attorney Weller refused to agree to either proposal.

7. A week after the November 19 meet and confer, on November 26, 2024, the Yale Defendants made a production of approximately 3,445 pages (Bates range YALE 000420 - YALE 003444). However, this belated production consisted primarily of transcripts from the underlying criminal proceedings that were already in Plaintiff's possession. It did not include any ESI, or other documents responsive to the discovery requests at issue in Plaintiff's motion.

8. Attorney Weller and I were unable to reach any agreement during the November 19, 2024 meet and confer that would eliminate the need for Court intervention. The Yale Defendants would not agree to complete their ESI production by a date certain, would not agree

to an extension of the discovery schedule, and would not agree to the other relief sought in Plaintiff's motion.

9. In light of the foregoing, the entirety of the discovery dispute raised in Plaintiff's November 12, 2024 motion to compel remains unresolved despite a good faith meet and confer. Court intervention is required to compel Yale's compliance with its discovery obligations and Plaintiff's right to the discovery he needs to prove his case.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
ct30100

Executed on November 27, 2024 in New Haven, Connecticut.

Respectfully submitted,

PLAINTIFF

By: __/s/__Alexander T. Taubes
Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com

3