UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | DECEMBER 5, 2024 |

**RESPONSE TO PLAINTIFF'S SUPPLEMENT TO HIS RULE 72.2 OBJECTION**

Pursuant to the Court's November 21, 2024 Order (ECF 232), Defendant Jane Doe respectfully responds to Plaintiff's Emergency Supplement to his Rule 72.2 Objection (ECF 226).

**I.   PRELIMINARY STATEMENT**

Putting aside the USCIS issue, which Jane understands requires no further action from the Court at this time, Plaintiff's Supplement amounts to little more than a repetition of the same procedurally improper and meritless arguments Plaintiff previously advanced.  As previously discussed and discussed below, these arguments are contrary to the law and facts of this case. Indeed, Plaintiff recently admitted that the Court's Order is proper if this is a "physical harm" case and Plaintiff himself has previously admitted that this is such a case.  The Court should overrule Plaintiff's Objection.

**II.   THE USCIS ISSUE**

Jane understands there to be no issue regarding USCIS's Request presently pending before this Court in light of this Court's Order allowing Plaintiff to submit the November 7, 2024 version of the transcript to USCIS.  (ECF 232.)  To the extent that any issue related to USCIS remains, Jane notes that Plaintiff never timely challenged that issue pursuant to Rule 72.2.  *See* Local Rule 72.2.(a) ("A party may not thereafter assign as error a defect in the Magistrate Judge's order to which objection was not timely made.").  To the contrary, Plaintiff made a deliberate choice *not*

to do that and to instead seek the extraordinary relief of a mandamus before the Second Circuit. The Court should therefore not consider any of Plaintiff's arguments regarding USCIS's Request.

## III.   UPDATE REGARDING THE TRANSCRIPT

Jane has filed an Emergency Motion To Open Case For Limited Purpose And For Order (**Exhibit A**) in the Connecticut Superior Court asking the Court to, among other things, ensure that Jane's name is redacted from the criminal trial transcript. The Connecticut Superior Court has scheduled a hearing on Jane's Motion for Friday, December 6, 2024. As discussed previously and below, this Court's Orders protecting Jane's name are appropriate regardless of whether or not Jane's name appears in the transcript of the criminal trial. Given that Plaintiff has previously argued that the Connecticut Superior Court, not a court reporter, should make the decision as to whether the transcript should be redacted, this Court should await the Connecticut Superior Court's ruling on that issue.

## IV.   PLAINTIFF'S OBJECTION IS IMPROPER AND MERITLESS

Jane incorporates here her prior briefing regarding the impropriety of Plaintiff's Rule 72.2 Objection and the propriety of the underlying Orders protecting Jane. (*E.g.*, ECF 103-1, ECF 168.)

Plaintiff now raises Constitutional issues that he chose not to raise before Judge Garcia. (*See* ECF 168.) This Court should therefore not consider the Constitutional issue. (*See* ECF 168 at 7–8 (noting prohibition on parties raising issues and arguments for the first time in objections to a Magistrate Judge's ruling).) Even if Plaintiff had timely raised a Constitutional issue, this Court has a duty to avoid deciding constitutional questions where, as here, those issues can be decided on other bases, including procedural impropriety. *See, e.g.*, *Donohue v. Cuomo*, 980 F.3d 53, 67 (2d Cir.) ("It is axiomatic that the federal courts should, where possible, avoid reaching constitutional questions," including by "render[ing] decisions on federal constitutional questions

unnecessary by resolving cases on the basis of state law." (quoting *Allstate Ins. Co. v. Serio*, 261 F.3d 143, 149-50 (2d Cir. 2001))), *certified question accepted*, 36 N.Y.3d 935, 160 N.E.3d 330 (2020), and *certified question answered*, 38 N.Y.3d 1, 184 N.E.3d 860 (2022).

