UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAIFULLAH KHAN : | |
| : | DOCKET NO. 3:19-cv-01966(KAD) |
| PLAINTIFF : | |
| : | |
| v. : | |
| : | |
| YALE UNIVERSITY, ET AL. : | January 22, 2025 |
| : | |
| DEFENDANT : | |
| : | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated January 15, 2025 (ECF 257), the parties respectfully submit this Joint Status Report to advise the Court of the parties' progress in addressing their outstanding discovery issues.

On January 17, 2025, the parties met, via WebEx, for approximately one hour to confer in good faith to address their outstanding discovery disputes. The parties worked through several issues, including the search of plaintiff's and Jane Doe's respective inboxes and plaintiff's social media accounts, and the scheduling of depositions.

With respect to the search of the plaintiff's inboxes, text messages, and social media accounts, the parties agreed to the search terms and timeframes to be applied. Specifically, the parties agreed that Yale's proposed search terms, as revised on December 19, 2024, would be applied across all the plaintiff's inboxes, text messages, and social media accounts. The parties further agreed that the plaintiff will search the terms provided by counsel for Jane Doe on January 15, 2025, which search terms relate to the Sally Roe et al. allegations, and for which specific date ranges the parties agreed would apply for specific searches. As for the remaining time frames, the parties agreed that the plaintiff's Yale inbox will be searched from August 1,

{N6043352}

2012 through January 31, 2019. The plaintiff's remaining inboxes, text messages and all social media accounts will be searched from August 1, 2012 through December 31, 2019. The parties agreed to meet and confer to discuss narrowing the subset of search terms should the defendants request a search of the plaintiff's social medial accounts beyond the December 31, 2019 timeframe. Because the plaintiff's social media and inboxes are being searched for a wider timeframe than the defendants, the plaintiff reserves the right to raise the issue of timeframes in the defendants' searches by motion. The defendants will object to any such motion. Plaintiff's review of the document production produced last night has not yet been completed.

Yale is working with its ESI vendor to provide access to Attorney Alex Taubes for his independent review of the plaintiff's Yale inbox. Once that data has been uploaded to the vendor's database and the search terms applied, it is anticipated that it will take another 4 to 5 days before Attorney Taubes will be able to begin his review. Yale will not have access to the database but will receive from the vendor only the size of the search term hit counts and the search term report.

As it concerns the search of Jane's inboxes, the parties agreed to apply the plaintiff's proposed search terms, as narrowed at the meet and confer on January 17, 2025, across the timeframe from October 1, 2015 through January 22, 2019. Jane objects to searching past January 22, 2019, which objection will likely be taken up in motion practice. There remains an open question as to whether Jane searches her emails prior to October 2015 and/or for search terms related to the Sally Roe et al. allegations. If Jane agrees to expand her search to a broader time frame, she has reserved her right to supplement her production after the parties' agreed-upon production date of January 24, 2025. If she does not agree, the plaintiff reserves the right to raise this issue by motion.

The parties agreed to block March 13, 2025, and the week of March 17 (but not the 20th) and March 24 for depositions, subject to confirmation of additional counsel. The plaintiff will send the defendants a list of his top ten witnesses he seeks to depose; the defendants will then compile a list of their respective top six deponents.

The parties also discussed the fact that the plaintiff's October 2024 expert disclosure deadline has passed and the impact that has on the defendants' disclosures. Should the plaintiff seek additional time from the Court to disclose his experts, the parties agreed that the defendants' deadline (February 15, 2025) should be stayed until after the Court rules on any such motion. If the Court grants the plaintiff additional time to disclose any experts, the parties agreed that the defendants should be allowed to disclose their experts 60 days after the plaintiff's experts have been deposed before making their own expert disclosures. Defense counsel reserved the right to object to any motion to extend the deadline for the plaintiff to disclose and offer any expert witness testimony. Plaintiff's counsel intends to raise the issue of extending the deadline for expert disclosure at the status conference scheduled for January 23, 2025.

On January 21, 2025, Yale completed its document production, including its ESI document production and an additional rolling production. The January 21, 2025 production comprised 1,594 pages. To date, Yale has produced documents totaling 9,542 pages.

Following said production, counsel for Yale began diligently working on its privilege log, which is currently due on Friday, January 24, 2025. At the status conference, counsel anticipates requesting a short extension of time to Tuesday, January 28, 2025, to produce its privilege log, which extension has been consented to by counsel for the plaintiff and for the co-defendant.

Respectfully submitted,

Yale University, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Peter Salovey, Ann Kuhlman, Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Carole Goldberg

By: /s/ *Maria L. Laurato*
    Patrick M. Noonan (ct00189)
    Giovanna Tiberii Weller (ct11187)
    Maria L. Laurato (ct31443)
    Carmody Torrance Sandak & Hennessy LLP
    195 Church Street
    P.O. Box 1950
    New Haven, CT 06509
    Phone: 203-777-5501
    Fax: 203-784-3199
    Email: pnoonan@carmodylaw.com
    Email: gweller@carmodylaw.com
    Email: mlaurato@carmodylaw.com

Plaintiff,
Saifullah Khan

By: /s/ *Alexander T. Taubes*
    Alexander T. Taubes
    Taubes Law
    470 James Street, Suite 007
    New Haven, CT 06513
    Phone: 203-9090048
    Email: alextt@gmail.com

Defendant,
Jane Doe

By: /s/ *Brendan N. Gooley*
    James M. Sconzo (ct04571)
    Brendan N. Gooley (ct30584)
    CARLTON FIELDS, P.A.
    One State Street, Suite 1800
    Hartford, CT 06103
    Tel.: 860-392-5000
    Fax: 860-392-5058
    Email: jsconzo@carltonfields.com
          bgooley@carltonfields.com

**CERTIFICATION OF SERVICE**

     I hereby certify that on January 22, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                        /s/ *Maria L. Laurato*
                                        Maria L. Laurato