UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SAIFULLAH KHAN                                          :
                                                       :     DOCKET NO. 3:19-cv-01966 (KAD)
                        PLAINTIFF                       :
                                                       :
v.                                                     :
                                                       :
YALE UNIVERSITY, ET AL.                                :     January 29, 2025
                                                       :
                        DEFENDANTS                     :
                                                       :

**JOINT MOTION FOR EXTENSION OF TIME TO FILE MOTIONS TO COMPEL**

        Pursuant to the Court's Order dated January 23, 2025 (ECF 262), the parties have met

and conferred and respectfully move for an extension of time within which to file Motions to

Compel regarding possible discovery disputes that may not arise until after the passing of the

current filing deadline of January 31, 2025. The parties request an extension of time to **February**

**28, 2025,** to file any such Motions to Compel, and until **March 6, 2025**, within which to

respond. Good cause exists to grant this Motion.

**I.      MOTIONS TO COMPEL THAT MAY BE FILED BY YALE OR JANE**

        A.      Motions to Compel Concerning Recordings/Transcripts

        Yale and Jane seek an extension of time to file any Motion to Compel regarding the

Plaintiff's production of transcripts, audio, and/or video recordings.

        Yale sought these materials in its Requests for Production served on September 28, 2020,

and re-served on February 8, 2024.  (*See* Request for Production No. 22 seeking, inter alia, "a

copy of any memorandum, correspondence, transcript, audio or video recording or any other

document or tangible item in plaintiff's custody or control which captures any conduct or

conversation of any of the defendants or any ... employee of any of the defendants that is relevant or material to any of the allegations … or claim for damages.")

The plaintiff's response to this Request on May 20, 2024, stated, "[s]ee enclosed production."  While no recordings or transcripts were produced, the plaintiff produced email communications stating that he had recorded and transcribed telephone conversations with Yale employees.  (*See e.g.* SAIFKHAN_001760.)  In addition, Yale recently produced email communications confirming that the plaintiff had brought a recording device on campus.  (*See e.g.* YALE-8179, YALE-8137.)

Jane also sought "[a]ll recordings and transcriptions of all communications . . . concerning this case" in her Requests for Production.  (*See* Request for Production No. 3.)

The issue of whether any recordings exist has been the subject of numerous "meet and confers" among the parties.  It was through the efforts of all counsel that it was learned that the Plaintiff had recorded the UWC hearing and an investigatory interview (collectively "UWC transcripts").  As this Court is aware, the parties have agreed to a process to having the UWC transcripts transcribed by a court reporter, reviewed by Plaintiff's counsel for privileged information within 15 days of receipt, and produced to the defendants.  (ECF 262.)  Plaintiff's counsel will provide the transcripts, possibly redacted for privilege, to defense counsel by February 5, 2025.[1]

In addition to the UWC transcripts, Defense counsel has requested that the plaintiff produce all other recordings, transcripts and documents that fall within Request No. 22 or, if no other tangible item or document exists, to update the Plaintiff's written response to the Request reflecting as much.  Plaintiff's counsel requested time to review Yale's production before

---

[1] Plaintiff's counsel represented at the January 23, 2025 status conference that he had received the hearing transcript on January 21, 2025; fifteen days from receipt of the transcript is February 5, 2025.

producing the items and documents or, if none exist, to update the response.  Plaintiff's counsel will supplement his production or response to this Request by February 21, 2025.  For these reasons, and to allow the parties time to meet and confer, the parties seek until <u>February 28, 2025</u>, to file any Motion to Compel on the recording/transcription issues and until <u>March 6, 2025</u>, for any response thereto.  This includes, but is not limited to, moving to compel the removal of redactions to forthcoming transcripts that Yale and/or Jane believe are improper.

       B.     <u>Motions to Compel On Other Outstanding Items</u>

Plaintiff's discovery production and privilege log are due by February 21, 2025 (ECF 262).  In addition, the Plaintiff is supplementing his responses to Interrogatories identified in the Joint Status Report, dated January 13, 2025.  (*See* ECF 255.)  The Court ordered that the Interrogatories be supplemented by February 12, 2025.  (ECF 257.)  Given these dates, and the need to meet and confer on any issues, the parties request until <u>February 28, 2025</u>, to file any Motion to Compel, and until <u>March 6, 2025</u>, for any response thereto.  This includes, but is not limited to, any Motion to Compel related to Plaintiff's privilege log.  On that point, Plaintiff listed communications with Peter Roe on a privilege log.  Jane raised with Plaintiff the issue of whether such communications are privileged.  Plaintiff responded that it is likely that Plaintiff will list additional communications with Peter Roe on a supplemental privilege log.  The parties therefore believe that it makes sense to defer the issue of whether the logged communications including Peter Roe are privileged rather than litigate this issue piecemeal.

