## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | ) | CASE NO. 19-cv-01966 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YALE UNIVERSITY, *et al*, | ) | FEBRUARY 3, 2025 |
| *Defendants*. | ) | |

## <u>ORDER TO SHOW CAUSE</u>

Kari A. Dooley, United States District Judge:

On January 29, 2025, the Court issued a Memorandum of Decision denying Defendant Jane Doe's ("Doe") emergency motion for judgment of dismissal at ECF No. 123, as well as a corresponding motion brought by Defendant Yale University and its defendant employees ("The Yale Defendants," collectively, "Defendants") at ECF No. 130. *See* Mem. of Decision, ECF No. 265*; Khan, v. Yale University, et al*, No. 19-CV-01966 (KAD), 2025 WL 328791 (D. Conn. Jan. 29, 2025). In rendering its decision, the Court cited to multiple filings that the Court had previously permitted to be docketed under seal.[1] The Court noted in its decision however, that it "may, upon notice to the parties, *sua sponte* unseal the filings." *Id.* at 1, n. 2.

Federal courts recognize two "presumptions in favor of public access to court proceedings and records," one based on the First Amendment, and one based in federal common law. *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). Courts employ these presumptions when determining whether to seal or unseal documents or proceedings. *See id*. They may be overcome by "countervailing considerations such as the danger of impairing law enforcement and

---

[1] The Court here references only the filings, and not their associated attachments and exhibits that were also sealed. This order to show cause encompasses both the primary documents in each filing, as well as any sub-documents or exhibits that may have been attached. For example, for the purposes of this order, "ECF No. 123" constitutes a single filing, but the Court considers any document with an ECF number beginning "123-…" as a part of that filing.

judicial efficiency, or the privacy interests of those resisting disclosure." *Grant v. Lamont*, No. 3:22-CV-01223 (JBA), 2023 WL 6958763, at *2 (D. Conn. Oct. 20, 2023) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).

The common law presumption applies only to "judicial documents." Simply filing a paper with the court does not make that paper a judicial document. *Lugosch*, 435 F.3d at 119. In order to be considered a judicial document, the filed item must be "relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 115). Once a court determines that a document meets that threshold, it then "must determine the weight to be accorded the presumption of access." *Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020). "[T]he weight … [is] governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022). "[A] strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* Finally, after determining that a document meets the "judicial" threshold to find whether the presumption applies at all, and assigning appropriate weight to the presumption based on the record at issue, a court must "balance competing considerations against [the presumption]," which may include, *inter alia*, privacy interests. *Id.* (internal quotation and citation omitted).

Courts analyze the First Amendment presumption via either the "experience and logic" approach or the "necessary corollary" approach. *Lugosch*, 435 F.3d at 120. The "experience and logic" approach "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role

in the functioning of the particular process in question.'" *Id.* (quoting *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)). The "necessary corollary" approach considers "the extent to which the judicial documents are 'derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings.'" *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004)). "A court's conclusion that a qualified First Amendment right of access to certain judicial documents exists does not end the inquiry. "*Id.* ""[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

In light of the standards articulated above, the Court finds that the sealed filings cited within its Memorandum of Decision at ECF No. 265 (*Khan*, 2025 WL 328791), ECF Nos. 74, 75, 77, 96, 103, 114, 123, 157, and 166,[2] are judicial documents, and that the presumption of public access attaches to them under both the common law and the First Amendment. Further, because they were cited and relied upon in connection with a dispositive motion, the Court finds that the presumption is strong. As such, should any party request that any currently sealed document cited in the Court's Memorandum of Decision, to include all documents, exhibits, and attachments filed at ECF Nos. 74, 75, 77, 96, 103, 114, 123, 157, and 166, remain sealed, in whole or in part, they are ordered to show cause as to why identifiable "higher values" or competing considerations outweigh(s) the presumption of public access on or before **February 25, 2025**. Parties requesting only *partial continued sealing* of any document at issue must attach a proposed redacted version of the document with redactions "narrowly tailored" to preserve and protect the countervailing interests identified.

---

[2] The Court does not propose to unseal ECF No. 82, Doe's Motion for a Protective Order, as Doe filed a redacted version at ECF No. 81, to which the Court cited.

3

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of February 2025.

_/s/ Kari A. Dooley_
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE