UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | FEBRUARY 25, 2025 |

## JANE DOE'S RESPONSE TO ORDER TO SHOW CAUSE

Pursuant to the Court's Order to Show Cause (ECF 269 ("Order")), Defendant Jane Doe requests that the Court maintain ECF 75-10, ECF 103-7, and ECF 123-2 under seal and post only redacted versions of ECF 75, ECF 103-1, ECF 114-4, ECF 123-1, ECF 157-2, and ECF 166.

The documents at issue in the Court's Order were filed to bring to the Court's attention Plaintiff's attempts to "embarrass Jane [] publicly" and harass her—including by disseminating her name despite the Court's anonymity Orders. (*E.g.*, ECF 94 at 8–9; ECF 119 at 5, 14; ECF 200.) Allowing Plaintiff to benefit from his "egregious" actions (*see* ECF 265 at 13) by unsealing documents evidencing those actions would, in Judge Garcia's words, "unfairly reward Plaintiff for efforts to litigate this case on social media and inflict harm on Jane Doe outside of the judicial process." (ECF 119 at 7–8 n.4.) In fact, unsealing those documents would facilitate the very result Plaintiff desired and that the Court was concerned with by putting Plaintiff's attempts to embarrass Jane and information that could lead to her identification on this Court's public docket. Jane should not be penalized for Plaintiff's misconduct. The Court should not facilitate and encourage that misconduct by publicly posting on its docket evidence of Plaintiff's misconduct that may further harm Jane. Consistent with its Orders, including its Orders protecting Jane's name, the Court should therefore maintain documents that could allow others to identify Jane or that are part of Plaintiff's attempts to harass Jane sealed or partially redacted as set forth below. The Court can

do that while still allowing access to the information needed to evaluate the Court's actions.

As the Court noted in its Order, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." (Order at 3 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).)  Privacy interests are an example of such "higher values." (Order at 2 (citing *Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022)).)  The Court's supervisory power over its own records and files "is routinely used to redact or otherwise restrict access to sensitive personally identifying information contained in court documents, including complaints." *See, e.g.*, *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 232 (D. Conn. 2019) (Bolden, *J.*) (redacting names of certain non-parties from public version of complaint based on the "significant and weighty interest" "in ensuring that [] employees do not fear reprisal or retaliation" as well as "significant privacy interests of" employees where employer argued that naming individuals was intended to "harass and embarrass" the employees).

There are at least three higher interests that warrant sealing or redacting documents here.

First and foremost, the Court has repeatedly held that Jane is entitled to anonymity.  (*See* ECF 12, ECF 91, ECF 119.)  The Court has thus repeatedly recognized that it is appropriate to seal documents to protect Jane's privacy, including her name.  (*E.g.*, ECF 93, ECF 117, ECF 142, ECF 149, ECF 182.)  *See, e.g.*, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000) (noting that Courts should use their powers to limit disclosure of names of parties entitled to anonymity).  If the law were contrary, anonymity would not exist because the Court would have to unseal filings that allowed the anonymous party to be identified.  Jane's anonymity and the rationales that underlie it, including the need to prevent further harm to Jane, warrant continued redactions to or sealing of all documents that could be used to identify Jane.  "Protecting

2

the identity of sexual assault survivors and the details of their assaults is traditionally considered private and has been widely recognized as a compelling reason to limit public access to judicial documents." *Doe 1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 397 (S.D.N.Y. 2024) (collecting cases); *e.g.*, *id.* at 397–98 (discussing harm to victim); *see also Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020) (reversing order allowing public access to materials in sexual assault case in light of, among other things, the privacy interests of one of the victims and risk of harm).

