UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:19-cv-01966- KAD |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| Defendants | : | OCTOBER 9, 2020 |

## DEFENDANT YALE UNIVERSITY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

The defendant, Yale University, hereby responds and objects to the plaintiff's Interrogatories and Requests for Production dated July 1, 2020.

### OBJECTION TO INSTRUCTIONS AND DEFINITIONS

The defendant objects to all instructions and definitions to the extent that they exceed or are contrary to the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules for the District of Connecticut.

### GENERAL OBJECTIONS

The defendant objects to the Interrogatories because they violate Rule 33(a)(1) of the Federal Rules of Civil Procedure, which provides: "[A] party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." The plaintiff did not request permission to serve more than 25 interrogatories. Without waiving this objection, the defendant will respond to the interrogatories as propounded. However, the defendant will not respond to any additional interrogatories propounded by the plaintiff unless ordered to do so by the Court.

## **INTERROGATORIES**

1.      State the following:

        a.      Your name, and any other name(s) by which you have been known;
        b.      Your date of birth;
        c.      Your business address;
        d.      Your job title at the Defendant University
        e.      Your immediate superior at the University

*ANSWER:*    **a.      Yale University**

        **b.      Not applicable**

        **c.      New Haven, Connecticut**

        **d.      Not applicable**

        **e.      Not applicable**

2.      Identify by name and address all persons employed by Yale University known to you to have appeared at or participated in the proceedings of the University-Wide Council (hereinafter "UWC") or any other activities of the University which caused the plaintiff to be removed from Yale and to have his student status revoked.

*ANSWER:*    **David Post, UWC Chair until June 21, 2018**
**Mark Solomon, UWC Chair beginning on June 22, 2018**
**Aley Menon, Secretary of UWC**
**Anita Sharif-Hyder, Associate Secretary of UWC**
**Sarah Worley, Esq., fact-finder**
**Sarah Demers, UWC Panel member**
**Paul Genecin, MD, UWC Panel member**
**Etienne Greenlee, UWC Panel student member (not a Yale employee)**
**Anjelica Gonzalez, UWC Panel member**
**Amy Justice, MD, PhD, UWC Panel member**
**Lynn Cooley, PhD, Decision Maker**
**Ben Polak, Appellate Decision Maker**

**The following individuals employed by Yale University were interviewed by Attorney Worley during the fact finding process:**

        **Rabbi Leah Cohen (Yale University, Executive Director and Senior Jewish Chaplain)**
        **Imam Omer Bajwa (Yale University, Director of Muslim Life)**
        **Jasmina Besrevic-Regan (Yale University, Assistant Dean for Graduate Education)**

2

**Margaret Clark (Yale University, Head of Trumbull College)**
**Carole Goldberg (former director of Yale University SHARE Center)**
**Professor Joshua Knobe (Yale University, Professor of Philosophy,**
**Psychology, and Linguistics)**
**Ann Kuhlman (Yale University, Executive Director of Office of International**
**Students and Scholars)**
**Detective Jennifer Herten (Yale Police Department)**
**Sergeant Kenneth Hale (Yale Police Department)**
**David Landino (Yale University, Head of Security)**
**Duane Lovello (Director of Security)**
**Sergeant Marnie Robbins-Hoffman (Yale University Police Department)**
**Detective Paul Sires (Yale University Police Department)**
**Stephanie Spangler (Yale University, Vice Provost for Health Affairs and**
**Academic Integrity, University Title IX Coordinator, Clinical Professor of**
**Obstetrics, Gynecology and Reproductive Services)**
**Sergeant Joseph Vitale (Yale University Police Department)**

3.    List all dates on which any employees of Yale University met personally in groups of two or more to address, discuss or otherwise deliberate about or take action regarding the claims made by "Jane Doe" against Saifullah Khan and, as to each such meeting, state where said meeting occurred, and identify all Yale employees present at each meeting.

*ANSWER:*    **The UWC Panel held the hearing on Jane Doe's complaint of sexual misconduct against the plaintiff on November 6, 2018.  In addition to the plaintiff and his advisor, Attorney Norman Pattis, the following individuals were present during the hearing: Sarah Demers, Paul Genecin, MD, Etienne Greenlee, Anjelica Gonzalez, Amy Justice, MD, PhD, Aley Menon, and Susan Sawyer, Esq.  The panel discussed the case on November, 6, 9, 13, 27 and 30, 2018.**

4.    Identify every official Yale agency, committee, panel, office or branch of the administration which had any responsibility for evaluating the claims of Jane Doe against Saifullah Khan and describe the responsibility or mission of each as regards the controversy and the decision to terminate plaintiff Khan's student status.

