# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Saifullah Khan, | |
| Plaintiff, | Civ. No. 3:19-cv–01966-KAD |
| v. | |
| Yale University, et al., | |
| Defendants. | June 6, 2024 |

### DEFENDANT'S OBJECTIONS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED AT YALE UNIVERSITY

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the defendant Yale University objects to the plaintiff's Interrogatories and Requests For Production dated May 9, 2024, because they are (1) untimely and violate the Scheduling Order; (2) duplicative of the first set of written discovery served on, responded to and/or objected to by Yale University; and, (3) with respect to the interrogatories, in excess of the 25-interrogatory limit, even before counting the discrete subparts. For these reasons, and those discussed below as to specific discovery requests, Yale University respectfully objects.

### DEFENDANT OBJECTS TO ALL THE WRITTEN DISCOVERY BECAUSE IT VIOLATES THE RULES, COURT'S ORDERS, AND/OR PARTIES' PLANNING REPORTS

A. Plaintiff's Untimely Written Discovery Violates the Court's Scheduling Order

The defendant objects to each of the plaintiff's interrogatories and requests for production because they were served several months after the expiration of the deadline to serve written discovery. Therefore, they violate the Court's order on pretrial deadlines. Specifically, the Order requires that the parties propound written discovery by January 31, 2024, and the plaintiff's written discovery was

{N5997896}

1

served on May 9, 2024. A brief review of the relevant background will provide additional context.

The parties filed their initial Report of Rule 26(f) Planning Meeting on February 3, 2020. (ECF 16). Unlike subsequent Rule 26(f) Reports, the initial Report did *not* specify a date for service and completion of written discovery. (ECF 16). The Court approved and adopted the Report by Order dated February 5, 2020.[1] (ECF 17). The parties, except for Jane Doe, exchanged written discovery requests.[2]

The proceedings were stayed on February 5, 2021, pending resolution of the plaintiff's appeal concerning the claims against Jane Doe. (ECF 47). After the case was remanded following the appeal, the Court ordered the parties to file an amended Rule 26(f) Report. (ECF 66). In the Rule 26(f) Report, the parties conferred and jointly agreed that "[w]ritten discovery requests will be propounded by January 31, 2024, and written discovery will be substantially completed by July 29, 2024." *See* Joint Report of Rule 26(f) Planning Meeting, entered November 29, 2023 (ECF 67). The Court issued its Order on Pretrial Deadlines on December 4, 2023, whereby "[t]he Rule 26(f) Report is Approved, Adopted, and So Ordered except as set forth below [concerning other deadlines]." (ECF 68).

On December 11, 2023, the parties filed a Joint Motion for Revision of the Rule 26(f) Report, which did *not* seek to amend the written discovery dates. (ECF 70). The Court amended the Scheduling Order on December 13, 2023, and the written discovery dates remained in place. (ECF 71). At *no time* has the plaintiff sought to extend the deadline to propound written discovery requests.[3]

---

[1] The Court initially ordered the completion of discovery by February 26, 2021, which deadline was consistent with the parties' Rule 26(f) Report (ECF 16). (*See* ECF 17, Court Order on Pretrial Deadlines, 2/5/2020).

[2] Plaintiff served written discovery on Yale University on June 19, 2020. The discovery consisted of 18 interrogatories (with subparts) and thirteen requests for production. The plaintiff also served all individual Yale defendants with interrogatories and requests for production. Yale and the individual Yale defendants provided responses, objections, and production to the plaintiff's written discovery. On September 28, 2020, Yale served the plaintiff with interrogatories and requests for production; however, the plaintiff did not respond to the discovery before the case was stayed in February 2021. Having received no response, Yale resent the written discovery to the plaintiff on February 7, 2024, which discovery was identical to the discovery it had served the plaintiff in 2020. Plaintiff has begun providing discovery compliance on or about May 17, 2024.

[3] Plaintiff filed a Motion to Modify the Scheduling Order to extend the date by which all discovery is to be *completed*, including the deposition of expert witnesses, from the current date of April 15, 2025, to October 15, 2025. (ECF
{N5997896}

2

The plaintiff propounded this second set of written discovery on Yale on **May 9, 2024**, more than three months after the January 31st deadline. It contains 8 additional interrogatories, with discrete subparts, and 82 additional requests for production. The written discovery is untimely by several months and violates the Court's Scheduling Orders, which "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 16 advisory committee notes to the 1983 amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

Here, the plaintiff cannot show the good cause necessary to extend the Scheduling Order. "[D]iscovery orders are meant to be followed," *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 853 (2d Cir. 1995), and "[a] party who flouts such orders does so at [its] peril." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988); *see also Edwards v. CoreCivic of Tennessee, LLC*, No. 21cv878-H, 2022 WL 1694427 (S.D. Cal. May 26, 2022) (court denied plaintiff's motion to extend written discovery deadline that plaintiff filed after defendant objected to untimely written discovery); *Murphy v. Cambridge Integrated Services Group, Inc.*, No. AW-08-3224, 2009 WL 10685566 at 3 (D. Maryland Sept. 29, 2009) (court sustained defendant's objection to new discovery served in contravention of Consent Scheduling Order).

For all these reasons, Yale objects to each discovery request.[4]

---

100 and 105, revised to correct scrivener's error) The motion does *not* seek to extend the deadline to propound written discovery. Plaintiff's motions to modify have been referred to Judge Garcia on May 13, 2024 (ECF 110) and are currently pending. Any ruling extending the discovery cut-off date should not act to extend the deadline to propound written discovery. "But contrary to Plaintiff's belief that the written discovery deadline was subsumed within the fact discovery cutoff, the Court's original scheduling order made it abundantly clear that the service of written discovery was governed by a separate deadline." *Edwards v. CoreCivic of Tennessee, LLC*, No. 21cv878-H, 2022 WL 1694427 at *2 (S.D. Cal. May 26, 2022).

[4] Given the General Objections, the defendant is not producing any document. The requirement under Fed. R. Civ. P. 34(b)(2)(C) to state whether any responsive material is withheld "is intended to avoid confusion when a producing party states objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of objections." *Conservation Law Foundation, Inc. v. Shell Oil Co.*, No. 3:21-cv-00933, 2023 WL 5434760 at *7, (D. Conn. Aug. 22, 2023) (internal citations and quotation marks omitted). While there would be no such confusion here, the defendant provides this information to comply with Rule 34(b)(2)(C).

{N5997896}

B.  <u>Plaintiff's Written Discovery Are Unreasonably Duplicative and Cumulative of Plaintiff's First
Set of Written Discovery</u>

The defendant further objects to the untimely written discovery because much of it is

unreasonably duplicative of the written discovery the plaintiff had previously served on Yale

University in 2020. (*See* note 2). Rule 26 permits a court to limit "the frequency or extent of use of the

discovery otherwise allowed" if it determines that "the discovery sought is unreasonably cumulative or

duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i).

"In the Second Circuit, courts have held that discovery becomes unreasonably burdensome

where it is cumulative or duplicative, or is obtainable from some other source that is more convenient,

less burdensome, or less expensive or where the burden or expense of the discovery outweighs its

likely benefit." (internal quotation marks and citations omitted) *DDK Hotels, LLC. v. Williams-

Sonoma, Inc.*, No. 19 cv 226, 2020 WL 13450954 at 2 (E.D.N.Y Feb. 25, 2020). Even a cursory review

shows that the plaintiff's 2024 written discovery is cumulative or duplicative of his 2020 written

discovery.

By way of an example, in 2020, the plaintiff sought copies of all documents created by or in the

possession of any of the defendants "relating to or mentioning the claims of 'Jane Doe' against the

plaintiff and/or any actions taken or contemplated by the UWC resulting from those claims." (*See*

Request No. 3, June 19, 2020). He also requested "copies of all files in the University's possession"

regarding the plaintiff, and all records "documenting each and every financial transaction" between the

university and the plaintiff, including financial aid to the plaintiff. (Requests Nos. 5 and 13, June 19,

2020). The defendant produced hundreds of pages of documents.

In this second set of requests for productions, the plaintiff seeks all documents that relate to the

determination on November 9, 2015 that an emergency suspension of the plaintiff was necessary (No.

13); all documents with the United States Center or Immigration Services regarding the plaintiff (No.

{N5997896}

16); all written communications to plaintiff from any of defendant's agents or employees, and all written communications from plaintiff to any of defendant's agents or employees (Nos. 21 and 22); all documents relating to the plaintiff seeking readmission and his readmission (Nos. 27 and 28); all documents concerning the plaintiff's housing in 2018 (No. 29); all documents relating to the determination on October 7, 2018, that an emergency suspension was necessary (Nos. 36 and 37); and all documents about the plaintiff attending classes as of October 7, 2018 (Nos. 38, 43-44); a copy of all documents provided to the UWC panel (No. 56), the plaintiff's academic transcript (No. 78), documents that refer to any tuition or other fees paid by the plaintiff (No. 79), documents concerning the financial aid provided to the plaintiff by the university (No. 80), and so on.[5]

These requests constitute an abuse of the discovery process by seeking to re-tool prior requests into micro-requests on the very same topics where discovery was already propounded in 2020. If the plaintiff is unsatisfied with the defendant's responses or objections, the proper recourse is to make a good faith effort to resolve those concerns with the defendant and, if there is no resolution, to file the appropriate motion with the court. *See e.g.* D. Conn. L. Civ. R. 37(a). It is *not* to ignore the prior discovery and propound a new set of written discovery seeking similar information. As such, the second set of written discovery is an attempt to harass, annoy, or place an undue burden or expense on the defendant. The defendant, therefore, objects to the plaintiff's service of unreasonably cumulative and duplicative written discovery. To the extent the defendant has objected to the same or similar written discovery in 2020, responsive documents are being held on the basis of this objection.

