# **EXHIBIT K**

# Maria L. Laurato

| | |
|---|---|
| **From:** | Giovanna Tiberii Weller |
| **Sent:** | Wednesday, October 16, 2024 3:31 PM |
| **To:** | Alex Taubes; Brendan Gooley (bgooley@carltonfields.com) |
| **Cc:** | Giovanna Tiberii Weller; Jennifer R. Peschell |
| **Subject:** | RE: [EXTERNAL] Summary/notes of our last meeting |
| **Attachments:** | Yale-Khan - 9.25.24 Meet and Confer notes (N6022005).docx |

Hi Alex,

I had hoped to send my notes of our 9/25 meet and confer before I left for vacation but was unable to do so. I returned to the office yesterday and reviewed my notes. You will also see that I added a couple of updates (in red). Please let me know if the summary/notes comport with your understanding of our discussion. If they do, I ask that you provide the agreed-upon information as soon as possible and I will do the same.

Best, Giovanna

**Giovanna Tiberii Weller** | Bio
**Carmody Torrance Sandak & Hennessey LLP**
195 Church Street | New Haven, CT 06510
Direct: 203-575-2651 | Fax: 203-784-3199
GWeller@carmodylaw.com | www.carmodylaw.com
Pronouns: she, her, hers


**From:** Alex Taubes <alextt@gmail.com>
**Sent:** Monday, October 14, 2024 3:52 PM
**To:** Brendan Gooley (bgooley@carltonfields.com) <bgooley@carltonfields.com>; Giovanna Tiberii Weller <GWeller@carmodylaw.com>; Jennifer R. Peschell <JPeschell@carmodylaw.com>
**Subject:** [EXTERNAL] Summary/notes of our last meeting

Hi Brendan and Giovanna,

Unless I missed it, I haven't seen a summary/notes from our last meeting. If you have, can you please send them around?

Best regards,
Attorney Alex Taubes

--
**Alexander T. Taubes**
**470 James Street, Suite 007**
**New Haven, CT 06513**
**(203) 909-0048** » alextt@gmail.com » taubeslaw.com
*My emails' contents are confidential. If you received this email by accident, please let me know and then delete it. Thank you.*

This electronic message contains information from Carmody Torrance Sandak & Hennessey LLP, or its attorneys, which may be confidential, privileged or otherwise protected from disclosure. The information is intended to be used solely by the recipient(s) named. If you are not an intended recipient, be aware that any review, disclosure, copying, distribution or use of this transmission or its contents is prohibited. If you have received this transmission in error, please notify us immediately at 203-573-1200 or at the reply

email address. For more information about Carmody Torrance Sandak & Hennessey LLP, please go to http://www.carmodylaw.com

**Yale/Khan – Notes re: Meet and Confer on September 25, 2024 Meet and Confer**

Alex Taubes
Giovanna Weller
Brendan Gooley
Jennifer Peschell

**The notes are listed in order of the discussion:**

1. **Dr. ▮ authorization/records deficiency:**

    - Giovanna has not received Dr. ▮'s records due to Khan submitting an alternate authorization directly to Dr. ▮ that apparently only allowed for a treatment summary. Alex e-mailed Dr. ▮ (with a cc to Giovanna) and included the original authorization signed by Khan to obtain all records. Giovanna requested a date certain to receive the records. **To date (10/16), Dr. ▮ has not produce her records.**

2. **Yale production:**

    - Giovanna produced additional health records received via authorizations.

3. **IRS Rejection letter:**

    - Giovanna showed the rejection notice from IRS to Alex. The notice stated that the reason for the rejection was provided to Khan. Alex agreed to ask Khan if he's received any correspondence from the IRS and will circle back with the reason for the rejection.

4. **Khan's recordings and transcripts of phone conversations with Yale employees:**

    - Giovanna again requested all "recordings and transcriptions" of any communications with Yale, as requested in Yale's Requests for Production. Alex indicated that Khan has searched and does not have any additional recordings other than the 2 recordings listed on the supplemental privilege log. When shown SAIFKHAN 1760, where Khan stated that he recorded phone calls, Alex stated that he believes Khan was referring to the UWC interview.

