UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAIFULLAH KHAN,<br>　*Plaintiff*, | ) CASE NO. 3:19-cv-01966 (KAD)<br>)<br>) |
| v. | )<br>) |
| YALE UNIVERSITY, *et al*,<br>　*Defendants*. | ) MAY 12, 2025<br>) |

**ORDER**

**RE: ORDER TO SHOW CAUSE (ECF NO. 269); MOTION TO SEAL EXHIBITS (ECF NO. 278)**

Kari A. Dooley, United States District Judge:

On February 3, 2025, the Court issued an order requiring the parties to, in light of the presumption of public access to court documents recognized by federal courts, show cause as to why the sealed filings cited by the Court in its Memorandum of Decision denying Defendants' emergency motions for judgment of dismissal, ECF No. 265,[1] should not be unsealed, either in whole or in part. *See* Order to Show Cause, ECF No. 269. These filings included the documents and sub-documents at ECF Nos. 74, 75, 77, 96, 103, 114, 123, 157, and 166.

Defendant Doe responded to the Court's order, arguing that her privacy interest, coupled with Plaintiff's potential efforts to "inflict harm on [her] outside of the judicial process," and his "attempts to disseminate … inaccurate information" that would not be admissible at trial are sufficient to overcome the common law and First Amendment presumptions of access with respect to nine of the documents at issue. Def. Doe's Resp. ("Doe Resp."), ECF No. 277 at 1–2, 4–5. Specifically, she requests that six of the sealed documents—ECF Nos. 75, 103-1, 114-4, 123-1,

---

[1] *See also Khan v. Yale Univ.*, No. 19-CV-01966 (KAD), 2025 WL 328791.

157-1[2], and 166—be re-docketed as publicly available but with certain specified redactions, and that a further three—ECF Nos. 75-10, 103-7, and 123-2—remain sealed in their entirety. *Id.* at 4-5.

The remaining defendants (collectively, the "Yale Defendants") adopt and incorporate by reference Defendant Doe's arguments. They add that protecting Doe's identity through the proposed sealing and redactions is vital to ensuring true confidentiality for Yale students who report allegations of sexual misconduct pursuant to university procedures. Yale Def.'s Resp., ECF No. 280, at 1. If the confidentiality required by Yale's internal processes ends when litigation begins, they argue, Yale's students would be discouraged from reporting sexual misconduct. *Id.*

Plaintiff did not respond to the Court's order, nor did he object to Defendants' proposed sealings and redactions. His deadline to do so has long passed.

**Discussion**

Federal courts recognize two "presumptions in favor of public access to court proceedings and records," one based on the First Amendment, and one based in federal common law. *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). The Court articulated the framework under which courts must evaluate these presumptions in its Order to Show Cause. *See* ECF No. 269 at 2–3. And the Court has already found that the presumption in favor of public access to the documents in question is strong. *Id.* at 3. Defendant Doe, with the agreement of the Yale Defendants, identified nine discreet documents that, in their view, should remain sealed or partially sealed through redaction, thereby narrowing the scope of the Court's assessment. The Court must therefore determine whether there are "high values" and "competing considerations" which

---

[2] Doe seeks partial sealing of ECF No. 157-2, which she attaches as Exhibit E to her response to the Order to Show Cause. ECF No. 277- 5. The document in question is Plaintiff's opposition to Doe's second motion for judgment of dismissal. However, that document appears at ECF No. 157-1, and indeed, there is no document docketed at ECF No. 157-2. This Order shall refer to ECF No. 157-1.

outweigh the presumption of access as to those documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

All of Doe's proposed sealings and redactions save one are requested to protect her identity. *See* Doe Resp. at 4–5. She seeks not only to prevent her name from being divulged via court documents, but also to prevent the disclosure of information that could lead a reader to online locations where her name has been revealed and connected to this case. Privacy interests are a "venerable common law exception to the presumption of access." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Indeed, this Court has already recognized the vitality of Doe's privacy interests when deciding to permit her to proceed pseudonymously. *See* ECF Nos. 12, 119. When weighing privacy interests against the right to public access, courts must consider "the degree to which the subject matter is traditionally considered private rather than public," and ""[t]he nature and degree of the injury" that may result from disclosure. *Id*. "Protecting the identity of sexual assault survivors and the details of their assaults is traditionally considered private and has been widely recognized as a compelling reason to limit public access to judicial documents." *Doe 1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 397 (S.D.N.Y. 2024) (collecting cases).[3]

