UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN,   Plaintiff, | : : : | CIVIL ACTION NO. 3:19-cv-01966-KAD |
| V. | : : | |
| YALE UNIVERSITY, ET AL.,   Defendants. | : : | MAY 14, 2025 |

**JANE DOE'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL PETER ROE PRIVILEGE LOG ENTRIES**

Defendant Jane Doe ("Jane") respectfully submits this Memorandum of Law in Support of her Motion to Compel Plaintiff to produce his communications with Peter Roe that Plaintiff has listed on his privilege logs. Plaintiff's communications with Mr. Roe are not privileged for the reasons set forth below, in Yale's Motion to Compel ("Yale's Motion") these communications, and in Yale's accompanying Memorandum of Law ("Yale's Memorandum"), which Jane incorporates herein. The Court should grant Jane's Motion and Yale's Motion and compel the production of all communications and documents on Plaintiff's privilege logs related to Mr. Roe.

**I.     NATURE OF THE CASE**

Plaintiff has listed on his privilege logs scores of communications he had with Peter Roe. Mr. Roe was a friend of Plaintiff's. Mr. Roe and Plaintiff communicated about a wide array of issues, including issues related to this case, such as Plaintiff's criminal trial. Mr. Roe is not an attorney. As detailed in Yale's Memorandum, Plaintiff's criminal trial counsel, Attorney Norman Pattis, has represented that Mr. Roe played no role in Plaintiff's criminal defense. (*See, e.g.*, Exhibits attached to Yale's Memorandum.) Plaintiff claims that Mr. Roe later served as a "volunteer paralegal" for another one of his attorneys, Attorney Margaret Valois, who Plaintiff first retained after his criminal trial, apparently in or around April 2018.

## II. ITEMS OF DISCOVERY

Jane seeks all communications on Plaintiff's privilege log between Plaintiff and Mr. Roe, including all documents attached to those communications (other than additional irrelevant pornographic material). This includes, but is not limited to, all communications (and documents, etc. attached thereto) between Plaintiff and Mr. Roe that Plaintiff previously listed on his privilege logs but has since removed to the extent those communications, etc. have not been produced.

## III. RELEVANT LAW AND ARGUMENT

As set forth in Yale's Memorandum, Plaintiff's communications with Mr. Roe are not privileged. Plaintiff's claim of privilege as to all communications with Mr. Roe before sometime in or around April 2018 is based on Plaintiff's contention that Mr. Roe was part of Plaintiff's criminal defense team; but Plaintiff's criminal defense attorney, Attorney Pattis, vehemently denied that contention in representations to a governing body that Plaintiff reviewed and did not contest before they were made. (*See* KHAN11867; KHAN76908 (attached to Yale's Memorandum).) Plaintiff's claim to privilege for the communications after Attorney Valois' appearance in or around April 2018 depends on Mr. Roe purportedly being a "volunteer paralegal," but Mr. Roe does not satisfy the high standard required for privilege to attach to those communications. *See, e.g.*, *Riverkeeper, Inc. v. Coeymans Recycling Center LLC*, 2024 WL 1053507 at *10 (N.D.N.Y. Mar. 11, 2024) (individual must be necessary for effective communication) (citing *Bulgari v. Bulgari*, 649 F. Supp. 3, 8, 12 (S.D.N.Y. 2023) (collecting cases)). A party cannot deputize their friend as being part of their legal team to shield communications with the friend. Furthermore, Plaintiff's privilege log descriptions establish that the communications at issue are not privileged. For example, Plaintiff's discussion of "FACE

2

matters" (*i.e.*, discussions about an advocacy group Plaintiff was a part of) are not privileged regardless of the identity of the person to whom those communications are addressed.

## IV. CONCLUSION

Plaintiff's communications with Mr. Roe are not privileged. The Court should compel the production of all communications on Plaintiff's privilege log between Plaintiff and Mr. Roe.

Defendant,

Jane Doe

By: /s/ *Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT 06103
Tel.: 860-392-5000
Fax: 860-392-5058
Email: jsconzo@carltonfields.com
Email: bgooley@carltonfields.com

## CERTIFICATION OF SERVICE

This is to certify that on this 14th day of May 2025, a copy of the foregoing was filed electronically and served on all counsel of record via the Court's electronic filing system.

                                        */s/ Brendan N. Gooley*
                                          Brendan N. Gooley