UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | MAY 21, 2025 |

**JANE DOE'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION TO COMPEL COMPLETE AND UNDERSTANDABLE MESSAGES**

Defendant Jane Doe ("Jane") respectfully submits this Memorandum of Law in Support of her Motion to Compel certain additional messages Plaintiff has made related to this case in an understandable, complete, and usable format. The Court should grant this Motion.

**I.      PRELIMINARY STATEMENT**

Plaintiff's production includes approximately 1,200 messages he exchanged with third parties through applications like Facebook. The messages, however, are often not in a usable format. For example, as the attached example illustrates, it appears that certain messages that contained search terms were pulled from the message chains they were attached to and produced as standalone message(s) without any context. Defendants cannot properly understand the messages, never mind properly use them, without their surrounding context, which is also discoverable because the messages in question are part of discoverable conversations. The Court should rectify this issue by Ordering Plaintiff, at his expense, to (1) obtain from his vendor the entire message chain for twenty-four hours before and twenty-four hours after any message that is within the parameters of the agreed upon search (*e.g.*, that contains a search term, etc.), (2) review those message chains, and (3) produce to Defendants all messages in those chains that are relevant,

including but not limited to all messages that "concern[] this case or the facts underlying it" and all messages that relate to messages with any agreed upon search terms.

**II.      FACTUAL BACKGROUND**

Jane's Discovery Requests asked Plaintiff to produce, among other things, "[a]ll documents and communications concerning this case or the facts underlying it."  (Jane Request #2.)

Plaintiff did not object to Defendants' Discovery Request.

The Parties agreed to search parameters for Plaintiff to search for electronically stored information ("ESI") responsive to Defendants' Requests for Production.  As part of the negotiations regarding those searches, Plaintiff agreed to search certain terms on certain platforms, including social media platforms like Facebook, that he used to communicate about this case.

Plaintiff produced approximately 1,200 documents related to messages he exchanged with third parties.  Many of those documents, however, raise more questions than they answer.

For example, one message that Plaintiff exchanged with a third party is attached as **Exhibit A**.  The message shows that Plaintiff sent Jane's name to the third party.  (Exhibit A.)  But there are no other messages in this document.  (Exhibit A.)  Plaintiff must, however, have sent other messages to the third party before he sent Jane's name—Plaintiff would not have just sent Jane's name to a third party without having some prior discussion with the third party about this issue. But the prior discussion is not included.  Nor is any subsequent discussion.

Similarly, as **Exhibit B** shows, Plaintiff produced several other messages he sent to that third party, but there are no responsive messages from the third party despite the fact that Plaintiff and the third party were purportedly carrying on a relevant conversation.  It seems incredulous that Plaintiff would continually send messages to people who did not respond to his communications. Indeed, some of Plaintiff's messages make no sense unless Plaintiff was responding to questions

2

or comments made by the third party. (*See, e.g.*, Exhibit B.) But the third party's messages that are part of the conversation Plaintiff deemed relevant are nowhere to be found. (Exhibit B.)

This problem is widespread. **Exhibit C** is a small sampling of additional messages Plaintiff exchanged with third parties. The messages largely do not make sense and are largely unusable because they have been pulled out of the conversations they were a part of. (Exhibit C.)

The manner in which Plaintiff's messages were in some cases processed resulted in only messages that contained search terms being pulled and messages that were part of the same conversation and would therefore contain discoverable information, including but not limited to putting the messages Plaintiff produced in context, were excluded.

The Parties have discussed this issue. Plaintiff's counsel has also discussed it with the vendor that Plaintiff used to process data. As Jane understands it, the vendor can pull all messages within a certain time frame for any messages that have search terms (*e.g.*, if a message chain contains a search term, the vendor can provide to Plaintiff a document that contains all messages in that chain for twenty-four hours before and twenty-four hours after the message that contains the search term). The Parties have discussed having the vendor do this, but the primary issue appears to be cost: Each side believes that the other side should pay for this.

### III.    RELEVANT LAW AND ARGUMENT

Federal Rule of Civil Procedure 34 requires the production of documents "in the form [] in which it is ordinarily maintained or in a reasonably usable form." Fed. R. Civ. P. 34(b)(2)(E)(ii); *see also* Fed. R. Civ. P. 34(a)(1)(A) (requiring production in "a reasonably usable form").

Plaintiff's messages are not in the form in which they are ordinarily maintained or in a reasonably usable form. Plaintiff had conversations with individuals through messaging applications. The ordinary form of those messages is a complete chain of all messages sent and

3

received. That is not what Plaintiff produced. While portions of the messages may not be relevant to this case and Defendants do not, for example, seek additional irrelevant material like more pornographic material, they are entitled to the messages that relate to the messages Plaintiff has deemed relevant and produced. By producing, for example, the message in which Plaintiff identified Jane, Plaintiff conceded that message was discoverable. So too are the messages immediately preceding and succeeding that message—something relevant to this case caused Plaintiff to send Jane's name. The same is true about the messages concerning the UWC proceedings. Defendants are entitled to those messages so that they can understand and use the messages Plaintiff has produced.

Plaintiff should review all messages sent twenty-four hours before and twenty-four hours after a message that contains an agreed upon search term. The vendor is apparently able to provide Plaintiff with a document showing the message chains for twenty-four hours before and twenty-four hours after each such message. Plaintiff can then review the message chains and produce responsive and relevant messages, including but not limited to all messages that are necessary or helpful to understand the context of the message(s) that contained the search term.

Plaintiff does not dispute that there are other messages that are related to the messages he produced and that those messages relate to this case. It is undisputed and indisputable that Plaintiff has extensively discussed this case and his version of the facts underlying it. The dispute is only about who is required to pay the ESI vendor. Plaintiff should pay. Plaintiff has an obligation to produce messages "in a reasonably usable form." Fed. R. Civ. P. 34(b)(2)(E)(ii). That requires Plaintiff to produce not just a single message that contains search terms without any context. To understand and use such a message, Defendants need to know the context surrounding it. Plaintiff must therefore produce the related messages in addition to the message with the search term(s).

4

## IV.    CONCLUSION

The Court should Order Plaintiff to (1) obtain from his vendor the entire message chain for twenty-four hours before and twenty-four hours after any message that is within the parameters of the agreed upon search (*e.g.*, contains a search term, is within the search dates, etc.), (2) review those message chains, and (3) produce to Defendants all messages in those chains that are responsive, including but not limited to all messages that "concern[] this case or the facts underlying it" and all messages that relate to messages with any agreed upon search terms.  The Court should Order Plaintiff to conduct this review at his cost as these are Plaintiff's communications and communications that Plaintiff has deemed discoverable by producing.


Defendant,
Jane Doe


By: /s/ *Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT 06103
Tel.: 860-392-5000
Fax: 860-392-5058
Email: jsconzo@carltonfields.com
Email: bgooley@carltonfields.com

## **CERTIFICATION OF SERVICE**

This is to certify that on this 21st day of May 2025, a copy of the foregoing was filed electronically and served on all counsel of record via the Court's electronic filing system.

>         */s/ Brendan N. Gooley*
>         Brendan N. Gooley