UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
| Defendants. | : | JUNE 20, 2024 |

## JANE DOE'S OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Jane Doe ("Jane") respectfully objects to Plaintiff's Interrogatories And Requests For Production To Jane Doe ("Plaintiff's Discovery Requests") dated May 21, 2024 as follows.

## OBJECTION ON THE BASIS OF TIMELINESS
## AND VIOLATION OF THE COURT'S SCHEDULING ORDER

First, Jane objects to Plaintiff's Discovery Requests on the ground that they are untimely and violate the Court's Scheduling Order.   On November 29, 2023, the Parties filed a renewed Rule 26(f) Report.  (ECF 67.)   That Report provided:   "Written discovery requests will be propounded by January 30, 2024, and written discovery will be substantially completed by July 29, 2024."  (ECF 67 at 7.)  The Court adopted the deadlines in that Report, subject to limited exceptions not relevant here.  (ECF 68.)  Based on objections to the Rule 26(f) Report raised by Plaintiff, the Parties then submitted a Joint Motion to Amend the Rule 26(f) Report.  (ECF 70.) That Motion made it even clearer that Plaintiff was required to serve written discovery by January 30, 2024.  (ECF 70 at 8.)  The Motion provided:   "Written discovery requests will be propounded by all parties no later than January 30, 2024, and written discovery will be substantially completed by July 29, 2024."  (ECF 70 at 8 (emphasis reflects language added in the Motion that was not present in the Report).)  Plaintiff did not serve discovery requests by the January 30, 2024 deadline despite the fact that he had agreed to that deadline, the Court had approved it, and Plaintiff then

reiterated that deadline weeks before it passed.  (ECF 67, 68, & 70.)  Instead, Plaintiff waited until May 21, 2024, nearly four months after the deadline, to serve requests.  Plaintiff never sought to amend the deadline.  Nor has Plaintiff presented any good cause for serving requests approximately four months late.  Jane therefore objects to responding to Plaintiff's belated requests on the ground that Plaintiff's Discovery Requests are untimely by almost four months, violate the Court's Scheduling Order, and will cause further delay in this case in light of the fact that written discovery was supposed to be completed approximately two months after Plaintiff first served his Requests.

### OBJECTION ON THE BASIS THAT PLAINTIFF'S REQUESTS ARE DUPLICATIVE OF PLAINTIFF'S PROPER REQUESTS TO YALE

Second, Jane objects to Plaintiff's Discovery Requests on the ground and to the extent that they are cumulative and/or duplicative of Plaintiff's timely discovery requests to Yale and/or the Individual Yale Defendants and/or seek information and/or documents that have already been properly requested from and/or provided by Yale and/or the Individual Yale Defendants.

"In the Second Circuit, courts have held that discovery becomes unreasonably burdensome where it is cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive or where the burden or expense of the discovery outweighs its likely benefit." (internal quotation marks and citations omitted) *DDK Hotels, LLC. v. Williams-Sonoma, Inc.*, No. 19 cv 226, 2020 WL 13450954 at 2 (E.D.N.Y Feb. 25, 2020).

In 2020, Plaintiff served discovery requests on Yale and the Individual Yale Defendants (collectively "Plaintiff's Timely Discovery Requests To Yale And The Individual Yale Defendants").  In Plaintiff's Timely Discovery Requests to Yale, Plaintiff sought, among other things "any and all documents . . . in the possession of any of the [Yale] [D]efendants relating to or mentioning the claims of 'Jane Doe.'"  (Plaintiff's Timely Discovery Requests To Yale Request No. 3.)  Assuming, without conceding solely for the purposes of the present illustration, that

documents such as Jane's communications with the Yale Defendants concerning her allegations are discoverable, requiring Jane to search for and produce such communications when Plaintiff has already asked Yale for them is the definition of duplicative discovery and an undue burden.

Jane therefore objects to the extent that Plaintiff's Discovery Requests are duplicative.

## OBJECTION ON THE BASIS THAT THE DISCOVERY REQUESTS ARE INTENDED TO HARASS JANE RATHER THAN SERVE A LEGITIMATE PURPOSE

Third, Jane objects to Plaintiff's Discovery Requests on the ground that they are harassing.

The Court previously warned Plaintiff against misusing this case to harass Jane:

What I have seen does give me concern about what's going on here, and some of the things that [Plaintiff] has done [] give me pause. Because some of the tenor and tone of [Plaintiff's] posts feel less like his plan is to have his rights vindicated as it is to exact retribution, and that is not the purpose of the use of our [C]ourts . . . .

When [Plaintiff] has posted about the litigation and talking about attending depositions, there is a sense of an intent to intimidate. There is a sense of an intent to harass. The idea of sort of mobilizing the Internet—I mean, this is borderline doxing, and it's very concerning. . . .

