UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Saifullah Khan,<br><br>    Plaintiff,<br>v.<br><br>Yale University, et al.,<br><br>    Defendants. | Civ. No. 3:19-cv–01966-KAD<br><br><br>June 17, 2025 |

### AFFIDAVIT OF MARIA L. LAURATO

Pursuant to 28 U.S.C. § 1746, I, Maria L. Laurato, declare as follows:

1.    I am over the age of twenty-one and believe in and understand the obligations of an oath.

2.    I am an attorney with the law firm of Carmody Torrance Sandak & Hennessey LLP, counsel to the defendant Yale University and the twelve individual Yale defendants in the above-captioned matter.

3.    On January 28, 2025, following the completion of its ESI production, Yale produced its initial privilege log ("Initial Log") that contained a list of the documents withheld on the basis of privilege, along with descriptions for each document sufficient to determine the basis of the privilege.

4.    Plaintiff has not raised any issue as to the sufficiency of Yale's Initial Log.

5.    On April 28, 2025, in connection with its supplemental production of previously withheld documents which Yale determined it could produce in redacted form, Yale updated its privilege log to identify by Bates number the previously withheld, but newly produced, redacted documents ("April 28 Log").

6. The subject matter descriptions on the April 28 Log are identical to those on Yale's Initial Log.

7. On May 8, 2025, the parties met and conferred on the 29 specific entries on Yale's April 28 Log that Plaintiff challenged in his May 4 email; no other entries on the April 28 Log were discussed. At this meet and confer, Plaintiff did not challenge any entry on FERPA grounds nor did he raise any issue concerning FERPA generally.

8. To prepare for the May 8 meet and confer, counsel for Yale reviewed each of the 29 challenged entries on the April 28 Log.

9. Although Yale's position at the May 8 meet and confer was that the challenged descriptions satisfied Rule 26, in an attempt to reach a compromise with Plaintiff and resolve the dispute as to the identified descriptions on the April 28 Log, counsel for Yale agreed to add additional specificity to the descriptions of the 29 challenged entries. Counsel for Yale revised the challenged descriptions on its April 28 Log and served Plaintiff with that log on May 8, 2025.

10. Attached to Yale's Memorandum in Opposition to Plaintiff's Motion to Compel ("Opposition") as Exhibit A is a true and accurate copy of an email from Attorney Laurato, dated April 28, 2025.

11. Attached to Yale's Opposition as Exhibit B is a true and accurate copy of Yale's April 28 Log.

12. Attached to Yale's Opposition as Exhibit C is a true and accurate copy of an email from Attorney Taubes, dated April 29, 2025.

13. Attached to Yale's Opposition as Exhibit D is a true and accurate copy of an email from Attorney Taubes, dated May 4, 2025.

14. Attached to Yale's Opposition as <u>Exhibit E</u> is a true and accurate copy of an email from Attorney Laurato, dated May 8, 2025.

15. <u>Exhibit F</u> to Yale's Opposition, filed under seal, is a true and accurate copy of a letter from The Pattis Law Firm, dated November 12, 2015.

16. <u>Exhibit G</u> to Yale's Opposition, filed under seal, is a true and accurate copy of a letter from Plaintiff, dated July 7, 2018.

17. Attached to Yale's Opposition as <u>Exhibit H</u>, is a true and accurate copy of the Verified Complaint filed by Plaintiff on October 10, 2018.

18. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2025

_____
Maria L. Laurato