# **EXHIBIT D**

**Maria L. Laurato**

| | |
|---|---|
| **From:** | Alex Taubes <alextt@gmail.com> |
| **Sent:** | Sunday, May 4, 2025 11:15 AM |
| **To:** | Giovanna Tiberii Weller; Brendan Gooley (bgooley@carltonfields.com); Patrick M. Noonan; Maria L. Laurato |
| **Subject:** | [EXTERNAL] 3:19-cv-1966- Khan v. Yale |

Dear Counsel,

We are still working on our review and addition to our privilege log in light of our prior meet and confers and hope to get you additional information by this Wednesday. Upon review of the privilege log Yale University submitted on April 28, though, we have identified several entries we believe are improperly withheld under prevailing federal privilege standards. We were hoping that your newest update to the privilege log would eliminate many of these obvious issues, but so many remain that we need to address them instead of only addressing your issues with our log. We will send a separate email regarding Jane Doe's logs. Given the vague and incomplete justifications provided for these entries in Yale's log, we are concerned that privilege is being improperly asserted to shield relevant and discoverable information. We respectfully request a meet-and-confer to discuss and resolve the following specific entries:

- **Entry #1 (Attorney-Client, Work Product, FERPA):** Revised UWC case summaries are administrative and routine, not primarily for legal advice or litigation. The description omits any explicit mention of litigation anticipation or specific legal advice.
- **Entry #2 (Psychotherapist-Patient, FERPA):** Communication referencing Jane Doe's SHARE counselor is relevant and material and suggests internal disclosure of counseling information, potentially waiving psychotherapist privilege.
- **Entry #18 (Attorney-Client):** The individuals on the email appear to be non-lawyers, discussing "issues" necessitating "involvement and advice;" the description omits any mention of *legal* advice or *legal* issues.
- **Entry #21 (Attorney-Client, Work Product):** Email chain "discussing letter from plaintiff's counsel" and "reflecting . . . impressions," without stating that the discussion was legal or that they were opinions related to or in anticipation of litigation. No legal issues or legal advice is mentioned in the description.
- **Entry #23 (Attorney-Client, Work Product):** Description mentions "advice" and "impressions" without stating whether any of the advice was legal in nature or whether any of the impressions were related to or in anticipation of litigation.
- **Entry #34 (Attorney-Client):** Description omits any mention of "legal" issues or "legal advice." Merely states it is an email "discussing issues necessitating OGC's involvement and advice." This fails to specify whether legal advice or involvement was discussed.
- **Entry #38 (Attorney Client, Work Product):** Description omits any mention of legal advice or legal issues and merely states that it is seeking "advice" from OGC and that it was reflecting "counsel's advice," without stating whether it was "legal advice." *But see* Entry #39, which specifies it reflected counsel's *legal* advice regarding same.
- **Entry #40 (Attorney-Client, Work Product):** Emails about media inquiries; appears primarily public-relations focused, potentially exceeding privilege boundaries. Description omits any explicit legal question or litigation strategy. This suggests predominantly public relations motive to the communications

