UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | JUNE 17, 2025 |

**<u>DEFENDANT JANE DOE'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL
DOCUMENTS ON YALE'S PRIVILEGE LOG</u>**

Defendant Jane Doe ("Jane") respectfully objects to Plaintiff's Motion to Compel (ECF 327 ("Motion")) insofar as that Motion seeks to compel the production of documents Yale University ("Yale") is withholding on the basis of Jane's psychotherapist-patient privilege and related State privileges. Jane also objects to Plaintiff's Motion insofar as it seeks any information and/or documents related to her on the ground that Plaintiff has once again proven that he cannot be trusted with sensitive information, particularly information related to Jane. The Court should deny Plaintiff's Motion.

**I.      PRELIMINARY STATEMENT**

Plaintiff's request for information related to Jane, particularly information related to Jane's statements to a psychologist in Yale's SHARE Center, should be denied because Plaintiff has once again proven he cannot be trusted with sensitive information. Last week, Plaintiff violated the Court's Protective Order by publicly filing a private email Jane designated as "Confidential" under the Protective Order. Plaintiff's latest disregard for this Court's Orders at Jane's expense follows an extended pattern of "egregious" behavior related to Plaintiff attempting to misuse this case to harass Jane. The Court should deny Plaintiff access to additional discovery, particularly the extremely sensitive information that Plaintiff seeks in his Motion, on that basis alone.

But even putting aside Plaintiff's efforts to harass Jane and disregard for the Orders intended to protect sensitive documents in this case, the Court should still deny Plaintiff's request for Yale Privilege Log Entries 2 and 96 because those documents are protected by the psychotherapist-patient privilege. Plaintiff's argument to the contrary boils down to a conclusory and speculative assertion that Jane must have authorized the dissemination of the information in question or that the Court should require production of the documents even if Jane did not authorize the dissemination of the information contained in them because Yale waived Jane's privilege by talking about the information. As Plaintiff concedes, however, only Jane can waive her privilege. Plaintiff's assertion that she did so is nothing but conjecture and provides no basis for disclosure.

The Court should deny Plaintiff's request for any further information or documents regarding Jane, particularly documents protected by the psychotherapist-patient privilege.

## II.     BRIEF BACKGROUND AND PROCEDURAL HISTORY

### A.     Plaintiff's "Egregious" Behavior Regarding Jane

Jane will not recount here Plaintiff's extensive misconduct directed toward her. In short, Plaintiff has engaged in "egregious" misconduct related to "harass[ing]" Jane, including "efforts to litigate this case on social media and inflict[ing] harm on Jane Doe outside of the judicial process." (*See, e.g.*, ECF 119 at 5, 8 n.4, ECF 200 at 7:6–7, ECF 265 at 14.) Defendants have a pending Motion for Judgment of Dismissal and/or Other Sanctions (ECF 332) raising additional misconduct by Plaintiff, including further misconduct related to harassing Jane in violation of this Court's Orders. Plaintiff's misconduct has significant implications for any further discovery process. The Court must ensure that any further discovery is not misused to further harass Jane.

These concerns are even more paramount because <u>Plaintiff just violated the Protective Order in this case</u>. The Protective Order (ECF 197) requires the Parties to seal any documents designated under the Protective Order that a Party desires to file with the Court. (ECF 197 at ¶ 12

("If it becomes necessary to file Designated Material with the Court, a party *must* comply with Local Civil Rule 5 by *moving to file the Designated Material under seal*. (emphasis added)). Plaintiff is well aware of this requirement because Defendants have repeatedly noted it in their Motions to Seal. (*See, e.g.*, ECF 334 at 1 ("The Protective Order [] requires that Jane move to seal the Exhibits in light of their 'Confidential' designation. (*See* ECF 197.)").) Plaintiff nevertheless publicly filed a private communication Jane produced in discovery in this case that Jane designated "Confidential" pursuant to the Protective Order without moving to seal that document. (ECF 344-3.) Plaintiff has no regard for this Court's Orders. (*See, e.g.*, ECF 197.) Plaintiff's decision to publicly file a "Confidential" document deprived the Court and Jane of the ability to consider whether that document should be public in light of the fact that all Parties—including Plaintiff—agreed that this document and scores of others warrant "Confidential" protected status.

