# EXHIBIT H

| | |
|---|---|
| **From:** | Giovanna Tiberii Weller |
| **Sent:** | Monday, August 5, 2024 5:15 PM |
| **To:** | Alex Taubes; Brendan Gooley (bgooley@carltonfields.com) |
| **Cc:** | Giovanna Tiberii Weller; Maria L. Laurato |
| **Subject:** | Khan v. Yale University et al: Plaintiff's Outstanding Discovery Production |

Hi Alex,

At our meet and confer on July 10th, we discussed the outstanding discovery production owed from the plaintiff. You agreed to produce:

- **Criminal trial exhibits**: In Yale's Request for Production No. 16, Yale requested a copy of each document offered as an exhibit during the criminal trial. In your response, dated May 20, 2024, you responded "to be provided." At the July 10th meet and confer, you stated that you will reach out to Norm Pattis' office to obtain sharefile link to send to all parties. Please provide a date certain for production.

- **Documents and communications concerning the Plaintiff's suspensions/expulsion from Yale**: In Requests for Productions Nos. 5 – 9, 19, and 21, Yale sought these documents and communications. In your responses, you referred to documents produced and stated, "additional documents will be produced as discovered." In our correspondence and during our meet and confer, we specifically discussed text messages (none of which were produced) and social media postings, including Facebook, Instagram, What's App, and an updated Twitter archive (not an exhaustive list). You agreed to speak with the Plaintiff and provide additional documents. Please provide a date certain for production.

In addition, Yale requested **transcripts, audio and/or video recordings** that "captures any conduct or conversation of any defendants (or employees, agents, etc) that is relevant or material to any of the allegations of the plaintiff's complaint or claims for damages." (Request for Production No. 22) Your response on May 20th stated, "see enclosed production." However, no transcript, audio or video recordings were produced. When asked this about, you supplemented your privilege log on July 1 to add two recordings of the Title IX proceedings on 11/6/2018 and 7/18/2018. Please state whether these recordings are audio and/or video, and please produce the recordings and any transcripts with the privileged information redacted. Additionally, please advise whether there are any *other* audio and/or video recordings in existence, including of any in person meetings, video conferences, and telephone calls.

Best regards, Giovanna

**Giovanna Tiberii Weller** | Bio
**Carmody Torrance Sandak & Hennessey LLP**
195 Church Street | New Haven, CT 06510
Direct: 203-575-2651 | Fax: 203-784-3199
GWeller@carmodylaw.com | www.carmodylaw.com
Pronouns: she, her, hers

------------------------------
This electronic message contains information from Carmody Torrance Sandak & Hennessey LLP, or its attorneys, which may be confidential, privileged or otherwise protected from disclosure. The information is intended to be used solely by the recipient(s) named. If you are not an intended recipient, be aware that any review, disclosure, copying, distribution or use of this transmission or its contents is prohibited. If you have received this transmission in error, please notify us immediately at 203-573-1200 or at the reply email address. For more information about Carmody Torrance Sandak & Hennessey LLP, please go to http://www.carmodylaw.com
------------------------------

| From: | Giovanna Tiberii Weller |
| --- | --- |
| Sent: | Monday, August 19, 2024 3:18 PM |
| To: | Alex Taubes |
| Cc: | Brendan Gooley (bgooley@carltonfields.com); James M. Sconzo (jsconzo@carltonfields.com); Mario Cerame; Patrick M. Noonan; Jennifer R. Peschell |
| Subject: | RE: [EXTERNAL] Re: Khan / Yale: ESI Counterproposal: Confidential and For Discussion Only |

Hi Alex,

Because you are producing additional production this week, I think it makes sense for me to review the supplemental production before sending you a list of what may still be outstanding.

There is, however, one thing we may be able to address now as you prepare the supplemental production. Previously, we discussed the production of recordings Mr. Khan has made, and you asked for more information on specific recordings. In emails, Mr. Khan has stated that he "recorded and transcribed" phone conversations with Yale employees. See SAIFKHAN 1760, 1792. It also appears that Mr. Khan recorded a phone conversation with ▮▮▮▮▮ on or about January 9, 2020. See SAIFKHAN 2061. Please produce these recordings and any transcripts. See, e.g., Yale's Request for Production Nos. 4-7, 9, 21-22.

