UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | JULY 31, 2025 |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENT**

Defendants respectfully submit this Reply in further support of their Supplement (ECF 371-1 ("Supplement")) in Support of the Motion for Judgment of Dismissal (ECF 333 ("Motion")).

**I.    PRELIMINARY STATEMENT**

Plaintiff's Response (ECF 377) to Defendants' Supplement repeats the same baseless arguments. He asks the Court to give him the benefit of the doubt even though this Court long ago noted he deserves no such benefit. (ECF 200 at 46:11–13.) He promises he will stop engaging in misconduct despite telling the Court the same thing last year but then escalating his misconduct. (*E.g.*, ECF 94 at 21; ECF 77; ECF 200; ECF 265.) He portrays his most recent misconduct as "isolated incidents" as though his extensive and similar prior misconduct never occurred.

The record establishes that Plaintiff has engaged in an unprecedented pattern of misconduct. (*E.g.*, ECF 200; ECF 265; ECF 333; ECF 371-1.) Defendants' Supplement only details Plaintiff's most recent misconduct, and Plaintiff's Response offers no meaningful defense of Plaintiff's actions and instead confirms that Plaintiff has no respect for this Court's Orders and will continue his misconduct, including his misconduct regarding Jane's name.

Plaintiff also focuses on an alleged lack of prejudice. Prejudice exists and dismissal is warranted under Plaintiff's own standard for prejudice and dismissal. (*See, e.g.*, ECF 77 at 4.) Indeed, prejudice is presumed because Plaintiff's actions have delayed this case. *E.g.*, *Peters-*

*Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 110 (2d Cir. 2001); *see also, e.g.*, ECF 200 at 9:7–10 (noting a year ago, before Plaintiff's most recent misconduct, that the amount of "money and time and effort that has been spent in the last three of four months litigating Mr. Khan's conduct outside the confines of this litigation is ridiculous.  It's ridiculous.").  Now Plaintiff produced extensive, pivotal messages with Peter Roe that Plaintiff had baselessly withheld as privileged and that identified a psychologist Plaintiff failed to previously disclose on June 17, 2025.  (*E.g.*, ECF 349.)  That was after discovery was originally set to close. (ECF 12/13/2023 Entry.)  It was on the eve of Plaintiff's depositions.  (ECF 328.)  And it was as discovery was once again supposed to be winding down (*e.g.*, ECF 297 (depositions other than Jane's were to be completed by August 15, 2025)).  Defendants should have had this information and documents long before.  Prejudice is amply apparent:  Defendants are trying to defend a case that stems from events that are a decade old, but Plaintiff's baseless actions keep delaying this case.  Defendants should have been provided Dr. Favorite's name over a year ago.  They should have been given at least the Peter Roe messages that have nothing to do with purported "paralegal" work many months ago.  Dismissal is necessary to stop Plaintiff's misconduct and deter others.

## II.     THE PETER ROE MESSAGES

Plaintiff misconstrues the point of the Supplement's discussion of the Peter Roe messages. Defendants addressed Plaintiff's argument regarding Peter Roe being a "volunteer paralegal" in their Motion.  (*See* ECF 333 at 29.)  The Supplement raised a different issue:  Plaintiff claimed privilege over damning communications with Mr. Roe that had nothing to do with Mr. Roe's purported work as a "volunteer paralegal" and the communications were thus not privileged and should never have been withheld even under Plaintiff's "volunteer paralegal" theory.  (*E.g.*, ECF 371-1 at 3.)  In his Response, Plaintiff makes no attempt to defend as "privileged" the twenty-eight

(28) page message string where Plaintiff and Mr. Roe plan a sexual encounter with Sophie. (ECF 371-3.) Plaintiff does not even argue that his statements to Mr. Roe that he was going to "con non con" ("[n]on consensual[ly]" assault) Sophie are "privileged." (ECF 371-3 at 19–20.) Plaintiff baselessly withheld these and other messages, fraudulently claiming they were "privileged." He would not have turned them over if, as he now claims, he had a "substantially justified" position. (Response at 2.) Plaintiff even drafted his privilege log in a manner that was designed to mislead the Court and Defendants into believing that these messages were something other than communications about a planned sexual encounter by categorizing them as "post-trial logistics" and other matters discussed "at the direction of attorneys and in preparation for litigation". (*See* ECF 371-4). This is clear misconduct. It is also the opposite of being forthcoming to "identify [these documents] on a privilege log and describe[ing] the basis for the privilege claim, thereby enabling Defendants to challenge" the claim. (Response at 1–2.) Plaintiff would have noted that the withheld communications contained, among many other similarly unprivileged documents, a twenty-eight (28) page message string about setting up an interaction with Sophie if Plaintiff intended to be forthcoming about these documents.

