## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAIFULLAH KHAN | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:19-cv-01966-KAD |
| | : | |
| V. | : | |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|    Defendants. | : | JULY 9, 2024 |

**REPLY IN FURTHER SUPPORT OF
SECOND EMERGENCY MOTION FOR JUDGMENT OF DISMISSAL**

Defendant Jane Doe respectfully submits this Reply in Further Support of her Second Emergency Motion for Judgment of Dismissal ("Second Motion") (ECF 123). For the reasons set forth previously and below, the Court should dismiss Plaintiff's claims with prejudice.

**I.     PRELIMINARY STATEMENT**

Plaintiff seeks to distract this Court with arguments about the propriety of its Order. The propriety of the Order is not at issue. Plaintiff had to comply with the Order even if he thought it was wrong (and even if it was wrong). Plaintiff violated the Court's Order by "indirectly tell[ing]" others to post Jane's identity and has since violated it again by maintaining Jane's identity on his social media profile. The Court need not and should not accept Plaintiff's conclusory denials to the contrary. Dismissal is the only appropriate remedy for Plaintiff's egregious misconduct.

**II.    PLAINTIFF'S CLAIM ABOUT LACK OF ACCESS IS DISINGENUOUS**

This Court previously found that Plaintiff's counsel's claim of lack of access to sealed documents was "disingenuous" because counsel for Jane offered to provide Plaintiff with sealed documents. (ECF 143.) Plaintiff's opening assertion in his brief that he still lacks access to sealed documents is equally, if not more, disingenuous because on July 1, 2024, counsel for Jane again offered to provide to Plaintiff any "sealed filings that [he] believe[s] [he] need[s] but [didn't]

have." (**Exhibit A**.) Plaintiff never responded to that email or requested additional documents.[1]

### III. WHETHER THE COURT'S ORDER WAS CORRECT IS NOT AT ISSUE

> [It is] a basic proposition that all orders and judgments of [C]ourts must be complied with promptly. If a person to whom a [C]ourt directs an [O]rder believes that [O]rder is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the [O]rder pending appeal. Persons who make private determinations of the law and refuse to obey an [O]rder generally risk criminal contempt even if the [O]rder is ultimately ruled incorrect. The orderly and expeditious administration of justice by the [C]ourts requires that an [O]rder issued by a [C]ourt with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings. . . . [O]nce the [C]ourt has ruled, counsel and others involved in the action must abide by the ruling and comply with the [C]ourt's [O]rders. . . . A lawyer who counsels his client not to comply with a [C]ourt [O]rder . . . would . . . subject his client to contempt . . . . [O]rderly processes are imperative to the operation of the adversary system . . . .

*Maness v. Meyers*, 419 U.S. 449, 458–60 (1975) (citations and quotation marks omitted).

The issue before the Court is whether Plaintiff violated an Order (he did), not whether that Order was proper (it was). Plaintiff's arguments about the propriety of the Court's Order are improper and ought not to be considered. As Plaintiff has acknowledged, he should have filed an appropriate motion rather than violate the Order if he felt the Order was wrong. (*E.g.*, ECF 154.)

Plaintiff's attempt to excuse his misconduct by challenging the Order after it was entered is particularly egregious because any free speech issue associated with the Order was previously litigated and decided and Plaintiff had every opportunity to litigate that issue before it was decided but chose not to, repeatedly waiving any rights, yet he now seeks to re-argue the facts. (ECF 119.)

Judge Dooley questioned whether there were free speech issues associated with the Court's Anonymity Orders at the hearing on March 18, 2024. (*E.g.*, ECF 94 at 5:15–17.) Plaintiff waived any free speech rights, stating (before his attorney objected): "[I]f Your Honor would like to . . .

---

[1] Moreover, Plaintiff's counsel ignores that he's only the latest lawyer to join Plaintiff's legal team. Before he joined this case, Plaintiff has been represented by Attorneys Pattis and Taubes and they or their firms could have gotten Plaintiff's new counsel access to any filing. Plaintiff's argument about lack of access is baseless.