Regardless, the Court has broad authority to regulate the conduct of the parties before it. *E.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 n.18 (1984) ("First Amendment . . . rights may be subordinated to other interests that arise in [the context of litigation]. . . . In the conduct of a case, a court often finds it necessary to restrict the free expression of participants, including counsel, witnesses, and jurors."); *Abadir v. Ctr. One, LLC*, No. 14CV855S, 2020 WL 4474070, at *15 (W.D.N.Y. Aug. 4, 2020) ("This Court has an inherent authority to control the conduct of the parties before it."). That authority includes the discretion and, at times, obligation to prohibit dissemination of the name of a party entitled to anonymity. *See, e.g.*, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

The Court's decision to protect Jane's name is amply supported by the record in this case, which establishes, among other things, that Plaintiff has harassed Jane; instigated others to harass Jane; and attempted to prejudice Jane's right to a fair trial by biasing others against Jane on the basis of her ethnicity and national origin (ECF 74 at 6). The Court's Orders would be appropriate in any case involving the sensitive issues this case presents, but there is no question that they are appropriate in light of Plaintiff's misconduct in this case.

Plaintiff has also admitted that exposure of Jane's name creates a risk of harm to her (see below) and that Plaintiff seeks to publicize Jane's name as part of an effort to harass her to get her to "break." (ECF 114 at Ex. 3.) The Court's Orders are not prior restraints. *E.g.*, *Application of Dow Jones & Co., Inc.*, 842 F.2d 603 (2d Cir. 1988). The Orders reflect the Court's obligation to ensure a fair and orderly trial. Jane limits her arguments here to a few additional points.

### A. The Connecticut Supreme Court Has Already Spoken About Jane's Entitlement to Anonymity

The Connecticut Supreme Court "decline[d] to identify the victim [Jane] or others through whom the victim's identity may be ascertained" in accordance with its "policy of protecting the privacy interests of victims of sexual assault" as embodied in, among other places, Connecticut General Statutes § 54-86e. *Khan v. Yale Univ.*, 347 Conn. 1, 8 n.1, 295 A.3d 855, 862 (2023). The Connecticut Supreme Court's decision is consistent with and supports this Court's Orders. Plaintiff's contention that "[t]here is no law to support th[e] conclusion" that § 54-86e applies "after an acquittal" is stunning in light of the Connecticut Supreme Court's opinion. (Suppl. 14.)

### B. Whether Jane's Name Was In The Transcript Is Irrelevant

Plaintiff's argument rests on a false premise. Plaintiff is incorrect that this Court lacks the authority to restrict further disclosure of a name because it is in a public document.

As previously discussed, the Court's Orders are more than appropriate based on the unique facts of this case, including Plaintiff's misconduct and admitted plan to harass Jane by disseminating her name. But the Court's Orders are appropriate even putting that aside and putting aside the fact that Jane's name appears in a transcript from the criminal case.

The Second Circuit's seminal anonymity case, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008), establishes that "whether [a party's] identity has thus far been kept confidential" is one of *ten* non-exclusive factors that determine anonymity. Second Circuit precedent thus recognizes that a Court may confer anonymity on a party even if that party's name has been "publicly" released in some fashion. *See, e.g.*, *id.* In many cases, the other *Sealed Plaintiff* factors will support anonymity when a party's identity is not strictly confidential. As Judge Garcia found, based in large part on Plaintiff's own concessions, the *Sealed Plaintiff* factors overwhelmingly support anonymity in this case. (*See* ECF 119; *see also* ECF 2, 7.)  For all the

4

reasons previously discussed, anonymity must include a prohibition on Plaintiff identifying Jane on social media next to filings from this case and in other public contexts.

*In re The Spokesman-Rev.*, 569 F. Supp. 2d 1095 (D. Idaho 2008), is also persuasive on this issue. In that case, the media requested that the courtroom remain "open to the public during the testimony of the minor victim." *Id.* at 1098. The media noted that the victim's identity had "already been publicly disclosed" because her "photograph ha[d] been widely disseminated and she ha[d] been interviewed by the [m]edia." *Id.* at 1102. The Court denied the media's motion in relevant part:

> The Court finds the compelling interests in protecting the minor victim from further harm and embarrassment significantly outweighs the First Amendment interests of the public. The minor victim not only has been dealing with the ongoing stress of the events about which she will testify, but also increasing attention from her peers at school and the public in general. The victim's fears regarding the coverage of her testimony is certain to occur, not mere speculation. The media attention of the related state case was extensive and was focused on large part on this victim.
>
> Because much of this case has already been made public, however, does not mean that further harm will not result to the minor victim where the public is allowed greater access to her private and personal suffering. Just the opposite, because these facts have already been revealed to the public demonstrates that the public's interest in access is dampened because it is already privy to many of the relevant facts and gritty details of this minor victim's testimony. All that is left is the incessant desire to watch the minor victim have to again relay the traumatic events in greater detail.