The Yale Defendants requested information from the Internal Revenue Services and plaintiff's counsel has submitted the forms and authorizations to the IRS on or about January 10, 2025.  Undersigned counsel requests three weeks from the production of any information the plaintiff obtained from the IRS to file any necessary Motions to Compel.

Finally, Plaintiff provided various authorizations to Jane for immigration, employment, and other records.  Jane sent those authorizations out but has yet to receive responsive documents.  Jane would like to review the responsive documents to determine whether they warrant compelling any additional documents from Plaintiff.  Consistent with the deadlines requested above, the parties respectfully request until <u>February 28, 2025</u> to file any such Motions to Compel and proposes <u>March 6, 2025</u> for a Response to any such Motions.

## II.    MOTIONS TO COMPEL THAT MAY BE FILED BY THE PLAINTIFF

Plaintiff received hundreds of pages of documents on January 23 and privilege logs yesterday. The documents are responsive both to plaintiff's 2020 and 2024 document requests. Certain Interrogatories of the Defendant are also to be supplemented by February 12, 2025. Although Plaintiff continues to review the documents, it is apparent to the Plaintiff that the search terms and custodians the Defendants were willing to search failed to capture relevant and material information that was requested by the Plaintiff. Additionally, a review of the privilege logs from yesterday, which contain hundreds of entries, suggests that certain documents are being withheld from the Plaintiff that should be produced. In addition to reviewing the Defendants' production, which comes many months after the disclosures made by the Plaintiff of several thousands of pages of documents, and disclosure of all the releases requested by Defendants, the Plaintiff is also undertaking an additional search of his ESI, including social media, after many meet and confers with the Defendants. Accordingly, the parties respectfully request until <u>February 28, 2025</u> for Plaintiff to file Motions to Compel regarding the scope of document production, the privilege claims of the Defendants, and the supplemental Interrogatory responses, and proposes <u>March 6, 2025</u> for a Response to any such Motions. To be sure, the

Plaintiff does not intend to wait to file any motion and will file any such motion as soon as is reasonably practicable but no later than the deadline.

**III.    CONCLUSION**

Undersigned counsel do not expect that these extensions will impact the current deposition schedule or other discovery deadlines; however, should an impact become apparent, the parties will notify the court promptly.  To the extent the production reveals issues not previously contemplated, the parties reserve the right to raise those issues with the court.  This is the first Motion for Extension of Time the parties have filed concerning such motions to compel. That the parties are filing this extension as a Joint Motion is not intended to serve as consent to the other party's characterization of the issues or as a waiver of any arguments on the merits.

Respectfully submitted,

Plaintiff,
Saifullah Khan

By:  /s/ *Alexander T. Taubes*
        Alexander T. Taubes
        Taubes Law
        470 James Street, Suite 007
        New Haven, CT 06513
        Phone: 203-9090048
        Email: alextt@gmail.com

Defendant,
Yale University,

By: */s/ Giovanna Tiberii Weller*
      Patrick M. Noonan (ct00189)
      Giovanna Tiberii Weller (ct11187)
      Maria L. Laurato (ct31443)
      Carmody Torrance Sandak  & Hennessy LLP
      195 Church Street
      P.O. Box 1950
      New Haven, CT 06509
      Phone: 203-777-5501
      Fax: 203-784-3199
      Email: pnoonan@carmodylaw.com
      Email: gweller@carmodylaw.com
      Email: mlaurato@carmodylaw.com

Defendant,
Jane Doe

By: */s/ Brendan N. Gooley*
      James M. Sconzo (ct04571)
      Brendan N. Gooley (ct30584)
      CARLTON FIELDS, P.A.
      One State Street, Suite 1800
      Hartford, CT 06103
      Tel.: 860-392-5000
      Fax: 860-392-5058
      Email: jsconzo@carltonfields.com
      bgooley@carltonfields.com