Second, as the Court has also implicitly recognized, sealing documents is necessary to deter misconduct by Plaintiff and other litigants. As Judge Garcia noted (*see* ECF 119 at 7–8 n.4), it would be outrageous for a party who opposes another party's anonymity to reveal that party's identity and then obtain the result they seek of undermining anonymity by securing the unsealing of documents submitted to establish their misconduct. Such a result would encourage further misconduct by Plaintiff in this case and by other litigants who are unhappy with anonymity. In *Mirlis*, 952 F.3d at 56, the Second Circuit reversed a decision releasing documents in a sexual assault case because the District Court failed to properly consider the "apparently spiteful motives" of the individual who desired disclosure. The Second Circuit explained that "the Supreme Court has instructed that access to judicial documents should not be permitted 'to gratify private spite or promote public scandal with no corresponding assurance of public benefit.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978); *see also id.* at 63 (right of access "must give way where records are sought merely 'to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details.'" (quoting *Nixon*, 435 U.S. at 598). As the Court's findings have made clear, Plaintiff seeks disclosure of the information in the documents at issue for spiteful motives. (*See, e.g.*, ECF 94, ECF 119, ECF 200.)

Third, this Court has appropriately been concerned with Plaintiff's attempts to litigate this case outside of this Court. (*See, e.g.*, ECF 94.) Jane is similarly concerned. In particular, Jane is extremely concerned by Plaintiff's attempts to disseminate, among other things, inaccurate information that he is precluded by the Rules of Evidence from introducing at trial. Jane's right to a fair trial and the Court's obligation to safeguard that right warrants sealing documents. (*See, e.g.*, ECF 91 & 94 (discussing concerns about litigating on social media and entering an Order requiring Plaintiff to remove posts identifying Jane due to, *inter alia*, that concern).) *See, e.g.*, *Mirlis*, 952 F.3d at 51 (discussing potential impacts of disclosure).

Jane therefore requests that the following documents remain sealed or redacted[1]:

- ECF 75 (Jane's Memorandum of Law in Support of Her First Motion for Judgment of Dismissal): Jane proposes unsealing her First Memorandum but for seven words on page seven. (*See* **Exhibit A** (Proposed Redacted Version of ECF 75).) The seven words identify where someone reposted Jane's name and thus could allow a reader to identify Jane's name by telling the reader where to look for Jane's name. Consistent with the Court's Anonymity Orders (ECF 12, ECF 91, ECF 119), the Court's docket should not allow individuals to identify Jane. The Court should therefore seal these seven words.

- ECF 75-10 (Exhibit J to Jane's Memorandum in Support of Her First Motion for Judgment of Dismissal): Exhibit J to Jane's First Memorandum is the repost discussed in Jane's Memorandum that Jane seeks to remove identifying references to. Readers could potentially identify Jane's name by searching out the post if they see it on the Court's docket. Jane therefore requests that the Court maintain Exhibit J (ECF 75-10) under seal.

- ECF 103-1 (Jane's Memorandum of Law in Support of Jane's Motion to Continue Anonymity): Jane proposes unsealing her Memorandum of Law in Support of her Motion to Continue Anonymity but for nineteen words and a screenshot on page five. (*See* **Exhibit B** (Proposed Redacted Version of ECF 103-1).) The words and screenshot discuss a repost of Jane's name that could allow a reader to identify Jane. Again, Jane should not potentially be outed for bringing Plaintiff's misconduct to the Court's attention. (*See* ECF 119 at 7–8 n.4.) The Court should seal these words and screenshot.

- ECF 103-7 (Exhibit F to Jane's Memorandum in Support of Jane's Motion to Continue Anonymity): Exhibit F to Jane's Memorandum to Continue Anonymity is the repost discussed in Jane's Memorandum to Continue Anonymity. Readers could potentially

---

[1] Pursuant to the Court's Order, Jane is submitting (under seal) proposed redacted versions of all documents that she believes can be redacted instead of continuing to be sealed in their entirety. (*See* ECF 269.)

4

identify Jane's name by searching out the post if they see it on the Court's docket. It should therefore remain sealed in full to avoid potentially outing Jane.