*ANSWER:*    **The UWC had the responsibility to evaluate Jane Doe's complaint of sexual misconduct against the plaintiff in accordance with the UWC Procedures.  Dean Lynn Cooley acted as decision maker and Provost Ben Polak decided the appeal.**

5. (a) Describe all methods and procedures by which members of the Yale UWC are "trained" to perform the services their membership requires, specifically listing the course work, if any, the identity and credentials of those providing the training for the years 2011-2016, the hours of training involved and the methods by which the success of the training are measured; and

*OBJECTION:*    **The defendant objects to this Interrogatory because it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Since the plaintiff has not asserted any allegations regarding the training received**

by the UWC members addressing Ms. Doe's complaint of sexual misconduct against the **plaintiff, the requested information is not "relevant to any party's claim or defense," nor is it "proportional to the needs of the case" when considering the "importance of the discovery in resolving the issues" in this action. See FRCP 26(b)(1). Moreover, the UWC has approximately 45 members and members leave and join the UWC each year. For this reason, the identities of the trainers and materials used by those trainers also change from time to time. Complying with this Interrogatory would entail searching each trainer's computer, documents, emails and text messages for information related to training of UWC members over a six year period. Engaging in that search will be extremely time consuming and expensive, but it will not produce any evidence that is relevant or admissible, nor would it lead to the discovery of relevant evidence. It would be more efficient to pose this question at the depositions of the members of the UWC Panel that considered the complaint brought against the plaintiff. Without waiving said objection, the University states the following: At the beginning of each academic year, UWC members receive training regarding the requirements of Title IX, Yale's procedures, and subjects required by the State of Connecticut in a two-day session lasting about 10 hours. Trainers include UWC staff members, Title IX Office staff members, Yale attorneys, and outside experts. The training is conducted in person with handouts, PowerPoint slides, and oral presentations. Persons unable to attend the training can view recordings of the session.**

(b) Provide the identities and credentials of those suggesting "other topics" from "experts from within and outside the University," as referenced in Sec. 2.4 of the UWC Procedures, and a list of such other topics as implemented in training by the UWC between 2011 and 2016.

***OBJECTION:*** **See Objection to Interrogatory #5(a). Without waiving said objection, The University states the following: Other topics are suggested by UWC staff members, the UWC chair, Title IX staff members, and Yale attorneys.**

6. Describe the process Yale uses to establish the standards and protocols for hiring and on-the-job training of persons retained to serve as a "Title IX Coordinator?"

***OBJECTION:*** **The defendant objects to this Interrogatory because it is overbroad and unduly burdensome in that it is not limited in time. This Interrogatory seeks information, for the entire time period that the University has had a Title IX Coordinator. The defendant further objects because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff has not made any allegations regarding the hiring and training process of Title IX Coordinators. Therefore, the requested information is not "relevant to any party's claim or defense," nor is it "proportional to the needs of the case" when considering the "importance of the discovery in resolving the issues" in this action. See FRCP 26(b)(1). Without waiving said objection, the University states the following: Title IX coordinators receive the same annual training as members of the UWC, as described in Yale's response to Interrogatory 5(a).**

7. What written or electronic records are kept of UWC proceedings, specifically those generated under the activities set forth in Sec. 7 of the UWC Procedures?

**ANSWER:**    The retention of records from UWC proceedings is described in the UWC Procedures, which are attached hereto.

8.    Identify, by name, address and position with the University, all persons who participated in the creation of the "UWC Procedures" document.

**OBJECTION:**    The defendant objects to this Interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence. The identities of the individuals who participated in the creation of the UWC Procedures approximately ten years ago are irrelevant to the plaintiff's claims. The history of their creation is not "relevant to any party's claim or defense," nor is it "proportional to the needs of the case" when considering the "importance of the discovery in resolving the issues" in this action. **See** FRCP 26(b)(1).

9.    Identify, by name, address and position with the University, the person or persons responsible for ensuring that the University's policies and procedures complies with the current interpretation of Title IX as articulated by the U.S. Office of Civil Rights.