C. Objection to Interrogatories Because They Violate Rule 33(a) Limiting a Party to No More Than Twenty-Five Written Interrogatories

Rule 33(a) of the Federal Rules of Civil Procedure provides, in part, "[u]nless otherwise

---

[5] There are numerous, other examples throughout the 8 interrogatories and 82 requests for production that are duplicative of the written discovery served in 2020, and are discussed more fully in the objections to specific discovery..
{N5997896}

stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts[.]" Here, the plaintiff has affirmatively and repeatedly reported to the Court that he does **not** request permission to serve more than 25 interrogatories. (*See e.g.* Parties' 26(f) Reports, ECF 16 at p. 7; ECF 67 at p. 7; and ECF 70 at p. 8).

As noted above, this is the second set of written discovery served on Yale by the plaintiff. (See note 2). In the plaintiff's first set of interrogatories, he served <u>18 interrogatories,</u> with discrete subparts. In this this second set of (untimely) interrogatories, he seeks to serve an additional <u>8 interrogatories,</u> with discrete subparts. Therefore, even if the court were to disregard the subparts, which it should not, the plaintiff has exceeded the 25-interrogatory limit. The defendant, therefore, objects on the ground that the plaintiff has violated Rule 33.

"A party seeking leave to serve more than twenty-five interrogatories must demonstrate specifically why each one of the proposed additional interrogatories is necessary." (internal citation omitted) *General Elec. Co. v. Indemnity Ins. Co. of North America*, No. 3:06-cv-232, 2006 WL 1525970 at *3 (D. Conn. May 25, 2006). Given the cumulative and duplicative nature of the second set of written discovery, as discussed above, it is unlikely the plaintiff will be able to demonstrate why any of the proposed additional interrogatories are necessary.

Moreover, the plaintiff's violation of the 25-interrogatory limit is even more egregious when the discrete subparts are counted, as they should be under Rule 33 (a). "An interrogatory's subparts are to be counted as separate and discrete subparts if they are not logically or factually subsumed within and necessarily related to the primary question. … That is, if the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first question and not factually subsumed within and necessarily related to the primary question." (collecting cases; internal citations and quotation marks omitted) *Bartnick v. CSX Transp., Inc.*, No. 1:11-cv-1120, 2012 WL 1565057 at *2 (N.D.N.Y. April 27, 2012). There is no "hard and fast rule,"

{N5997896}

6

and the issue needs to be determined on a case-by-case basis. *Id.*, at \*3.

Here, a conservative review shows that the plaintiff's initial 18 interrogatories have at least seven additional subparts,[6] and the second set of 8 new interrogatories have at least five additional subparts.[7] As such, it appears that the plaintiff has served at least thirty-eight interrogatories without leave of the court.

"To preserve its objection under Rule 33 [defendant] has to object to the number of interrogatories before responding to the interrogatories; otherwise, the responding party could selectively respond to the interrogatories and thereby strategically omit the most prejudicial information." (internal citations and quotation marks omitted) *E.E.O.C. v. Beauty Enterprises, Inc.*, No. 3:01cv378, 2008 WL 3359252 at \*2 (D. Conn. Aug. 8, 2008). Therefore, the defendant does not, as it cannot, answer any of the eight new interrogatories without waiving its objection.

## OBJECTION TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

Defendant objects to the plaintiff's "definitions and instructions" to the extent the plaintiff seeks to impose any obligations on the defendant beyond any obligation required by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure, or any Court Order.

## OBJECTIONS TO SPECIFIC INTERROGATORIES IN ADDITION TO GENERAL OBJECTIONS

While all the Interrogatories are improper and should not be allowed for the reasons stated in the General Objections, the defendant provides specific objections to each Interrogatory in addition to, and without waiving the General Objections, as follows:

1.    Please provide all nicknames, names, code names, codes, or other identifiers used to identify Saifullah Khan in your records.

---

[6] As for the first set of interrogatories, No. 1 has at least 1 discrete subpart; No. 4 has 1 discrete subpart; No. 5 has 1 discrete subpart; No. 6 has 1 discrete subpart; No. 13 has at least 2 discrete subparts; No. 18 has 1 discrete subpart.

[7] As for the second set of interrogatories, No. 3 has at least 1 discrete subpart; No. 4 has at least 1 discrete subpart; No. 7 has at least 2 discrete subparts; No. 8 has at least 1 discrete subpart.

{N5997896}

**Objection**: **The defendant incorporates its General Objections as its Objection to this Interrogatory. Moreover, the defendant objects because the Interrogatory is overly broad in time and scope and unduly burdensome. It seeks a manual review of any unlimited number of records to find information that is neither relevant nor likely to lead to the discovery of admissible evidence, and unduly vague in that it does not define what it means by "code names, codes, or other identifiers."**

      2.      To the extent that any records in your possession regarding Saifullah Khan or responsive to the requests for production included herein have been lost, destroyed, damaged, or altered, please provide the following information:

      a.      Identify all documents that have been lost, destroyed, damaged, or altered;
      b.      State whether the document has been lost, destroyed, damaged, or altered;
      c.      State the dates the document was lost, destroyed, damaged, or altered;
      d.      State the reason(s) that the document was lost, destroyed, damaged, or altered; and
      e.      Identify all person(s) with knowledge regarding the document.

**Objection**: **Defendant incorporates its Objection to Interrogatory No. 1 as its Objection to Interrogatory No. 2.**

      3.      With regard to your denial of Paragraph 27 of the Plaintiff's complaint, please state the following:
      a.      All facts that cause you to deny the allegation;
      b.      All facts that cause you to state that you admit "that some of the students at Yale voiced concerns about how Yale responded to complaints of sexual misconduct."
      c.      Identify "the students at Yale [who] voiced concerns about how Yale responded to complaints of sexual misconduct."
      d.      Identify the "concerns about how Yale responded to complaints of sexual misconduct."

**Objection**: **Defendant incorporates its Objection to Interrogatory No. 1 as its Objection to Interrogatory No. 3. The defendant further objects to this Interrogatory because it is irrelevant, overly broad, not limited in time, vague, and unduly burdensome as it purports to seek "all facts" concerning a paragraph in the complaint that contains multiple vague, confusing, argumentative, and overly broad allegations, such as an allegation that the defendant has "in recent years been subjected to regulatory and public relations scrutiny over how it handles claims of sexual misconduct by male students and male employees"; that the "campus is in the thrall of various claims of identity entitlement"; and that the defendant is "less a place of unbridled intellectual stimulation and more a smug hothouse catering to social justice warriors intent on remaking the world in their own image." (Compl., ¶ 27). Moreover, subsections (c) and (d) of the Interrogatory are overly broad, vague and unduly burdensome in that they seek to have the defendant somehow "identify" the "students at Yale who voiced concerns about how Yale responded to complaints of sexual misconduct" and to "identify" their "concerns."**

**The plaintiff's allegations in Paragraph 27, such as the "campus is in the thrall of various claims of identity entitlement" and the defendant is overly focused on "catering to social justice warriors," are so unclear that the defendant cannot be expected to search for information (and the documents related to this information, which the plaintiff requests in Request for Production No. 3,)**

{N5997896}

8

concerning such imprecise phrases. Engaging in this search is not possible because it is not clear what the plaintiff is saying. Nor is a search for the information (and documents) sought proportional to the needs of the case. Instead, this Interrogatory appears to be more of a search for the plaintiff's arguments than for any "facts." Even if such a search were possible, it would be time consuming, expensive, and will not produce evidence that is relevant or admissible, nor would it lead to the discovery of admissible evidence. *See* Rule 26 (b) (1) of the Federal Rules of Civil Procedure.

To the extent the plaintiff seeks information concerning counsel's communications with clients and/or counsel's thought process or mental impressions in responding to pleadings, the defendant objects on the ground of attorney-client communication privilege and attorney work product.

    4.    With regard to your denial of Paragraph 59 of the Plaintiff's complaint, please state the following:
    a.    All facts that cause you to deny the allegation;
    b.    All facts that cause you to state that you admit "that some individuals expressed their opposition to Mr. Khan returning to Yale;"
    c.    Identify the "some individuals;" and
    d.    Identify how they "expressed their opposition."