    - Alex said he will confirm whether Khan recorded any telephone calls other than those on the privilege log and that those are the only recordings that ever existed.

    - Please note that Khan, in SAIFKHAN1792, stated "...*I have kept all my communications with Yale in letters and email, and the **couple phone conversations** have all been recorded and transcribed*". (emphasis added). Even if the UWC interview was conducted via telephone, it seems from Khan's email that there are others neither produced nor listed on any privilege log.

5. **UWC hearing recording and transcript:**

    o Alex does not believe there is a transcript of the recording of the hearing, but will confirm. If there is no transcript, Alex agreed to contact reporter to get a quote on transcribing recording and will get back to us. Alex proposed splitting the cost 3 ways, and Brendan and Giovanna agreed. Once there is a transcript, Alex can redact any privileged communications between Khan and Norm, and provide a redacted copy of the transcript. The parties could then, if possible, narrow any dispute to the redacted language. **The parties preserved all rights on this and other issues, including their right to challenge any redactions.**

6. **Peter Roe text messages:**

    o Giovanna took the time to put in chron order, Alex requested copy of chron version, Giovanna will consider request and get back to Alex. There are messages that are clearly missing. Alex will ask Khan about any missing text messages. **Giovanna will provide Alex with the messages in order; Alex, please provide the missing text messages.**

7. **Social media Facebook/Instagram (and others):**
    o Giovanna to provide search terms. Brendan inquired about agreement for an updated twitter export. Alex indicated he will work on it if we get him search terms. **The parties need to discuss how the data will be collected; all rights reserved.**

8. **Yale ESI:**
    o Yale agreed to adding J.Killheffer for a total of <u>16 custodians</u> and accepted all of Khan's proposed search terms and date ranges; however, Yale will not remove its initially proposed date ranges to the extent they do not overlap. Yale is not inclined to make any more changes, and Alex indicated that Yale's offer appears reasonable to him. Alex will consult with Khan and advise of Khan's position on ESI.

9. **Khan's Yale inbox and additional personal e-mail addresses- search terms/J.Doe inbox search terms:**

    o Giovanna and Alex will work on proposed search terms. Also requests Khan to search three additional personal email accounts and will propose additional search terms for that. There is an outstanding question as to who's property Khan's Yale inbox is and whether Khan has full access to it. Alex believes Khan should be able to see it; Jane's counsel expressed concern about turning it to Khan. This was tabled for future discussions.

    o Alex will propose search terms for Jane's inbox and each side will exchange simultaneously.

10. **Immigration authorization:**

    o   Alex to produce additional immigration documents obtained pursuant to a FOIA request submitted by Khan. If it is not complete, Brendan will search for authorization and reach out to Alex if he does not have it.

11. **Employment records authorization:**

    o   Brendan to resend authorization and send a list of employers to Alex.

12. **Other sexual misconduct:**

    o   Brendan believes production was deficient on Jane's Interrogatory and Request #10, which request a list of other sexual misconduct. Alex states that Khan's position is that there are no other allegations of sexual misconduct (other than Peter Roe and Jane). Brendan referenced remark in video re: complaints, Alex believes Khan was referring to the fact that people filed complaints about him coming back to school, not of a sexual nature. Khans position that there are no other allegations of sexual misconduct and no one else has accused him of that.

13. **Brendan's request for Khan's travel (what has he been doing):**

    o   Brendan states he entitled to basic information and travel information. Alex believes it should be explored through deposition. Alex suggests tabling until Khan has received more production. Tabled for now, all rights reserved, will revisit.

14. **FACE email requests:**

    o   Giovanna believes there are more FACE e-mails than what was produced. She referred to SAIFKHAN-2951 - 8/2020 email with John Doe, who expressed concerns about FACE emails being discoverable and suggested Khan delete everything FACE related. The parties will formulate search terms tailored to FACE.

15. **Proposed Post-Production schedule:**

    o   Alex proposed introducing an agreed- to post-production schedule which will include rough timeline to respond and schedule depositions. i.e. "x number of days after production". Giovanna will speak with Pat. Alex would like to exchange post-production schedule and ESI in tandem.

**Finally, the parties reserved all rights on all issues discussed.**