The Court's consideration of the "nature and degree of the injury" to which Doe would be subjected if her identity was revealed relates to Doe's second argument for sealing, that doing so

---

[3] Plaintiff was charged by the State of Connecticut with sexual assault in the first degree and acquitted following a jury trial. *See* Pl.'s Mem. in Opp'n to Emergency Mot. to Dismiss, ECF No. 157-1, at 1–2 (redacted version at ECF No. 279-5). However, a party's conviction for a sexual crime is not a prerequisite for the opposing party to proceed pseudonymously or for limiting access to judicial documents when such allegations are at issue. Indeed, adjudication of Plaintiff's defamation claims against Doe will necessarily involve a re-litigation of her assault allegations. And at least one court in this circuit has, though in the context of a habeas petition and in order to shield the identities of third-party victims, determined that redacting the names of alleged sexual assault victims was appropriate even when the petitioner had been acquitted of the charged sex crimes. *See McCord v. Reardon*, No. 20-CV-2005 (EK), 2020 WL 8642132, at *2 (E.D.N.Y. Nov. 30, 2020); *McCord v. Reardon*, No. 20-CV-2005 (EK), 2020 WL 5342637, at *1 (E.D.N.Y. Sept. 4, 2020).

3

would "deter misconduct by Plaintiff and other litigants." Doe Resp. at 3. "Court's need not aid "personal vendettas," *Amodeo*, 71 F.3d at 1051, nor permit judicial documents "to gratify private spite or promote public scandal with no corresponding assurance of public benefit." *Mirlis,* 952 F.3d at 56 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978)). Doe has supplied enough evidence for the Court to conclude that her concerns regarding "misconduct" are valid. Plaintiff himself wrote in an email, which Doe obtained in discovery and in which he discussed Doe, that he "will do everything I can to get her to break," to include ensuring that her name circulates in news articles on the internet "for years to come." Ex. C to Doe's Resp., ECF No. 279-3 at 4. A court may deny public access "where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, in this case and at this stage, protecting Doe's identity from public disclosure is a "higher value" that outweighs the public presumption of access, and justifies narrowly tailored sealing and redaction of the documents in question.[4] Finally, the Yale Defendants' concern for the vitality of Yale's process for protecting students who bring allegations of sexual misconduct is a tangible and compelling basis upon which to protect Doe's identity.

The Court has reviewed the redactions and sealings proposed by Defendant Doe, and is required to make "specific, on-the-record findings that sealing is necessary to preserve higher values." *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). Continued sealing of these documents must also be "narrowly tailored to achieve that aim." *Id.* at 47. The Court has reviewed each of the documents individually and addresses them in turn.

**Specific Findings**

---

[4] As the Court concludes that Doe's privacy interests and misconduct concerns adequately support her request for sealing, the Court need not reach her third argument for sealing—that the disclosure of certain, allegedly inadmissible information contained in the documents would, if disclosed, endanger her right to a fair trial. Doe Resp. at 4.

4

*Partial Sealing/Proposed Redactions*

- ECF No. 75: Doe proposes redacting seven words on page seven which "identify where someone reposted Jane's name and thus could allow a reader to identify Jane's name by telling the reader where to look for Jane's name." Doe Resp. at 4. The Court finds that the proposed redaction is narrowly tailored and is necessary to protect Doe's privacy.

- ECF No. 103-1: Doe suggests redacting certain words and a screenshot of a social media site because "the words and screenshot discuss a repost of Jane's name that could allow a reader to identify Jane." The Court finds that the proposed redaction is narrowly tailored and is necessary to protect Doe's privacy.

- ECF No. 114-4: This document is an email written by Plaintiff, submitted as an exhibit to Doe's sur-reply in support of her motion to continue anonymity at ECF No. 103. In the portion that Doe would leave publicly available, Plaintiff discusses his motivations for including Doe in this action, evincing his desire to ensure her name circulates in news articles "for years to come." The redacted sections include, *inter alia*, what Doe describes as "inaccurate, vile allegations… that Plaintiff seeks to use to harass Jane." Doe. Resp. at 5. Though the redacted sections do not reveal Doe's identity, Plaintiff did not object to the redactions and the material that Doe seeks to conceal is certainly "traditionally considered private rather than public," and could be used to "gratify public spite" if publicized. The Court therefore finds that the redactions are narrowly tailored to protect Doe's privacy.

- ECF No. 123-1: The redactions in this document are appropriate for the same reasons articulated with respect to ECF No. 103-1, above. Due to the nature of this filing, the redactions are more frequent than in previous documents. Nonetheless, they are as narrowly tailored as circumstances allow.