(March 18, 2024 Hearing Transcript (ECF 94)) 8:23–9:9.)

The Court also stated:

I think there's certainly language that [Plaintiff used] from which a reasonable inference could be drawn that [Plaintiff] was looking to set the spark or he was looking to visit upon [Jane] something similar to what has been visited upon [him].

(March 18, 2024 Hearing Transcript (ECF 94)) 19:1–5.)

Plaintiff has also made statements announcing his intent to abuse Jane by misusing the Court's process, including the discovery process, including statements like "I will do everything I can to get [Jane] to break." (*E.g.*, Plaintiff's Email (Sealed) (ECF 114).)

Plaintiff's Discovery Requests continue Plaintiff's misuse of this Court's process.

For example, as Plaintiff's own Complaint admits, the State prosecuted Plaintiff through a criminal trial. (*E.g.*, Cmplt. ¶¶ 52.) As a result of that trial (and events leading up to it), Plaintiff

is well aware of the fact that law enforcement and medical professionals were involved. (*E.g.*, Cmplt. ¶¶ 45, 48.) In fact, Plaintiff has the police and medical reports as a result of discovery in his criminal case. Plaintiff also has discovery from Yale in this case, including the Arrest Warrant Application, statements provided to the police, photographs taken during investigations, etc.

Despite having the police and medical reports related to the underlying sexual assault, Plaintiff's Discovery Requests ask Jane: "Did you report the alleged incident to any law enforcement agency, medical professional, or other authority? If yes, provide details of each report, including dates, agencies, and the nature of the report." (Interrogatory No. 6.)

There is no legitimate purpose to having Jane state that she spoke to the Yale Police Department and underwent a Sexual Assault Nurse Examination ("SANE") or to "provide details" of those events when Plaintiff not only knows those things happened, but has the reports themselves and previously questioned Jane about matters such as this during the criminal trial.

To the contrary, asking Jane to "provide [and then verify under oath] details" about her "SANE" examination only serve the illegitimate purpose of misusing this litigation to inflict additional emotional distress on Jane be forcing her to relive yet again traumatic events despite the fact that Plaintiff literally has documents and testimony from Jane regarding these matters.

Asking Jane to repeat in interrogatory answers and provide in responses to requests for production information and documents that Plaintiff already has is not proper discovery, it is harassment. The only purpose it serves is to needlessly annoy and abuse Jane. The Court should not allow its process to be misused for such purposes and Jane therefore objects to answering harassing interrogatories and requests for production that ask for information already produced.

## OBJECTION ON THE BASIS OF PRIVACY

Fourth, Jane objects to Plaintiff's Discovery Requests on the ground and to the extent that they improperly violate Jane's rights to privacy, including but not limited to her rights to privacy

under the psychotherapist-patient privilege, the priest-penitent privilege, the Family Education Rights Privacy Act ("FERPA"), the Health Insurance Portability and Accountability Act ("HIPAA"), and all other privacy protections, whether statutory, regulatory, common-law, etc.

## OTHER COMMON OBJECTIONS AND QUALIFICATIONS

Fifth, Jane asserts the following common objections and qualifications:

- Jane objects to the extent that Plaintiff's Discovery Requests are intended to utilize words beyond and/or inconsistent with their common meaning and understanding.

- Jane objects to the extent that Plaintiff's Discovery Requests are intended to impose any requirement or discovery obligation broader or different than those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules for the District of Connecticut.

- Jane objects to Plaintiff's definition of "you" or "your" on the ground and to the extent that it is inconsistent with or creates obligations inconsistent with Local Rule 26(b)(5).

- Jane objects to Plaintiff's Discovery Requests to the extent they are overly broad, unduly burdensome, vague, ambiguous, duplicative, unlimited as to time or scope, or seeks irrelevant information or documents or information or documents more efficiently, cost-effectively, and accurately obtained through alternative discovery mechanisms.

- Jane objects to Plaintiff's Discovery Requests to the extent that the information and/or documents sought are at least equally available to Plaintiff, including through public sources or records, or that are already within Plaintiff's possession or control.

- Jane objects to Plaintiff's Discovery Requests on the ground and to the extent that they call for information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege, doctrine, or immunity recognized by statute, the Federal Rules of Civil Procedure, or applicable case law. Jane also objects to Plaintiff's Discovery Requests to the extent they seek information prepared by or for

counsel in anticipation of litigation.  The disclosure of any such protected information is inadvertent and not intended to constitute a waiver of such privilege, doctrine, or immunity.

- Jane objects to Plaintiff's Discovery Requests on the ground and to the extent that they call for information or documents that implicate the privacy rights of nonparties.