- **Entries #44, 45 (Attorney-Client, Work Product):** Description omits any mention of legal issues or legal advice. Merely states that it is an email chain with attachments regarding subpoenas in the criminal case and reflecting "OGC's impressions" regarding same, without regard to whether they were impressions relating to or in anticipation of litigation.
- **Entries #46-48 (Attorney-Client, Work Product):** Description omits any mention of legal advice; these entries simply state they are email chains with counsel providing updates on the criminal case and reflecting counsel's impressions. No indication is given that these are confidential legal advice or work product prepared in anticipation of litigation.
- **Entry #55 (Attorney-Client, Work Product):** Email discussing public relations and media response. Description omits any explicit legal question or litigation strategy. This suggests predominantly public relations motive to the communications.
- **Entry #57 (Attorney-Client, Work Product, FERPA):** Communications regarding public petition and media statements appear predominantly for PR purposes rather than legal advice.
- **Entry #59 (Attorney-Client, Work Product):** This description omits any mention of legal issues. It simply says it is an email with an attention reflecting revisions by OGC regarding a response to plaintiff. Copy editing is not legal advice or work product unless it is in preparation for litigation.
- **Entry #64 (Attorney-Client, Work Product):** This description omits any mention of legal advice or legal issues and merely says it is an email chain between OGC and outside counsel discussing criminal transcripts and reflecting impressions of those transcripts. This does not demonstrate that these are work product protected or attorney client privileged confidential communications.
- **Entry #65 (Attorney-Client, Work Product):** This description omits any mention of any legal issues or legal advice or anticipation of litigation. It merely says that it is an email with attachment drafted by OGC regarding response to plaintiff. The mere fact that something was drafted by an attorney does not make it privileged or work product.
- **Entries #70-71 (Work Product):** Although these email chains are between OGC and outside counsel, they are said to be discussing criminal transcripts for use in connection with the UWC proceeding, not for use in connection with legal advice. These descriptions do not say that these communications contain work product in anticipation of litigation, but instead for the UWC proceedings.
- **Entry #96 (Psychotherapist-Patient, FERPA):** Internal communication between Drs. Siggins and Goldberg regarding SHARE Center administration lacks attorney involvement, raising privilege applicability concerns.
- **Entry #100 (Attorney-Client, Work Product, FERPA):** Non-attorney-authored internal communications purportedly reflecting OGC's impressions; unclear privilege applicability without direct attorney participation.
- **Entry #112 (Attorney-Client):** This entry does not state that legal advice is reflected or being sought; it merely says it is an email chain reflecting a draft message "regarding prospective UWC panelists." This would suggest a business purpose, namely, running the UWC proceedings; not legal purposes or anticipation of litigation.
- **Entry #114 (Attorney-Client):** Unlike Entries #113 and #115, which both say it is an email chain seeking "legal advice," this is an email chain which merely seeks "advice from OGC," regarding certain issues regarding UWC procedure. This is insufficient to warrant attorney-client privilege protection as no legal advice was involved.
- **Entry #116 (Attorney-Client, Work Product):** Again, this entry does not state there is any legal advice; it says it is an email chain with attachments drafted by OGC. Merely because it was communications with attorneys during pending litigation does not render it work product or privileged.
- **Entry #118: (Attorney-Client, Work Product):** No mention of legal advice or creation of documents in anticipation of litigation.

2

- **Entry #132 (Attorney-Client, Work Product):** No mention of legal advice in this description; it is an email reflecting OGC's drafting of a message regarding the recusal of a decision-maker from UWC, a factual and business matter rather than a legal matter. The fact that it was drafted by an attorney or created during the pendency of an action does not render it privileged or protected from disclosure.
- **Entry #183 (Attorney-Client, Work Product):** This entry makes no mention of legal advice or anticipated litigation but instead is an email chain reflecting OGC's draft response to an email concerning a YDN article and internal discussions of the same.
- **Entry #188 (Attorney-Client, Work Product):** This entry states it is a compilation of emails provided related to th eUWC proceeding and makes no mention of any legal issues, legal advice, or legal proceedings; except that it occurred during the pendency of a case, which is insufficient to show that it should be protected.
- **FERPA Claims Generally:** Over-invocation of FERPA does not justify withholding documents. We request production subject to a protective order, redactions, or other appropriate measures.

Given that close to 80% of the entries mention "legal advice" or "information necessary for legal advice," we focused above on those descriptions that omit either reference entirely. We aim to resolve these concerns cooperatively through this meet-and-confer process so we do not need to file a motion to compel. Please let us know when we can go through these.

Best regards,
Attorney Alex Taubes

--
Alexander T. Taubes
470 James Street, Suite 007
New Haven, CT 06513
(203) 909-0048 » alextt@gmail.com » taubeslaw.com
*My emails' contents are confidential. If you received this email by accident, please let me know and then delete it. Thank you.*