Indeed, <u>the day before Jane filed this Objection, Plaintiff posted a message establishing his further intent to harass Jane</u> through something Plaintiff has dubbed "operation dragonfire." Plaintiff notably discussed his Motions to Compel in that very post:



### B. Plaintiff's Motion

Against that backdrop of misconduct and disregard for the Court's Orders, Plaintiff seeks to compel additional documents listed on Yale's Privilege Log. The documents are not public: They contain private information that Plaintiff could use to further harass Jane or attempt to litigate this case on social media in lieu of in this Court. Plaintiff seeks two Privilege Log Entries that are

protected from disclosure by Jane's psychotherapist-patient privilege. Privilege Log Entry 96 is an email between mental health professionals (Dr. Carole Goldberg and Dr. Lorraine Siggins) that, per Yale, contains "confidential information" related to Jane. (Yale's Privilege Log (ECF 327-1) at 14.) Privilege Log Entry 2 is an email sent to a member of Yale's Office of the General Counsel (Attorney Susan Sawyer) and several other Yale officials that, per Yale, "reflect[s] confidential information regarding Jane Doe's communication with [a] SHARE [*i.e.*, Sexual Harassment and Assault Response & Education Center] counselor." (ECF 327-1 at 1.)

### III. RELEVANT LAW AND ARGUMENT

#### A. Plaintiff's "Egregious" Violations Of This Court's Orders—Including Violating The Protective Order—Warrant Denial Of Plaintiff's Motion

Plaintiff's history of abusing Jane is a more than sufficient reason for this Court to deny Plaintiff further discovery, particularly discovery related to Jane and especially documents as sensitive as documents related to what Jane told a counselor. The documents at issue are private communications that contain extremely sensitive information given the nature of this case. Plaintiff has repeatedly shown that he cannot be trusted with such documents.

The fact that Plaintiff has now violated the Protective Order, which is designed to protect sensitive information, reinforces the conclusion that Plaintiff should not receive further discovery. Plaintiff's decision to publicly file a "Confidential" document demonstrates that the Protective Order is not an effective method of shielding sensitive information. Plaintiff was willing to openly violate the Protective Order with a submission on this Court's docket. Who knows what he has done or will do with sensitive documents outside of the Court's process.

Even more troublingly, Plaintiff is currently planning "operation dragonfire." (*See* Plaintiff's June 16, 2025 Post.) While it is unclear what, exactly, Plaintiff intends to do in conjunction with "operation dragonfire," Plaintiff's post makes it clear that this "operation"

4

involves further harassment of Jane. It is no coincidence that Plaintiff discussed "operation dragonfire" in a post regarding his Motions to Compel. Plaintiff will misuse any further discovery he obtains to further harass Jane. As Judge Dooley recently noted in this case, "[a] court may deny public access 'where court files might have become a vehicle for improper purposes.'" (ECF 317 at 4 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).) The same principal warrants denying Plaintiff access to additional discovery given the sensitive nature of the information at issue and Plaintiff's repeatedly stated intent to harass Jane.

The Court should therefore deny Plaintiff's Motion. In the alternative, and to the extent the Court concludes that certain documents on Yale's Privilege Log are not privileged and should be disclosed, Jane requests the opportunity to review those documents before they are produced so that Jane can make specific arguments about how they could potentially be used to harass Jane so that the Court can consider whether Plaintiff should be entitled to them on a case-by-case basis. Jane has privacy interests in the records in Yale's possession. *See, e.g.*, the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; *see also, e.g.*, *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 74–77 (1st Cir. 2022) (Courts should consider policies underlying FERPA in context of litigation (in that case, in context of request for anonymity). Jane should be allowed to raise specific arguments about her privacy interests prior to any production.

    **B.**    **The Court Should Deny Plaintiff's Motion To Compel Privilege Log Entries 2 And 96 Because Those Documents Are Privileged**

The Court should also deny Plaintiff's Motion insofar as it seeks to compel Yale Privilege Log Entries 2 and 96 because those entries are protected by the psychotherapist-patient and related privileges.