Thank you. Best, Giovanna

**From:** Alex Taubes <alextt@gmail.com>
**Sent:** Friday, August 16, 2024 7:56 PM
**To:** Giovanna Tiberii Weller <GWeller@carmodylaw.com>
**Cc:** Brendan Gooley (bgooley@carltonfields.com) <BGooley@carltonfields.com>; James M. Sconzo (jsconzo@carltonfields.com) <JSconzo@carltonfields.com>; Jennifer R. Peschell <JPeschell@carmodylaw.com>; Mario Cerame <mcerame@brignole.com>; Patrick M. Noonan <PNoonan@carmodylaw.com>
**Subject:** [EXTERNAL] Re: Khan / Yale: ESI Counterproposal: Confidential and For Discussion Only

Thank you Giovanna.

In regards to your pending requests with the plaintiff, I can report that we have conducted an initial review of the files received from Attorney Pattis's office. Unfortunately, our review has revealed that the file contains no one place with all of the exhibits from the criminal trial, let alone copies of marked exhibits, of which we have discovered none. We do believe that many of the documents in the file are duplicative of exhibits introduced at the trial. We are finalizing our review to make a production to the defendants early next week. Because it is an attorney file many documents are privileged. There are other responsive documents contained in the production as well. We will also be producing the text messages I previously promised, they simply need to be bates stamped.

Best regards,
Attorney Alex Taubes

On Fri, Aug 16, 2024 at 1:59 PM Giovanna Tiberii Weller <GWeller@carmodylaw.com> wrote:

Alex,

I attach Yale's ESI counterproposal. This is, as we've discussed, in furtherance of our joint efforts to reach a good faith resolution of our objections to your written discovery. In doing so, we have put together a list that we believe is comprehensive and fair. And, instead of a "one-size-fits-all" date range, I tied specific, relevant date ranges for each custodian.

With this, I think it makes sense for us to reschedule our next in-person meet and confer. I am flexible on the date and suggest you propose something that gives you sufficient time to review the counterproposal. I also plan to send you something, either today or Monday, on the plaintiff's outstanding discovery to Yale that I would like to discuss and wrap up at the meet and confer.

Finally, a couple of housekeeping notes on our agreed-to process. First, Jane's counsel has her own objections to your discovery requests to Yale as they pertain to her. To the extent Yale has agreed to custodians who may have information subject to Jane's objections, her counsel will need to review and weigh in on the production before disclosure. Next, if our good faith efforts to agree to an ESI proposal are unsuccessful, you have not waived your right to move to compel responses to your written discovery and Yale has not waived any of its objections thereto.

I look forward to discussing this at our meet and confer and I hope you have a good weekend.

Best, Giovanna

**Giovanna Tiberii Weller** | Bio
**Carmody Torrance Sandak & Hennessey LLP**
195 Church Street | New Haven, CT 06510
Direct: 203-575-2651 | Fax: 203-784-3199
GWeller@carmodylaw.com | www.carmodylaw.com
Pronouns: she, her, hers

------------------------------

This electronic message contains information from Carmody Torrance Sandak & Hennessey LLP, or its attorneys, which may be confidential, privileged or otherwise protected from disclosure. The information is intended to be used solely by the recipient(s) named. If you are not an intended recipient, be aware that any review, disclosure, copying, distribution or use of this transmission or its contents is prohibited. If you have received this transmission in error, please notify us immediately at 203-573-1200 or at the reply email address. For more information about Carmody Torrance Sandak & Hennessey LLP, please go to http://www.carmodylaw.com
------------------------------

--
Alexander T. Taubes
470 James Street, Suite 007
New Haven, CT 06513
(203) 909-0048 » **alextt@gmail.com** » taubeslaw.com

*My emails' contents are confidential. If you received this email by accident, please let me know and then delete it. Thank you.*

**Yale/Khan – Notes re: Meet and Confer on September 25, 2024 Meet and Confer**

Alex Taubes
Giovanna Weller
Brendan Gooley
Jennifer Peschell

**The notes are listed in order of the discussion:**

1. █████████authorization/records deficiency:

   o   Giovanna has not received ████████s records due to Khan submitting an alternate
       authorization directly to█████████that apparently only allowed for a treatment
       summary.  Alex e-mailed █████████(with a cc to Giovanna) and included the original
       authorization signed by Khan to obtain all records. Giovanna requested a date certain to
       receive the records. **To date (10/16),** █████████ **has not produce her records.**

2. **Yale production:**

   o   Giovanna produced additional health records received via authorizations.