## III.    THE FAILURE TO DISCLOSE DR. FAVORITE

Plaintiff is once again playing games with the judicial process by claiming that he did not understand whether he "treated" with Dr. Favorite. Jane's unobjected to Interrogatory required Plaintiff to disclose "all counseling," "therapy," and "treatment." (ECF 371-14 at 3.) Plaintiff was required to disclose Dr. Favorite, particularly given the fact that Dr. Favorite gave Plaintiff input on his psychological state (in Plaintiff's words, telling him he was "beyond [expletive] up." (ECF 371-15 at 2–3.) Dictionaries define "treatment," as, *inter alia*, "the way you deal with . . . something" and "the way something is considered and examined," (*see Cambridge Dictionary*,

3

here), and "an instance of treating someone" (*see Merriam-Webster Definition*, here (and define "treat" as, *e.g.*, "to deal with" and "to deal with in speech" (*see Merriam-Webster Definition*, here))). They define "counseling" as, among other things, "the job or process of listening to someone and giving that person advice about his or her problems," (*see Cambridge Dictionary*, here) and "counsel" as "advice given especially as a result of consultation," (*see Merriam-Webster Definition*, here). Meeting privately with a psychologist to discuss "deep dark stuff" and listening to the psychologist's response satisfies these definitions. Plaintiff was required to disclose Dr. Favorite and deliberately chose not to do so. The Court should not give Plaintiff the benefit of any doubt when he was "dishonest" to the Court when he personally addressed the Court last year and denied harassing Jane. (ECF 200 at 46:11–13.) That includes not assuming that Defendants now have all the documents they were missing based solely on Plaintiff's conclusory say so.

The record also bellies Plaintiff's assertion that he acted expeditiously to address this issue when it came to light. Plaintiff produced his privilege log in March, 2025. (ECF 285.) Plaintiff was thus aware of this issue at the latest in March (unless he did not even read the documents he listed on his privilege log, which would represent another violation). Plaintiff did nothing. He continued to withhold his treatment with Dr. Favorite for months, until he finally had to produce the documents and Defendants raised the issue.

### IV.   "OPERATION DRAGONFIRE"

Plaintiff's Response confirms that Plaintiff is unable or unwilling to abide by the Court's Orders and that nothing short of dismissal will stop Plaintiff's abuse of the judicial process.

Plaintiff maintains that nothing prohibits him from "rail[ing] against the perceived unfairness of being publicly accused while his accuser remain[s] anonymous" and using an "ominous" "tone" and "hyperbolic bluster" to "vent[] frustration and rally[] support for his cause"

4

to people he knows are able and willing to identify Jane because "Plaintiff [purportedly] cannot be held responsible for the actions of" others. (Response at 6, 7.) That is a blatant refusal to accept this Court's Order. This Court explained to Plaintiff that the Order prohibiting him from "indirectly" identifying Jane precludes him from riling up followers to post Jane's name. (*E.g.*, ECF 265 at 15.) Plaintiff does not care. Even after all of this, he is telling this Court that he sees nothing wrong with repeating the actions for which this Court previously sanctioned him. (ECF 265.) He has thus made it clear that he will not stop his blatant violations of this Court's Orders.

Perhaps most importantly, Plaintiff ignores that he put Jane's name on the Internet by repeatedly posting her name in conjunction with information about this case despite the Court's decision that Jane has anonymity for purposes of this case. It is baseless for Plaintiff to now claim that further dissemination of Jane's name has nothing to do with him. That is particularly true when Plaintiff is fueling the fire with, in his words, his "hyperbolic bluster."