2

put a gag order on me, I will completely oblige.  I will do exactly as you say." (*Id.* at 22:14–16.) Judge Dooley ordered Plaintiff to remove his posts identifying Jane and not to identify her on social media.  (ECF 91.)  Plaintiff never challenged either Order. (ECF.)

Jane nevertheless briefed potential free speech issues in her subsequent Motion to Continue Anonymity, which also sought a continuation of the Court's Order precluding Plaintiff from disseminating her name. (*E.g.*, ECF 103-1 at 15–17, 31; *see also* ECF 91 & 94.)  Jane cited, among other things, Second Circuit precedent, *Application of Dow Jones & Co., Inc.*, 842 F.2d 603 (2d Cir. 1988), establishing that the Orders she sought did not implicate free speech concerns.  (*E.g.*, ECF 103-1 at 16–17, 31.)  Plaintiff had an opportunity to oppose Jane's position, but chose not to. (*See* ECF (no brief from Plaintiff); *see also* ECF 119 at 10 (noting that Plaintiff did not file any opposition to Jane's (or Yale's) motions to continue Jane's anonymity); D. Conn. Local Rule 7(a)(2) (noting that Plaintiff's brief was due long before the Court ruled.))

After Plaintiff waived rights to make arguments on this point, this Court agreed with Jane and Second Circuit precedent (*Application of Dow Jones*, 842 F.2d at 603) that there were no free speech issues associated with the Orders Jane requested.  (ECF 119 at 13–15.)  This Court relied on Plaintiff's waivers, noting that "Plaintiff did not object," had told the Court he was happy to comply with a "gag order," and that the Court construed Plaintiff's statement to Judge Dooley and

> failure to oppose Jane Doe's argument to mean that Plaintiff concede[d] there is no legal justification supporting his desire to identify Jane Doe outside this litigation when the Court has ruled she may litigate anonymously.  In other words, this circumstance is similar to *In Application of Dow Jones* insofar as the parties do not object to such a court order, and therefore it is not a "prior restraint."

(ECF 119 at 14.)  Plaintiff now wants to reverse course to argue about the very issue he repeatedly waived.  But it is too late for that.  Plaintiff could and should have raised his arguments previously and is bound by his decisions not to.  Plaintiff was obliged to follow the Court's Order.  That would

3

be true even if he had opposed it and lost; but it is outrageous for Plaintiff to claim that this Court's Orders infringed on his alleged rights to free speech when Plaintiff repeatedly waived that issue.

Plaintiff's actions now are egregious because Plaintiff previously acknowledged that the proper way for him to challenge a Court Order is by filing an appropriate motion, but not by ignoring the Order. (*See* ECF 140 at 3–4.) As the Court will recall, Plaintiff posted Jane's name on social media on Christmas Morning 2023. (*See, e.g.*, ECF 75.) Plaintiff admitted that "was done in violation of a Court order" and that he should have filed a motion to vacate anonymity in lieu of disclosing Jane's name. (ECF 77 at 1–2, 6.)

Our adversarial system depends on compliance with Court Orders. Virtually every litigant and attorney who loses may believe that the Court's Order was incorrect. But they are still required to follow it. The system would not work if litigants or their counsel could disregard Orders they felt were incorrectly decided. The correctness of the Court's Order is not now at issue. And Plaintiff's belated challenge of it is inappropriate. *E.g.*, *Maness*, 419 U.S. at 458–60.

## IV. PLAINTIFF MISCONSTRUES THE FACTS AND JANE'S REQUEST

Plaintiff's Opposition rests on a basic misunderstanding of the facts and Jane's request.

Contrary to Plaintiff's conclusory statement, no one has ever sought to sanction or preclude "any speech" about this case. (Opp. at 12.) For example, Plaintiff sat for a number of interviews about this case. (*E.g.*, here and here.) Jane did not bring that before the Court. (ECF 102 at 31 ("Jane does not seek to prohibit Plaintiff from talking about the substance of the underlying events.").) The only thing Jane challenged was Plaintiff associating her name with this case.