*Id.* at 1102, 1105.

In this case, Jane has thus far only sought that her name be protected. She has not asked that anyone be prohibited from talking about this case, other than to forbid the disclosure of Jane's name. (*E.g.*, ECF 103 at 31 ("Jane does not seek to prohibit Plaintiff from talking about the substance of the underlying events.").) The appearance of Jane's name in a transcript that people who are interested in this case would have to go to great lengths and spend significant sums of money to obtain does not preclude the Court from preventing further dissemination of Jane's name.

5

*E.g.*, *Sealed Plaintiff*, 537 F.3d at 190; *Advanced Textile Corp.*, 214 F.3d at 1069; *The Spokesman-Rev.*, 569 F. Supp. 2d at 1102.

To the contrary, this case demonstrates why the Court must have the power to restrict dissemination of a party's name in order for anonymity to be meaningful even when the party's name may technically be "public" in some fashion. Plaintiff attempted to use the fact that Jane's name appeared in the transcript to justify his decision to post Jane's name on social media, where it would appear in Google searches, right next to excerpts from decisions in this case that contained a docket number and reporter decision. Jane's name appearing in a transcript people would need to order and on social media next to identifying information about this case that people can Google are two fundamentally different things. If the Court has no power to prevent the latter because of the former, it has no power to protect anonymity in any meaningful way.

**C.     Courts Have Prohibited Dissemination Of Names Of Victims**

Plaintiff's position that this Court lacks the power to protect Jane's name because of First Amendment principles is inconsistent with the caselaw. Consider, for example, the common practice of protecting the names of victims and alleged victims during criminal trials, where Constitutional protections are at their highest. Courts within this Circuit regularly protect names of victims and alleged victims of sexual misconduct under less compelling circumstances than those present in this case under either a "compelling interest" standard or the lower "legitimate and substantial interest" standard. *See, e.g.*, *United States v. Thompson*, 178 F. Supp. 3d 86, 96 (W.D.N.Y. 2016) ("The Government has a compelling interest in limiting identification of the victims in this case. Given the anticipated explicit and sensitive nature of the evidence in this case, the Government has a compelling interest in protecting the victims from 'likely adverse personal, professional and psychological consequences of linking their identities to their past lives as sex

workers.'" (quoting *United States v. Paris*, No. CR. 3:06-CR-64CFD, 2007 WL 1484974, at *2 (D. Conn. May 18, 2007)); *United States v. Graham*, No. 14-CR-500 NSR, 2015 WL 6161292, at *10 (S.D.N.Y. Oct. 20, 2015) (precluding disclosure of last names of victim based on the "'legitimate and substantial' interest in protecting the Victim and the uncharged victims from 'likely adverse personal, professional and psychological consequences of publicly linking their identities' to their prior prostitution activity" (quoting *Paris*, 2007 WL 1484974, at *2)); *United States v. Kelly*, No. 07-CR-374 (SJ), 2008 WL 5068820 (E.D.N.Y. July 10, 2008) (prohibiting the parties, etc. "from releasing to anyone, including members of the press, the identity or any identifying information of the government's witnesses" and allowing witnesses "to testify using the initials of her first and last name" and allowing other witnesses "to testify using only their first names"); *Paris*, 2007 WL 1484974, at *2 (ordering that victim-witnesses be allowed "to testify without providing their full last names" because of the "legitimate and substantial interest" "in protecting these witnesses from the likely adverse personal, professional and psychological consequences of publicly linking their identities to their past lives as sex workers"); *see also, e.g.*, *Enriquez v. Sec'y, Dep't of Corr.*, No. 2:14-CV-85-FTM-38MRM, 2015 WL 4775457, at *10 (M.D. Fla. Aug. 13, 2015), *aff'd*, 662 F. App'x 650 (11th Cir. 2016) ("The court's concern with protecting young victims of sexual abuse is a compelling interest of the State . . . .").