- ECF 114-4 (Exhibit 3 to Jane's Sur-Reply in Further Support of her Motion for a Protective Order):  Exhibit 3 to Jane's Sur-Reply is a lengthy email written by Plaintiff that, among many other things, evidences Plaintiff's intent to harass Jane.  Jane proposes redacting the email, except for the section in paragraph "7" in which Plaintiff discusses harassing Jane. (*See* **Exhibit C** (Proposed Redacted Version of ECF 114-4).)  The rest of the email is irrelevant for present purposes—Plaintiff discusses a wide array of unrelated topics.  One of those topics includes inaccurate, vile allegations against Jane that Plaintiff seeks to use to harass Jane. (See the assertion beginning with the sixth sentence in paragraph "6".[2]) In addition to being inaccurate, the allegations are inadmissible under Federal Rule of Evidence 412 and Jane believes that Plaintiff is focusing on this baseless allegation to try to poison the jury pool with information he cannot present at trial.

- ECF 123-1 (Jane's Memorandum of Law in Support of Her Second Motion for Judgment of Dismissal):  Jane proposes unsealing her Second Memorandum but for limited redactions. (*See* **Exhibit D** (Proposed Redacted Version of ECF 123-1).)  The proposed redactions concern a post thread identifying Jane (by name and photograph) and could thus be used to potentially identify Jane.  They should therefore remain sealed.

- ECF 123-2 (Exhibit A to Jane's Memorandum in Support of Her Second Motion for Judgment of Dismissal):  Exhibit A to Jane's Second Memorandum is the post thread discussed in Jane's Second Memorandum that could be used to identify Jane.  Jane asks that the Court maintain the thread under seal because redactions would likely be insufficient to prevent readers from identifying where they need to go to learn Jane's name. *E.g.*, *Doe 1*, 742 F. Supp. 3d at 398 (noting that redactions were insufficient).  There is no way to meaningfully redact the post chain in a way that does not identify the post chain and thereby point readers to what post chain they need to review to identify Jane.

- ECF 157-2 (Plaintiff's Memorandum of Law in Support of His Objection to Jane's Second Motion for Judgment of Dismissal):  Jane proposes unsealing Plaintiff's Memorandum of Law in Support of His Objection to her Second Motion to Dismiss but for limited redactions related to information related to the posting of Jane's name that could be used to identify Jane. (*See* **Exhibit E** (Proposed Redacted Version of ECF 157-2).)

- ECF 166 (Jane's Reply in Further Support of Her Second Motion for Judgment of Dismissal):  Jane proposes unsealing her Reply in Further Support of Her Second Memorandum but for limited redactions related to the posting of Jane's name. (*See* **Exhibit F** (Proposed Redacted Version of ECF 166).)

---

[2] Jane is not discussing the substance of this allegation here because doing so will further Plaintiff's attempts to harass Jane.  She is filing a Motion for Order asking that any discussion of this and other information be filed under seal.

The continued sealing and redactions that Jane seeks are narrowly tailored to protect Jane from further harassment, including disclosure of her name, by preventing dissemination on the Court's public docket of specific information concerning Plaintiff's misconduct.  Indeed, the Court's Memorandum of Decision (ECF 265) described Plaintiff's "egregious" misconduct but took care to avoid including specific information such as social media handles of individuals who posted Jane's identity or the specific locations where posts were made.  (*See* ECF 265.)  The Court did not even discuss the information Jane is concerned about in ECF 114-4.  (ECF 265.)  Such information is simply not relevant to the public's understanding of Plaintiff's misconduct.

The Court should therefore seal information that could be used to identify and/or harass Jane by maintaining ECF 75-10, ECF 103-7, and ECF 123-2 under seal and posting only redacted versions of ECF 75, ECF 103-1, ECF 114-4, ECF 123-1, ECF 157-2, and ECF 166.

        Defendant,
        Jane Doe

By: /s/ *Brendan N. Gooley*
        James M. Sconzo (ct04571)
        Brendan N. Gooley (ct30584)
        CARLTON FIELDS, P.A.
        One State Street, Suite 1800
        Hartford, CT 06103
        Tel.: 860-392-5000
        Fax: 860-392-5058
        Email: jsconzo@carltonfields.com
        Email: bgooley@carltonfields.com

## CERTIFICATION OF SERVICE

This is to certify that on this 25th day of February 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

                                                    */s/ Brendan N. Gooley*
                                                    Brendan N. Gooley