**OBJECTION:**    The defendant objects to this Interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has no way of knowing what the plaintiff means by "the current interpretation of Title IX as articulated by the U.S. Office of Civil Rights." Furthermore, the identities of the persons responsible for ensuring that the University's policies and procedures comply with the "current interpretation" of Title IX as articulated by the U.S. Office of Civil Rights is irrelevant to the claims and defenses of the parties in this action. The UWC procedures that were in effect in 2018 governed the process by which the sexual misconduct complaint initiated by Ms. Doe against the plaintiff was adjudicated. Those UWC procedures are attached hereto and they speak for themselves. Without waiving said objection, the University states that the University Title IX Coordinator, Dr. Stephanie Spangler, is the person who is ultimately responsible for the University's compliance with Title IX.

10.    With regard to the person[s] identified in response to Interrogatory 9, above, identify the attorney[s] who have provided legal advice and guidance in creating and implementing the University's policies and procedures to ensure compliance with Title IX to said person[s] between 2011 and the present day.

**OBJECTION:**    See Objection to Interrogatory #9. The defendant further objects to the Interrogatory because it seeks information protected by the attorney-client privilege. In addition, the identities of the attorneys who have provided legal advice and guidance in creating and implementing the University's policies and procedures to ensure compliance with Title IX over the last nine years are irrelevant to the plaintiff's claims in this action.

11.    a. State the number of claims received by the UWC regarding claims of sexual misconduct by students against students in 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 2018.

**OBJECTION:**    The defendant objects to this Interrogatory because it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

**evidence. The defendant further objects to the extent that the Interrogatory seeks information that is protected from disclosure by state or federal law, including, but not limited to, Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, and/or 52-146s, the Health Insurance Portability and Accountability Act ("HIPAA"), the Family Educational Rights Privacy Act ("FERPA"), and the psychotherapist-patient privilege recognized under federal law. Without waiving said objection, the defendant refers the plaintiff to Yale University's Title IX website, available at https://provost.yale.edu/title-ix, which provides a summary of complaints registered with the UWC. That information is as accessible to the plaintiff as it is to the defendants.**

b. Of the claims tallied in (a) above, state: the number of actions that resulted in expulsion from the University; the number that involved suspension for more than a week; the number of complaints that involved compulsory training or reeducation and the number of claims that were found to be unsubstantiated.

*OBJECTION:*            **See Objection to Interrogatory #11(a).**

c. Of the claims tallied in (a) above, state for each claim the gender of the person making the claim and the person[s] against whom the claim was made.

*OBJECTION:*            **See Objection to Interrogatory #11(a).**

12.    State the names and addresses of all persons whom you intend to call as witnesses in any trial of the claims made in the plaintiff's complaint.

*OBJECTION:*            **The defendant objects to this Interrogatory to the extent that it seeks information that need not be disclosed under the Federal Rules of Civil Procedure, the Local Rules for the District of Connecticut, or the Court's scheduling order. As a practical matter, it is defense counsel who will make the decision as to which witnesses to call at trial, and that will be decided only after the plaintiff's evidence has been completed. Without waiving said objection, the defendant states that it will disclose its trial witnesses as required by the Court.**

13.    Other than expert witnesses who have been retained in anticipation of litigation, state whether you or your representatives or investigators have ever engaged any person to examine, inspect, test, analyze, offer opinions, or perform other activities in anticipation of offering reports or testimony as to the alleged events which are the subject of this lawsuit, or received results from any person engaged by anyone else. If so, state:

a.    the name, address, occupation, and professional qualification of each person;
b.    what the person did;
c.    the date and type of each activity by each person;
d.    the methods employed for each such activity;
e.    the identity of all individuals who were present for said activities; and
f.    the result(s) of said activities, tests or examinations.

***OBJECTION:*** **The defendant objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. The defendant further objects to the extent that the Interrogatory seeks information prepared in anticipation of litigation.**

14.    Did the person identified in the preceding interrogatory submit a report of his/her findings? If so, state:

    a.    the date this report was submitted;
    b.    the name and address of the person, institution or agency to whom this report was submitted; and
    c.    the name and address of each person who has present custody of this report.

***OBJECTION:***    **See Objection to Interrogatory #13.**

15.    If, at the time of the incident alleged in the Complaint, you were covered by an insurance policy under which an insurer may be liable to satisfy part or all of a judgment or reimburse you for payments to satisfy part or all of a judgment, state the following:

    (a)    The name(s) and address(es) of the insured(s);
    (b)    The amount of coverage under each insurance policy;
    (c)    The name(s) and address(es) of said Insurer(s).