**Objection**: **Defendant incorporates its Objection to Interrogatory No. 3 as its Objection to Interrogatory No. 4. The identity of the individuals who expressed opposition to the plaintiff's return to the university and/or 'how' they expressed their opposition is neither relevant to any party's claims or defense, nor proportional to the needs of the case when considering the importance of the discovery in resolving the issues in this matter.**

    5.    Identify all facts to support your determination on November 9, 2015, that emergency suspension was necessary for Saifullah Khan on that date.

**Objection**: **Defendant incorporates its Objection to Interrogatory No. 1 as its Objection to Interrogatory No. 5. Moreover, the defendant objects because the interrogatory is overly broad and unduly burdensome as it seeks "all facts." Moreover, the defendant objects to the extent this Interrogatory is duplicative of the plaintiff's 2020 written discovery, including Interrogatories Nos. 3 and 4, and Requests for Production Nos. 1-6, dated June 19, 2020. The defendant incorporates its Objections dated October 9, 2020, to those interrogatories and requests for production as its Objection to Interrogatory No. 5. Additionally, the defendant objects to the extent the interrogatory seeks information that is irrelevant to the existing claims and defenses.**

    6.    Identify all facts to support your determination on October 7, 2018, that emergency suspension was necessary for Saifullah Khan on that date.

**Objection**: **Defendant incorporates its Objection to Interrogatory No. 5 as its Objection to Interrogatory No. 6.**

    7.    For each complaint of sexual misconduct at Yale University from January 1, 2015 to the present that did not result in a student's emergency suspension or that did not result in a student's expulsion, please state:

{N5997896}

a.  The date(s) of the reported sexual misconduct;
b.  The gender of the complainant and the respondent;
c.  The disposition of the complaint, including any sanctions levied against the respondent (i.e., suspension, expulsion, dismissal, etc.), and the date of the disposition;
d.  The date(s) of any emergency suspension(s) issued against the respondent; and
e.  All facts that you contend justify why, if the disposition was less than expulsion or involved no emergency suspension, the respondent was treated more favorably than the Plaintiff in this matter.

**Objection**: **The defendant incorporates its Objection to Interrogatory No. 5 as its Objection to Interrogatory No. 7. The defendant further objects because this Interrogatory is unduly burdensome, not relevant, overly broad in time because the plaintiff has not been a student since 2018, and overly broad in scope because it is not limited to the plaintiff and seeks information on "each claim of sexual misconduct." It would include all students enrolled in any of the defendant's 14 different schools concerning all complaints of "sexual misconduct" during the past nine years and, therefore, is not proportional to the needs of the case.**

**To the extent the plaintiff seeks "all facts" that "justify" why others were "treated more favorably than" the plaintiff, it is overly broad and not relevant to any party's claims or defenses or proportional to the needs of the case. Engaging in this search would be time consuming and expensive and would not produce information that is relevant, admissible, or likely to lead to the discovery of admissible evidence. To the extent that details of other claims are needed to "justify" different treatment, it would require a time consuming and manual review of each file and would violate the privacy rights of non-party students and former students, including rights under state or federal law, including Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, and/or 52-146s, the Health Insurance Portability and Accountability Act (HIPAA), the Family Education Rights Privacy Act (FERPA), and the psychotherapist-patient privilege recognized under federal law.  The disclosure of this information (and the documents related to this information, which the plaintiff requests in Request for Production No. 7,) would require the disclosure of protected and highly sensitive information concerning non-parties.**

**The defendant also objects because this Interrogatory is duplicative of and cumulative to Interrogatory No. 11 and Request for Production No. 6 of the plaintiff's first set of interrogatories and requests for production, dated June 19, 2020. As such, it is both improper and unnecessary. (*See* General Objections). The defendant herein incorporates its October 9, 2020 Objections to Interrogatory No. 11 and Request No. 6, including its objection concerning information protected from disclosure by state or federal law, including Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, and/or 52-146s, the Health Insurance Portability and Accountability Act (HIPAA), the Family Education Rights Privacy Act (FERPA), and the psychotherapist-patient privilege recognized under federal law.**

**Finally, to the extent the plaintiff seeks a summary of complaints registered with the UWC, the defendant objects because this information is available online and is as accessible to the plaintiff as it is to the defendant.**

{N5997896}

10

8.      For each complaint of sexual misconduct at Yale University from January 1, 2015 to the present that did result in a student's emergency suspension or that did result in a student's expulsion, please state:

      a.    The date(s) of the reported sexual misconduct;

      b.    The gender of the complainant and the respondent;

      c.    The disposition of the complaint, including any sanctions levied against the respondent (i.e., suspension, expulsion, dismissal, etc.), and the date of the disposition;

      d.    The date(s) of any emergency suspension(s) issued against the respondent; and

      e.    All facts that you contend justified the emergency suspension(s) or expulsion.

**Objection**: **The defendant incorporates its Objection to Interrogatory No. 7 as its Objection to Interrogatory No. 8.**

## OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION

While all Requests for Production are improper and should not be allowed for the reasons stated above in the General Objections, the defendant provides specific objections to each Request in addition to, and without waiving the General Objections, as follows:

1.      All documents relied upon, reviewed, or referenced in your answer to interrogatory #1.

**Objection: The defendant objects to this request because it seeks documents concerning an interrogatory that is both untimely served and exceeds the allowed limit for interrogatories. (*See* General Objections). Because the interrogatory is improperly served, any request for documents concerning the interrogatory is also improper. The defendant further objects to the request to the extent it seeks information protected by the work product doctrine and the attorney-client privilege.**

2.      All documents relied upon, reviewed, or referenced in your answer to interrogatory #2.

**Objection: The defendant incorporates its Objection to Request for Production No. 1 as its Objection to Request for Production No. 2.**

3.      All documents relied upon, reviewed, or referenced in your answer to interrogatory #3.

**Objection: The defendant incorporates its Objection to Request for Production No. 1 and Interrogatory No. 3 as its Objection to Request for Production No. 3. The defendant also objects to the extent the Request seeks to have the defendant create documents not in existence, as the information sought is not information routinely maintained in the ordinary course of business. *See Sweeney v. Post University*, No. 3:17 cv 1844, 2019 WL 13293554 at \*5 (D. Conn. Nov. 12, 2019) ("The defendants are correct that 'Rule 34 cannot be used to compel a party to produce a document that does not exist.") (internal quotation marks and citations omitted); *see also*,**

{N5997896}

11

*Hallmark v. Cohen & Slamowitz, Midland Funding LLC*, No. 11-cv-842S(F), 2014 WL 5017859 at *5 (W.D.N.Y. Oct 8, 2014) ("It is basic that in responding to a document production request, pursuant to Fed. R. Civ. P. 34(a), a party is not required to create documents meeting the document requests, only to produce documents already in existence").

    4.     All documents relied upon, reviewed, or referenced in your answer to interrogatory #4.

<u>Objection</u>: **The defendant incorporates its Objection to Request for Production No. 1 and Interrogatory No. 4 as its Objection to Request for Production No. 4.**

    5.     All documents relied upon, reviewed, or referenced in your answer to interrogatory #5.

<u>Objection</u>: **The defendant incorporates its Objection to Request for Production No. 1 and Interrogatory No. 5 as its Objection to Request for Production No. 5.**

    6.     All documents relied upon, reviewed, or referenced in your answer to interrogatory #6.

<u>Objection</u>: **The defendant incorporates its Objection to Request for Production No. 1 and Interrogatory No. 6 as its Objection to Request for Production No. 6.**

    7.     All documents relied upon, reviewed, or referenced in your answer to interrogatory #7.

<u>Objection</u>: **The defendant incorporates its Objection to Request for Production No. 1 and Interrogatory No. 7 as its Objection to Request for Production No. 7, including its objection based on FERPA, HIPAA, and the fact that the disclosure of the information requested would violate the privacy rights of non-party students.**

**The defendant further objects to the extent the Request seeks to have the defendant create documents not in existence, as the information sought is not information routinely maintained in the ordinary course of business.** *See Sweeney v. Post University*, **No. 3:17 cv 1844, 2019 WL 13293554 at *5 (D. Conn. Nov. 12, 2019) ("The defendants are correct that 'Rule 34 cannot be used to compel a party to produce a document that does not exist.") (internal quotation marks and citations omitted);** *see also*, *Hallmark v. Cohen & Slamowitz, Midland Funding LLC*, **No. 11-cv-842S(F), 2014 WL 5017859 at *5 (W.D.N.Y. Oct 8, 2014) ("It is basic that in responding to a document production request, pursuant to Fed. R. Civ. P. 34(a), a party is not required to create documents meeting the document requests, only to produce documents already in existence").**

    8.     All documents relied upon, reviewed, or referenced in your answer to interrogatory #8.

<u>Objection</u>: **The defendant incorporates its Objection to Request for Production No. 1 and Interrogatory No. 8 as its Objection to Request for Production No. 8.**

    9.     All documents in your custody, possession, or control that shows how students voiced concerns about how Yale responded to complaints of sexual misconduct as referenced in your response to paragraph 27 of the complaint in this matter.