- ECF No. 166: The redactions in this document are appropriate for the same reasons articulated with respect to ECF No. 103-1, above.

- ECF No. 157-1: All of the proposed redactions on or after page four are appropriate for the same reasons articulated with respect to ECF No. 103-1, above. However, Doe also proposed several redactions on pages one and two. She seeks to redact Plaintiff's reference to the docket number of Plaintiff's state criminal case, the name of the Court reporter who generated the transcript of Plaintiff's trial, the date that Doe testified, and a page of the transcript on which her name appears. *See* ECF No. 279-5 at 1–2. These redactions present a closer call. Connecticut courts are subject to their own regulations for safeguarding the privacy of sexual assault victims, *see, e.g.,* Conn. Gen. Stat. § 54-86e, and this Court is loath to interfere or infringe on what is traditionally the state court's domain. *See Howard v. City of Rochester*, 758 F. Supp. 3d 109, 120–21 (W.D.N.Y. 2024). Further, the facts that a criminal trial occurred, that Plaintiff was acquitted, that Doe testified, and the dates on which Doe testified are all readily ascertainable from contemporaneous media reports. *See, e.g.,* Britton O'Daly, *Accuser's ex-boyfriend, friend testify in Khan trial*, YALE DAILY NEWS (Mar. 2, 2018),

6

https://yaledailynews.com/blog/2018/03/02/accusers-ex-boyfriend-friend-testify-in-khan-trial/. That said, the redacted information played no substantive role in the Court's decision denying Defendants' motions to dismiss; the Court has oft expressed concern that this litigation would be the vehicle by which Doe would encounter "extra-judicial" harm; and Plaintiff had the opportunity to object to Doe's proposed redactions and did not. And in a similar situation, where the official transcript of a sexual assault trial contained the victim's apparently unredacted last name, at least one Connecticut Superior Court determined that it would omit her name from a subsequent opinion "[t]o protect the identity of the victim and in keeping with the spirit of General Statutes § 54-86e." [5] *State v. Reynolds*, No. CR06348933, 2007 WL 4112020, at *2 (Conn. Super. Ct. Oct. 31, 2007). For all of these reasons, the Court finds that the redactions are narrowly tailored and necessary to protect Doe's privacy.

*Proposed Sealings*

- ECF No. 75-10: This document depicts a screenshot of a social media website in which a user divulges Jane Doe's real name in a post. The Court finds that any redactions to the document would be impractical, as any redaction sufficient to obscure the social media site on which the post was made would render it unintelligible. Accordingly, the Court finds that sealing this document is the most narrowly tailored means of protecting Doe's privacy interest.

---

[5] The Court also finds persuasive the Connecticut Supreme Court's language in *Khan v. Yale Univ.*, 347 Conn. 1, 8, n.1 (2023), in which the court cited § 54-86e and declined to identify Doe "or others through whom the victim's identity may be ascertained." Thus, the Connecticut Supreme Court specifically restricted access to the avenues by which Doe's name might be discovered.

- ECF No. 103-7: The sealing of this document is appropriate for the same reasons articulated for ECF No. 75-10, above.

- ECF No. 123-2: The sealing of this document is appropriate for the same reasons articulated for ECF No. 75-10, above.

**Orders**

For the foregoing reasons, the Court issues the following orders:

1. ECF Nos. 75-10, 103-7, and 123-2 shall remain under seal.

2. The unredacted versions of ECF Nos. 75, 103-1, 114-4, 123-1, 157-1, and 166 shall remain under seal.

3. Defendant Doe is directed to docket the redacted versions of ECF Nos. 75, 103-1, 114-4, 123-1, 157-1, and 166, currently docketed under seal at ECF Nos. 279-1 through 279-6, as individual submissions, linked back to the original sealed documents for ease of public reference.

4. The Clerk of Court is directed to unseal ECF Nos. 74, 75-1, 75-2, 75-3, 75-4, 75-5, 75-6, 75-7, 75-8, 75-9, 77, 96, 96-1, 103, 103-2, 103-3, 103-4, 103-5, 103-6, 103-8, 103-9, 114, 114-1, 114-2, 114-3, 123, 157, and 166-1.

5. In light of the above orders, Defendant Doe's Motion at ECF No. 278 is DENIED as moot. As such, the Clerk of Court is directed to unseal ECF Nos. 279-1 through 279-6.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of May, 2025.

                                             */s/ Kari A. Dooley*  
                                             KARI A. DOOLEY  
                                             UNITED STATES DISTRICT JUDGE