- Jane objects to Plaintiff's Discovery Requests to the extent that they fail to describe the information or documents requested with reasonable particularity and/or purport to require Jane to conduct an investigation to determine whether each and every document in her possession—on a document-by-document basis—is or is not responsive.

- Jane objects to Plaintiff's Discovery Requests to the extent that they assume that the information requested actually exists or the events referenced actually occurred, or that they otherwise assume facts or legal conclusions in defining the category or nature of the requested information.  The failure to object to each and/or any such assumption in no way constitutes an admission by Jane that such information exists, that such events actually occurred, or that such factual or legal assumptions or conclusions are correct.

- Nothing in these objections shall be deemed to be a waiver or admission of any fact in any other stage of this action or of any right to object to the propriety or admissibility of any information or document.   Any information or documents produced in response to Plaintiff's Discovery Requests is subject to all objections as to competence, relevance, materiality, admissibility, etc. as well as to any other objections on any grounds that would require or permit the exclusion thereof if such information were offered into evidence.  Jane expressly reserves all such evidentiary objections.

- Jane reserves the right, but does not assume any obligation beyond that imposed by Rule 26(e), to revise, correct, supplement, or clarify the objections herein.

- Jane reserves the right, subject to Court approval if necessary, to, among other things,

135994410.1

redact irrelevant, identifying, personal, or private information from information and/or documents produced in response to Plaintiff's Discovery Requests.

## OBJECTIONS TO SPECIFIC INTERROGATORIES

1.    Describe in detail the circumstances and events leading to your decision to accuse the plaintiff of rape, including dates, locations, and the presence of any witnesses.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #1 on the grounds that it (1) seeks irrelevant information, (2) is overly broad, (3) is harassing in light of the statement and testimony Plaintiff already has regarding this matter, (4) improperly invades Jane's privacy, and (5) potentially seeks privileged information.**

2.    List all persons you communicated with regarding the incident before and after making the accusation against the plaintiff, specifying the nature and content of those communications.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #2 on the grounds that it (1) seeks irrelevant information, (2) is overly broad and unduly burdensome because, among other things, it is not limited in time, (3) improperly invades Jane's rights to privacy, including under FERPA and HIPAA, and (4) seeks privileged information, including the "content" of communications with Jane's attorneys and, potentially, communications protected by the psychotherapist-patient privilege.**

3.    Have you ever had any disputes, disagreements, or conflicts with the plaintiff prior to the incident?  If yes, please provide detailed descriptions of these incidents.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #3 on the grounds that it is harassing in light of the statements and/or testimony Plaintiff already has.**

4.    What evidence did you provide to support your accusation against the plaintiff at the time you made the accusation?  Include descriptions of any physical, digital, or testimonial evidence.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #4 on the grounds that it (1) is harassing in light of the statements, testimony, documents, etc. Plaintiff has regarding this subject, (2) improperly invades Jane's rights to privacy, (3) is overly broad and unduly burdensome to the extent that it requires Jane to recall everything she said and**

**did, and (4) potentially seeks privileged information such as communications protected by the psychotherapist-patient privilege and/or the attorney-client privilege.**

5.    Were you advised or encouraged by any individuals or groups to pursue legal action against the plaintiff? If yes, please identify these individuals or groups and describe the nature of their advice or encouragement.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #5 on the grounds that it (1) seeks irrelevant information, (2) is overly broad, (3) may improperly invade Jane's privacy, and (4) invade privileged matters, including attorney-client protected communications, and potentially, the psychotherapist-patient privilege.**

6.    Did you report the alleged incident to any law enforcement agency, medical professional, or other authority? If yes, provide details of each report, including dates, agencies, and the nature of the report.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #6 on the grounds that it (1) is harassing in light of statements, testimony, documents, etc. Plaintiff has regarding this subject, including but not limited to Jane's statement to law enforcement, etc., (2) seeks irrelevant information, (3) is overly broad and unduly burdensome, (4) improperly invades Jane's privacy, and (5) infringes on privileged information, including, potentially, information protected by the psychotherapist-patient privilege.**

7.    Describe your actions and interactions with the plaintiff, if any, in the days and weeks following the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #7 on the grounds that it (1) is harassing in light of testimony, documents, etc. Plaintiff has regarding this subject, and (2) seeks information available to Plaintiff.**

8.    Have you ever accused anyone else of sexual misconduct in the past? If yes, provide details of each accusation, including the outcome.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #8 on the grounds that it (1) seeks irrelevant information, (2) is harassing, (3) improperly invades Jane's privacy, and (4) potentially infringes on privileged matters including, potentially, the psychotherapist-patient privilege and/or the attorney client privilege.**