    *1.*    *Relevant Law*

As Jane has previously noted (*see* ECF 313, which Jane incorporates here), the federal

5

psychotherapist-patient privilege is an "absolute" protection on Jane's communications with mental health professionals. *E.g.*, *Jaffee v. Redmond*, 518 U.S. 1 (1996); *see also, e.g.*, *United States v. Ray*, 585 F. Supp. 3d 445 (S.D.N.Y. 2022) ("[T]he psychotherapist-patient relationship is absolute."). Connecticut adheres to the psychotherapist-patient privilege and has extended the privilege to communications between sexual assault victims and sexual assault counselors, counselors, and social workers. *See, e.g.*, Conn. Gen. Stat. § 52-146k; Conn. Gen. Stat. § 52-146d, Conn. Gen. Stat. § 52-146e; Conn. Gen. Stat. § 52-146s; Conn. Gen. Stat. § 52-146q; *see also, e.g.*, *Brewer v. Arnone*, No. 3:11CV19 DFM, 2013 WL 441074, at *1 n.1 (D. Conn. Feb. 5, 2013) (noting that the "strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy" and that Connecticut privilege law supported federal law).

"[C]ourts have recognized that the [psychotherapist-patient] privilege extends to the entire team of professionals necessary for delivering mental-health treatment." *United States v. Ray*, 585 F. Supp. 3d 445, 453 (S.D.N.Y. 2022) (internal quotation marks omitted). Thus, the privilege, for example, "is not waived when otherwise confidential statements are made in group therapy sessions where the presence of each patient, and the communication by each of those patients to the others of the most sensitive information of his or her life, is critical to the success of therapy session for all patients." *Id*. at 454. Thus, discussions amongst providers about a patient do not waive the patient's psychotherapist-patient privilege. *E.g.*, *id.* at 457 (noting "that the psychotherapist-patient privilege extends to members of a medical team that are ultimately providing mental health care" (internal quotation marks omitted)). The psychotherapist-patient privilege would be meaningless if a psychologist's discussion about a case with a fellow psychologist waived the privilege. What matters is whether "the information being sought would convey the content of what the patient tells the treatment providers . . . or whether [the information

6

being sought] is inextricably intertwined with such information." *E.g.*, *id.*

As Plaintiff admits, the privilege belongs to Jane. *E.g.*, *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008); Plaintiff's Motion at 11 ("The privilege belongs to the patient (Jane Doe) . . . ."). And, as Plaintiff admits, only Jane can waive the privilege. *E.g.*, *Ray*, 585 F. Supp. 3d at 451 ("[T]he psychotherapist-patient privilege, like other privileges, may be waived *by the privilege holder*." (emphasis added) (citing *In re Sims*, 534 F.3d at 451)); Plaintiff's Motion at 11 ("The privilege belongs to the patient (Jane Doe), *and only she can waive it or authorize disclosure*." (emphasis added).) A patient's waiver of the privilege must be in writing. Conn. Gen. Stat. § 52-146d(3) ("'Consent' means consent given *in writing* by the patient or his authorized representative[.]") (emphasis added); *see also, e.g.*, Conn. Gen. Stat. § 52-146c(a)(4) (same).

> 2. *Plaintiff Acknowledges That The Psychotherapist-Patient Privilege Belongs To Jane And That Only Jane Can Waive The Privilege*

It is important to begin the discussion of Plaintiff's challenge to the psychotherapist-patient privileged documents by discussing what is *not* in dispute. Plaintiff expressly concedes that Jane has a psychotherapist-patient privilege that only she can waive. (Plaintiff's Motion at 11 ("The privilege belongs to the patient (Jane Doe), and only she can waive it or authorize disclosure.").

Plaintiff immediately ignores this principal, however, arguing that Yale somehow waived Jane's privilege through its actions "even if Jane Doe never intended her counselor's words to go further." (Plaintiff's Motion at 11.) But again, there is no dispute: Yale cannot waive Jane's privilege, only Jane can. *E.g.*, *Ray*, 585 F. Supp. 3d at 451; Plaintiff's Motion at 11.

Plaintiff's concession that only Jane can waive the privilege is significant because Plaintiff's argument primarily rests on the faulty premise that the Court should require production of the documents because Yale waived Jane's privilege through its purported actions. (*See, e.g.*, Plaintiff's Motion at 11–12 (arguing that production is warranted because "Yale [supposedly]

7

share[d] [what Jane said] internally").) As Plaintiff concedes, that argument is legally baseless.