3. **IRS Rejection letter:**

   o    Giovanna showed the rejection notice from IRS to Alex. The notice stated that the
        reason for the rejection was provided to Khan.  Alex agreed to ask Khan if he's received
        any correspondence from the IRS and will circle back with the reason for the rejection.

4. **Khan's recordings and transcripts of phone conversations with Yale employees:**

   o   Giovanna again requested all "recordings and transcriptions" of any communications
       with Yale, as requested in Yale's Requests for Production. Alex indicated that Khan has
       searched and does not have any additional recordings other than the 2 recordings listed
       on the supplemental privilege log. When shown SAIFKHAN 1760, where Khan stated that
       he recorded phone calls, Alex stated that he believes Khan was referring to the UWC
       interview.

   o   Alex said he will confirm whether Khan recorded any telephone calls other than those on
       the privilege log and that those are the only recordings that ever existed.

   o   Please note that Khan, in SAIFKHAN1792, stated "...*I have kept all my communications
       with Yale in letters and email, and the **couple phone conversations** have all been
       recorded and transcribed*".  (emphasis added). Even if the UWC interview was conducted
       via telephone, it seems from Khan's email that there are others neither produced nor
       listed on any privilege log.

5. **UWC hearing recording and transcript:**

   o   Alex does not believe there is a transcript of the recording of the hearing, but will confirm. If there is no transcript, Alex agreed to contact reporter to get a quote on transcribing recording and will get back to us. Alex proposed splitting the cost 3 ways, and Brendan and Giovanna agreed. Once there is a transcript, Alex can redact any privileged communications between Khan and Norm, and provide a redacted copy of the transcript. The parties could then, if possible, narrow any dispute to the redacted language. **The parties preserved all rights on this and other issues, including their right to challenge any redactions.**

6. **Peter Roe text messages:**

   o   Giovanna took the time to put in chron order, Alex requested copy of chron version, Giovanna will consider request and get back to Alex. There are messages that are clearly missing. Alex will ask Khan about any missing text messages. **Giovanna will provide Alex with the messages in order; Alex, please provide the missing text messages.**

7. **Social media Facebook/Instagram (and others):**
   o   Giovanna to provide search terms. Brendan inquired about agreement for an updated twitter export. Alex indicated he will work on it if we get him search terms. **The parties need to discuss how the data will be collected; all rights reserved.**

8. **Yale ESI:**
   o   Yale agreed to adding J.Killheffer for a total of 16 custodians and accepted all of Khan's proposed search terms and date ranges; however, Yale will not remove its initially proposed date ranges to the extent they do not overlap. Yale is not inclined to make any more changes, and Alex indicated that Yale's offer appears reasonable to him. Alex will consult with Khan and advise of Khan's position on ESI.

9. **Khan's Yale inbox and additional personal e-mail addresses- search terms/J.Doe inbox search terms:**
   o   Giovanna and Alex will work on proposed search terms. Also requests Khan to search three additional personal email accounts and will propose additional search terms for that. There is an outstanding question as to who's property Khan's Yale inbox is and whether Khan has full access to it. Alex believes Khan should be able to see it; Jane's counsel expressed concern about turning it to Khan. This was tabled for future discussions.

   o   Alex will propose search terms for Jane's inbox and each side will exchange simultaneously.

**10. Immigration authorization:**

    o   Alex to produce additional immigration documents obtained pursuant to a FOIA request submitted by Khan. If it is not complete, Brendan will search for authorization and reach out to Alex if he does not have it.

**11. Employment records authorization:**

    o   Brendan to resend authorization and send a list of employers to Alex.