Plaintiff's Response also seeks to revise history. Plaintiff's assertion that he "filed a motion with this Court seeking to remove Jane Doe's pseudonym (well before these posts), demonstrating that his real objective was to address the anonymity issue through proper legal channels, not vigilante action" (Response at 6) neglects to mention that Plaintiff posted Jane's name on Christmas Morning *before* he filed any Motion regarding anonymity. (*E.g.*, ECF 75.) Plaintiff and his counsel at the time both clearly understood that Plaintiff's actions violated the Court's Orders. (ECF 77; ECF 79 & ECF 79-1 (videos of Plaintiff saying he could not post Jane's name).) Plaintiff engaged in the exact "vigilante action" he now disavows. And he did that more than once. (*E.g.*, ECF 200 & ECF 265 (discussing Plaintiff's violation of Judge Garcia's Order).)

Plaintiff's Response confirms that Plaintiff has such disdain for this Court's Orders that Plaintiff continues to misconstrue them and engage in conduct that is exactly what they prohibit.

## V. PLAINTIFF'S FILING OF SENSITIVE INFORMATION

Plaintiff's recent actions of violating the Protective Order by filing one of Jane's designated, personal emails and publicly filing information the Court had Ordered sealed further confirms that Plaintiff is unwilling to adhere to the Court's Orders protecting Jane.

Plaintiff's Response amounts to yet another request that the Court give him the benefit of the doubt when he has proven over and over again that he deserves no such benefit. Plaintiff is well aware that dissemination of Jane's name is a sensitive issue for Jane, but he willfully continues to attempt to exploit that issue in violation of this Court's Orders. These are not isolated incidents. They are only the latest in a long pattern of bad faith misconduct centered on harassing Jane by disclosing her name. (*See, e.g.*, ECF 94, ECF 200, ECF 265.)

Plaintiff's filing confirms that there will be more misconduct involving Jane's name, despite Plaintiff's conclusory (and previously broken) assurances of good behavior moving forward. (*See* ECF 77 (arguing over a year ago that Jane's assertion that Plaintiff would commit further misconduct was speculative and baseless and that a warning was sufficient to teach Plaintiff his lesson).) Plaintiff does "not agree that [it] was a violation of the protective order" for him to publicly file material designated under the Protective Order even though the Protective Order states: "If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal." (ECF 197.) Plaintiff will not even concede the plain language of the Protective Order, which was implemented to try to alleviate Plaintiff's misconduct. This is unworkable. The case cannot continue.

Plaintiff's attempt to blame his counsel is also baseless. Any suggestion that Plaintiff did not review and approve the key filings at issue before their submission is not credible. Plaintiff

6

has not provided any evidence to support his suggestion that he was unaware of what was in those filings. Plaintiff knew exactly what was in those filings, including what pointed to Jane's name.

## VI. CONCLUSION

The record refutes Plaintiff's conclusory assertions that these latest transgressions are unintentional "isolated incidents." Plaintiff continues to intentionally violate this Court's Orders, engage in other misconduct, and harass Jane only to claim, as he has claimed time and time again, that he made a "mistake" when his misconduct comes to light. The Court should dismiss the case.

DEFENDANT JANE DOE,

By: */s/ Brendan N. Gooley*
James M. Sconzo (ct04571)
Brendan N. Gooley (ct30584)
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT  06103
Tel.: 860-392-5000
Fax: 860-392-5058
Email: jsconzo@carltonfields.com
         bgooley@carltonfields.com

Her Attorneys

DEFENDANT YALE UNIVERSITY

By: */s/ Giovanna Tiberii Weller*
Patrick M. Noonan (ct00189)
Giovanna Tiberii Weller (ct11187)
Maria L. Laurato (ct31443)
Carmody Torrance Sandak & Hennessy LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509
Phone: 203-777-5501
Fax: 203-784-3199
Email: pnoonan@carmodylaw.com
Email: gweller@carmodylaw.com
Email: mlaurato@carmodylaw.com

**CERTIFICATION OF SERVICE**

This is to certify that on this 31st day of July 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

                                                */s/Brendan N. Gooley*
                                                Brendan N. Gooley