Plaintiff also does an about-face on the facts. Since the outset of this case, Plaintiff has represented that Jane's identity was protected from disclosure (until Plaintiff recently disclosed it), including during the criminal process. (*E.g.*, ECF 7 at 2 ("During Mr. Khan's trial, the identity of

4

his accuser, Jane Doe, was kept from the public record by Conn. Gen. Stat. § 54-86e."); 5 ("Jane Doe was protected by Conn. Gen. Stat. § 54-86e, which prevented the publication of her name during Mr. Khan's criminal trial."); 7–8 ("Her identity was kept confidential by Conn. Gen. Stat. § 54-86 in Mr. Khan's criminal trial.").)  This Court relied on those representations to grant one of Plaintiff's Motions and Plaintiff is now judicially estopped from disputing them.  (ECF 12; *see also* ECF 119 at 7 & n.3 (construing ECF 12 as analyzing all ten *Sealed Plaintiff* factors, one of which asks whether the party's "identity has thus far been kept confidential")); *e.g.*, *United States v. Swartz Fam. Tr.*, 67 F.4th 505, 519 (2d Cir. 2023).  Plaintiff cannot do an about-face after he induced Jane to act in reliance on her pseudonym status throughout this case.

Regardless, Plaintiff's newfound argument that Jane's name was public because it appeared in the transcript of the criminal case is incorrect.  As Plaintiff previously acknowledged, the name is "confidential and shall be disclosed only upon order of the Superior Court," except that it is available to Plaintiff and for an internal administrative purpose.  Conn. Gen. Stat. § 54-86e.  In other words, Plaintiff is incorrect that the portions of the transcript containing Jane's name are public.  The Parties have the transcript because Plaintiff obtained it.  (*E.g.*, **Exhibit B**.)

## V. THE COURT'S ORDER IS NOT A GAG ORDER AND IS PROPER

When Plaintiff's incorrect assertions about the Court's Order are cast aside, it is clear that the Court's Order is not a "gag order."[2]  The Order does not prohibit anyone from talking about the substance of this case.  It merely prohibits the use of Jane's name.  (*E.g.*, ECF 103-1 at 31.)

Plaintiff's Opposition does not even mention *Application of Dow Jones*, 842 F.2d at 603, which this Court correctly held establishes that the Court's Order is *not* a "gag order."  Nor does he discuss *Plaintiff B. v. Francis*, No. 5:08-CV-79 RS-GRJ, 2011 WL 809610, at *1 (N.D. Fla.

---

[2] Jane incorporates the arguments in her Response to Plaintiff's Rule 72.2. Objection here.

5

*Mar. 2, 2011)*, which utilized the same rationale as *Dow Jones* to hold that precluding the disclosures of names was not a prior restraint. (Opposition.) Plaintiff also does not mention the Ninth Circuit's decision in *Advanced Textile Corp.*, 214 F.3d at 1069, instructing Courts to issue protective orders to preclude dissemination of names to protect pseudonym status.

Instead, Plaintiff relies on cases that deal with Orders that prohibit discussion of the substantive facts of the case. *E.g.*, Opp. at 14 (citing *In re New York Times Co.* 878 F.2d 67 (2d Cir. 1989).) But neither Jane nor Yale requested such an Order and this Court did not issue one.

Plaintiff also focuses on two cases involving the publication of information by non-party media outlets in violation of state statutes or principles (*B.J.F.* and *Cox Broadcasting*). As this Court already noted, however, and as Plaintiff's own cases concede, those cases are inapplicable to the present situation, which concerns an Order directed at a party, but not the media. *E.g.*, (ECF 119 at 13–14.) Plaintiff cites *United States v. Trump*, 88 F.4th 990 (D.C. Cir. 2023), *reh'g denied*, No. 23-3190, 2024 WL 252746 (D.C. Cir. Jan. 23, 2024). As *Trump* explains and as this Court held, the Supreme Court has distinguished between Orders restricting speech by parties and Orders restricting publication by non-party media outlets. *Id.* at 1005. The former are used regularly and are far more acceptable than the latter: "While [C]ourts have quite limited authority to quiet the speech of the press and public, the Constitution affords [J]udges broader authority to regulate the speech of trial participants." *Id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 n.18 (1984) (stating that the First Amendment rights of litigants "may be subordinated to other interests that arise" in court cases, such as the need to ensure a fair trial)). *Trump* chronicles an entire line of cases restraining litigant speech that Plaintiff neglects even to mention.[3]