Given that the First Amendment allows prohibitions on the disclosure of the names of alleged victims of sexual misconduct in the context of criminal trials, where Constitutional rights are significantly higher than they are where, as here, a plaintiff voluntarily initiates civil litigation and thereby willingly subjects himself to governance by this Court, the Court's Orders are proper.

### D.    This Case Involves A Risk Of Physical Harm

Plaintiff made a significant concession during oral argument before the Second Circuit.  He

admitted that this case would be different if it were an "imminent physical harm" case, effectively conceding that the Court's Orders are appropriate if dissemination of Jane's name would (or possibly could) lead to physical harm. (**Exhibit B** (Transcript of Argument at 3:13–20).)

Plaintiff's concession is well-founded. Plaintiff concedes that the Court's Orders are appropriate if they are supported by a compelling interest. (*E.g.*, Plaintiff's Mandamus Petition (ECF 218) at 21.) (As discussed above and elsewhere, the Court's Orders are appropriate even if they are not supported by a compelling interest. *E.g.*, *Advanced Textile Corp.*, 214 F.3d at 1069 (noting that courts should enter orders such as the instant Orders as a matter of course to protect anonymity).) "[T]he risk of physical harm to [a party] is a compelling interest." *United States v. Keifer*, No. 2:08-CR-162, 2009 WL 414472, at *3 (S.D. Ohio Feb. 18, 2009) ("Therefore, this Court finds that the risk of physical harm to the Defendant is a compelling interest."); *e.g.*, *United States v. Trump*, 88 F.4th 990, 1026 (D.C. Cir. 2023), *reh'g denied*, No. 23-3190, 2024 WL 252746 (D.C. Cir. Jan. 23, 2024) ("Threats of physical harm, stalking, or doxing almost inevitably will slow or temporarily halt work on the criminal proceeding as personnel are distracted addressing threats to their or their families' safety, or to the security of courthouse and office premises.").

This is a physical harm case. As the Court may recall, Plaintiff has acknowledged receiving death threats because of this case and has represented that he moves around a lot because he fears for his physical safety. A video of Plaintiff saying that can be accessed in **Exhibit C**:

> Q: So you genuinely have concerns for your physical safety because of the people you're going after? A: I've received death threats. Q: Really? A: Yeah. I've had people throw letters into my mailbox. Q: Wow. That's pretty freaky. A: Yeah. It's [] partially why I travel a lot. I move constantly, I don't let people know of my whereabouts.

Exhibit C also contains a link to a video in which Plaintiff is asked to state where he is living (*e.g.*, Connecticut) but he declines to provide that information. (Exhibit C.)

Plaintiff has also acknowledged and represented to this Court that it is necessary to protect Jane's identity in order to protect her from harassment similar to the harassment Plaintiff claims to have endured (including death threats so significant that they have caused Plaintiff to fear for his physical safety to such an extent that he travels frequently and avoids telling people of his whereabouts). (*E.g.*, ECF 7 at 8 (acknowledging that anonymity was necessary "to protect [Jane] from a similar public pillorying"); at 5 (conceding that the *Sealed Plaintiff* factor regarding risk of retaliatory physical or mental harm weighs in favor of Jane having anonymity because Plaintiff claims he would "suffer the risk of retaliatory physical or mental harm" if he named Jane). Plaintiff's admissions that he fears for his physical safety and that anonymity is necessary to protect Jane from similar concerns establishes that physical safety is at issue in this case.

Plaintiff's own statements establish that this is a physical harm case. As Plaintiff effectively conceded before the Second Circuit, that alone justifies the Court's Orders.

## V.   CONCLUSION

The Court should reject Plaintiff's arguments and overrule his Objection.

DEFENDANT JANE DOE,

By: */s/ Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT  06103
Tel.: 860-392-5000
Fax: 860-392-5058
Email: jsconzo@carltonfields.com
       bgooley@carltonfields.com

Her Attorneys

**CERTIFICATION OF SERVICE**

  This is to certify that on this 5th day of December 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

                */s/ Brendan N. Gooley*
                Brendan N. Gooley