***ANSWER:***    **(a)    All named defendants are insured.**

    **(b)    $1,500,000**

    **(c)    Old Republic Union Insurance Company**
        **166 Avenue of the Americas, 41st Floor**
        **New York, NY  10036**

16.    If at the time of the incident which is the subject of this lawsuit you were protected against the type of risk which is the subject of this lawsuit by excess umbrella insurance, or any other insurance, state:

    (a)    The name(s) and address(es) of the named insured;
    (b)    The amount of coverage effective at this time;
    (c)    The name(s) and address(es) of said insurer(s)

***ANSWER:***    **(a)    All named defendants are insured.**

    **(b)    $40,000,000**

    **(c)    United Educators**
        **700 Wisconsin Ave., Suite 500**

**Bethesda, MD 20814**

17.    State whether any insurer, as described in Interrogatories #30 and #31 above, has disclaimed / reserved its duty to indemnify any insured or any other person protected by said policy.

***ANSWER:*** **United Educators has issued a reservation of rights, which applies to both insurance policies identified in response to Interrogatories ## 15 and 16.**

18.    a. Is it the case that the charge to the Yale UWC is to adjudicate the responsibility of a person charged with misconduct by developing an evidentiary record sufficient to allow for a decision by a panel of its members?

***ANSWER:*** **The UWC Procedures describe the role of the UWC in addressing complaints of sexual misconduct and are attached hereto.**

b. From what pool of individuals is the "fact-finder" described in Sec. 7.3 of the UWC Procedures drawn, and what, if any, procedures or rules are in place to assure the neutrality and competence of the "fact-finder"?

***OBJECTION:*** **The defendant objects to this Interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence. The complaint does not include any allegations suggesting that the fact-finder was biased or incompetent. Therefore, the requested information is irrelevant to the plaintiff's claims in this action.**

<u>REQUESTS FOR PRODUCTION</u>

1.  Provide copies of all documents (paper or electronic) created by and/or memorializing the proceedings of the University-Wide Council (hereinafter "UWC") or any other activities of the University which caused the plaintiff to be removed from Yale and to have his student status revoked.

***OBJECTION:*** **The defendant objects to this Request to the extent that it seeks information that is protected from disclosure by state or federal law, including, but not limited to, Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, and/or 52-146s, HIPAA, FERPA, and the psychotherapist-patient privilege recognized under federal law. Without waiving this objection, the defendant will provide responsive, non-privileged documents in its possession regarding Ms. Doe's complaint of sexual misconduct against the plaintiff the suspensions and expulsion of the plaintiff that are not protected by state or federal law from disclosure.**

2.  Provide copies of all documents (paper or electronic) created by and/or stored by any employees of Yale University when they met personally in groups of two or more to

address, discuss or otherwise deliberate about or take action regarding the claims made by "Jane Doe" against Saifullah Khan (as referenced in Interrogatory #3, above).

*OBJECTION:* **See Objection to Request for Production #1.**

3. Provide copies of any and all documents (paper or electronic) created by and/or in the possession of any of the defendants relating to or mentioning the claims of "Jane Doe" against the plaintiff and/or any actions taken or contemplated by the UWC resulting from those claims.

*OBJECTION:* **See Objection to Request for Production #1.**

4. Provide copies of all records (paper or electronic) of any proceedings of the University-Wide Council (hereinafter "UWC"), or any meetings or e-mail exchanges between or among the UWC members and/or any other defendant regarding the claims of "Jane Doe" and/or any activities of the University which caused the plaintiff to be removed from Yale and to have his student status revoked.

*OBJECTION:* **See Objection to Request for Production #1.**

5. Provide copies of all files in the University's possession regarding Saifullah Khan, including but not limited to documents, correspondence, meeting minutes, e-mail exchanges, notes of interviews, financial aid records, letters and/or any written materials obtained by you or your attorneys from any person in which plaintiff is discussed or mentioned.

*OBJECTION:* **The defendant objects because this Interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The Request is unlimited in time, and therefore seeks documents since the plaintiff became a student in 2012. The Request is also unlimited in scope and seeks all documents mentioning the plaintiff. Only the UWC proceedings addressing the plaintiff's complaint of sexual misconduct against the plaintiff, and disciplinary actions related thereto, are relevant to the plaintiff's claims. Engaging in an extensive search for documents from 2010 when the plaintiff applied for admission to Yale University to the present will not produce information that is "relevant to any party's claim or defense," nor is it "proportional to the needs of the case" when considering the "importance of the discovery in resolving the issues" in this action. Engaging in that search will be extremely time consuming and expensive, but it will not produce any evidence that is relevant or admissible, nor would it lead to the discovery of relevant evidence. See FRCP 26(b)(1). Without waiving said objection, the defendant will provide responsive, non-privileged documents in its possession regarding Ms. Doe's complaint of sexual misconduct against the plaintiff and the suspensions and expulsion of the plaintiff that are not protected by state or federal law from disclosure.**

6. Provide copies of all recordings, minutes, notes or other documents generated by or memorializing any UWC proceedings as referenced in Interrogatory #7, above.