<u>Objection</u>: **In addition to the General Objections, the defendant objects to this request because it**

{N5997896}

is overly broad, unduly burdensome and not proportional to the needs of the case because it seeks "[a]ll documents." Such a document request "often is a red flag for overbreadth and undue burden." *Conservative Law Foundation, Inc. v. Shell Oil Co.*, No. 3:21-cv-00933, 2023 WL 5434760 at *21 (D. Conn. Aug. 22, 2023), *citing Hedgeye v. Risk Management, LLC v. Dale*, No. 21-cv-3687, 2023 WL 4353076 at *2 (S.D.N.Y. July 5, 2023); *see also S.E.C. v. Ahmed*, No. 3:15-cv-675, 2018 WL 1541902 at *2 (D. Conn. Mar. 29, 2018) ("A large portion of the document requests seek the production of 'all documents' relating to various issues. Courts have often found that such blanket requests are overbroad and impermissible.")

The defendant further objects because the request is overly broad and unduly burdensome because it is unlimited in time and scope. Moreover, engaging in an extensive search for all documents showing how students voiced concerns about the defendant's responses to all complaints of sexual misconduct will not produce information that is relevant to any party's claims or defenses and/or is not proportional to the needs of the case. *See also Connecticut Municipal Electric Energy Cooperative v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 3:19-cv-839, 2020 WL 6074204 at *9 (D. Conn. Oct. 15, 2020) ("The 2015 advisory committee notes to Rule 26 of the Federal Rules of Civil Procedure specifically acknowledge that the proportionality analysis will sometimes preclude a party from obtaining information that would otherwise be discoverable.") Engaging in that search will be extremely time consuming and expensive, but will not produce any evidence that is relevant, admissible or will lead to the discovery of admissible evidence.

Finally, the defendant incorporates its Objections to Interrogatory Nos. 3 and 7, as its Objection to Request No. 9, including its objection that a search for documents is not feasible because the phrases the plaintiff uses (such as "the thrall of various claims of identity entitlement" and "catering to social justice warriors") are, at absolute minimum, vague, argumentative, ambiguous, and cannot be reasonably translated to discrete and reasonable searches for documents.

     10.    All documents related to your denial of Paragraph 30 of the complaint.

**Objection:** In addition to the General Objections, the defendant objects to this request because it is overly broad, unduly burdensome and not proportional to the needs of the case because it seeks "[a]ll documents." Such a document request "often is a red flag for overbreadth and undue burden." *Conservative Law Foundation, Inc. v. Shell Oil Co.*, No. 3:21-cv-00933, 2023 WL 5434760 at *21 (D. Conn. Aug. 22, 2023). The defendant additionally objects because this Request will not produce relevant documents or documents proportional to the needs of the case as it seeks documents from "late 2010 and early 2011," which were before the plaintiff was a student, about alleged conclusions of the Office of Civil Rights, which is not a party to this action.

The defendant also objects because the Request is unduly vague and overly broad in that it does not specify which allegation in paragraph 30 of the complaint the plaintiff seeks documents. To the extent the Request seeks information about how the defendant responded to a pleading, it is protected by the work product doctrine and the attorney-client privilege.

     11.    A copy of the open letter referenced in Paragraph 33 of the complaint.

**Objection:** In addition to the General Objections, the defendant objects on the ground that the letter is not relevant or likely to lead to the discovery of admissible evidence. Moreover, the

{N5997896}

**defendant objects on the ground that the document is as available to the plaintiff as it is to the defendant.**

12.    All communications between Yale University Police Department, Yale University employees, the New Haven Police Department, and the State's Attorney's Office, from November 1, 2015 to November 9, 2015, concerning Saifullah Khan or any allegation related to Saifullah Khan.

**Objection: In addition to the General Objections, the defendant objects because this Request is overly broad and unduly burdensome in that it seeks "[a]ll communications." The defendant also objects on the grounds that this Request is duplicative of and cumulative to the plaintiff's initial written discovery request propounded in 2020, especially Requests for Production Nos. 1-5, seeking information concerning allegations against the plaintiff. As such, Request No. 12 is improper. (See General Objections). Defendant incorporates its Objections to Requests No. 1-5, dated October 9, 2020, as if fully set forth herein. In addition, the defendant objects on the basis of relevance and proportionality because only certain UWC proceedings, and certain disciplinary actions related thereto, are relevant to the plaintiff's complaints. Moreover, the defendant objects on the ground that the documents are as available to the plaintiff as they are to the defendant.**

**Finally, The defendant objects to the extent the Request seeks documents concerning other individuals that are protected from disclosure by state or federal law, including Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, and/or 52-146s, the Health Insurance Portability and Accountability Act (HIPAA), the Family Education Rights Privacy Act (FERPA), and the psychotherapist-patient privilege recognized under federal law. Defendant also objects to the extent this Request may seek the production of documents protected by the attorney client privilege and/or attorney work product.**

13.    All documents that relate to your determination on November 9, 2015, that emergency suspension was necessary for Saifullah Khan on that date.

**Objection: The defendant incorporates its Objection to Request No. 10. In addition, the defendant objects because this Request is cumulative to and duplicative of the plaintiff's prior written discovery served on June 19, 2020, especially Requests for Production Nos. 1-5, and the defendant incorporates its objections (dated October 9, 2020) thereto. As such, this Request is improper. (See General Objections). Moreover, to the extent the documents were provided to the plaintiff, the defendant objects on the ground that the documents are as available to the plaintiff as they are to the defendant. The defendant further objects to the extent this Request seeks documents that are not relevant to the existing claims and defenses.**

**In addition, the defendant objects to the extent the Request seeks documents concerning other individuals that are protected from disclosure by state or federal law, including Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, and/or 52-146s, the Health Insurance Portability and Accountability Act (HIPAA), the Family Education Rights Privacy Act (FERPA), and the psychotherapist-patient privilege recognized under federal law. Defendant objects to the extent this Request may seek the production of documents protected by the attorney client privilege and/or attorney work product.**

14.    The entire investigative file of the Yale University Police Department regarding the

{N5997896}

allegations made against Saifullah Khan on November 1, 2015 or to the arrest warrant dated November 10, 2015.

**Objection: The defendant incorporates its Objection to Request No. 12 as its Objection to Request No. 14, as if fully set forth herein. In addition, the defendant objects to this Request because the documents requested are already in the plaintiff's access and control, or, to the extent the documents are not, the documents are equally assessable to him.**

15.    All written documents and recorded statements taken by the Yale University Police Department or otherwise in your custody, control, or possession regarding the allegations made against Saifullah Khan on November 1, 2015 or to the arrest warrant dated November 10, 2015.

**Objection: In addition to the General Objections, the defendant incorporates its Objection to Request No. 14 as its Objection to Request No. 15.**

16.    All communications with the United States Center for Immigration Services regarding Saifullah Khan from 2012 to the present.

**Objection: In addition to the General Objections, the defendant objects to this request because it is overly broad, unduly burdensome and not proportional to the needs of the case because it seeks "[a]ll communications" to the United States Center for Immigration Services. Moreover, the Request is cumulative of and duplicative of the plaintiff's 2020 written discovery, especially Request for Production No. 5 from 2020, which seeks copies of all files in the defendant's possession regarding the plaintiff. Therefore, this Request is improper. The defendant incorporates its Objection to Request No. 5 (dated October 9, 2020) as if fully set forth herein.**

**The defendant further objects because the Request is overly broad and unduly burdensome in that it seeks documents from a 12-year period. Only certain UWC proceedings addressing the complaint against the plaintiff, and certain disciplinary actions related thereto, are relevant to the plaintiff's claims. Engaging in an extensive search for documents from 2012 when the plaintiff became a student to the present will not produce information that is relevant to any claim or defense and is not proportional to the needs of the case when considering the importance of the discovery in resolving the issues in this action. Engaging in that search will be unduly burdensome and expensive and will not lead to the discovery of relevant evidence. *See* FRCP 26(b)(1).**

17.    All communications with the SEVIS - Student and Exchange Visitor Program - regarding Saifullah Khan from 2012 to the present.

**Objection: In addition to the General Objections, the defendant incorporates its Objection to Request No. 16 as its Objection to Request No. 17.**

18.    All written communication between Joe Gordon and David Post regarding Saifullah Khan in November 2015.

**Objection: In addition to the General Objections, the defendant objects to the extent the Request seeks written communications concerning other individuals that are protected from disclosure by state or federal law, including Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-**

{N5997896}

146p, 52-146q, and/or 52-146s, the Health Insurance Portability and Accountability Act (HIPAA), the Family Education Rights Privacy Act (FERPA), and the psychotherapist-patient privilege recognized under federal law. The defendant further objects to the extent this Request seeks documents that are not relevant to the existing claims and defenses.

19.    All petitions, letters, or other written communications, correspondence, or documents protesting Saifullah Khan's readmission to Yale University during 2018.

**Objection: In addition to the General Objections, the defendant incorporates its Objections to Interrogatory No. 3 and Request No. 9 as its Objection to Request No. 19.**

20.    All correspondence between members of the Yale Daily News and employees of Yale University during 2015 through the present.