9.    Have you received or sought any financial compensation or benefits as a result of

making the accusation against the plaintiff?  If yes, describe the source, amount, and purpose of the compensation or benefits.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #9 on the grounds that it (1) seeks irrelevant information, (2) is overly broad, (3) is harassing, (4) improperly invades Jane's privacy, and (5) infringes, potentially, on privileged matters.**

10.    Have you made any public statements, including social media posts, about the plaintiff or the alleged incident?  If yes, provide details of each statement and the platform used.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #10 on the grounds that it (1) seeks irrelevant information, and (2) is overly broad because, among other things, it is not limited to posts about the plaintiff that may relate to this case.**

11.    Have you contacted or been contacted by any witnesses regarding the alleged incident?  If yes, provide details of each interaction, including dates, names, and the nature of the communications.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #11 on the grounds that it (1) seeks irrelevant information, (2) is overly broad, (3) improperly invades Jane's privacy, and (4) infringes, potentially, on the psychotherapist-patient privilege.**

12.    Have you sought any psychological or counseling services as a result of the alleged incident?  If yes, describe the nature of the services, the providers, and any diagnoses or treatments received.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #12 on the grounds that it (1) is overly broad, (2) is harassing, (3) improperly invades Jane's privacy, and (4) infringes, potentially, the psychotherapist-patient privilege.**

13.    Provide a detailed timeline of your activities and whereabouts on the day of the alleged incident, including interactions with any individuals and the times of those interactions.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #13 on the grounds that it (1) is harassing in light of statements, testimony, documents, etc. Plaintiff has**

regarding this subject, and (2) seeks irrelevant information.

14.    Did you use any electronic devices (such as smartphones, computers, or tablets) to communicate about the alleged incident? If yes, specify the devices used and the nature of the communications.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #14 on the grounds that it (1) seeks irrelevant information, (2) is overly broad, (3) is unduly burdensome, (4) is harassing in light of, among other things, information Plaintiff already has, (5) improperly invades Jane's privacy, and (6) infringes, potentially, on privileged matters.**

15.    Did you receive any support or assistance from advocacy groups, friends, family, or other organizations after making the accusation? If yes, provide details of the support received and the organizations involved.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #15 on the grounds that it (1) seeks irrelevant information, (2) is overly broad, (3) is harassing, (4) improperly invades Jane's privacy, and (5) infringes, potentially, on the psychotherapist-patient privilege.**

16.    Have you ever been involved in any other legal proceedings or disputes, either as a plaintiff or defendant, aside from the current case? If yes, provide details including the nature of the proceedings and their outcomes.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #16 on the grounds that it (1) seeks irrelevant information, (2) is overly broad, and (3) is harassing.**

17.    Detail all interactions you had with law enforcement or other authorities concerning the alleged incident, including dates, names of officers or officials, and the content of those interactions.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Interrogatory #17 on the ground that it is harassing in light of statements, testimony, documents, etc. Plaintiff has regarding this subject, including but not limited to Jane's statement to law enforcement, etc.**

18.    Were you at any point influenced, coerced, or pressured by any individual or group to make or continue with the accusation against the plaintiff? If yes, provide details including the names of those involved and the nature of the influence or coercion.

**OBJECTION:**

In addition to the Objections above, Jane objects to Interrogatory #18 on the grounds that it (1) seeks irrelevant information, (2) is overly broad, (3) improperly invades Jane's privacy, and (4) infringes, potentially, on the psychotherapist-patient privilege.

19.    Did you use any online platforms or social media to discuss the alleged incident with anyone other than the plaintiff?  If yes, specify the platforms used and provide details of the discussions.

**OBJECTION:**

In addition to the Objections above, Jane objects to Interrogatory #19 on the grounds that it (1) seeks irrelevant information, (2) is overly broad, (3) invades Jane's privacy, and (4) infringes, potentially, on psychotherapist-patient privileged communications.

20.    Were you under the influence of any drugs or alcohol at the time of the alleged incident?  If yes, specify the substances consumed and the quantities.

**OBJECTION:**

In addition to the Objections above, Jane objects to Interrogatory #20 on the ground that it is harassing in light of statements, testimony, documents, etc. Plaintiff has.

21.    Have you consulted with any experts (e.g., forensic experts, psychologists) regarding the alleged incident?  If yes, identify the experts and summarize their findings or opinions.

**OBJECTION:**

In addition to the Objections above, Jane objects to Interrogatory #21 on the grounds that information requested is privileged and/or protected by related doctrines such as the work product doctrine and potentially the psychotherapist-patient privilege and that disclosure of any non-protected information is not required at this time.  Jane further objects to the extent that Request #30 creates disclosure obligations inconsistent with Rule 26.

22.    Are you aware of any security cameras or surveillance footage that may have captured the events related to the alleged incident?  If yes, provide details of the locations and the content of the footage.