Plaintiff's argument about Yale's actions are meritless.

### 3. Plaintiff Puts The Cart Before The Horse By Arguing That Jane Authorized The Disclosure Of What She Said To Her Counselor(s)

Plaintiff's argument that Jane somehow "allowed her statements to be conveyed" within Yale is pure speculation. Plaintiff assumes that Jane must have authorized a disclosure because Yale purportedly discussed what Jane allegedly said to her counselor(s) internally. (Plaintiff's Motion at 11.) It is far more plausible that individuals from Yale engaged in any discussion of what Jane said amongst themselves because they believed they were able to do so without breaching Jane's confidence. Indeed and as detailed below, one of the communications Plaintiff seeks was from one Yale mental health professional to another Yale mental health professional. Plaintiff is engaging in a fishing expedition and asking this Court to order the production of the most sensitive information imaginable based on conjecture. The Court should deny his request.

### 4. The Privilege Applies To The Log Entries At Issue

A review of the specific log entries in question also reveals the privilege attaches to them.

#### i. Log Entry 96 Is Privileged

Plaintiff admits that Yale Privilege Log "Entry 96 is an email between two Yale" mental health providers: "Dr. Lorraine Siggins and [Dr]. Carole Goldberg." (Plaintiff's Motion at 10.) It is undisputed that Dr. Goldberg is a mental health provider and Plaintiff acknowledges that Dr. Siggins is "a clinician." (Plaintiff's Motion at 10.) Yale's Privilege Log makes it clear that the email contains private information about Jane (or else the email would not be listed on the Privilege Log). An email between two mental health professionals about a patient is protected by the psychotherapist-patient privilege. *E.g.*, *Ray*, 585 F. Supp. 3d at 457 (noting "that the psychotherapist-patient privilege extends to members of a medical team that are ultimately

providing mental health care" (internal quotation marks omitted)). The privilege is not waived when one doctor provides information to, or asks a question of, another doctor (especially within the same organization) in order to ensure that a patient is receiving proper treatment. *E.g.*, *id.* Plaintiff's complaint that the email purportedly concerns "the administration of the SHARE Center" is misplaced. The fact that the email is on Yale's Privilege Log establishes that it contains other information. *See, e.g.*, *id.* at 457 (privilege applies to information inextricably intertwined with privileged information). Yale Privilege Log Entry 96 is a quintessential psychotherapist-patient privileged communication.

       ii.  Log Entry 2 Is Privileged

Yale Privilege Log Entry 2 is an email to an attorney in Yale's Office of the General Counsel (Attorney Susan Sawyer). Plaintiff's request for the email should thus be denied on the basis that, as Yale notes, this is an attorney-client communication. Regardless, Yale notes that the email "reflect[s] confidential information regarding Jane Doe's communication with [a] SHARE counselor." (ECF 327-1 at 1.) It is therefore well within the scope of the psychotherapist-patient privilege. Plaintiff's argument that Yale waived Jane's privilege by discussing what she said is baseless. Plaintiff admits it was legally impossible for Yale to waive Jane's privilege. (*See* Plaintiff's Motion at 11.) Plaintiff's argument that Jane waived the privilege is meanwhile pure speculation. The Court should not allow the psychotherapist-patient privilege to be overcome and sensitive information that can be used to harass Jane disclosed on the basis of Plaintiff's conjecture.

## IV. CONCLUSION

The Court should deny Plaintiff's Motion. The Court should, at minimum, at least deny the portion of Plaintiff's Motion that seeks communications protected by the psychotherapist-patient privilege (Yale Privilege Log Entries 2 and 96).

        Defendant,
        Jane Doe

By: /s/ *Brendan N. Gooley*
        James M. Sconzo (ct04571)
        Brendan N. Gooley (ct30584)
        CARLTON FIELDS, P.A.
        One State Street, Suite 1800
        Hartford, CT 06103
        Tel.: 860-392-5000
        Fax: 860-392-5058
        Email: jsconzo@carltonfields.com
        Email: bgooley@carltonfields.com

## CERTIFICATION OF SERVICE

This is to certify that on this 17th day of June 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

                                                  */s/ Brendan N. Gooley*
                                                  Brendan N. Gooley