**12. Other sexual misconduct:**

    o   Brendan believes production was deficient on Jane's Interrogatory and Request #10, which request a list of other sexual misconduct. Alex states that Khan's position is that there are no other allegations of sexual misconduct (other than Peter Roe and Jane). Brendan referenced remark in video re: complaints, Alex believes Khan was referring to the fact that people filed complaints about him coming back to school, not of a sexual nature. Khans position that there are no other allegations of sexual misconduct and no one else has accused him of that.

**13. Brendan's request for Khan's travel (what has he been doing):**

    o   Brendan states he entitled to basic information and travel information. Alex believes it should be explored through deposition. Alex suggests tabling until Khan has received more production. Tabled for now, all rights reserved, will revisit.

**14. FACE email requests:**

    o   Giovanna believes there are more FACE e-mails than what was produced. She referred to SAIFKHAN-2951 - 8/2020 email with John Doe, who expressed concerns about FACE emails being discoverable and suggested Khan delete everything FACE related. The parties will formulate search terms tailored to FACE.

**15. Proposed Post-Production schedule:**

    o   Alex proposed introducing an agreed- to post-production schedule which will include rough timeline to respond and schedule depositions. i.e. "x number of days after production". Giovanna will speak with Pat. Alex would like to exchange post-production schedule and ESI in tandem.

**Finally, the parties reserved all rights on all issues discussed.**

| **From:** | Giovanna Tiberii Weller |
| **Sent:** | Monday, December 9, 2024 6:00 PM |
| **To:** | Alex Taubes; Brendan Gooley (bgooley@carltonfields.com) |
| **Cc:** | Giovanna Tiberii Weller; Maria L. Laurato; Patrick M. Noonan |
| **Subject:** | Khan Meet and Confer -- Yale Agenda Items |

Alex and Brendan,

Below are Yale's agenda items for our 12/12/24 meet and confer:

1.  Mr. Khan Production of (a) social media, (b) emails and (c) text messages (including but not limited to ▉ Peter Roe. Specifically:
    a.  Agreement on search terms,
    b.  Identification of all of Mr. Khan's social media platforms, email addresses,
    c.  Agreement on production date

2.  IRS documents

3.  Mr. Khan's recording of UWC hearing, including:
    a.  Agreement on transcript
    b.  Production date

4.  Confirmation/documentation of no recordings by Mr. Khan other than what is listed on supplemental privilege log

We reserve the right to add any additional items based on agenda items from others, subsequent information learned, etc. Best, Giovanna

**Giovanna Tiberii Weller** | Bio
**Carmody Torrance Sandak & Hennessey LLP**
195 Church Street | New Haven, CT 06510
Direct: 203-575-2651 | Fax: 203-784-3199
GWeller@carmodylaw.com | www.carmodylaw.com
Pronouns: she, her, hers

-----------------------------
This electronic message contains information from Carmody Torrance Sandak & Hennessey LLP, or its attorneys, which may be confidential, privileged or otherwise protected from disclosure. The information is intended to be used solely by the recipient(s) named. If you are not an intended recipient, be aware that any review, disclosure, copying, distribution or use of this transmission or its contents is prohibited. If you have received this transmission in error, please notify us immediately at 203-573-1200 or at the reply email address. For more information about Carmody Torrance Sandak & Hennessey LLP, please go to http://www.carmodylaw.com
-----------------------------

| | |
|---|---|
| **From:** | Giovanna Tiberii Weller |
| **Sent:** | Wednesday, January 8, 2025 6:49 PM |
| **To:** | Alex Taubes; Maria L. Laurato |
| **Cc:** | Brendan Gooley (bgooley@carltonfields.com); Patrick M. Noonan; Jennifer R. Peschell |
| **Subject:** | RE: [EXTERNAL] Khan v. Yale et al. - Meet & Confer |
| **Attachments:** | Yale-Khan-Yale Responses to Plaintiff's Challenges to Interrogatory Objections |
| | (N6040875).docx; Yale- Khan - A. Taubes ltr. 1.8.25 (N6041134).pdf |

Alex,

Thank you for your note.