---

[3] *E.g.*, *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1036–37 (1991) (approving restriction of attorney speech where such speech poses a "substantial likelihood of material prejudice" to proceedings); *Sheppard v. Maxwell*, 384 U.S. 333, 358–59 (1966) (due process can require restrictions on litigant speech and court "should have made some effort to control the release of leads, information, and gossip to the press by police officers, witnesses, and [] counsel").

6

This Court's Order easily passes muster under the lower standard for party restriction.

First and foremost, this Court has a responsibility to prevent its process from being misused to harass Jane. Judge Dooley expressed "concern" that Plaintiff's plan is more to "exact retribution" by abusing Jane than to "have his [alleged] rights vindicated." (ECF 94 at 8:23–9:4.) Judge Dooley made those comments before Jane had found and submitted even more damning evidence of Plaintiff's malicious intent. This Court found that "evince[s] Plaintiff's intent to use the media and internet to, at best, embarrass Jane Doe publicly." (ECF 119 at 14.) The need to prevent Plaintiff from misusing our Courts to abuse Jane, alone, justifies the Court's Orders.

Second, any limited right Plaintiff had was properly subordinated to the need to avoid the substantial likelihood of material prejudice associated with this case being litigated on social media in advance of trial. Consider, for example, that Plaintiff previously tried to draw attention to Jane's ethnic origin, claiming that was relevant even though it is not. Jane has a due process right not to have Plaintiff rile the public against her for, among other things, her ancestry.

Third, the Court's Order was amply supported for all the other reasons previously briefed in this litigation, including the need to encourage victims to report sexual misconduct. Plaintiff's argument that those concerns are not sufficiently important is baseless and predicated on an improperly high standard. *E.g.*, *L.A. v. Hoffman*, 144 F. Supp. 3d 649, 664 (D.N.J. 2015) ("The Third Circuit has consistently found that the State's compelling interest in protecting potential victims of sexual assault from recidivist offenders outweighs sex offenders' privacy interest in their home addresses . . . ."); *e.g.*, **Exhibit X** (compiling Connecticut legislative findings.)

That is particularly true because the Court's Order is exceptionally narrow: It precludes the use of Jane's name. It does not preclude discussion of the substance of this case. (ECF 119.)

7

The consequences of accepting Plaintiff's argument are also unprecedented. Without Orders like this Court's Order, there is no such thing as pseudonym status. The opposing party can post the name on the Internet right next to case information, just like Plaintiff did in this case.

## VI. PLAINTIFF VIOLATED THIS COURT'S ORDER

Plaintiff's argument that an objective reading of his posts demonstrates that he was *not* encouraging others to post Jane's name is belied by the actions o █████ who understood Plaintiff's posts, including Plaintiff "tagging █████ o tel █████ this gag order only applies to me," to instruc █████ post Jane's name. █████ s posting prove Jane's point that Plaintiff was indirectly telling his followers to post Jane's name. The best objective indicator of what Plaintiff was intending is what Plaintiff's actions caused: The disclosure of Jane's identity. Plaintiff's disclaimers only highlight that he knew what was coming.

Plaintiff has not explained why he went out of his way to tag █████ Even if he had, this Court would not be obligated to accept Plaintiff's word for why he did that and should not do so in light of Plaintiff's recent misrepresentations to Judge Dooley. (*See* ECF 123-1 at 4–5.) If conclusory denials were sufficient to avoid sanctions, the power to sanction would be meaningless.