9

***OBJECTION:*** **The defendant objects to this Interrogatory because it is overly broad and unduly burdensome in that it is not limited in scope or time. The defendant further objects because the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, particularly since this request is not limited to the plaintiff but would include all students enrolled in any of Yale's 14 different schools during the past nine years. Compliance with this request would require production of documents regarding all UWC proceedings since the inception of the UWC in 2011, likely coming to hundreds of thousands of pages of documents. The only UWC proceedings relevant to the plaintiff's claims are those addressing Ms. Doe's complaint of sexual misconduct against the plaintiff. Engaging in an extensive search for all documents regarding all UWC proceedings since its creation in 2011 will not produce information that is "relevant to any party's claim or defense," nor is it "proportional to the needs of the case" when considering the "importance of the discovery in resolving the issues" in this action. Engaging in that search will be extremely time consuming and expensive, but it will not produce any evidence that is relevant or admissible, nor would it lead to the discovery of relevant evidence. _See_ FRCP 26(b)(1). The defendant also objects to the extent that the Interrogatory seeks information that is protected from disclosure by state or federal law, including, but not limited to, Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, and/or 52-146s, HIPAA, FERPA, and the psychotherapist-patient privilege recognized under federal law. Without waiving this objection, the defendant will provide responsive, non-privileged documents in its possession regarding Ms. Doe's complaint of sexual misconduct against the plaintiff that are not protected by state or federal law from disclosure.**

7.  Provide copies of all documents (defined as above) received from any person mentioned in Interrogatory #12, above.

***OBJECTION:*** **See Objection to Interrogatory #12. Without waiving said objection, the defendant states that it will provide documents from trial witnesses as required under the Federal Rules of Civil Procedure and the Local Rules for the District of Connecticut.**

8.  Provide copies of any documents (defined as above) received from any person mentioned in Interrogatory #13, above.

***OBJECTION:*** **See Objection to Interrogatory #13.**

9.  Provide copies of any reports or other documents (defined as above) referenced in Interrogatory #14, above.

***OBJECTION:*** **See Objection to Interrogatory #14.**

10. Provide copies of all declaration pages from any insurance policy referenced in your response to Interrogatory #14, above.

***ANSWER:*** **The response to Interrogatory #14 does not reference any insurance policies. See response to Request for Production #11.**

11.  Provide copies of all declaration pages from any insurance policy referenced in your response to Interrogatory # 15, above.

*ANSWER:*    **See attached.**

12.  Provide copies of Reservation of Rights letter received from any insurer as referenced in Interrogatory No. 17, above,
.
*ANSWER:*    **See attached.**

13.  Provide copies of all records documenting each and every financial transaction between the University and Saifullah Khan, including but not limited to: invoices, account statements, correspondence regarding financial transactions between the University and Mr. Khan, all bills, any statements of amounts due, any notices, announcements of residential assignments, any records of discussions as to Mr. Khan's financial obligations to the University and as to financial aid to Mr. Khan from any source.

*OBJECTION:*    **The defendant objects to this Request because it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is unlimited in time, and thus seeks documents since the plaintiff became a student in 2012. Engaging in an extensive search for documents from 2010 when the plaintiff applied for admission to Yale University to the present will not produce information that is "relevant to any party's claim or defense," nor is it "proportional to the needs of the case" when considering the "importance of the discovery in resolving the issues" in this action. Engaging in that search will be extremely time consuming and expensive, but it will not produce any evidence that is relevant or admissible, nor would it lead to the discovery of relevant evidence. <u>See</u> FRCP 26(b)(1). Without waiving said objection, the defendant states that it will produce a document showing the charges and payments made on the plaintiff's account with Yale University.**

**THE DEFENDANT,**
**YALE UNIVERSITY,**

BY: <u>/s/ Patrick M. Noonan  (#ct00189)</u>
      Patrick M. Noonan
      Donahue, Durham & Noonan, P.C.
      741 Boston Post Road
      Guilford, CT 06437
      (203) 458-9168
      pnoonan@ddnctlaw.com