**Objection: In addition to the General Objections, the defendant objects on the grounds that the Request is irrelevant, overly broad in time and scope and unduly vague and burdensome on its face as it seeks "all correspondence" over a nine-year period between any current or former member of the Yale Daily News, which is not a party to this action, and any current or former employee of the university on any topic for any reason. Only certain UWC proceedings addressing the complaint of sexual misconduct against the plaintiff, and certain disciplinary actions related thereto, are relevant to the plaintiff's complaint. The Yale Daily News undoubtably asks employees of Yale for comments on matters of all kind, such as how the football team is expected to perform in a given season, but those matters have nothing to do with this case.**

**Engaging in an expensive and time-consuming search for correspondence on matters irrelevant, not likely to lead to the discovery of admissible evidence, and not proportional to the needs of the case, will not produce information relevant to any party's claim or defenses.**

21.    All written communications from Saifullah Khan to any of your agents or employees during 2017, 2018, and 2019.

**Objection:  In addition to the General Objections, the defendant objects on the grounds that the Request seeking "[a]ll written communications" is overly broad and unduly burdensome. Moreover, the defendant objects because the Request is duplicative of, and cumulative to the June 19, 2020 written discovery, especially Requests No. 1-6, and 13. As such, this Request is improper. (*See* General Objections). The defendant incorporates its Objections to Requests Nos. 1-6 and 13, dated October 9, 2020, as its Objection to this Request. The defendant also objects because the communications sought were previously produced and/or are as available to the plaintiff as to the defendant. The defendant further objects to the extent this Request seeks documents that are not relevant to the existing claims and defenses.**

22.    All written communications from any of your agents or employees to Saifullah Khan in 2017 and 2018.

**Objection: In addition to the General Objections, the defendant incorporates its Objection to Request No. 21 as its Objection to Request No. 22.**

23.    All documents concerning the distribution of condoms or other contraceptives on the Yale University campus during 2015 to the present.

**Objection: In addition to the General Objections, the defendant objects on the grounds that the Request is overly broad in time and scope and unduly vague and burdensome on its face as it seeks "all documents" concerning the distribution of condoms or other contraceptives on the defendant's campus over a nine-year period. First, requests seeking "all documents" are often considered a "red flag for overbreadth and undue burden."** *Conservative Law Foundation, Inc. v. Shell Oil Co.,* **No. 3:21-cv-00933, 2023 WL 5434760 at \*21 (D. Conn. Aug. 22, 2023).**

**Second, the request is overly broad and unduly burdensome in that it brings within its scope documents created, maintained and/or distributed by former and current students, former employees, faculty and staff, and others that are neither in the possession nor control of the defendant or which could not be found absent a lengthy, expensive, and likely unproductive, search.**

**Third, the Request seeks information on matters not relevant or material, not likely to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Only certain UWC proceedings addressing the complaint of sexual misconduct against the plaintiff, and certain disciplinary actions related thereto, are relevant to the plaintiff's complaint. There is no claim or defense concerning condoms, condom usage or distribution. Engaging in an expensive and time-consuming search for documents concerning condoms will not lead to the discovery of admissible evidence and will not produce information relevant to any party's claim or defenses.**

24.    All records of Jane Doe's counseling at The Yale Women's Center.

**Objection: In addition to the General Objections, the defendant objects on the grounds that the Request is overly broad in time and scope and unduly vague and burdensome on its face as it seeks "all records" concerning counseling of Jane Doe. The defendant further objects to this Request on the ground that it seeks information protected from disclosure by state or federal law, including Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, and/or 52-146s, the Health Insurance Portability and Accountability Act (HIPAA), the Family Education Rights Privacy Act (FERPA), and the psychotherapist-patient privilege recognized under federal law. Additionally, the defendant objects because Jane Doe is not seeking any claim for damages, as such, any information sought for her counseling is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.**

25.    All records of any kind relating to the meeting between Jane Doe and David Post referred to in your response to Paragraph 46 of the complaint.

**Objection: The defendant incorporates its Objection to Request No. 24 as its Objection to Request No. 25.**

26.    All documents related to your inability to admit or deny Paragraph 56 of the Plaintiff's complaint.

**Objection: The defendant incorporates its Objection to Request No. 10 as its Objection to Request**

{N5997896}

**No. 26. In addition, the defendant objects to this Request because it is irrelevant, unduly vague and overly burdensome in that paragraph 56 of the complaint makes several allegations, including allegations concerning the mindset of the criminal jury and of alleged "#MeToo activists."**

` 27.    All documents relating to the Plaintiff's seeking readmission to Yale University during 2017 and 2018.

**Objection:  The defendant incorporates its Objection to Request No. 13 as its Objection to Request No. 27.**

28.    All documents concerning Saifullah Khan's readmission to Yale University in 2018.

**Objection: The defendant incorporates it Objection to Request No. 13 as its Objection to Request No. 28.**

29.    All documents concerning Saifullah Khan's housing at Yale University in 2018.

**Objection: The defendant incorporates it Objection to Request No. 13 as its Objection to Request No. 29.**

30.    All documents concerning or otherwise showing or demonstrating your contention that "Mr. Khan delayed requesting housing until after all space had been taken by others, and therefore no campus housing was available for him," contained in your response to Paragraph 58 of the Plaintiff's complaint.

**Objection: In addition to the General Objections, the defendant objects on the grounds that the Request is overly broad and unduly burdensome as it seeks "all documents" "concerning or otherwise showing or demonstrating" a so-called "contention." Requests seeking "all documents" are often considered a "red flag for overbreadth and undue burden."** *Conservative Law Foundation, Inc. v. Shell Oil Co.*, **No. 3:21-cv-00933, 2023 WL 5434760 at \*21 (D. Conn. Aug. 22, 2023),** *citing Hedgeye v. Risk Management, LLC v. Dale*, **No. 21-cv-3687, 2023 WL 4353076 at \*2 (S.D.N.Y. July 5, 2023);** *see also S.E.C. v. Ahmed*, **No. 3:15-cv-675, 2018 WL 1541902 at \*2 (D. Conn. Mar. 29, 2018) ("A large portion of the document requests seek the production of 'all documents' relating to various issues. Courts have often found that such blanket requests are overbroad and impermissible.")**

31.    All documents of any kind concerning the October 5, 2018 visit by Yale University Police to Saifullah Khan.

**Objection: In addition to the General Objections, the defendant incorporates its Objection to Request No. 14 as its Objection to Request No. 31.**

32.    All correspondence of any kind between any agent or employee of Yale University and any member of the Yale University Police Department concerning Saifullah Khan on the days of October 4, 5, 6, 7, or 8, 2018.

**Objection:  In addition to the General Objections, the defendant incorporates its Objection to**

{N5997896}

18

**Request No. 14 as its Objection to Request No. 32.**

33.    All correspondence or other documents evidencing correspondence between Saifullah Khan and any agent or employee of Yale University on the days of October 4, 5, 6, 7, or 8, 2018.

**Objection: In addition to the General Objections, the defendant incorporates its Objection to Request No. 21 as its Objection to Request No. 33.**

34.    All documents concerning the October 7, 2018 request for Saifullah Khan to meet with members of the Yale administration.

**Objection: The defendant incorporates its Objection to Request No. 14 as its Objection to Request No. 34. Moreover, the defendant objects to this Request because it seeks "[a]ll documents" and, as such, is overly broad and unduly burdensome.**

35.    All documents that you contend support or that will be used to support your allegation that "Mr. Khan refused to meet with members of the Yale administration on October 7, 2018" contained in your response to Paragraph 64 of the Plaintiff's complaint.

**Objection: The defendant incorporates its Objection to Request No. 34 as its Objection to Request No. 35. Moreover, the defendant objects on the ground that the Request is overly vague and confusing because it seeks information concerning the defendant's answer to Paragraph 64 of the plaintiff's complaint that alleges, in part: "On Sunday morning, October 7, 2018, at approximately 8 a.m., Mr. Khan was asked to come to campus to meet with members of the Yale administration. Mr. Khan informed the administration he would not do so . …" (emphasis added). As such, the information sought is as available to the plaintiff as it is to the defendant.**

36.    All documents that relate to your determination on October 7, 2018, that emergency suspension was necessary for Saifullah Khan on that date.

**Objection: The defendant incorporates its Objection to Request No. 34 as its Objection to Request No. 36.**

37.    All documents that relate to any contention that suspension of Saifullah Khan on October 7, 2018, "appears necessary for [Mr. Khan's] physical and emotional safety and well-being and/or the safety and well-being of the university community."

**Objection: The defendant incorporates its Objection to Request No. 34 as its Objection to Request No. 37.**

38.    All documents that you contend contain credible evidence that permitting Saifullah Khan to attend classes as of October 7, 2018 posed a threat of harm to Mr. Khan or to anyone affiliated with Yale University.