**OBJECTION:**

In addition to the Objections above, Jane objects to Interrogatory #22 on the ground that it is harassing in light of the documents and information Plaintiff has.

## OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION

1.      Produce all written and electronic communications (including emails, text messages, social media posts, and letters) that reference the plaintiff or the incident, from one year prior to the incident to the present.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #1 on the grounds that it (1) seeks irrelevant communications, including everything that "reference[s] the plaintiff" in any way, (2) is overly broad and unduly burdensome, (3) is harassing, (4) improperly invades Jane's privacy, and (5) seeks privileged documents, including documents protected by the attorney-client privilege and potentially the psychotherapist-patient privilege.**

2.      Provide any physical or digital copies of evidence you submitted to any law enforcement agency, legal counsel, or other authorities in support of your accusation, including but not limited to photographs, videos, medical reports, and digital communications.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #2 on the grounds that it (1) is harassing in light of the documents, etc. that Plaintiff has, including but not limited to the evidence collected by law enforcement, (2) seeks privileged documents, including documents protected by the attorney-client privilege to the extent that Plaintiff construes, for example, Jane's communications with her attorneys as "evidence," (3) seeks irrelevant information, (4) is overly broad as, among other things, it is not limited in time, and (5) is unduly burdensome in light of, among other things, the documents Plaintiff already has.**

3.      Produce all written statements, affidavits, or any other documents from witnesses you claim to have knowledge about the incident or interactions between you and plaintiff.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #3 on the grounds that it (1) seeks irrelevant documents, including but not limited to all documents from witnesses regardless of what those documents are about, (2) is overly broad and unduly burdensome, (3) seeks privileged documents, including, potentially documents protected by the psychotherapist-patient privilege, and (4) is harassing in light of documents Plaintiff has.**

4.      Provide all medical records and forensic reports that you obtained as part of your claim, including but not limited to examinations, tests, and psychological evaluations conducted within six months of the alleged incident.

**OBJECTION:**

135994410.1

**In addition to the Objections above, Jane objects to Request #4 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) is harassing, (4) improperly invades Jane's privacy, and (5) potentially seeks privileged documents, including but not limited to documents protected by the psychotherapist-patient privilege and/or HIPAA.**

5.      Produce all documents that show communication with any legal advisors, counselors, support groups, or advocates regarding the incident or the accusation against the plaintiff, including dates and content of discussions.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #5 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) improperly invades Jane's privacy, and (4) seeks privileged documents, including but not limited to the "content" of Jane's "discussions" and "communications with any legal advisors" and, potentially, documents protected by the psychotherapist-patient privilege.**

6.      Produce any and all reports, complaints, or filings you submitted to any law enforcement agencies, medical professionals, or other authorities regarding the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #6 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) is harassing in light of documents Plaintiff has, (4) improperly invades Jane's privacy, and (5) seeks privileged documents including, potentially documents protected by the psychotherapist-patient privilege.**

7.      Provide all communications (including emails, text messages, and social media messages) you had with the plaintiff after the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #7 on the ground that it seeks documents available to Plaintiff and is therefore harassing and seeks irrelevant documents and is overbroad to the extent that, for example, it calls for all mass-emails that Yale sent that both Jane and Plaintiff were copied on, etc.**

8.      Produce documents related to any previous accusations of sexual misconduct you have made, including complaints, reports, and communications with authorities or third parties.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #8 on the grounds that it (1) seeks irrelevant documents, (2) is harassing, (3) may improperly invade Jane's privacy,**

**and (4) may seek privileged documents, including, potentially, documents protected by the attorney-client privilege or the psychotherapist-patient privilege.**

9.    Provide all documents that show financial compensation or benefits you received or sought in connection with the accusation against the plaintiff, including insurance claims, settlements, or awards.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #9 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) is harassing, and (4) potentially improperly invades Jane's privacy, and (5) infringes, potentially, on privileged matters.**

10.    Produce all records of public statements you have made about the plaintiff or the alleged incident, including social media posts, blogs, articles, or interviews, along with any comments or responses received.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #10 on the grounds that it (1) seeks irrelevant documents, including but not limited to "comments or responses received", and (2) is overly broad insofar as, *inter alia*, it is not limited in time and seeks all public statements about Plaintiff regardless of what those statements are about.**

11.    Produce any written or recorded statements from witnesses you contacted or who contacted you regarding the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #11 on the ground that it is harassing and unduly burdensome in light of the documents Plaintiff has.**

12.    Provide all records related to psychological counseling services you sought as a result of the alleged incident, including treatment plans, session notes, and any correspondence with mental health providers.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #12 on the grounds that it (1) is harassing, (2) improperly invades Jane's privacy, (3) seeks privileged documents, including, potentially, documents protected by the psychotherapist-patient privilege, (4) seeks irrelevant documents and (5) is overbroad.**