I am available and prepared to hold the meet and confer on Yale's objections to the plaintiff's interrogatories on the afternoon of Friday, 1/10. A copy of Yale's responses to your challenges is attached. Additionally, as I was reviewing your challenges, it became clear that our discussion would be incomplete without also addressing the plaintiff's responses to Yale's interrogatories. As such, I attach a letter outlining Yale's challenges to the plaintiff's responses.

I agree that we should also meet and confer on the search terms for Mr. Khan's email inbox and social media, along with a final meet and confer on the outstanding items, such as the status of the transcript of Mr. Khan's recording of the UWC proceeding. With all that, I agree that we might want to ask the court for a short continuance of the meet and confer so that we may combine all outstanding matters. Perhaps we ask to extend the meet and confer deadline to Tuesday, 1/14; the status report to the following day, and the status conference thereafter? Please let me know.

Best regards, Giovanna

**Giovanna Tiberii Weller** | Bio
**Carmody Torrance Sandak & Hennessey LLP**
195 Church Street | New Haven, CT 06510
Direct: 203-575-2651 | Fax: 203-784-3199
GWeller@carmodylaw.com | www.carmodylaw.com
Pronouns: she, her, hers

**125** **Exceptional**
**Client**
**Service**
**years** carmodylaw.com

**From:** Alex Taubes <alextt@gmail.com>
**Sent:** Tuesday, January 7, 2025 4:21 PM
**To:** Maria L. Laurato <MLaurato@carmodylaw.com>
**Cc:** Brendan Gooley (bgooley@carltonfields.com) <BGooley@carltonfields.com>; Patrick M. Noonan
<PNoonan@carmodylaw.com>; Giovanna Tiberii Weller <GWeller@carmodylaw.com>; Jennifer R. Peschell
<JPeschell@carmodylaw.com>
**Subject:** [EXTERNAL] Khan v. Yale et al. - Meet & Confer

Dear counsel,

Pursuant to Judge Garcia's discovery order, ECF No. 253, Yale is to review and respond to our challenges to Yale's objections to interrogatories and we are to hold a meet and confer no later than January 10, 2025. Please advise as to whether you are available for such a meet and confer prior to the Court's deadline or whether we need to seek a continuance.

In that connection, I would like to meet and confer to discuss simultaneously the search terms for Mr. Khan and Ms. Doe's email inboxes and social media. It is our position that these matters should be addressed and resolved at the same time.

Best regards,
Attorney Alex Taubes

--
**Alexander T. Taubes**
**470 James Street, Suite 007**
**New Haven, CT 06513**
**(203) 909-0048** » **alextt@gmail.com** » **taubeslaw.com**
*My emails' contents are confidential. If you received this email by accident, please let me know and then delete it. Thank you.*

----------------------------
This electronic message contains information from Carmody Torrance Sandak & Hennessey LLP, or its attorneys, which may be confidential, privileged or otherwise protected from disclosure. The information is intended to be used solely by the recipient(s) named. If you are not an intended recipient, be aware that any review, disclosure, copying, distribution or use of this transmission or its contents is prohibited. If you have received this transmission in error, please notify us immediately at 203-573-1200 or at the reply email address. For more information about Carmody Torrance Sandak & Hennessey LLP, please go to http://www.carmodylaw.com
----------------------------

| From: | Alex Taubes <alextt@gmail.com> |
| Sent: | Wednesday, February 5, 2025 4:05 PM |
| To: | Gooley, Brendan N. |
| Cc: | Maria L. Laurato; Sconzo, James M.; Mario Cerame; Patrick M. Noonan; Giovanna Tiberii Weller; Jennifer R. Peschell |
| Subject: | [EXTERNAL] Recordings Transcripts & Redaction Log |
| Attachments: | 25.02.05 Redaction Log.pdf; 7.18.18 FINAL (2)_Redacted.pdf; 11.06.18 FINAL (2)_Redacted.pdf |

Dear counsel,

Please see the enclosed transcripts of the Plaintiff's recordings, and a redaction log.

Best regards,

Attorney Alex Taubes

--

**Alexander T. Taubes**
470 James Street, Suite 007
New Haven, CT 06513
(203) 909-0048 » **alextt@gmail.com** » taubeslaw.com
*My emails' contents are confidential. If you received this email by accident, please let me know and then delete it. Thank you.*