Plaintiff's assertion that his intent is irrelevant is also incorrect. While the standard for contempt is generally an objective one, sanctions may be warranted when a party acts in bad faith, with the intent to violate the Court's Order and "a party's record of continuing and persistent violations and persistent contumacy justif[y] placing the burden of any uncertainty in the decree on the shoulders of the party who violated the [C]ourt [O]rder." *Taggart v. Lorzenzen*, 587 U.S. 554, 561–62 (2019) (quotation marks omitted). In light of this Plaintiff's prior conduct, the Court should not give him the benefit of any doubt. *E.g.*, *id.*

8

That is particularly true because Plaintiff does not dispute the caselaw cited by Jane establishing that he had a duty to comply with the spirit of the Order, as well as its letter, and that Plaintiff could not do through others what the Court prohibited him from doing. (Memorandum at 14–20.) Plaintiff's sole attempt to distinguish Jane's cases is to argue that *Stetson* is old and involved a trademark dispute. (Opposition at 18.) Plaintiff misses the point. The Ninth Circuit relied on *Stetson* repeatedly just ten years ago in *Sea Shepherd*, a non-trademark case. Plaintiff continues to ignore the fact that these cases are about compliance or lack thereof with Court Orders, they are not free speech cases and the issue is not free speech, it is lack of compliance with Orders.

Plaintiff has now violated this Court's Order yet again by maintaining the post with Jane's name and picture on his account. This Court Ordered Plaintiff not to directly or indirectly identify Jane, but that is exactly what Plaintiff has done by maintaining a post with Jane's real name and picture on his account, next to docket numbers and a reporter citation.

Plaintiff's remaining arguments about the Court's Order are baseless. As this Court noted at the last hearing, for example, this Court's Order "is quite clear as to what can and can't happen, as is the spirit of the Order." (ECF 150 8:12–14.) Plaintiff even acknowledged that he could not do exactly what he did by writing he could not "indirectly tell anyone what to do." (ECF 123-2.)

## VII. DISMISSAL IS THE ONLY APPROPRIATE SANCTION

This Court can and should sanction Plaintiff by dismissing his claims with prejudice.

Plaintiff's assertion that this Court cannot sanction Plaintiff even if it concludes he violated the Court's Order is baseless. The Court's inherent authority to sanction litigants for violating its Orders is well-established. *E.g.*, *Maness*, 419 U.S. at 458–60; *Vijayanagar*, 2020 WL 2041931, at *1. Contempt would be the appropriate response even if the Court's Order were a "gag order,' which it is not. *United States v. Marcus*, No. 05 CR 457 (ARR), 2007 WL 330388, at *3 (E.D.N.Y.

9

Jan. 31, 2007) ("[T]he [C]ourt notes that its ability to enforce a gag order is limited to holding the responsible party in contempt of [C]ourt."); *United States v. Cutler*, 58 F.3d 825 (2d Cir. 1995).

Dismissal is the only appropriate remedy.  As Plaintiff concedes, he has repeatedly been warned of the prospect of dismissal, including in the Order he violated. (ECF 119 at 15; *e.g.*, ECF 77.)  This is far from Plaintiff's first strike.  Jane's First Emergency Motion (ECF 75) chronicled a list of misconduct culminating in Plaintiff's disclosure of Jane's name on Christmas Morning. Plaintiff admitted those postings violated this Court's Original Order (ECF 77 at 1–2), but the Court gave Plaintiff another chance even though the Court could have sanctioned Plaintiff then. Plaintiff repeatedly lied to the Court when he addressed it. (*See* ECF 123-1 at 4–5.)  Plaintiff rewarded the Court's leniency by then violating a related Order.  His actions are egregious.  They far exceed the discovery and other misconduct that warranted dismissal in the case cited by Plaintiff and Yale.  Most importantly, the Court cannot adjudicate this case without compounding the harm to Jane caused by Plaintiff's misconduct.  The Court will inevitably have to rule on motions that require it to disclose confidential information. (*See, e.g.*, ECF 12.) Now that Jane's real name and image are on social media, the Court's adjudication of this case compounds the harm Plaintiff has caused because anyone can find out who the Court is talking about and even see a picture of her by looking at social media.  Put differently, any result other than dismissal will lead to further disclosures of sensitive and private information about Jane, thereby compounding the injury to Jane from Plaintiff's misconduct given that people can identify Jane via social media.