**Objection: The defendant incorporates its Objection to Request No. 34 as its Objection to Request No. 38. In addition, the defendant objects on the ground that any determination of whether a document "contain[s] credible evidence" requires a legal analysis and, therefore, seeks information**

{N5997896}

19

**protected by the attorney work product doctrine and/or the attorney client communication privilege.**

39.     All documents that you contend contain reasons to suspect that Saifullah Khan was a danger to himself or others as of October 7, 2018.

**Objection: The defendant incorporates its Objection to Request No. 38 as its Objection to Request No. 39.**

40.     All documents that you contend support your denial of Paragraph 67 of the Plaintiff's complaint.

**Objection: In addition to the General Objections, the defendant incorporates its Objection to Request No. 38 as its Objection to Request No. 40. Specifically, the allegation of paragraph 67 of the complaint alleges, in part, the legal conclusion that "Mr. Khan's suspension was pre-textual … ." The defendant further objects because the Request is irrelevant, vague, overly broad and unduly burdensome in that it seeks "all documents" on allegations, such as "the bitter disappointment of many Yale students and faculty that Brett Kavanaugh was expected to be confirmed as a Justice on the United States Supreme Court, and an alleged "prevailing culture of over-heated sensibilities regarding claims of sexual assault shared by many students at Yale and expressed under the then-common hashtag #MeToo." As such, the Request is not likely to lead to the discovery of admissible evidence and not proportional to the needs of the case.**

**The defendant also objects to the extent the Request seeks to have the defendant create documents not in existence, as the information sought is not information routinely maintained in the ordinary course of business. *See Sweeney v. Post University*, No. 3:17 cv 1844, 2019 WL 13293554 at *5 (D. Conn. Nov. 12, 2019) ("The defendants are correct that 'Rule 34 cannot be used to compel a party to produce a document that does not exist.") (internal quotation marks and citations omitted); *see also*, *Hallmark v. Cohen & Slamowitz, Midland Funding LLC*, No. 11-cv-842S(F), 2014 WL 5017859 at *5 (W.D.N.Y. Oct 8, 2014) ("It is basic that in responding to a document production request, pursuant to Fed. R. Civ. P. 34(a), a party is not required to create documents meeting the document requests, only to produce documents already in existence").**

41.     All documents that placed Yale University on notice that Saifullah Khan intended to seek judicial relief and an investigation from the federal Department of Education for violations of the law arising from Title IX as of October 2018.

**Objection: The defendant incorporates its Objection to Request No. 40 as its Objection to Request No. 41. Additionally, the defendant objects because the documents are not relevant or material to the claims and defenses of the parties and not likely to lead to the discovery of admissible evidence. As such the Request is not proportional to the needs of the case.**

42.     A copy of Saifullah Khan's request to Yale University for permission to attend classes with an escort after his suspension in October 2018.

**Objection: The defendant incorporates its Objection to Request No. 34 as its Objection to Request No. 42. Moreover, the document requested is as available to the plaintiff as it is to the defendant.**

{N5997896}

The defendant further objects because the Request is duplicative of and cumulative to the plaintiff's 2020 written discovery, including Requests Nos. 1-5, and 13, and is improper. (*See* General Objections). The defendant incorporates its Objections, dated October 9, 2020, to Requests 1-5 and 13 of the plaintiff's 2020 discovery.

43.    A copy of your response, if any, to Saifullah Khan's request for permission to attend classes with an escort after his suspension in October 2018.

**Objection: The defendant incorporates its Objection to Request No. 42 as its Objection to Request No. 43.**

44.    All documents relating to your denial of Saifullah Khan's request to Yale University for permission to attend classes with an escort after his suspension in October 2018.

**Objection: The defendant incorporates its Objection to Request No. 42 as its Objection to Request No. 44.**

45.    Documents sufficient to show how many times individuals who have been accused of sexual misconduct at Yale University have requested to attend classes with an escort for safety purposes.

**Objection: In addition to the General Objections, the defendant objects because the Request is overly broad and unduly burdensome in time and scope. The request is not at all limited to any time period or to any specific type of "sexual misconduct" and, therefore, it is overly broad and unduly burdensome on its face.**

**The defendant further objects on the ground that the information sought about students are not relevant to any of the party's claims or defenses or proportional to the needs of the case. The only UWC proceeding that is relevant is the one involving the plaintiff.**

**The defendant also objects because the Request seeks to have the defendant create a document or generate reports not in existence, as the information sought is not information routinely maintained in the ordinary course of business.** *See Sweeney v. Post University*, No. 3:17 cv 1844, 2019 WL 13293554 at \*5 (D. Conn. Nov. 12, 2019) **("The defendants are correct that 'Rule 34 cannot be used to compel a party to produce a document that does not exist.")** (internal quotation marks and citations omitted); *see also, Hallmark v. Cohen & Slamowitz, Midland Funding LLC*, No. 11-cv-842S(F), 2014 WL 5017859 at \*5 (W.D.N.Y. Oct 8, 2014) **("It is basic that in responding to a document production request, pursuant to Fed. R. Civ. P. 34(a), a party is not required to create documents meeting the document requests, only to produce documents already in existence").**

**Finally, the defendant incorporates its Objections to Interrogatory No. 7 and Request for Production No. 7, including its objection to providing documents that implicate the privacy rights of non-parties, including rights protected by FERPA and HIPAA, as its Objection to Request No. 45.**

46.    Documents sufficient to show how many times Yale University has permitted a student accused of sexual misconduct at Yale University to attend classes with an escort for safety purposes.

{N5997896}

**Objection: The defendant incorporates its Objection to Request No. 45 as its Objection to Request No. 46.**

47.     Documents sufficient to show how many times Yale University has denied a student who was accused of sexual misconduct permission to attend classes with an escort for safety purposes.

**Objection: The defendant incorporates its Objection to Request No. 45 as its Objection to Request No. 47.**

48.     A copy of the psychiatric evaluation referred to in Paragraph 71 of the Plaintiff's complaint.

**Objection: In addition to the General Objections, the defendant objects because the psychiatric evaluation, and its appendix, to which the plaintiff refers in paragraph 71 of his Complaint was provided to counsel for the plaintiff when it was provided to the counsel for the university. Moreover, the defendant produced the evaluation in its 2020 discovery production. (*See* Bates Nos. Yale 000379 – Yale 000410). As such, it is in the plaintiff's possession and control, and is as accessible to the plaintiff as it is to the defendant. The defendant further incorporates its Objection to Request No. 42 as its Objection to Request No. 48.**

49.     Documents sufficient to show what agents or employees of Yale University had access to the psychiatric evaluation referred to in Paragraph 71 of the Plaintiff's complaint.

**Objection: The defendant incorporates its Objection to Request No. 48 as its Objection to this request. In addition, the defendant objects because the Request is not relevant, reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. The defendant's agents or employees who had access to the plaintiff's psychiatric evaluation are not relevant to the claims and defenses of the parties to this action.**

50.     All written correspondence or documents of any kind related to psychiatric evaluation referred to in Paragraph 71 of the Plaintiff's complaint.

**Objection: In addition to the General Objections, the defendant objects because the Request seeks "all written communications or documents" and is, therefore, overly broad and unduly burdensome. Moreover, documents concerning the plaintiff's psychiatric evaluation are not relevant to the claims and defenses of the parties to this action; as such, the defendant incorporates its Objection to Request No. 49 as its Objection to this Request.**

51.     All documents related to the claims reported by the Yale Daily News in October 2018 regarding Saifullah Khan.

**Objection: In addition to the General Objections, the defendant objects on the grounds that the Request is overly broad and unduly burdensome in that it seeks "all documents" related "to the claims reported" about the plaintiff in October 2018 by the Yale Daily News, which is not a party to this action. The defendant objects because the request is not proportional to the needs of the case. There are no claims raised against the Yale Daily News; therefore, the defendant objects on**

{N5997896}

the ground that the Request is not relevant to any claim or defense in this action and is not reasonably calculated to lead to the discovery of admissible evidence. Read literally, this Request asks the defendant to produce every email every student wrote forwarding a copy of the article. The defendant incorporates its Objection to Request No. 20 as its Objection to Request No. 51.

52.    All correspondence between any agent or employee of Yale University and any agent or employee of law enforcement located in Washington, D.C., or Indianapolis, Indiana, concerning Saifullah Khan during the years 2018 to the present.

**Objection: In addition to the General Objections, the defendant objects on the grounds that this request is overly broad in time and scope, overly vague, unduly burdensome, and not relevant to any claim or defense in this matter. The plaintiff seeks "all correspondence" with two out-of-state law enforcement agencies, for a six-year period of time, by any "agent" or employee of the defendant. As such, the request is not proportional to the needs of the case. To the extent the plaintiff is seeking information prepared by counsel as "agent" for the defendant in preparation for trial, the defendant further objects on the ground of attorney work product and attorney client communication privilege. Any information sought by the plaintiff concerning correspondence with the agents or employees of law enforcement agencies is as available to the plaintiff as it is to the defendant.**

53.    All correspondence between any agent or employee of Yale University and any agent or employee of law enforcement other than law enforcement located in Washington, D.C. or Indianapolis, Indiana, concerning Saifullah Khan during the years 2018 to the present.