13.    Produce any logs, diaries, calendars, or records that detail your activities and whereabouts on the day of the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #13 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) is harassing, particularly in light of prior testimony, etc., and (4) improperly invades Jane's privacy.**

14. Provide all documents showing that you were informed or advised about the legal consequences of making a false accusation, including any communications with legal advisors.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #14 on the grounds that it (1) seeks privileged information, including "advi[c]e" from Jane's "legal advisors" about purported "legal consequences," and (2) seeks irrelevant documents.**

15. Produce all electronic communications related to the alleged incident, including emails, text messages, social media messages, and any other digital correspondence, along with metadata for these communications.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #15 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad and unduly burdensome, and (3) seeks privileged communications, including Jane's communications with her attorneys and, potentially, communications protected by the psychotherapist-patient privilege.**

16. Produce all documents and communications that reflect the nature of your relationship with the plaintiff prior to the alleged incident, including emails, text messages, photographs, and social media interactions.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #16 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad and unduly burdensome, (3) is harassing in light of the documents and communications already has, and (4) seeks privileged documents and communications, including, potentially communications between Jane and her attorneys and communications protected by the psychotherapist-patient privilege.**

17. Provide all documents and records of any statements or testimonies you have given about the alleged incident, including those you later found to be inaccurate or inconsistent, along with explanations for the discrepancies.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #17 on the ground that it calls for documents and records that Plaintiff already has. Jane also objects to the extent that Request #17 purports to require the production of, for example, every document**

reflecting every time Jane identified herself as a victim of sexual assault, etc., as such a request seeks irrelevant documents and is overbroad and harassing.

>   18.   Provide all communications and records related to any support or assistance you received from advocacy groups, friends, family, or other organizations after making the accusation.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #18 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) improperly invades Jane's privacy, and (4) seeks privileged documents, including, potentially, records protected by the psychotherapist-patient privilege and the attorney-client privilege to the extent that, for example, Plaintiff considers Jane's attorneys to be part of "organizations" assisting her.**

>   19.   Produce all documents related to any discussions or negotiations about a settlement with the plaintiff or any other party, including emails, letters, meeting notes, and draft agreements.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #19 on the grounds that it (1) seeks irrelevant documents, (2) seeks privileged documents, including communications between Jane and her attorneys about any prospective settlement and documents protected by the settlement privilege, and (3) otherwise seeks documents Plaintiff has.**

>   20.   Produce all documents related to any other legal proceedings or disputes you have been involved in, including complaints, court filings, judgment, and correspondence.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #20 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) potentially seeks privileged documents, such as attorney-client communications in "other legal proceedings or disputes," and (4) potentially improperly infringes on Jane's privacy.**

>   21.   Provide all records of communications with law enforcement or other authorities regarding the alleged incident, including emails, reports, notes, and recordings.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #21 on the grounds that it (1) calls for communications that Plaintiff already has, and (2) seeks irrelevant documents and is overly broad and calls for privileged documents to the extent that "records of communications with law enforcement" is intended to mean, for example, Jane's communications with her attorneys regarding her communications with law enforcement.**

16

22.    Produce any documents or communications that identify individuals who were present at or near the location of the alleged incident, including their contact information and statements.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #22 on the ground that it seeks documents or communications already in Plaintiff's possession or that are privileged.**

23.    Provide all documents and communications that indicate any influence, coercion, or pressure exerted on you by any individual or group to make or continue with the accusation against the plaintiff.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #23 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, and (3) potentially seeks privileged documents, including, potentially records protected by the psychotherapist-patient privilege.**

24.    Produce all records of discussions about the alleged incident that took place on online platforms or social media, including posts, messages, comments, and any related metadata.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #24 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad and unduly burdensome, particularly insofar as it appears to call for every discussion about the incident, which could theoretically include every comment on every news article written about the underlying events, and (3) potentially seeks privileged documents, including, potentially records protected by the psychotherapist-patient privilege depending on what is included in "online platforms."**

25.    Produce all records related to any therapy, hypnosis, or other methods used to help recall the events of the alleged incident, including session notes, treatment plans, and communications with professionals.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #25 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) is harassing, (4) improperly invades Jane's privacy, and (5) potentially seeks privileged documents, including but not limited to, potentially, documents protected by the psychotherapist-patient privilege.**

26.    Provide any documents or communications that indicate your use of drugs or alcohol at the time of the alleged incident, including medical records, receipts, or witness statements.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #26 on the grounds that it is harassing to the extent that it seeks documents that Plaintiff already has and improperly invades Jane's privacy and potentially seeks privileged documents, including but not limited to documents protected by the psychotherapist-patient privilege and HIPAA.**