## VIII. JANE HAS NO OBJECTION TO CRIMINAL PROCEEDINGS

Jane has no objection to the Court initiating criminal proceedings regarding Plaintiff's conduct. (Opposition at 14–16.)  Plaintiff is incorrect, however, that criminal proceedings are the only way the Court can proceed.  *See supra* and dismissal cases cited by Plaintiff and Yale.

10

## IX. CONCLUSION

Enough is enough. The Court should dismiss Plaintiff's claims with prejudice.

                                                DEFENDANT JANE DOE,

By: */s/ Brendan N. Gooley*
    James M. Sconzo (ct04571)
    Brendan N. Gooley (ct30584)
    CARLTON FIELDS, P.A.
    One State Street, Suite 1800
    Hartford, CT  06103
    Tel.: 860-392-5000
    Fax: 860-392-5058
    Email:  jsconzo@carltonfields.com
            bgooley@carltonfields.com

Her Attorneys

11

## CERTIFICATION OF SERVICE

This is to certify that on this 9th day of July 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.

          */s/Brendan N. Gooley*
          Brendan N. Gooley

# EXHIBIT A

All Files > **Khan: Sealed Documents For Attorney Cerame**

| NAME | UPDATED ↓ |
|---|---|
| 📄 RE_ Notice as to Lack of Access.msg | Jun 29, 2024 by Brendan Gooley |
| 📄 RE_ MET in Khan v_ Yale et al_.msg | Jun 29, 2024 by Brendan Gooley |
| 📕 Sealed Exhibit A to Sealed Memorandum of Law.pdf | Jun 29, 2024 by Brendan Gooley |
| 📕 Motion to Continue Anonymity (Sealed).pdf | Jun 29, 2024 by Brendan Gooley |
| 📕 Sealed Memorandum in Support of Second Emergency Motion for Judgment Of Dismissal (Jane Do... | Jun 29, 2024 by Brendan Gooley |
| 📕 Sealed Second Emergency Motion for Judgment Of Dismissal (Jane Doe).pdf | Jun 29, 2024 by Brendan Gooley |

# RE: MET in Khan v. Yale et al.

From
    Gooley, Brendan N.
To
    'Mario Cerame'
Cc
    Sconzo, James M.; 'Giovanna Tiberii Weller'; Patrick Noonan
Recipients
    mcerame@brignole.com; JSconzo@carltonfields.com; GWeller@carmodylaw.com; PNoonan@carmodylaw.com

Hi Mario:

I did not refuse to give you the documents. As I wrote yesterday, I offered to provide them if you were unable to obtain them from Attorneys Pattis and Taubes, your co-counsel. ("Attorneys Pattis and Taubes have everything, *but if there's something you can't get from them let me know and I'll send it to you*."). I reiterate that I believe your co-counsel should be providing you with documents that were properly served in this case before you appeared, but I am happy to provide you with documents you are unable to get from them. Because it seems that you are unable to obtain the filing from Attorneys Pattis and Taubes, it is attached.

Best,

Brendan

| From: | Mario Cerame |
|---|---|
| To: | Gooley, Brendan N.; Giovanna Tiberii Weller |
| Subject: | RE: Mario Cerame shared the folder "KHAN Adversaries" with you |
| Date: | Sunday, June 30, 2024 11:29:13 AM |
| Attachments: | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | image012.png |
| | image013.png |
| | image014.png |

**EXTERNAL SENDER: This Message is from outside the organization.**

I was able to download 6 documents, as shown in the attached image.