**Objection: The defendant incorporates its Objection to Request No. 52 as its Objection to Request No. 53.**

54.    All documents that support or that will otherwise be introduced at trial concerning your denial of Paragraph 74 of the Plaintiff's complaint.

**Objection: In addition to the General Objections, the defendant objects because the Request for "all documents" is overly broad and unduly burdensome. The defendant further objects on the ground that the Request is confusing, overly vague and broad in it does not specify which allegation(s) of paragraph 54 for which he seeks documents. The defendant further objects to the extent this Request seeks documents that are not relevant to the existing claims and defenses.**

**Additionally, the defendant objects to the extent the plaintiff seeks information protected by the attorney work product doctrine, and the defendant will produce documents as required by the Court.**

55.    A copy of Jane Doe's UWC complaint that was heard in November 2018.

**Objection: In addition to the General Objections, the defendant objects on the ground that the document is in the plaintiff's possession and is as assessable to the plaintiff as to the defendant. Additionally, the defendant objects because the Request is duplicative of and cumulative to the plaintiff's 2020 written discovery, including Requests Nos. 1, 3, and 5, and has been previously produced by the defendant. (*See* Bates No. Yale 000099).**

{N5997896}

23

56.     A copy of all documents provided to members of the UWC panel that heard Jane Doe's complaint in November 2018 in preparation for the hearing in November 2018.

**Objection: The defendant incorporates the Objection to Request No. 55 as its Object to Request No. 56. In addition, the defendant objects because this is overly broad and unduly burdensome in that it seeks "all documents." The defendant further objects because the Request is duplicative of and cumulative to the plaintiff's 2020 written discovery, including Requests for Production Nos. 1-5, and 13. (*See* General Objections). The defendant incorporates its Objections to the 2020 written discovery, which Objections are dated October 9, 2020, as its Objections to this Request.**

57.     All documents that you contend demonstrate or otherwise show that the Plaintiff was afforded due process at the November 2018 UWC hearing.

**Objection: The defendant incorporates its Objection to Request No. 56 as its Objection to Request No. 57. The defendant further objects to the extent the Request is unduly vague and confusing by seeking "all documents" that the defendant "contend[s]" somehow demonstrates or otherwise shows the plaintiff was "afforded due process."**

58.     Any notes taken by any member of the UWC during the November 2018 hearing.

**Objection: The defendant incorporates its Objection to Request No. 56 as its Objection to Request No. 58.**

59.     Any minutes or other documents that portray or otherwise memorialize to the conduct of the UWC hearing in November 2018.

**Objection: The defendant incorporates its Objection to Request No. 56 as its Objection to Request No. 59.**

60.     All documents considered by the UWC panel in rendering its decision in November 2018.

**Objection: The defendant incorporates its Objection to Request No. 56 as its Objection to Request No. 60.**

61.     All emails, letters, and other written correspondence or document from students or alumni that expressed concern that Yale University did not take seriously the complaints of female students about sexual assaults by male students in the possession of the following custodians, during the time period of August 2013 to December 2019:

    1. Peter Salovey
    2. Jonathan Halloway
    3. Marvin Chun
    4. Joe Gordon
    5. David Post
    6. Mark Solomon
    7. Ann Kuhlman

{N5997896}

24

8. Lynn Cooley
9. Paul Genecin
10. Stephanie Spangler
11. Sarah Demers
12. Carole Goldberg
13. Jasmina Beserivic Regan
14. Margaret Clark
15. Detective Paul Sires
16. Sgt. Marnie Robbins-Hoffman
17. Detective Lori Feola
18. Detective Jennifer Herten
19. Detective Christopher Cofrancesco
20. Brian Donnelly (retired)

**Objection: In addition to the General Objections, the defendant incorporates its Objections to Interrogatories 3 and Requests for Production Nos. 3, 4, 9, 11, 19, and 26, as its Objection to Request No. 61.**

**Request No. 61 is a classic fishing expedition. Plaintiff demands that Yale search for all correspondence (and documents) on a vague and broad topic sent to twenty people over more than a six-year period. This search alone would require inordinate amounts of time and return thousands upon thousands of false hits that would need to be reviewed individually, such as every email sent to David Post, the longtime chair of the UWC, that referenced phrases like "sexual assault."**

62.    All complaints of any kind made to Yale University, its agents, employees, faculty, staff, or affiliates, that in any way reference the plaintiff, whether filed under Title IX or made in any other format, since January 2014.

**Objection: In addition to the General Objections, the defendant objects because the Request is overly broad in time and scope, unduly vague, and overly burdensome in that it seeks "all complaints of any kind" to the university, "its agents, employees, faculty, staff, or affiliates" that "in any way reference the plaintiff." As drafted, this Request would include such irrelevant "complaints" such as a noise complaint from a dorm-mate. Moreover, the Request would require an extensive and expensive search that is not proportional to the needs of the case. To the extent the plaintiff includes the defendant's counsel as an "agent," the defendant objects on the grounds of attorney work product and/or attorney client privilege.**

63.    Any joint defense agreement between Yale University, or any of its agents or employees, and the Jane Doe defendant in this matter.

**Objection: In addition to the General Objections, the defendant objects on the ground of attorney work product and/or attorney client privilege. *See, e.g., United States v. Bicoastal Corp.*, No. 92-CR-261, 1992 WL 693384, at \*6 (N.D.N.Y. Sept. 28, 1992) ("This court does find that the disclosure of the existence of such an agreement would be an improper intrusion into the preparation of the defendants' case. Thus, this court will deny any motion by the Government to be provided with any joint defense agreement should one exist").**

{N5997896}

25

64.     Documents evidencing the training of the following individuals regarding the handling of complaints of sexual misconduct and compliance with Title IX, from 2015 to the present:

     a.   Peter Salovey
     b.   Jonathan Halloway
     c.   Marvin Chun
     d.   Joe Gordon
     e.   David Post
     f.   Mark Solomon
     g.   Ann Kuhlman
     h.   Lynn Cooley
     i.   Paul Genecin
     j.   Stephanie Spangler
     k.   Sarah Demers
     l.   Carole Goldberg
     m.   Jasmina Beserivic Regan
     n.   Margaret Clark
     o.   Detective Paul Sires
     p.   Sgt. Marnie Robbins-Hoffman
     q.   Detective Lori Feola
     r.   Detective Jennifer Herten
     s.   Detective Christopher Cofrancesco
     t.   Brian Donnelly (retired)

**Objection: In addition to the General Objections, the defendant objects because this request is duplicative of and cumulative to the plaintiff's 2020 written discovery that sought information and documents on training and Title IX compliance in Interrogatories Nos. 5, 6, 9, and 18, dated June 19, 2020. (*See* General Objections). The defendant incorporates its Objections to Interrogatories Nos. 5, 6, 9, and 18, dated October 9, 2020, as its Objection to Request No. 64. Moreover, the defendant objects on the ground that the Request is not relevant, overly broad in time and unduly burdensome because it covers a nine-year period, six years of which the plaintiff was no longer a student.**

65.     Your current training materials regarding the handling of complaints of sexual misconduct and compliance with Title IX.

**Objection: The defendant incorporates its Objection to Request No. 64 as its Objection to Request No. 65.**

66.     Yale University's Daily Crime Logs, if any, for October 31, November 1, and November 2, 2015.

**Objection: In addition to the General Objections, the defendant objects on the ground that the Request seeking logs of crimes unrelated to the plaintiff is overly broad, not relevant to any claims or defenses, and not likely to lead to the discovery of admissible evidence. As such, it is not proportional to the needs of the case. Additionally, the defendant objects on the ground that plaintiff seeks information on individuals other than Mr. Khan, and that information is protected**

{N5997896}

from disclosure by state or federal law, including Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, 52-146s, and/or 31-128f, the Health Insurance Portability and Accountability Act (HIPAA), the Family Education Rights Privacy Act (FERPA), and the psychotherapist-patient privilege recognized under federal law.

67.    All documents and communications referring to the number and nature of all sexual misconduct allegations reported to Yale University from January 1, 2015 to the present.

**Objection: The defendant incorporates its Objections to Interrogatories 7 and 8 and Requests No. 7, 8 and 66 as its Objection to Request No. 67. In addition, the defendant objects on the grounds that Request No. 67 is overly broad in time and scope and unduly burdensome because it seeks "all documents and communications" from January 2015 to the present referring to the number and nature "of all sexual misconduct investigations." The Request seeks documents and communications of sexual misconduct allegations not involving the plaintiff and, therefore, is not relevant, not likely to lead to the discovery of admissible evidence, and not proportional to the needs of the case. To the extent the information sought is available online, the information is as accessible to the plaintiff as it is to the defendant.**

**To the extent that the plaintiff's request for "[a]ll documents" seeks documents that include identifying information, the defendant objects on the ground that the information is protected from disclosure by state or federal law, including Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, and/or 52-146s, the Health Insurance Portability and Accountability Act (HIPAA), the Family Education Rights Privacy Act (FERPA), and the psychotherapist-patient privilege recognized under federal law.**

68.    For the reports identified in response to request #66, all documents and communications referring to the number of cases adjudicated by the UWC and the date(s) of all such adjudications.