27.  Produce all employment records that show any impact of the alleged incident on your job, including changes in job status, performance reviews, correspondence with employers, and income statements.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #27 on the grounds that it (1) seeks irrelevant documents as Jane is not asserting any claim for damages, (2) is overly broad, (3) is harassing, and (4) improperly invades Jane's privacy.**

28.  Provide all documents related to any insurance claims made in connection with the alleged incident, including claim forms, correspondence with insurance companies, and payout records.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #28 on the grounds that it (1) seeks irrelevant documents as Jane is not asserting any claim for damages, (2) is overly broad, (3) is harassing, and (4) improperly invades Jane's privacy.**

29.  Produce any common defense or joint defense agreement you have entered into with any of the other defendants in this action.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #29 on the ground that any such document is protected from disclosure by the work product doctrine, attorney-client privilege, or otherwise.  *E.g.*, *See, e.g., United States v. Bicoastal Corp.,* No. 92-CR-261, 1992 WL 693384, at \*6 (N.D.N.Y. Sept. 28, 1992) ("This court does find that the disclosure of the existence of such an agreement would be an improper intrusion into the preparation of the defendants' case. Thus, this court will deny any motion by the Government to be provided with any joint defense agreement should one exist").**

30.  Produce all reports, findings, and correspondence with any experts you have consulted regarding the alleged incident, including forensic experts, psychologists, and any other relevant professionals.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #30 on the grounds that information requested is privileged and/or protected by related doctrines such as the work product doctrine and potentially the psychotherapist-patient privilege and that disclosure of any non-protected information is not required at this time. Jane further objects to the extent that Request #30 creates disclosure obligations inconsistent with Rule 26.**

31.    Produce all financial records, including bank statements, receipts, and transaction logs, that show any financial transactions related to the alleged incident, such as payment for legal services or settlements.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #31 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) is harassing, and (4) improperly invades Jane's privacy.**

32.    Provide all records of your social media activity related to the alleged incident, including posts, comments, messages, and any related metadata from platforms such as Facebook, Twitter, Instagram, etc.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #32 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) is harassing, and (4) improperly invades Jane's privacy.**

33.    Provide all medical records related to any medical attention you sought immediately following the alleged incident, including emergency room visits, consultations, and treatment plans.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #33 on the grounds that (1) any non-protected records, such as records disclosed as part of the criminal process, are already in Plaintiff's possession, and (2) any remaining records are protected from disclosure by Jane's privacy rights and or privilege, including but not limited to, potentially, the psychotherapist-patient privilege and other privacy protections such as HIPAA.**

34.    Produce all documents related to any previous accusations made against you for making false allegations, including complaints, legal filings, and outcomes of these cases.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #34 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, and (3) potentially seeks privileged documents, such as attorney-client communications related to any such other matters.**

135994410.1

35.    Produce all documents and communications that show any collaboration or coordination with witnesses regarding their statements about the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #35 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, and (3) potentially seeks privileged documents to the extent that it is intended to call, for example, for Jane's emails with her attorneys about a conversation the attorneys had with purported "witnesses" and, potentially, seeks documents protected by the psychotherapist-patient privilege.**

36.    Provide any records, photographs, or descriptions of physical evidence related to the alleged incident, including its current location and chain of custody.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #36 on the grounds that it (1) seeks documents Plaintiff already has, (2) seeks irrelevant documents, (3) is overly broad, and (4) seeks privileged documents, including documents protected by the attorney-client privilege to the extent "any records" "related to the incident" includes Jane's emails with her attorneys and, potentially, the psychotherapist-patient privilege.**

37.    Provide all documents and communications related to any disclosures you made to media outlets or journalists about the alleged incident, including emails, interview transcripts, and articles.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #37 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, and (3) seeks privileged documents to the extent that, for example, "all documents and communications related to any [purported] disclosures" would include emails between Jane and her attorneys, etc.**

38.    Produce all records of direct or indirect communications with the plaintiff since the alleged incident, including emails, text messages, social media messages, and any other forms of correspondence.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #38 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, and (3) seeks communications, if any, that Plaintiff already has and is therefore harassing.**

39.    Produce all settlement agreements or confidentiality agreements related to the alleged incident, including drafts, final agreements, and correspondence with the other parties involved.

**OBJECTION:**

      **In addition to the Objections above, Jane objects to Request #39 on the grounds that it (1) seeks irrelevant documents, and (2) seeks privileged documents, including, for example, drafts of settlement agreements exchanged between Jane and her attorneys, if any.**

      40.     Produce all statements, affidavits, or communications from third parties who observed your behavior or demeanor immediately before, during, or after the alleged incident.