**From:** Gooley, Brendan N. [mailto:BGooley@carltonfields.com]
**Sent:** Saturday, June 29, 2024 8:27 PM
**To:** Giovanna Tiberii Weller; Mario Cerame
**Subject:** RE: Mario Cerame shared the folder "KHAN Adversaries" with you

Hi Mario:

I have uploaded the documents and my previous emails conveying them to you to a Box folder and have invited you.

They can be accessed 

Best,

Brendan

**Brendan N. Gooley**
Attorney at Law | Carlton Fields
One State Street
Suite 1800 | Hartford, Connecticut 06103
Direct: 860.392.5036 | Fax: 860.392.5058
BGooley@carltonfields.com

**From:** Giovanna Tiberii Weller <GWeller@carmodylaw.com>
**Sent:** Saturday, June 29, 2024 8:16 PM
**To:** Mario Cerame <mcerame@brignole.com>
**Cc:** Gooley, Brendan N. <BGooley@carltonfields.com>
**Subject:** RE: Mario Cerame shared the folder "KHAN Adversaries" with you

**EXTERNAL SENDER: This Message is from outside the organization.**

Please add Brendan's email to the folder, and he will upload the motions you requested. Giovanna

**Giovanna Tiberii Weller** | Bio
**Carmody Torrance Sandak & Hennessey LLP**
195 Church Street | New Haven, CT 06510

| NAME | UPDATED ↓ | SIZE |
|---|---|---|
| 📄 RE_ Notice as to Lack of Acc... | Yesterday by Brendan Goo... | 10.4 MB |
| 📄 RE_ MET in Khan v_ Yale et ... | Yesterday by Brendan Goo... | 6.4 MB |
| 📕 Sealed Exhibit A to Sealed M... | Yesterday by Brendan Goo... | 5.3 MB |
| 📕 Motion to Continue Anonym... | Yesterday by Brendan Goo... | 3.8 MB |
| 📕 Sealed Memorandum in Sup... | Yesterday by Brendan Goo... | 846.9 KB |
| 📕 Sealed Second Emergency M... | Yesterday by Brendan Goo... | 122.5 KB |

All Files > Khan: Sealed Documents For Attorney Cerame

| From: | Gooley, Brendan N. |
|---|---|
| To: | Mario Cerame; Giovanna Tiberii Weller |
| Subject: | RE: Mario Cerame shared the folder "KHAN Adversaries" with you |
| Date: | Monday, July 1, 2024 7:16:10 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |

Hi Mario:

Other than the documents I sent you, I don't know what documents you have or don't have (your filing on Friday referenced having certain sealed documents). If there are sealed filings that you believe you need but don't have, please let me know and I will provide them to you if I have them even though we believe Attorneys Pattis and Taubes should have already provided you with all sealed filings (particularly sealed filings made by Plaintiff given your insistence that the filing party should be serving documents on you).

Best,

Brendan

**Brendan N. Gooley**
Attorney at Law | Carlton Fields
One State Street
Suite 1800 | Hartford, Connecticut 06103
Direct: 860.392.5036 | Fax: 860.392.5058
BGooley@carltonfields.com

**From:** Mario Cerame <mcerame@brignole.com>
**Sent:** Sunday, June 30, 2024 11:30 AM
**To:** Giovanna Tiberii Weller <GWeller@carmodylaw.com>
**Cc:** Gooley, Brendan N. <BGooley@carltonfields.com>
**Subject:** RE: Mario Cerame shared the folder "KHAN Adversaries" with you

**EXTERNAL SENDER: This Message is from outside the organization.**

I received these documents. Thank you for following up. If there are others let me know.

**From:** Giovanna Tiberii Weller [mailto:GWeller@carmodylaw.com]
**Sent:** Sunday, June 30, 2024 11:28 AM
**To:** Mario Cerame
**Cc:** Brendan Gooley (bgooley@carltonfields.com)
**Subject:** RE: Mario Cerame shared the folder "KHAN Adversaries" with you

Mario,

Brendan sent you the documents via a sharefile he created and sent to us. Did you get it? Giovanna