**Objection: The defendant incorporates its Objection to Request No. 67 as its Objection to Request No. 68. In addition, the defendant objects to the request because it requests "all documents and communications ... of all such adjudications" and, therefore, is overly broad in time and scope and unduly burdensome. The defendant objects because the Request seeks documents and communications concerning cases adjudicated by the UWC that do not involve the plaintiff and, therefore, is not relevant, not likely to lead to the discovery of admissible evidence, and not proportional to the needs of the case.**

69.    For the reports identified in response to request #66, all documents and communications referring to the number of students found responsible and the types of sanctions levied in each year from January 1, 2015 to the present.

**Objection: The defendant incorporates its Objection to Request No. 68 as its Objection to Request No. 69.**

70.    For the reports identified in response to request #66, all documents and communications referring to the gender of the complainant and respondent in each year from January 1, 2015 to the present.

{N5997896}

27

**Objection: The defendant incorporates its Objection to Request No. 68 as its Objection to Request No. 70.**

71.    All documents and communications referring to the number of male students found responsible for sexual misconduct and the sanctions levied in each year from January 1, 2015 to the present.

**Objection: The defendant incorporates its Objection to Request No. 68 as its Objection to Request No. 71.**

72.    All documents and communications referring to the number of female students found responsible for sexual misconduct and the sanctions levied in each year from January 1, 2015 to the present.

**Objection: The defendant incorporates its Objection to Request No. 70 as its Objection to Request No. 72.**

73.    All evidence collected in relation to the complaint(s) made against Saifullah Khan from 2015 to 2018.

**Objection: In addition to the General Objections, the defendant objects on the grounds that the Request seeks "all evidence" at an early stage and before defendant is required to produce such information. Defendant will comply with any obligation required by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure, or any Court Order. Defendant further objects because the term "evidence collected" is unduly vague and overly broad. To the extent the plaintiff seeks documents protected by the attorney work production doctrine and/or the attorney client privilege, defendant objects. The defendant further objects to the extent this Request seeks documents that are not relevant to the existing claims and defenses.**

74.    All annual security reports containing campus crime statistics for Yale University pursuant to the Jeanne Clery Act, from January 1, 2012 to the present.

**Objection: In addition to the General Objections, the defendant objects to Request No. 74 because it is irrelevant and overly broad in time—a period of more than 12 years—and in scope. The defendant also incorporates its Objection to Request No. 67 as its Objection to this Request.**

75.    All documents and communications that were relied upon by Yale University in drafting its sexual misconduct policies from January 1, 2015 to the present.

**Objection: In addition to the General Objections, the defendant objects on the ground that the Request for "[a]ll documents and communications" relied upon in draft sexual misconduct policies from 2015 to the present is irrelevant, overly broad in time and scope, unduly vague, and unduly burdensome. To the extent the plaintiff seeks documents about policies relied upon for any period other than the policies which were being applied to the claims against the plaintiff, the Request is neither relevant nor likely to lead to the discovery of admissible evidence. As such, the Request is not proportional to the needs of the case. The defendant further objects on the ground that the**

{N5997896}

**Request is duplicative of the information sought in the plaintiff's 2020 written discovery, especially Interrogatories Nos. 8-10, which seeks information on persons who participated in creating the UWC procedures and responsible for ensuring that the defendant's policies and procedures comply with "the current interpretation of Title IX ... ." The defendant incorporates its Objections to Interrogatories Nos. 8-10, dated October 9, 2020, as its Objection to this Request No. 75.**

76.    All Title IX training materials used to instruct Yale University faculty members, staff, and other employees from January 1, 2015 to the present.

**Objection: The defendant incorporates its Objection to Request No. 64 as its Objection to Request No. 76.**

77.    All documents and communications related to Title IX complaints made by Jane Doe other than the complaint made against Saifullah Khan in 2015, if any.

**Objection: In addition to the General Objections, the defendant objects because this Request seeks irrelevant information and is overly broad and unduly burdensome in that it seeks "[a]ll documents and communications" related to Title IX complaints by Jane Doe other than the complaint made against the plaintiff in 2015, if any. To the extent the plaintiff is seeking "all documents and communications" for any complaint not involving the plaintiff, the defendant further objects because the Request is overly broad and not relevant to any party's claims or defenses. The only Title IX complaints relevant to the plaintiff's claims are those addressing Ms. Doe's complaint of sexual misconduct against the plaintiff and, more specifically, Ms. Doe's 2018 complaint. To the extent the plaintiff is seeking the 2018 complaint by Ms. Doe concerning the plaintiff, the defendant objects on the ground that the Request is duplicative of and cumulative to the plaintiff's 2020 written discovery, including Requests No. 1-6, and incorporates its Objections dated October 9, 2020, to those Requests, as its Objection to Request No. 77.**

**The defendant also objects to the extent the Request seeks information protected from disclosure by state or federal law, including, but not limited to, Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 56-146k, 52-146o, 52-146p, 52-146q, and/or 52-146s, HIPAA, FERPA, and the psychotherapist-patient privilege recognized by federal law.**

78.    Plaintiff's academic transcript.

**Objection: The defendant incorporates its General Objections as its Objection to Request No. 78.**

79.    All documents that refer to any tuition or other fees paid by the Plaintiff to Yale University.

**Objection: In addition to the General Objections, the defendant objects on the ground that the Request is irrelevant, overly broad and unduly burdensome in that it seeks all documents that refer to any tuition or other fees paid by the plaintiff to the defendant. The defendant further objects because the Request is duplicative of and cumulative to the plaintiff's written discovery, dated June 19, 2020, including Request for Production No. 13, which seeks, in part, "copies of all records documenting each and every financial transaction between the University and [plaintiff], including but not limited to: invoices, account statements, correspondence regarding financial transactions**

{N5997896}

29

between the University and Mr. Khan, all bills, any statements of amounts due … any records of discussions as to Mr. Khan's financial obligations to the University and as to financial aid to Mr. Khan from any source." (*See* General Objections). The defendant incorporates its Objection, dated October 9, 2020, to Request No. 13, as its Objection to this Request.

80.    All documents concerning the financial aid provided to the Plaintiff by Yale University.

**Objection: The defendant incorporates its Objection to Request No. 79 as its Objection to Request No. 80.**

81.    All documents transmitted by any agent or employee of Yale University, including counsel, to the Connecticut Superior Court, Judicial District of New Haven, Honorable Judge Jon C. Blue, during 2015-2018.

**Objection: In addition to the General Objections, the defendant objects on the ground that the Request is overly broad in both time and scope, vague, and unduly vague and burdensome in that it seeks "[a]ll documents" transmitted by "any agent or employee … including counsel" on any topic. The defendant further incorporates its Objection to Request No. 12 as its Objection to this Request. The defendant objects because the Request seeks documents not limited to the plaintiff's existing claims or any defenses and, therefore, the Request is neither relevant to any claim or defense nor likely to lead to the discovery of admissible evidence. To the extent the plaintiff seeks information or documents from counsel, the defendant objects on the ground of attorney work product and/or the attorney client communication privilege. In addition, the defendant objects to the extent the plaintiff seeks information about individuals other than the plaintiff, and that information is protected from disclosure by state or federal law, including Conn. Gen. Stat. §§ 52-146c, 52-146d, 52-146e, 52-146k, 52-146o, 52-146p, 52-146q, 52-146s, and/or 31-128f, the Health Insurance Portability and Accountability Act (HIPAA), the Family Education Rights Privacy Act (FERPA), and the psychotherapist-patient privilege recognized under federal law.**

82.    All documents transmitted by any agent or employee of Yale University, including counsel, to the New Haven State's Attorney's Office, during 2015-2018.

**Objection: The defendant incorporates its Objection to Request No. 81 as its Objection to Request No. 82.**

THE DEFENDANT, YALE UNIVERSITY

By: _____
Giovanna Tiberii Weller (ct11187)
Patrick M. Noonan (ct00189)
Carmody Torrance Sandak & Hennessy LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509
Phone: 203-777-5501
Fax: 203-784-3199
Email: gweller@carmodylaw.com
Email: pnoonan@carmodylaw.com

## CERTIFICATION OF SERVICE

This is to certify that on June 6, 2024, the foregoing Objections were served, by e-mail, on all counsel of record, as follows:

Plaintiff's Counsel:

Norman A. Pattis, Esq.
Pattis and Associates, LLC
383 Orange Street- First Floor
New Haven, CT 06511
npattis@pattislaw.com

Alexander T. Taubes
470 James Street, Suite 007
New Haven, CT 06513
alextt@gmail.com

Defendant Jane Doe's Counsel:

James M. Sconzo, Esq.
Brendan N. Gooley, Esq.
Carlton Fields, P.A.
One State Street, Suite 1800
Hartford, CT 06103
jsconzo@carltonfields.com
bgooley@carltonfields.com

Giovanna Tiberii Weller

{N5997896}

31