**OBJECTION:**

      **In addition to the Objections above, Jane objects to Request #40 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad as, among other things, it would technically call for a communication from someone who observed Jane that has nothing whatsoever to do with any potentially relevant observation, and (3) is harassing in light of the communications, etc. that Plaintiff already has.**

      41.     Produce all documents related to any previous reports of similar incidents you have made to authorities or organizations, including the nature of the incidents, the authorities involved, and the outcomes of these reports.

**OBJECTION:**

      **In addition to the Objections above, Jane objects to Request #41 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, and (3) potentially seeks privileged documents, such as attorney-client communications in such other matters, if any.**

      42.     Produce any records or logs that show attempts to delete digital communications, social media posts, or other electronic records related to the alleged incident, including recovery efforts.

**OBJECTION:**

      **In addition to the Objections above, Jane objects to Request #42 on the grounds that it (1) seeks irrelevant documents, and (2) is overly broad.**

      43.     Produce all documents and communications related to your involvement with support groups or organizations dealing with issues related to the alleged incident, including meeting notes and correspondence.

**OBJECTION:**

      **In addition to the Objections above, Jane objects to Request #43 on the grounds that it (1) seeks irrelevant information, (2) is overly broad, (3) improperly invades Jane's privacy, including, and (4) infringes, potentially, on the psychotherapist-patient privilege.**

44.    Produce all security camera footage, surveillance videos, or any other recorded material that captures the events related to the alleged incident, along with any correspondence related to obtaining this footage.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #44 on the grounds that (1) Plaintiff has the requested footage and this request is therefore harassing, and (2) the request seeks irrelevant documents and is overly broad and may implicate privileged material as, for example, it requests "correspondence related to obtaining this footage."**

45.    Provide all reports, notes, and correspondence from consultations with experts in forensic science, digital forensics, or medicine regarding the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #45 on the grounds that information requested is privileged and/or protected by related doctrines such as the work product doctrine and potentially the psychotherapist-patient privilege and that disclosure of any non-protected information is not required at this time. Jane further objects to the extent that Request #45 creates disclosure obligations inconsistent with Rule 26.**

46.    Produce any documents, communications, or records that relate to attempts to influence or intimidate witnesses in this case, including emails, text messages, or recordings.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #46 on the ground that it is a harassing fishing expedition.**

47.    Provide all documents related to any insurance benefits received as a result of the alleged incident, including claim forms, correspondence with insurance providers, and payment records.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #47 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) is harassing, and (4) improperly invades Jane's privacy, including matters protected by HIPAA, etc.**

48.    Produce all communications and records involving your family members or friends who have discussed, investigated, or provided support regarding the alleged incident, including emails, text messages, and meeting notes.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #48 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) is harassing, and (4) improperly invades Jane's privacy. Among many other documents that are not discoverable, this request would theoretically call for every communication that "provided support," including, for example, an email that said: "Hope you have a great day."**

49.     Produce all documents, communications, or records that detail any prior consensual encounters or interactions you had with the plaintiff before the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #49 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, (3) is harassing, (4) improperly invades Jane's privacy, and (5) seeks privileged communications, including, for example, Jane's communications with her attorneys about any prior "interactions" she had with Plaintiff.**

50.     Provide all reports, findings, and correspondence related to any digital forensic analysis conducted on your electronic devices regarding the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #50 on the grounds that information requested is privileged and/or protected by related doctrines such as the work product doctrine and potentially the psychotherapist-patient privilege and that disclosure of any non-protected information is not required at this time. Jane further objects to the extent that Request #50 creates disclosure obligations inconsistent with Rule 26 and to the extent that it purported to require Jane to create documents, such as such an analysis.**

51.     Produce all documents, reports, and communications from third-party observers who have independently investigated or gathered information about the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #51 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, and (3) is unduly burdensome. For example, it purports to require Jane to produce public media reports available to Plaintiff.**

52.     Provide all statements, affidavits, and communications from individuals who have agreed to testify on your behalf regarding the alleged incident.

**OBJECTION:**

**In addition to the Objections above, Jane objects to Request #52 on the grounds that it (1) seeks irrelevant documents, (2) is overly broad, and (3) improperly invades Jane's privacy as, for example, it could theoretically require Jane to produce every single**

**communication with every witness regardless of what that communication is about.**

DEFENDANT JANE DOE,

By: */s/ Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT  06103
Tel.: 860-392-5000
Fax: 860-392-5058
Email:  jsconzo@carltonfields.com
        bgooley@carltonfields.com

Her Attorneys

24

135994410.1

## CERTIFICATION OF SERVICE

This is to certify that on this 20th day of June 2024, a copy of the foregoing was served electronically on counsel to the Parties in this action.


    */s/Brendan N. Gooley*
Brendan N. Gooley